

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court



**To:**   Clerk, United States District Court
Northern _____ District of California
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

**Re:**   Transfer of our Civil Case No. CV 08-01097 AHM (FFMx)

Case Title: Nuance Communications Inc., -v- Abbyy Software House, et al.,

Dear Sir/Madam:

**An order having been made transferring the above-numbered case to your district, we are transmitting herewith our file:**

☐   Original case file documents are enclosed in paper format.
☑   Electronic Documents are accessible through Pacer.
☐   Other: _____

Very truly yours,

Clerk, U.S. District Court

By J. Lam (213) 894-7982
Deputy Clerk

Date:  6/4/2008 _____

*cc:   All counsel of record*

---

## TO BE COMPLETED BY RECEIVING DISTRICT

**Please acknowledge receipt via e-mail to appropriate address listed below and provide the case number assigned in your district:**

☐   CivilIntakecourtdocs-LA@cacd.uscourts.gov   (Los Angeles Office)
☐   CivilIntakecourtdocs-RS@cacd.uscourts.gov   (Riverside Office)
☐   CivilIntakecourtdocs-SA@cacd.uscourts.gov   (Santa Ana Office)

Case Number:  CV 08 2912   WDB   E-filing

Clerk, U.S. District Court
HELEN L. ALMACEN

By _____
Deputy Clerk

Date:  JUN 1 4 2008 _____

ADR



CV-22 (05/08)          **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 08-01097 AHM (FFMx)                             Date    June 3, 2008

Title    NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al

Present: The
Honorable                    A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Not Reported | Tape No. |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | |

Attorneys **NOT** Present for Plaintiffs:            Attorneys **NOT** Present for Defendants:

Proceedings:          IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

On January 16, 2008, Plaintiff Nuance Communications, Inc. ("Nuance") filed a
complaint for patent infringement in the Western District of Wisconsin against Lexmark
International, Inc. ("Lexmark"), Abbyy USA Software House, Inc. ("Abbyy USA"), and
Abbyy Software House. On February 19, 2008, Nuance filed a notice of dismissal of that
action, pursuant to Federal Rule 41(b). Later that day, Nuance filed the complaint in this
action, in this District, against the same defendants it had sued in Wisconsin.[1] Later that
same day, Lexmark filed a declaratory judgment action in the Eastern District of
Kentucky, seeking a declaration of noninfringement and invalidity as to each of the five
patents in dispute. The next day, February 20, 2008, Abbyy USA filed a declaratory
judgment action in the Northern District of California. On March 25, 2008, Lexmark
voluntarily dismissed its action in Kentucky.

On March 19, 2008, Defendant Abbyy USA moved to transfer this action to the
Northern District of California, pursuant to 28 U.S.C. § 1404(a). On April 10, 2008,
Defendant Lexmark filed a notice of joinder to and a brief in support of Abbyy USA's
motion to transfer.[2] For the following reasons, the Court GRANTS the motion[2] and
TRANSFERS the action to the Northern District of California.

---

[1] In its complaint, Nuance asserts claims for infringement of five software patents,
infringement of trade dress, unfair competition, and false and deceptive advertising.

[2] Dkt. No. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|

| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al |
|---|---|

## II.   LEGAL STANDARD

Title 28 section 1404(a) of the United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (movant, the defendant, had the burden to justify by particular circumstances that the transferor forum was inappropriate).

Factors to be considered in evaluating motions to transfer under Section 1404(a) include: (1) the location where the events giving rise to the suit took place; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) the local interest in deciding local controversies at home; (6) the familiarity of the trial judge with the applicable state law in diversity cases; (7) the interest of justice in general; (8) the plaintiff's forum preference; (9) the enforceability of judgment and (10) the relative congestion of the courts' calendars. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947).[3]

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In determining whether to transfer a case, a district court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum. The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted) (affirming trial court's denial of defendant's motion to transfer case from Montana to Illinois where liability witnesses resided in Illinois and Indiana, but damages witnesses resided in Montana and claim arose in Montana). A plaintiff's choice of forum is not dispositive, however. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (affirming district court's transfer of shareholder derivative suit from Los Angeles to the Southern District of New York,

---

[3] The parties do not address the ninth factor, the enforceability of judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|

| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al |
|---|---|

reasoning that because "operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").[4]

## III.   DISCUSSION

### A.   Parties

#### 1.   Nuance

Nuance is a Delaware corporation with its principal place of business in Burlington, Massachusetts. (Compl. ¶ 2; Shagoury Decl. ¶ 2.) According to its website, Nuance has two offices in Northern California: in Menlo Park and in San Francisco. (Song Decl. Ex. A.) Nuance states that it has three employees who reside in the Northern District of California. (Shagoury Decl. ¶ 4.)

#### 2.   Lexmark

Lexmark is a Delaware corporation with its principal place of business in Lexington, Kentucky. (Compl. ¶ 5; Lambert Decl. ¶ 2.) Lexmark does not have any corporate, manufacturing, or production facilities in this District. (Lambert Decl. ¶ 3.) It states that it does conduct business in the Northern District. (Lexmark Notice of Joinder at p.2.)

#### 3.   Abbyy USA

Abbyy USA is a California corporation with its principal place of business in Fremont, California, in the Northern District of California. (Compl. ¶ 4; Mot. at p.9.)

---

[4] The Ninth Circuit also concluded that the following facts supported the district court's transfer of the case: "(1) the stock purchase agreement was negotiated and executed in New York, (2) the majority of the witnesses live and work in the New York area where they are subject to subpoena, (3) all the defendants are subject to personal jurisdiction in New York, and (4) the costs of litigation would be drastically reduced if the case were heard in New York." *Lou*, 834 F.2d at 739.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 08-01097 AHM (FFMx)                          Date   June 3, 2008

Title       NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al

      4.    Abbyy Software House

      The complaint also names "Abbyy Software House" as a defendant.  The
complaint alleges that Abbyy Software House is a corporation organized under the laws
of the Federation of Russia with its principal place of business in Moscow, Russia.
(Compl. ¶ 3.)  Nuance asserts that Abbyy Software House is the "parent company of
Abbyy USA" and "developed the accused products in its Moscow facilities."  (Opp'n. at
p.12.)[5]  On May 8, 2008, after Abbyy USA filed its reply papers in support of this
motion, Nuance filed proof that the complaint was served on Abbyy Software House in
Moscow on April 17, 2008.

      Nuance argues that there is no evidence that venue over Abbyy Software House is
appropriate in the Northern District of California.  As a result, Nuance contends, the
motion should be denied for failure to establish that venue as to all the defendants is
appropriate in the Northern District.  However, it is equally unclear that venue
appropriate over Abbyy Software House in this District, where Nuance prefers to litigate.
Nuance concedes that "Abbyy Russia has no physical presence in the United States
known to Nuance, other than through its subsidiary Abbyy USA."  (Opp'n. at p.4.)
Moreover, the complaint fails to distinguish consistently between the two entities,
referring to Abbyy Software House and Abbyy House USA collectively as "Abbyy."

**B.     First-to-File Rule**

      Nuance contends that because it filed this action before Abbyy USA filed its
declaratory judgment action in the Northern District, the Court should decline to transfer
this action under the "first-to-file" rule.  The first-to-file rule states that when two suits
are pending involving the same parties and issues, the action filed first ordinarily should
proceed to judgment.  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir.
1991); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.
1986); *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269

---

     [5] With respect to Abbyy Software House, Abbyy USA represents in its brief that
"no such entity exists" (Mot. at p.3), that it is "unaware of any entity named 'Abbyy
Software House' in Russia" (Reply at p.2), and that it "does not have a Russian parent"
(*Id.*).  The President and CEO of Abbyy USA, Ding-Yuan Tang, also asserts that there is
no such entity with the name Abbyy Software House.  (Tang Decl. ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 08-01097 AHM (FFMx)                              Date   June 3, 2008

Title      NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al

(C.D. Cal. 1998). "Three threshold factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* at 270. There is no doubt that all three of the threshold factors are satisfied here because (1) this action was filed first; (2) the action in the Northern District involves the same parties; and (3) both actions present the same issues concerning the parties' respective rights and obligations in connection with the same patents.

Even if the threshold factors of the first-to-file rule are met, however, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Alltrade*, 946 F.2d at 627-28 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).). District courts can, in the exercise of their discretion, dispense with the rule for reasons of equity. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Alltrade*, 946 F.2d at 625-26. Circumstances under which the first-to-file rule will not be applied include bad faith, anticipatory suit, and forum shopping. *Alltrade*, 946 F.2d at 628.

Abbyy USA contends that equitable exceptions to the first-to-file rule do apply here because the actions were filed only one day apart and the balance of convenience weighs in favor of the later-filed action. The Court agrees. First, given that Nuance filed its action only one day before Abbyy USA filed its action, the first-to-file rule merits less weight. *See Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 667 (N.D. Cal. 2003) ("Finally, Z-Line filed this complaint only two days before Bell'O filed its complaint in New Jersey. Considering this relatively short time period between the two filings, the importance of the earlier filing date is diminished."); *Al-Or International Ltd. v. Paul Morelli Design Inc.*, 1999 WL 1320317, 53 U.S.P.Q.2d 1191, 1194 (C.D. Cal. 1999) (Carter, J.) ("As Plaintiff points out, 'compelling circumstances' that have been found to be exceptions to the 'first-filed' rule include forum shopping by the plaintiff, the defendant's good faith attempts at settlement, judicial economy, the minimal difference in time between the filing of the two actions, and the lack of progress in either litigation."). Second, as explained more fully below, the balance of convenience analysis under § 1404 favors transfer. Third, there is ample evidence of forum-shopping by all of the parties in this litigation (as well as competing allegations of bad-faith and gamesmanship), such that Nuance's choice of forum in this District is entitled to little weight.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | | Date | June 3, 2008 |
|---|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | | |

### C.    The Location Where the Events Giving Rise to the Suit Took Place

Nuance asserts that the "Abbyy accused products were developed, tested, researched and produced in Russia" and "marketed in the Central District of California." (Opp'n. at p.16.) It also claims that the "Lexmark accused products were developed, tested and researched in Kentucky, Colorado, the Philippines, and India" and "marketed in the Central District of California." (*Id.* at p.17.)

Abbyy USA contends the only connections that this lawsuit has to the Central District are: (1) "distributors and value added resellers ("VARs") located within the [District]," and (2) two alleged sales in Woodland Hills. (Compl. ¶¶ 17, 21-23.) In contrast, Abbyy USA claims that all of the operative facts that gave rise to this infringement action occurred in the Northern District of California. Abbyy USA asserts that the named inventors on the five patents-in-suit, the original corporate assignees of the patents, and the attorneys who prosecuted the patents are all located in the Northern District. Nuance has failed to refute these assertions.

On balance, given this lawsuit's minimal connections to this District, this factor slightly favors transfer.

### D.    The Convenience of the Parties

None of the parties maintain headquarters, corporate offices, or facilities in this District. However, Nuance maintains two offices and Abbyy USA maintains its principal place of business in the Northern District. Lexmark is located in Kentucky but transacts business in the Northern District. This factor favors transfer.

### E.    The Convenience of the Witnesses

"The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1111 (C.D. Cal. 2007). The parties do not identify any witnesses who reside in this District. However, Abbyy USA identifies thirteen witnesses who reside in the Northern District, including the named inventors on the five patents-in-suit (Phillip Bernzott, John Dilworth, David George, Bryan Higgins, and Jeremy Knight), executives of the companies to which the patents were originally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

assigned, and executives of Abbyy USA. (*See* Song Decl. Ex. D; Tang Decl. ¶ 5.)  Thus, this factor decidedly favors transfer to the Northern District.

### F.     The Location of Books and Records

Contrary to Nuance's assertion, the location of relevant documents and records continues to be a factor in this analysis. *See, e.g.*, *In re Yahoo! Inc.*, 2008 WL 707405 (C.D. Cal. 2008) (Snyder, J.) ( "Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry.") (citation omitted).  Abbyy USA asserts that all documents in its possession or control that are relevant to this lawsuit are located in its Fremont, California headquarters or other offices within the Northern District.  (Tang Decl. ¶ 4.)  Nuance points to no documents relevant to this action that are located in this District.  Lexmark asserts that no documents in its possession relevant to this lawsuit are located here.  (Lambert Decl. ¶ 5.)  Accordingly, this factor favors transfer.

### G.     The Local Interest in Deciding Local Controversies at Home

Given that the patents-in-suit were prosecuted by inventors and attorneys in the Northern District and that a resident of that district is accused of infringing those patents, this factor slightly favors transfer.

### H.     The Familiarity of the Trial Judge with the Applicable State Law

The parties agree that this factor favors neither party.

### I.     The Interests of Justice in General

The parties' competing accusations of bad faith and forum-shopping benefit neither side.  Nuance claims that Lexmark offered to dismiss Lexmark's Kentucky action if Nuance stipulated to Abbyy USA's motion to transfer.  When Nuance rejected Lexmark's offer and moved to transfer the Kentucky action to this Court, Lexmark voluntarily dismissed that action "one hour" after Nuance filed its motion.  (Opp'n. at p.6-7.)

Nuance concedes that it initially "filed its complaint in Wisconsin because [it

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|

| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al |
|---|---|

sought] prompt resolution of its dispute with Lexmark and Abbyy, and Wisconsin has one of, if not, the most rapid docket the country." (Opp'n. at p.4.) It explains that it dismissed that lawsuit when an injury to the presiding judge "rendered the time to trial for the Wisconsin action totally unpredictable." (*Id.* at p.23.) Abbyy USA contends that Nuance chose this District because "it was shopping for what it perceives to be most favorable forum for patent litigation plaintiffs." (Reply at p.5.) Abbyy USA also accuses Nuance of engaging in forum-shopping in previous litigation, citing a prior order granting transfer of an unrelated action. This factor favors neither party.

### J. The Plaintiff's Forum Preference

The plaintiff's choice of forum is accorded some weight. However, a plaintiff's choice of forum is given "much less weight" when the plaintiff is not a resident of the chosen forum or the forum lacks any significant contact with the activities alleged in the complaint. *See* William W Schwarzer, A. Wallace Tashima, James M. Wagstaffe, Federal Civil Procedure Before Trial, § 4:761 (2008). Furthermore, a "plaintiff's choice of forum will be accorded little deference" if there are indications of forum shopping. *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001). Nuance concedes that it is not a resident of this District and, as discussed above, there is ample evidence that it engaged in forum-shopping. Thus, this factor weighs only slightly against transfer.

### K. The Relative Congestion of the Courts' Calendars

Nuance asserts that the average time to termination on the merits for all patent cases filed in the Northern District of California from January 1991 to May 2007 was 23 months. In the Central District, the average time was 14 months. However, "[a]dministrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." *Amini*, 497 F.Supp.2d at 1112 (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984), cert. denied, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985)). Thus, this factor weighs only slightly against transfer.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|

| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al |
|---|---|

## IV.    CONCLUSION

On balance, the factors weigh in favor of transferring this case to the Northern District of California.  For the foregoing reasons and good cause appearing therefor, the Court GRANTS the motion to transfer and hereby TRANSFERS the action to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).[6]

No hearing is necessary.  Fed. R. Civ. P. 78(b); L.R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**Make JS-6**

---

[6] This order renders moot for purposes of this District and Court Nuance's motion to dismiss four of Abbyy USA's counterclaims and Abbyy USA's motion for costs and a stay, which are both under submission.  For purposes of docket clarity, both of those motions are DENIED without prejudice to renewal.  Dkt. Nos. 14, 17.

(FFMx), CLOSED, DISCOVERY, MANADR, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-01097-AHM-FFM

Nuance Communications, Inc. v. Abbyy Software House et al
Assigned to: Judge A. Howard Matz
Referred to: Magistrate Judge Frederick F. Mumm
Cause: 35:271 Patent Infringement

Date Filed: 02/19/2008
Date Terminated: 06/03/2008
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Nuance Communications, Inc.**
*a Delaware corporation*

represented by **Craig N Hentschel**
Dykema Gossett LLP
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
213-457-1818
Email: chentschel@dykema.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Franklin M Rubinstein**
Wilson Sonsini Goodrich & Rosati
1700 K Street NW Fifth Floor
Washington, DC 20006-3817
202-973-8833
Fax: 202-973-8899
Email: frubinstein@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie M Holloway**
Wilson Sonsini Goodrich and Rosati PC
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Email: jholloway@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M Craig Tyler**
Wilson Sonsini Goodrich and Rosati
900 South Capital of Texas Highway
Las Cimas IV Fifth Floor
Austin, TX 78746-5546
512-338-5410
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron E Shulman**
Wilson Sonsini Goodrich & Rosati



I hereby attest and certify on 6/4/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
By _____ Deputy

0136

650 Page Mill Rd
Palo Alto, CA 94304-1050
650-493-9300
Email: rshulman@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terry J P Kearney**
Wilson Sonsini Goodrich and Rosati PC
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Email: tkearney@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tung-On Kong**
Wilson Sonsini Goodrich and Rosati PC
Spear Tower
One Market Street Suite 3300
San Francisco, CA 94105-1126
415-947-2000
Email: tkong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woo J Kim**
Wilson Sonsini Goodrich and Rosati
900 South Capital of Texas Highway
Austin, TX 78746-5546
512-338-5454
Fax: 512-338-5499
Email: wkim@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
Wilson Sonsini Goodrich and Rosati
1700 K Street NW 5th Floor
Washington, DC 20006
202-973-8800
Fax: 202-973-8899
Email: ssher@wsgr.com
*ATTORNEY TO BE NOTICED*

**Seungtaik Michael Song**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: msong@wsgr.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Abbyy Software House**
*a Russian Corporation*

represented by **Grant E Kinsel**
Foley and Lardner LLP
555 South Flower Street

Suite 3500
Los Angeles, CA 90071-2411
213-972-4500
Email: gkinsel@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Abbyy USA Software House**
*a California Corporation*

represented by **Grant E Kinsel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lexmark International, Inc.**
*a Delaware Corporation*

represented by **Eugene A Feher**
Mintz Levin Cohn Ferris Glovsky and Popeo
PC
One Financial Center
Boston, MA 02111
617-542-6000
Email: eafeher@mintz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nada I Shamonki**
Mintz Levin Cohn Ferris Glovsky & Popeo
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
310-586-3200
Email: nshamonki@mintz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Nuance Communications, Inc.**
*a Delaware corporation*

represented by **Craig N Hentschel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Franklin M Rubinstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie M Holloway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M Craig Tyler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron E Shulman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terry J P Kearney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tung-On Kong**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woo J Kim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Counter Claimant</u>

**Abbyy USA Software House**                represented by **Grant E Kinsel**
*a California Corporation*                                  (See above for address)
*also known as*                                            *LEAD ATTORNEY*
Abbyy USA Software House, Inc                              *ATTORNEY TO BE NOTICED*

V.

<u>Counter Defendant</u>

**Nuance Communications, Inc.**             represented by **Craig N Hentschel**
*a Delaware corporation*                                   (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                            **Franklin M Rubinstein**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Julie M Holloway**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Ron E Shulman**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Terry J P Kearney**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Tung-On Kong**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Woo J Kim**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2008 | 1 | COMPLAINT against Defendants Abbyy Software House, Abbyy USA Software House, Lexmark International, Inc. (Filing fee $ 350 PAID.) Jury Demanded., filed by Plaintiff Nuance Communications, Inc. (et) Additional attachment(s) added on 2/29/2008 (hha, ). (Entered: 02/27/2008) |
| 02/19/2008 |  | 20 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendants Abbyy Software House, Abbyy USA Software House, Lexmark International, Inc. (et) (Entered: 02/27/2008) |
| 02/19/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Nuance Communications, Inc. (et) Additional attachment(s) added on 2/29/2008 (hha, ). (Entered: 02/27/2008) |
| 02/19/2008 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiff Nuance Communications, Inc. identifying NO as Corporate Parent. (et) Additional attachment(s) added on 2/29/2008 (hha, ). (Entered: 02/27/2008) |
| 02/19/2008 | 4 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed. (et) (Entered: 02/27/2008) |
| 02/19/2008 | 5 | REPORT ON THE FILING OF AN ACTION Regarding a Patent or a Trademark (Initial Notification) filed by Nuance Communications, Inc. (et) (Entered: 02/27/2008) |
| 02/19/2008 |  | FAX number for Attorney Julie M Holloway, Terrence J P Kearney is 650-493-6811. (et) (Entered: 02/27/2008) |
| 02/19/2008 |  | FAX number for Attorney Tung-On Kong is 415-947-2099. (et) (Entered: 02/27/2008) |
| 02/25/2008 | 6 | STANDING ORDER by Judge Valerie Baker Fairbank (se) (Entered: 02/27/2008) |
| 03/12/2008 | 7 | ANSWER to Complaint - (Discovery), Complaint - (Discovery) 1 , COUNTERCLAIM against Nuance Communications, Inc. filed by Defendant Abbyy USA Software House.(Kinsel, Grant) (Entered: 03/12/2008) |
| 03/12/2008 | 8 | Notice of Interested Parties filed by Counter Claimant Abbyy USA Software House, Defendant Abbyy USA Software House. (Kinsel, Grant) (Entered: 03/12/2008) |
| 03/12/2008 | 25 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Document #7 Counterclaim should not get e-filed. Pursuant to General Order 08-02, Counsels are not permitted to e-file Initiating documents, Counterclaim must filed at the Intake Window RE Answer to Complaint (Discovery), Counterclaim 7 (se) (Entered: 04/04/2008) |
| 03/19/2008 | 9 | MINUTES OF IN CHAMBERS ORDER held before Judge Valerie Baker Fairbank; Scheduling Conference set for 5/12/2008 at 08:30 AM before Judge Valerie Baker Fairbank. (kbr) (Entered: 03/19/2008) |
| 03/19/2008 | 10 | NOTICE OF MOTION AND MOTION to Transfer Case to Northern District of California filed by Defendant Abbyy USA Software House.Motion set for hearing on 4/28/2008 at 01:30 PM before Judge Valerie Baker Fairbank. (Attachments: # 1 Appendix of Declarations in Support of Motion# 2 Proposed Order # 3 Proof of Service)(Kinsel, Grant) (Entered: 03/19/2008) |
| 03/28/2008 | 11 | ANSWER with JURY DEMAND filed by Defendant Lexmark International, Inc..(Shamonki, Nada) (Entered: 03/28/2008) |

| 03/28/2008 | 12 | *CERTIFICATION AND* NOTICE of Interested Parties filed by Defendant Lexmark International, Inc.. (Shamonki, Nada) (Entered: 03/28/2008) |
|---|---|---|
| 03/28/2008 | 13 | APPLICATION OF NON-RESIDENT ATTORNEY Eugene A. Feher for Leave to Appear Pro Hac Vice. FEE NOT PAID. filed by Defendant Lexmark International, Inc.. (Attachments: # 1 Proposed Order on Application of Non-Resident Attorney to Appear in A Specific Case# 2 Proof of Service)(Shamonki, Nada) (Entered: 03/28/2008) |
| 03/31/2008 | 14 | NOTICE OF MOTION AND MOTION for Costs against Nuance Communications, Inc. filed by Defendant Abbyy USA Software House.Motion set for hearing on 3/28/2008 at 01:30 PM before Judge Valerie Baker Fairbank. (Attachments: # 1 Declaration Ronald Wawryzn# 2 Declaration Grant Kinsel# 3 Exhibit 1 - Wawrzyn Declaration# 4 Exhibit 1 - Kinsel Declaration# 5 Proposed Order)(Kinsel, Grant) (Entered: 03/31/2008) |
| 04/01/2008 | 15 | ANSWER to Answer to Complaint (Discovery), Counterclaim 7 filed by plaintiff Nuance Communications, Inc..(Holloway, Julie) (Entered: 04/01/2008) |
| 04/01/2008 | 16 | NOTICE of Motion and Motion to Dismiss Counterclaims Six Through Nine of ABBYY USA Software House filed by Plaintiff Nuance Communications, Inc.. (Holloway, Julie) (Entered: 04/01/2008) |
| 04/01/2008 | 17 | NOTICE OF MOTION AND MOTION to Dismiss Case *Counterclaims Six Through Nine of ABBYY USA Software House* filed by plaintiff Nuance Communications, Inc..Motion set for hearing on 4/28/2008 at 01:30 PM before Judge Valerie Baker Fairbank. (Attachments: # 1 Proposed Order)(Holloway, Julie) (Entered: 04/01/2008) |
| 04/01/2008 | 18 | NOTICE of Association of Counsel Filed by Plaintiff Nuance Communications, Inc. (Holloway, Julie) (Entered: 04/01/2008) |
| 04/01/2008 | 19 | ORDER by Judge Valerie Baker Fairbank Granting APPLICATION OF NON-RESIDENT ATTORNEY Eugene A. Feher for Leave to Appear Pro Hac Vice on behalf of Defendant Lexmark International, Inc. Nada I. Shamonki is designated as local counsel FEE PAID 13 . (jp) (Entered: 04/02/2008) |
| 04/01/2008 | 20 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found: Hearing set on 3/28/2008 is not timely: RE MOTION for Costs against Nuance Communications, Inc 14 . (jp) (Entered: 04/02/2008) |
| 04/01/2008 | | FAX number for Attorney Tung-On Kong is 415-947-2099. (lom) (Entered: 04/07/2008) |
| 04/01/2008 | | FAX number for Attorney Craig N Hentschel is 213-475-1850. (lom) (Entered: 04/07/2008) |
| 04/02/2008 | 21 | NOTICE filed by plaintiff Nuance Communications, Inc.. *of Pendency of Other Action* (Holloway, Julie) (Entered: 04/02/2008) |
| 04/02/2008 | 22 | NOTICE OF MOTION re MOTION for Costs against Nuance Communications, Inc. 14 filed by Counter Claimant Abbyy USA Software House, Defendant Abbyy USA Software House. Motion set for hearing on 4/28/2008 at 01:30 PM before Judge Valerie Baker Fairbank. (Kinsel, Grant) (Entered: 04/02/2008) |
| 04/02/2008 | 23 | ORDER TO REASSIGN CASE due to self-recusal pursuant to General Order 07.02 by Judge Valerie Baker Fairbank. Case transferred to the calendar of Judge J. Spencer Letts for all further proceedings. Case number now reads as CV 08-1097 JSL (FFMx). (rn) (Entered: 04/02/2008) |
| 04/02/2008 | 24 | MINUTES OF IN CHAMBERS before Judge Valerie Baker Fairbank: COURT ORDER. This case has been reassigned to Judge J. Spencer Letts. All pending dates are hereby taken off calendar. Counsel should contact the Clerk of Judge Letts regarding setting new dates. (jp) (Entered: 04/03/2008) |
| 04/04/2008 | 32 | COUNTERCLAIM of Abbyy USA Software House, Inc against Nuance Communications, Inc filed by Counterclaimant Abbyy USA Software House.(lom) Additional attachment(s) added on 4/10/2008 (lom, ). (Entered: 04/10/2008) |

| 04/07/2008 | 26 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found Docket entry says "Answer to Complaint" as well as to "Counterclaim" but document that is attached is an answer to the counterclaim only: RE Answer to Counterclaim 15 . (lom) (Entered: 04/07/2008) |
|---|---|---|
| 04/07/2008 | 27 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found All motions events are located under Motions and Related Filings: see Motion for Dismiss. Please do not use other events that are not related to Motions: RE Notice (Other) 16 . All motions events are located under Motions and Related Filings: see Motion for Dismiss. Please do not use other events that are not related to Motions. (lom) (Entered: 04/07/2008) |
| 04/07/2008 | 28 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found. Incorrect event selected. Correct event is Memorandum in Support of Motion 17 . See Motion and Related Filings: Responses/Replies/Other Motion Related Documents for Memorandum in support. Please do not use Motion. It will create a Motion request. This is not a Motion. (lom) (Entered: 04/07/2008) |
| 04/07/2008 | 29 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found Incorrect event selected. Correct event is Notice of Related Cases: RE Notice (Other) 21 . See Other filings: Notices for Related Cases. (lom) Additional attachment(s) added on 4/7/2008 (lom, ). (Entered: 04/07/2008) |
| 04/07/2008 | 30 | NOTICE OF CLERICAL ERROR: Due to clerical error : Document failed to attach to the docket entry. Corrections has been made, Notice to Filer is attached to document 29, as well as with this docket entry. (Attachments: # 1 G112A) (lom) (Entered: 04/07/2008) |
| 04/10/2008 | 31 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Answer to Complaint & Counterclaim 7 : Judge's Clerk strikes the Counterclaim portion (docket entry 7) of Defendant Abbyy USA Software House. Pursuant to General order 08-02, Counsels are not permitted to e-file Initiating documents. Counterclaim to be re-filed manually and emailed in PDF form. (Counterclaim previously manually filed on 4/4/08). (lom) (Entered: 04/10/2008) |
| 04/10/2008 | 33 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found : Your Answer to Counterclaim, filed on 4/1/08, docket entry #15 was linked to docket entry #7. Defendant Abbyy Software has re-filed the counterclaim, see docket entry of 4/4/08, #32. Please re-submit as amended or corrected : RE Answer to Counterclaim 15 . (lom) (Entered: 04/10/2008) |
| 04/10/2008 | 34 | JOINDER in MOTION to Transfer Case to Northern District of California 10 filed by Defendant Lexmark International, Inc.. (Attachments: # 1 Declaration of Eugene Feher in Support of Lexmark's Notice of Joinder to Abbyy's Motion to Transfer Venue to the Northern District of California# 2 Declaration of Brent Lambert in Support of Lexmark's Notice of Joinder to Abbyy's Motion to Transfer Venue to the Northern District of California# 3 Proof of Service)(Shamonki, Nada) (Entered: 04/10/2008) |
| 04/11/2008 | 35 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge J. Spencer Letts. ORDER case returned to the Clerk for random reassignment pursuant to General Order 07-02. Case randomly reassigned from Judge J. Spencer Letts to Judge A. Howard Matz for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 08-1097 AHM (FFMx). (rn) (Entered: 04/11/2008) |
| 04/14/2008 | 36 | JOINDER in MOTION for Costs against Nuance Communications, Inc. 14 and for a Stay Pursuant to Rule 41(D) filed by Defendant Lexmark International, Inc.. (Attachments: # 1 Declaration of Eugene A. Feher in support of Lexmark's Notice of Joinder to Abbyy USA Software House, Inc.'s Motion for Costs and a Stay Pursuant to Rule 41(D)# 2 Proof of Service) (Shamonki, Nada) (Entered: 04/14/2008) |
| 04/14/2008 | 37 | OPPOSITION to MOTION to Dismiss Case Counterclaims Six Through Nine of ABBYY USA Software House 17 filed by Counter Claimant Abbyy USA Software House, Defendant Abbyy USA Software House. (Kinsel, Grant) (Entered: 04/14/2008) |

| 04/14/2008 | 38 | OBJECTIONS in Support of Opposition to re: MOTION to Transfer Case to Northern District of California 10 *Plaintiff Nuance Communications, Inc.'s Memorandum of Objections and Opposition to Lexmark's Notice of Joinder to Abbyy's Motion to Transfer* filed by Plaintiff Nuance Communications, Inc.. (Holloway, Julie) (Entered: 04/14/2008) |
|---|---|---|
| 04/14/2008 | 39 | OBJECTIONS in Support of Opposition to re: MOTION for Costs against Nuance Communications, Inc. 14 *Lexmark's Notice of Joinder to Abbyy's Motion for Costs and a Stay* filed by Plaintiff Nuance Communications, Inc.. (Holloway, Julie) (Entered: 04/14/2008) |
| 04/15/2008 | 40 | OPPOSITION to MOTION for Costs against Nuance Communications, Inc. 14 filed by Plaintiff Nuance Communications, Inc.. (Holloway, Julie) (Entered: 04/15/2008) |
| 04/15/2008 | 41 | OPPOSITION to MOTION to Transfer Case to Northern District of California 10 filed by Plaintiff Nuance Communications, Inc.. (Holloway, Julie) (Entered: 04/15/2008) |
| 04/15/2008 | 42 | DECLARATION of Tung-On Kong in Opposition to MOTION to Transfer Case to Northern District of California 10 , MOTION for Costs against Nuance Communications, Inc. 14 filed by Plaintiff Nuance Communications, Inc.. (Attachments: # 1 Exhibit Kong Exhibits 1-14# 2 Exhibit Kong Exhibits 15-16# 3 Exhibit Kong Exhibit 17, Part 1# 4 Exhibit Kong Exhibit 17, Part 2# 5 Exhibit Kong Exhibits 18-24)(Holloway, Julie) (Entered: 04/15/2008) |
| 04/15/2008 | 43 | INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE MATZ: Counsel for plaintiff shall serve this Order on all defendant and/or their counsel along with the summons and complaint, or if that is not practicable as soon as possible thereafter. If this case was assigned to this Court after being removed from State Court, the defendant who removed the case shall serve this Order on all other parties. This case have been assigned to the calendar of Judge A. Howard Matz. (jp) (Entered: 04/16/2008) |
| 04/16/2008 | 44 | APPLICATION OF NON-RESIDENT ATTORNEY WOO J. KIM for Leave to Appear Pro Hac Vice. FEE NOT PAID. filed by Plaintiff Nuance Communications, Inc.. (Attachments: # 1 ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE)(Hentschel, Craig) (Entered: 04/16/2008) |
| 04/16/2008 | 45 | APPLICATION OF NON-RESIDENT ATTORNEY M. CRAIG TYLER for Leave to Appear Pro Hac Vice. FEE NOT PAID. filed by Plaintiff Nuance Communications, Inc.. (Attachments: # 1 ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE)(Hentschel, Craig) (Entered: 04/16/2008) |
| 04/16/2008 | 46 | APPLICATION OF NON-RESIDENT ATTORNEY FRANKLIN M. RUBINSTEIN for Leave to Appear Pro Hac Vice. FEE NOT PAID. filed by Plaintiff Nuance Communications, Inc.. (Attachments: # 1 ORDER ON APPLCIAITON ON NON RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE)(Hentschel, Craig) (Entered: 04/16/2008) |
| 04/17/2008 | 47 | ORDER by Judge A. Howard Matz Granting APPLICATION OF NON-RESIDENT ATTORNEY M. CRAIG TYLER for Leave to Appear Pro Hac Vice. FEE NOT PAID 45 by M. Craig Tyler to appear on behalf of Counter Defendants Nuance Communications, Inc., Nuance Communications, Inc., Plaintiff Nuance Communications, Inc. Craig N. Hentschel is designated as local counsel. Fee not paid. (se) (Entered: 04/17/2008) |
| 04/17/2008 | 48 | ORDER by Judge A. Howard Matz Granting APPLICATION OF NON-RESIDENT ATTORNEY Frinklin M. Rubinstein for Leave to Appear Pro Hac Vice on behalf of Plaintiff Nuance Communications, Inc. Craig N. Hentschel is designated as local counsel (FEE PAID) 46 . (jp) (Entered: 04/18/2008) |
| 04/17/2008 | 49 | ORDER by Judge A. Howard Matz Granting APPLICATION OF NON-RESIDENT ATTORNEY Woo J. Kim for Leave to Appear Pro Hac Vice on behalf of Plaintiff Nuance Communications, Inc. Craig N. Hentschel is designated as local counsel. (FEE PAID) 44 . (jp) (Entered: 04/18/2008) |
| 04/18/2008 | 50 | STIPULATION to Continue Hearing date from April 28, 2008 to May 12, 2008 filed by Plaintiff Nuance Communications, Inc.. (Attachments: # 1 Proposed Order [PROPOSED] ORDER TO CONTINUE HEARING DATE)(Hentschel, Craig) (Entered: 04/18/2008) |

| 04/21/2008 | 51 | ORDER by Judge A. Howard Matz GRANTING Stipulation to Continue motion hearings from 4/28/08 to 5/12/08 at 10:00 a.m. (DE 34, DE 14, DE 36, DE 16, DE 17) 50 : Motions set for hearing on 5/12/2008 at 10:00 AM before Judge A. Howard Matz. The Scheduling Conference is continued to 6/16/2008 01:30 PM before Judge A. Howard Matz. See document for specific deadlines and dates. (se) (Entered: 04/22/2008) |
|---|---|---|
| 04/23/2008 | 52 | AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATIONS, INC. TO MOTION FOR COSTS AND STAY PURSUANT TO RULE 41(D) filed by plaintiff Nuance Communications, Inc. (Hentschel, Craig) Modified on 4/24/2008 (smo, ). (Entered: 04/23/2008) |
| 04/23/2008 | 53 | AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATION, INC. TO MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA MOTION to Transfer Case to Northern District of California 10 , Response in Opposition to Motion 41 filed by plaintiff Nuance Communications, Inc. (Hentschel, Craig) Modified on 4/24/2008 (smo, ). (Entered: 04/23/2008) |
| 04/23/2008 | 54 | DECLARATION of HARRY E. VAN CAMP IN OPPOSITION TO MOTION TO TRANSFER AND MOTION FOR COSTS MOTION to AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATION, INC. TO. MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA MOTION to Transfer Case to Northern District of California 10 , Response in Opposition to Motion 41 MOTION to AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATION, INC. TO MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA MOTION to Transfer Case to Northern District of California 10 , Response in Opposition to Motion 41 53 , MOTION to AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATIONS, INC. TO MOTION FOR COSTS AND STAY PURSUANT TO RULE 41(D) Response in Opposition to Motion 40 , Notice of Motion, 22 MOTION to AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATIONS, INC. TO MOTION FOR COSTS AND STAY PURSUANT TO RULE 41(D) Response in Opposition to Motion 40 , Notice of Motion, 22 52 filed by Plaintiff Nuance Communications, Inc.. (Hentschel, Craig) (Entered: 04/23/2008) |
| 04/23/2008 | 55 | DECLARATION of JOHN SHAGOURY IN OPPOSITION TO MOTION TO TRANSFER MOTION to Transfer Case to Northern District of California 10 , MOTION to AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATION, INC. TO MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA MOTION to Transfer Case to Northern District of California 10 , Response in Opposition to Motion 41 MOTION to AMENDED OPPOSITION OF PLAINTIFF NUANCE COMMUNICATION, INC. TO MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA MOTION to Transfer Case to Northern District of California 10 , Response in Opposition to Motion 41 53 filed by Plaintiff Nuance Communications, Inc.. (Hentschel, Craig) (Entered: 04/23/2008) |
| 04/23/2008 | 56 | DECLARATION of TUNG-ON KONG IN OPPOSITON TO MOTION FOR COSTS AND STAY AND MOTION TO TRANSFER MOTION to Transfer Case to Northern District of California 10 , MOTION for Costs against Nuance Communications, Inc. 14 filed by Plaintiff Nuance Communications, Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 16# 16 Exhibit 17# 17 Exhibit 18# 18 Exhibit 19# 19 Exhibit 20# 20 Exhibit 21# 21 Exhibit 22# 22 Exhibit 15 PG182# 23 Exhibit 15 PG 183-184# 24 Exhibit 15 PG 185-214# 25 Exhibit 15 PG 215-260# 26 Exhibit 15 PG261-293)(Hentschel, Craig) (Entered: 04/23/2008) |
| 04/28/2008 | 57 | OPPOSITION / PLAINTIFF AND COUNTERDEFENDANT NUANCE COMMUNICATIONS, INC.'S OPPOSITION TO LEXMARK INTERNATIONAL, INC.'S NOTICE OF JOINDER TO ABBY USA SOFTWARE HOUSE, INC.'S MOTION FOR COSTS AND A STAY PURSUANT TO RULE 41(D) filed by Plaintiff Nuance Communications, Inc., Counter Defendant Nuance Communications, Inc. re: Joinder (Motion Related), Joinder (Motion Related) 36 (Hentschel, Craig) (Entered: 04/28/2008) |
| 05/05/2008 | 58 | REPLY in Support of Motion MOTION for Costs against Nuance Communications, Inc. 14 filed by Counter Claimant Abbyy USA Software House, Defendants Abbyy Software House, Abbyy USA Software House. (Attachments: # 1 Declaration of ROnald M. Wawrzyn ISO |

| | | |
|---|---|---|
| | | Abbyy USA's Reply Brief)(Kinsel, Grant) (Entered: 05/05/2008) |
| 05/05/2008 | 59 | REPLY In Support of MOTION to Transfer Case to Northern District of California 10 filed by Counter Claimant Abbyy USA Software House, Defendants Abbyy Software House, Abbyy USA Software House. (Kinsel, Grant) (Entered: 05/05/2008) |
| 05/05/2008 | 60 | NOTICE of Association of Counsel Filed by Counter Defendants Nuance Communications, Inc., Nuance Communications, Inc., Plaintiff Nuance Communications, Inc. (Shulman, Ron) (Entered: 05/05/2008) |
| 05/05/2008 | 61 | NOTICE of Association of Counsel Filed by Counter Defendants Nuance Communications, Inc., Nuance Communications, Inc., Plaintiff Nuance Communications, Inc. (Sher, Scott) (Entered: 05/05/2008) |
| 05/05/2008 | 62 | REPLY in Support of MOTION for Costs against Nuance Communications, Inc. 14 *and in Support of Lexmark's Notice of Joinder to Abbyy USA Software House, Inc.'s Motion for Costs and a Stay Pursuant to Rule 41(d)* filed by Defendant Lexmark International, Inc.. (Attachments: # 1 Proof of Service)(Shamonki, Nada) (Entered: 05/05/2008) |
| 05/05/2008 | 63 | REPLY PLAINTIFF AND COUNTERDEFENDANT NUANCE COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS SIX THROUGH NINE OF ABBYY USA SOFTWARE HOUSE MOTION to Dismiss Case *Counterclaims Six Through Nine of ABBYY USA Software House* 17 filed by Plaintiff Nuance Communications, Inc.. (Hentschel, Craig) (Entered: 05/05/2008) |
| 05/05/2008 | 64 | REQUEST FOR JUDICIAL NOTICE re MOTION to Dismiss Case *Counterclaims Six Through Nine of ABBYY USA Software House* 17 filed by Plaintiff Nuance Communications, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Hentschel, Craig) (Entered: 05/05/2008) |
| 05/08/2008 | 65 | MINUTES OF IN CHAMBERS ORDER held before Judge A. Howard Matz : On the Courts own motion, the Court hereby takes OFF-CALENDAR and UNDER SUBMISSION (1) Plaintiff and Counter-Defendant Nuance Communication, Inc.s Motion to Dismiss Counterclaim Six Through Nine of Abbyy USA Software House; (2) Defendant Abbyy USA Software House, Inc.s Motion to Transfer Venue to the Northern District of California; and (3) Defendant Abbyy USA Software House, Inc.s Motion for Costs and a Stay Pursuant to Rule 41(D). The parties will be notified if a hearing is necessary. (smo) (Entered: 05/08/2008) |
| 05/08/2008 | 66 | PROOF OF SERVICE Executed by Plaintiff Nuance Communications, Inc., upon Abbyy Software House served on 4/17/2008, answer due 5/7/2008. (Hentschel, Craig) (Entered: 05/08/2008) |
| 05/29/2008 | 67 | Joint REQUEST to Continue Scheduling Conference from June 16, 2008 filed by Defendants Abbyy USA Software House, Lexmark International, Inc.. (Kinsel, Grant) (Entered: 05/29/2008) |
| 05/29/2008 | 68 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: No order submitted as separate attachment RE: Joint REQUEST to Continue Scheduling Conference from June 16, 2008 67 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (se) (Entered: 05/29/2008) |
| 05/29/2008 | 69 | Amendment to Joint REQUEST to Continue Scheduling Conference from June 16, 2008 67 filed by Counter Claimant Abbyy USA Software House, Defendants Abbyy USA Software House, Lexmark International, Inc.. (Attachments: # 1 Proposed Order)(Kinsel, Grant) (Entered: 05/29/2008) |
| 05/29/2008 | 70 | Opposition/Plaintiff Nuance Communication Inc.'s Opposition to Defendants' Request to Continue Scheduling Conference filed by Plaintiff Nuance Communications, Inc. re: Amendment (Motion related), Amendment (Motion related) 69 , Joint REQUEST to Continue Scheduling Conference from June 16, 2008 67 (Hentschel, Craig) (Entered: 05/29/2008) |
| 06/03/2008 | 71 | NOTICE of Association of Counsel Filed by Plaintiff Nuance Communications, Inc. (Song, Seungtaik) (Entered: 06/03/2008) |

| 06/03/2008 | 72 | MINUTES OF IN CHAMBERS ORDER before Judge A. Howard Matz: Court GRANTS the MOTION to Transfer 10 and hereby TRANSFERS to the action to the Northern District of California, San Francisco, pursuant to 28 USC 1404(a). This order renders moot for purposes of this District and Court Nuance's MOTION to Dismiss four of Abbyy USA's *Counterclaims* 17 , and MOTION for Costs 14 and a stay, which are both under submission. For purposes of docket clarity, both of those motions are DENIED without prejudice to renewal. (Made JS-6. Case Terminated.) (Attachments: # 1 CV - 22 Transmittal Letter - Civil Case Transfer Out) (jp) (Entered: 06/04/2008) |
| 06/03/2008 | 73 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Patent or Trademark. (Closing). (jp) (Entered: 06/04/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/04/2008 16:06:17 | | | |
| **PACER Login:** | us3877 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-01097-AHM-FFM End date: 6/4/2008 |
| **Billable Pages:** | 9 | **Cost:** | 0.72 |