Grant E. Kinsel (State Bar No. 172407)
E-Mail: gkinsel@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:    213.972.4500
Facsimile:    213.486.0065

Michael J. Song (State Bar No. 243675)
E-Mail: msong@foley.com
**FOLEY & LARDNER LLP**
975 Page Mill Road
Palo Alto, CA 94304-1125
Telephone: (650) 856-3700
Facsimile: (650) 856-3710

Attorneys for Defendant
ABBYY USA SOFTWARE HOUSE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.<br><br>          Plaintiff,<br><br>     vs.<br><br>ABBYY USA SOFTWARE HOUSE, INC. ; ABBYY SOFTWARE HOUSE ; LEXMARK INTERNATIONAL, INC.<br><br>          Defendants. | Case No: CV 08-02912 JSW<br><br>**ABBYY USA SOFTWARE HOUSE, INC.'S NOTICE OF MOTION AND MOTION FOR COSTS PURSUANT TO F.R.C.P. 41(D)**<br><br>**DATE:    OCTOBER 3, 2008**<br>**TIME:     9:00 A.M.**<br>**PLACE:  CRT ROOM 2** |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 3, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Jeffrey S. White located at 450 Golden Gate Avenue, Courtroom 2, 17th Floor, San Francisco, California 94102, Abbyy USA Software House, Inc. ("Abbyy USA") will, and hereby does, move the Court for an order pursuant to Federal Rule of Civil Procedure 41(d) requiring Nuance Communications, Inc. ("Nuance") to pay Abbyy USA's costs incurred in connection with Nuance's originally filed and subsequently dismissed action in the Western District of Wisconsin.

Abby USA seeks $27,275 in costs as established in the Declaration and Supplemental Declaration of Ronald Wawrzyn, attached as Exhibits "2" and "3" to the Declaration of Grant Kinsel. Abbyy USA submits its Memorandum of Points and Authorities below.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Over the past several years, forum shopping in patent litigation has become rampant. Litigants file in far-flung venues to secure what they believe to be a forum advantage. This practice is a burden on judicial resources, magnifying the already high cost of patent litigation. Fortunately, the Federal Rules of Civil Procedure provide courts with tools to discourage forum shopping. Specifically, Fed. R. Civ. P. 41(d) addresses the situation where a plaintiff files a suit, forces the opposing party to incur significant expenses, then dismisses the suit only to refile a substantially identical suit in another forum. That is precisely the fact pattern before this Court.

Plaintiff Nuance Communications, Inc. ("Nuance") is an experienced forum shopper well known for filing lawsuits in far-flung locations in an effort to unnecessarily increase the cost and burden of litigation. In this case, Nuance shopped for two different fora before the case was finally transferred to this Court where it should have been filed in the first instance. Nuance originally filed this action in the Western District of Wisconsin — known locally as the "rocket docket." Nuance filed in Wisconsin because it wanted to leverage what it believed to be an

advantage in speed to trial. Accordingly, Nuance manufactured venue in Wisconsin by purchasing a product in that venue and filing a patent infringement suit against Abbyy USA and Lexmark — neither of which have any meaningful presence in Wisconsin. After selecting its forum, one of the two judges in the district was injured. Nuance believed that its shopped-for-advantage might be hindered. Thus, Nuance dismissed the Wisconsin case.

Immediately after dismissing its Wisconsin action, Nuance filed a nearly identical case in an equally inappropriate venue — the Central District of California. As with Wisconsin, none of the parties had any meaningful connection to the Central District of California. Instead, Nuance believed that it derived some forum-based advantage by filing in a forum with which none of the parties were connected. Ultimately, Abbyy USA moved to transfer the Central District case to this Court where all of the parties have a meaningful presence. Judge Matz in the Central District agreed with Abbyy USA, and transferred the action to this Court. Significantly, Judge Matz also pointed out in his order transferring the action that "there is ample evidence that [Nuance] engaged in forum-shopping." (June 3, 2008 Order at p. 8 [attached to the Kinsel Decl. at Ex. "1"].)

Nuance's conduct — filing an action in one unrelated district (Western District of Wisconsin) only to dismiss and refile the same action in another unrelated district (Central District of California) — is precisely the type of conduct Rule 41(d) was designed to preclude. Nuance should be ordered to pay Abbyy USA's litigation costs in connection with the dismissed Wisconsin action pursuant to Rule 41(d).

## II.   FACTUAL BACKGROUND

### A.   Nuance Files Its First Complaint in the Western District of Wisconsin

Nuance originally commenced this action on January 16, 2008 when it sued Abbyy USA, Abbyy Software House of Russia — a nonexistent entity — and Lexmark International, Inc. ("Lexmark") in the Western District of Wisconsin. Nuance did not file the action in Wisconsin because Wisconsin was somehow related to the litigation. To the contrary, none of the entities had any meaningful connection with the Western District of Wisconsin. Instead, Nuance conceded that the reason it filed this action in Wisconsin was because it believed it could

2

leverage the short time to trial offered by the Wisconsin "rocket docket." Unfortunately for Nuance, its plans took a detour when one of the two judges in the district was injured. According to Nuance, an injury to Judge Shabaz resulted in an intolerably ambiguous trial schedule, and, therefore, Nuance dismissed the Wisconsin case, and refiled in the Central District of California.

### B. Nuance Runs-Up The Cost Of Litigation In Wisconsin

While the action was pending in Wisconsin, Nuance did all it could to increase Abbyy USA's costs. After Nuance commenced its original Wisconsin action, Abbyy USA investigated the allegations in the Complaint and secured counsel to represent it approximately two days before a response to the Complaint was due. (Wawrzyn Declaration ¶ 2 [attached to the Kinsel Decl. as Ex. 2]). Counsel for Abbyy USA approached counsel for Nuance to request an additional two weeks to respond in light of the fact that the case involved five patents and 106 claims. Nuance's counsel refused to agree to the extension, forcing Abbyy USA to brief and argue a motion for an extension before the Wisconsin court (Wawrzyn. Decl. ¶ 4 [Kinsel Decl. Ex. 2]). Predictably, the motion was granted.

Moreover, given the Wisconsin complaint's lack of details, Abbyy USA prepared two briefs in support of motions to transfer the case to the Northern District of California or in the alternative to dismiss the case outright, for failure to state a claim upon which relief could be granted. The brief to transfer was based on the fact that the chosen venue of the Western District of Wisconsin had no connection to the parties, witnesses, or material allegations of the Complaint. The basis for moving to dismiss the Complaint was that the Complaint was extraordinarily conclusory in nature. For instance, the Complaint had no specific allegations related to any particular defendant. It alleged conclusory allegations of contributory infringement, infringement by inducement, infringement by importation, and willful infringement. The allegations in the Complaint had no particular reference to any particular conduct by any particular party. (Wawrzyn Decl. ¶ 8 [Kinsel Decl. Ex. 2]). In addition, the Complaint identified as a party defendant Abbyy Software House of Moscow Russia, which subsequent investigation revealed does not appear to exist.

One day before the response date to the Complaint in Wisconsin and after Abbyy USA had prepared its moving papers, Nuance dismissed the Complaint pursuant to Rule 41. (Wawrzyn Decl. ¶ 9 [Kinsel Decl. Ex. 2]).  Prior to the Rule 41 dismissal, Nuance's counsel did not indicate that they planned to voluntarily dismiss the complaint.  (Wawrzyn Decl. ¶ 10 [Kinsel Decl. Ex. 2]).  Nor had there been any suggestion to anyone at Abbyy USA that Nuance would dismiss the case.  (Wawrzyn Decl. ¶ 10 [Kinsel Decl. Ex. 2]).  It was clear that Nuance had forced Abbyy USA to incur significant expenses, both to brief and argue a motion for extension of time, and also to prepare two briefs and supporting declarations. (*See*, Wawrzyn Decl. ¶ 10 [Kinsel Decl. Ex. 2], and Wawrzyn Supplemental Decl. [Kinsel Decl. Ex. 3].)

### C. Nuance Re-Files In The Central District Of California, Abbyy USA Moves To Transfer, And Judge Matz Finds "Ample Evidence" Of Nuance's Forum-Shopping

As mentioned, just before Abbyy USA was required to answer the Wisconsin complaint, Nuance changed directions, dismissed the Wisconsin case and filed the Central District case. The two cases were for all intents and purposes identical.  Both complaints alleged infringement of five patents allegedly owned by Nuance.  The five patents concern optical character recognition, sometimes referred to as OCR.  The parties were the same.  The conclusory allegations relating to contributory infringement, infringement by inducement, infringement by importation and willful infringement were all identical.

The Central District of California action, like its Wisconsin predecessor had no connection at all to the chosen forum.  There were no witnesses located in the Central District of California with evidence which would be material to the resolution of the issues.  All of the inventors reside in the Northern District of California.  Nor did any of the parties have any connection whatsoever to the Central District of California.  Nuance is a Delaware corporation with its principal place of business in Massachusetts.  Abbyy USA is a California corporation with its principal place of business in the Northern District of California.  Lexmark is a Delaware corporation with its principal place of business in Kentucky.

Given the lack of connection between the Central District of California and Nuance's action, Abbyy USA moved to transfer the action to this Court pursuant to 28 U.S.C. § 1404(a). Judge Matz in the Central District found that Nuance's Complaint had "minimal connections" to the Central District, and agreed with Abbyy USA that the action should be transferred. Judge Matz also found, (June 3, 2008 Order, at p. 6 [Kinsel Decl. Ex. "1"].) after reviewing all of the evidence submitted by both parties, that "there is ample evidence that [Nuance] engaged in forum-shopping." (Id. at p. 8.) Judge Matz, therefore, transferred the action to this Court.[1]

### III.  LEGAL ANALYSIS

Fed. R. Civ. P. 41(d) gives the court discretion to award "costs" to a defendant after a plaintiff has once dismissed an action in any court and then commences another action based upon the same claim against the same defendant. The rule also indicates that any order of payment may stay the proceedings until the plaintiff has complied with the order.

In the Ninth Circuit, the term "costs" in Rule 41 includes attorneys' fees. *See Esquivel v. Arau*, 913 F. Supp. 1382 (C.D. Cal. 1996). In *Esquivel*, this Court engaged in a comprehensive analysis of Rule 41(d) and held that attorneys' fees were legitimately covered by the term "costs." The Court also recognized that Rule 41(d) has the purpose of acting as a "deterrent to forum shopping." *Id*. at 1386. In addition, the Court made clear that there need not be a finding of bad faith in connection with the plaintiff's motive for dismissing an action and starting the same action in another forum. *Id*. at 1391, ft. n. 14.

The *Esquivel* court's rationale was that Rule 41 contemplates giving the court authority to dismiss an action, but only on terms and conditions which might require a plaintiff to pay the defendant's attorneys' fees. The *Esquivel* court carries this rationale over to subsection (d),

---

[1]  Abbyy USA filed a motion similar to this Motion seeking costs pursuant to Rule 41(d) in the Central District action. When Judge Matz granted Abbyy USA's Motion to Transfer, the Court found that Abbyy USA's Motion for Costs pursuant to Rule 41(d) was moot. The Court, therefore, denied Abbyy USA's Motion "without prejudice to renewal." (*See,* June 3, 2008 Order at p. 9, fn. 6 [Kinsel Decl. Ex. 1].)

1  concluding that the term "costs" in that subsection contemplates the same type of control that a
2  subsequent court can exercise.

3  The Ninth Circuit approved the approach discussed in *Esquivel* in *Harvpian v. United
4  States Department of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983). The Eighth Circuit has also
5  taken the same approach to Rule 41(d). *See Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122
6  (8th Cir. 1980) (the court approved of an award of attorneys' fees under Rule 41(d)). The Eighth
7  Circuit has also noted that the policy reasons behind Rule 41(d) are "intended to serve as a
8  deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank National
9  Association*, 971 F.2d 103, 108 (8th Cir. 1992).

10  This case is on all fours with *Esquivel*, and the conclusion is inescapable that Nuance is
11  responsible, not just for Abbyy USA's costs, but for its attorneys' fees too. The record clearly
12  shows forum shopping tactics. Nuance originally filed its complaint in a district that it thought
13  would be advantageous notwithstanding the dearth of nexus to the district, only to voluntarily
14  dismiss the case and re-file it in another unrelated district. This is precisely the type of forum
15  shopping Rule 41 seeks to punish.

16  Nuance's post-filing conduct has only made its forum shopping more abusive. While the
17  Wisconsin case was pending, Nuance acted to run-up Abbyy USA's fees by denying a request by
18  Abbyy USA for a two-week extension to analyze 106 claims from five patents. Nuance forced
19  Abbyy USA to brief and argue a motion, which it must have known would be granted. Nuance
20  forced Abbyy USA to respond to a Complaint with five patents and 106 claims, but with no
21  specificity as to the claims infringed. Nuance's buckshot pleading tactics included failing to
22  plead with any specificity the products infringed and the particular conduct by any particular
23  party which would have shown infringement. Nuance even named what appears to be a
24  nonexistent legal entity as a defendant.

25  One thing is abundantly clear: Abbyy USA has been forced to spend a considerable
26  amount of time and money responding to Nuance's actions. Rule 41(d) can return some of these
27  expenses to Abbyy USA. As such, Abbyy USA asks this Court to exercise its discretion and
28  issue an order requiring Nuance to pay Abbyy USA the costs incurred in connection with the

1  previously dismissed action.  Abbyy USA also asks this Court to stay this proceeding until
2  Nuance has complied with the order of payment.

3  **IV.    <u>CONCLUSION</u>**

4  There is no doubt on this record that Nuance has engaged in forum shopping.
5  Accordingly, the Court should exercise its discretion and award Abbyy USA its attorneys' fees
6  incurred in connection with the previously-dismissed action; to wit, $27,275.00, as described in
7  the Supplemental Declaration of Ronald Wawrzyn (Kinsel Decl. Ex. 3).  The Court also should
8  stay the action pursuant to Fed. R. Civ. P. 41(d) until payment is made to Abbyy USA.

Dated:  July 22, 2008                    FOLEY & LARDNER LLP
                                         GRANT E. KINSEL


                                         By:    /s/ Grant E. Kinsel
                                                GRANT E. KINSEL
                                                Attorneys for Plaintiff
                                                Abbyy USA Software House, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2008 I, electronically filed **ABBYY USA SOFTWARE HOUSE, INC.'S NOTICE OF MOTION AND MOTION FOR COSTS PURSUANT TO F.R.C.P. 41(D)** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| **Franklin M. Rubinstein**<br>Wilson Sonsini Goodrich & Rosati<br>1700 K Street NW<br>Fifth Floor<br>Washington, DC 20006-3817<br>202-973-8833<br>Fax: 202-973-8899<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | Attorneys for Plaintiff<br>Nuance Communications, Inc. |

**Julie M. Holloway**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
650-493-9300
Email: jholloway@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marvin Craig Tyler**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Sa Cimas IV Fifth Floor
Austin, TX 78746-5546
512/338-5410
Fax: 512-338-5410
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron Eleazer Shulman**
Wilson Sonsini Goodrich & Rosati
A Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650/493-9300
Fax: 650-565-5100
Email: rshulman@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
Wilson Sonsini Goodrich & Rosati
1700 K Street NW
5th Floor
Washington, DC 20006

| | |
|---|---|
| 1 | 202-973-8800 |
| | Fax: 202-973-8899 |
| 2 | Email: ssher@wsgr.com |
| | *LEAD ATTORNEY* |
| 3 | *ATTORNEY TO BE NOTICED* |
| 4 | **Seungtaik Michael Song** |
| | Wilson Sonsini Goodrich & Rosati |
| 5 | 650 Page Mill Road |
| | Palo Alto, CA 94303 |
| 6 | 650-493-9300 |
| | Email: msong@wsgr.com |
| 7 | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| 8 | |
| | **Terrence J.P. Kearney** |
| 9 | Wilson Sonsini Goodrich and Rosati |
| | A Professional Corporation |
| 10 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 11 | 650-493-9300 |
| | Fax: 650-565-5100 |
| 12 | Email: tkearney@wsgr.com |
| | *LEAD ATTORNEY* |
| 13 | *ATTORNEY TO BE NOTICED* |
| 14 | **Tung-On Kong** |
| | Wilson Sonsini Goodrich & Rosati |
| 15 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 16 | 650-493-9300 |
| | Fax: 650-565-5100 |
| 17 | Email: tkong@wsgr.com |
| | *LEAD ATTORNEY* |
| 18 | *ATTORNEY TO BE NOTICED* |
| 19 | **Woo J. Kim** |
| | Wilson Sonsini Goodrich & Rosati |
| 20 | 900 South Capital of Texas Highway North |
| | Austin, TX 78746-5546 |
| 21 | 512-338-5400 |
| | *LEAD ATTORNEY* |
| 22 | *ATTORNEY TO BE NOTICED* |
| 23 | **Franklin M. Rubinstein**          Attorneys for Counter-defendant |
| | (See above for address)            Nuance Communications, Inc. |
| 24 | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| 25 | |
| | **Julie M. Holloway** |
| 26 | (See above for address) |
| | *LEAD ATTORNEY* |
| 27 | *ATTORNEY TO BE NOTICED* |
| 28 | **Marvin Craig Tyler** |
| | Wilson Sonsini Goodrich & Rosati |
| | 900 South Capital of Texas Highway |

Las Cimas IV Fifth Floor
Austin, TX 78746-5546
512-338-5410
Fax: 512-338-5499
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron Eleazer Shulman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seungtaik Michael Song**
Wilson Sonsini Goodrich & Rosati
650 Page Mill
Palo Alto, CA 94303
6504939300
Email: msong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrence J.P. Kearney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tung-On Kong**
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: tkong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woo J. Kim**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway North
Austin, TX 78746-5546
512-338-5454
Fax: 512-338-5499
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugene Andrew Feher**                Attorneys for Third Party
Mintz Levin Cohn Ferris Glovsky et. al.   Lexmark International, Inc.
One Financial Center
Boston, MA 02111
617-542-6000

1 | Email: eafeher@mintz.com
*LEAD ATTORNEY*
2 | *ATTORNEY TO BE NOTICED*

3 | **Nada I. Shamonki**
Mintz Levin Cohn Ferris Glovsky Popeo
4 | 2029 Century Park East
Suite 1370
5 | Los Angeles, CA 90067
310-586-3200
6 | Email: nshamonki@mintz.com
*LEAD ATTORNEY*
7 | *ATTORNEY TO BE NOTICED*

I further certify that I mailed the foregoing and the notice of electronic filing by first-class mail to the following non CM/ECF participant:

**Craig N. Hentschel**              Attorneys for Plaintiff and Counter-defendant
Dykema Gossett LLP                  Nuance Communications, Inc.
333 South Grand Ave.
Suite 2100
Los Angeles, CA 90071
213-457-1818
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

      /s/ Grant E. Kinsel
Grant E. Kinsel

iv

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.<br><br>    Plaintiff,<br><br>    vs.<br><br>ABBYY USA SOFTWARE HOUSE, INC. ;<br>ABBYY SOFTWARE HOUSE ; LEXMARK<br>INTERNATIONAL, INC.<br><br>    Defendants. | Case No:  CV 08-02912 JSW<br><br>**[PROPOSED] ORDER ON MOTION FOR COSTS PURSUANT TO F.R.C.P. 41(D)**<br><br>DATE:    OCTOBER 3, 2008<br>TIME:     9:00 A.M.<br>PLACE:  CRT ROOM 2 |

ORDER
CV 08-1035 JSW

LACA_1889461.1

1  Abbyy USA Software House, Inc.'s ("Abbyy USA") Motion for Costs Pursuant to
2  Federal Rule of Civil Procedure 41(d) came on regularly for hearing on October 3, 2008. After
3  considering the arguments made by the parties, and good cause appearing therefor, the Court
4  rules as follows:
5  Nuance Communications, Inc. ("Nuance") filed an action in the Western District of
6  Wisconsin (the "Wisconsin Action"), voluntarily dismissed that action, and refiled a
7  substantially identical action in the Central District of California (the "Central District Action").
8  The Central District Action was transferred to this Court on Abbyy USA's Motion to Transfer
9  Pursuant to 28 U.S.C. § 1404(a). Under all of the facts, the Court finds that it should exercise its
10 discretion under Rule 41(d), and hereby orders that Nuance pay Abbyy USA's costs of $27,275
11 incurred by Abbyy USA in connection with the Wisconsin Action. Pursuant to Rule 41(d), this
12 action will be stayed until such time as Nuance files proof of payment with the Court.

16  Dated:_____                    _____
                                          Hon. Jeffrey S. White,
17                                        United States District Judge

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2008 I, electronically filed **[PROPOSED] ORDER ON MOTION FOR COSTS PURSUANT TO F.R.C.P. 41(D)** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| **Franklin M. Rubinstein**<br>Wilson Sonsini Goodrich & Rosati<br>1700 K Street NW<br>Fifth Floor<br>Washington, DC 20006-3817<br>202-973-8833<br>Fax: 202-973-8899<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | Attorneys for Plaintiff<br>Nuance Communications, Inc. |

**Julie M. Holloway**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
650-493-9300
Email: jholloway@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marvin Craig Tyler**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Sa Cimas IV Fifth Floor
Austin, TX 78746-5546
512/338-5410
Fax: 512-338-5410
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron Eleazer Shulman**
Wilson Sonsini Goodrich & Rosati
A Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650/493-9300
Fax: 650-565-5100
Email: rshulman@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
Wilson Sonsini Goodrich & Rosati
1700 K Street NW
5th Floor
Washington, DC 20006
202-973-8800
Fax: 202-973-8899

i


1  Email: ssher@wsgr.com
   *LEAD ATTORNEY*
2  *ATTORNEY TO BE NOTICED*

3  **Seungtaik Michael Song**
   Wilson Sonsini Goodrich & Rosati
4  650 Page Mill Road
   Palo Alto, CA 94303
5  650-493-9300
   Email: msong@wsgr.com
6  *LEAD ATTORNEY*
   *ATTORNEY TO BE NOTICED*
7
   **Terrence J.P. Kearney**
8  Wilson Sonsini Goodrich and Rosati
   A Professional Corporation
9  650 Page Mill Road
   Palo Alto, CA 94304-1050
10 650-493-9300
   Fax: 650-565-5100
11 Email: tkearney@wsgr.com
   *LEAD ATTORNEY*
12 *ATTORNEY TO BE NOTICED*

13 **Tung-On Kong**
   Wilson Sonsini Goodrich & Rosati
14 650 Page Mill Road
   Palo Alto, CA 94304-1050
15 650-493-9300
   Fax: 650-565-5100
16 Email: tkong@wsgr.com
   *LEAD ATTORNEY*
17 *ATTORNEY TO BE NOTICED*

18 **Woo J. Kim**
   Wilson Sonsini Goodrich & Rosati
19 900 South Capital of Texas Highway North
   Austin, TX 78746-5546
20 512-338-5400
   *LEAD ATTORNEY*
21 *ATTORNEY TO BE NOTICED*

22 **Franklin M. Rubinstein**                    Attorneys for Counter-defendant
   (See above for address)                      Nuance Communications, Inc.
23 *LEAD ATTORNEY*
   *ATTORNEY TO BE NOTICED*
24
   **Julie M. Holloway**
25 (See above for address)
   *LEAD ATTORNEY*
26 *ATTORNEY TO BE NOTICED*

27 **Marvin Craig Tyler**
   Wilson Sonsini Goodrich & Rosati
28 900 South Capital of Texas Highway
   Las Cimas IV Fifth Floor
   Austin, TX 78746-5546

ii

| | |
|---|---|
| 1 | 512-338-5410 |
|   | Fax: 512-338-5499 |
| 2 | Email: ctyler@wsgr.com |
|   | *LEAD ATTORNEY* |
| 3 | *ATTORNEY TO BE NOTICED* |
| 4 | **Ron Eleazer Shulman** |
|   | (See above for address) |
| 5 | *LEAD ATTORNEY* |
|   | *ATTORNEY TO BE NOTICED* |
| 6 | |
|   | **Scott Andrew Sher** |
| 7 | (See above for address) |
|   | *LEAD ATTORNEY* |
| 8 | *ATTORNEY TO BE NOTICED* |
| 9 | **Seungtaik Michael Song** |
|   | Wilson Sonsini Goodrich & Rosati |
| 10 | 650 Page Mill |
|   | Palo Alto, CA 94303 |
| 11 | 6504939300 |
|   | Email: msong@wsgr.com |
| 12 | *LEAD ATTORNEY* |
|   | *ATTORNEY TO BE NOTICED* |
| 13 | |
|   | **Terrence J.P. Kearney** |
| 14 | (See above for address) |
|   | *LEAD ATTORNEY* |
| 15 | *ATTORNEY TO BE NOTICED* |
| 16 | **Tung-On Kong** |
|   | Wilson Sonsini Goodrich & Rosati |
| 17 | Professional Corporation |
|   | 650 Page Mill Road |
| 18 | Palo Alto, CA 94304-1050 |
|   | 650-493-9300 |
| 19 | Fax: 650-565-5100 |
|   | Email: tkong@wsgr.com |
| 20 | *LEAD ATTORNEY* |
|   | *ATTORNEY TO BE NOTICED* |
| 21 | |
|   | **Woo J. Kim** |
| 22 | Wilson Sonsini Goodrich & Rosati |
|   | 900 South Capital of Texas Highway North |
| 23 | Austin, TX 78746-5546 |
|   | 512-338-5454 |
| 24 | Fax: 512-338-5499 |
|   | *LEAD ATTORNEY* |
| 25 | *ATTORNEY TO BE NOTICED* |
| 26 | **Eugene Andrew Feher**        Attorneys for Third Party |
|   | Mintz Levin Cohn Ferris Glovsky et. al.    Lexmark International, Inc. |
| 27 | One Financial Center |
|   | Boston, MA 02111 |
| 28 | 617-542-6000 |
|   | Email: eafeher@mintz.com |
|   | *LEAD ATTORNEY* |

1  *ATTORNEY TO BE NOTICED*

2  **Nada I. Shamonki**
Mintz Levin Cohn Ferris Glovsky Popeo
3  2029 Century Park East
Suite 1370
4  Los Angeles, CA 90067
310-586-3200
5  Email: nshamonki@mintz.com
*LEAD ATTORNEY*
6  *ATTORNEY TO BE NOTICED*

7

8         I further certify that I mailed the foregoing  and the notice of electronic filing by first-

9  class mail to the following non CM/ECF participant:

10  **Craig N. Hentschel**            Attorneys for Plaintiff and Counter-defendant
Dykema Gossett LLP                 Nuance Communications, Inc.
11  333 South Grand Ave.
Suite 2100
12  Los Angeles, CA 90071
213-457-1818
13  *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
14

15

16                                      /s/ Grant E. Kinsel
                                       Grant E. Kinsel
17

18

19

20

21

22

23

24

25

26

27

28