Grant E. Kinsel (State Bar No. 172407)
E-Mail:  gkinsel@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:      213.972.4500
Facsimile:      213.486.0065

Michael J. Song (State Bar No. 243675)
E-Mail:  msong@foley.com
**FOLEY & LARDNER LLP**
975 Page Mill Road
Palo Alto, CA 94304-1125
Telephone:  (650) 856-3700
Facsimile:  (650) 856-3710

Attorneys for Defendant
ABBYY USA SOFTWARE HOUSE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC. | Case No:  CV 08-02912 JSW |
| Plaintiff, | **DECLARATION OF GRANT KINSEL IN SUPPORT OF MOTION FOR COSTS PURSUANT TO F.R.C.P. 41(D)** |
| vs. | |
| ABBYY USA SOFTWARE HOUSE, INC. ; ABBYY SOFTWARE HOUSE ; LEXMARK INTERNATIONAL, INC. | **[NOTICE OF MOTION AND MOTION FILED CONCURRENTLY HEREWITH]** |
| Defendants. | **DATE:      OCTOBER 3, 2008**<br>**TIME:      9:00 A.M.**<br>**PLACE:  CRT ROOM 2** |

LACA_1888725.1

1

**DECLARATION OF GRANT KINSEL**

2

I, Grant Kinsel, declare:

3      1.      I make this declaration on the basis of personal knowledge, and if called to testify

4   as a witness, I would and could testify competently hereto.

5      2.      On June 3, 2008, Judge A. Howard Matz of the United States District Court for

6   the Central District of California issued an order granting Abbyy USA's Motion to Transfer to

7   the Northern District of California.  A true and correct copy of the order is attached as Exhibit

8   "1."

9      3.      Attached hereto as Exhibit "2" is a true and correct copy of the Declaration of

10   Ronald Wawrzyn dated March 10, 2008.

11      4.      Attached hereto as Exhibit "3" is a true and correct copy of the Supplemental

12   Declaration of Ronald Wawrzyn dated  May 2, 2008.

13      I declare under the penalty of perjury under the laws of the United States of America that

14   the foregoing is true and correct.  Executed July 22, 2008, at Los Angeles, California.

15

16                           _/s/ Grant Kinsel_____
                              Grant Kinsel

17

18

19

20

21

22

23

24

25

26

27

28

1

DECLARATION
CV 08-1035 JSW

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on July 22, 2008 I, electronically filed **DECLARATION OF GRANT KINSEL IN SUPPORT OF MOTION FOR COSTS PURSUANT TO F.R.C.P. 41(D)** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Franklin M. Rubinstein**                                    Attorneys for Plaintiff
Wilson Sonsini Goodrich & Rosati                    Nuance Communications, Inc.
1700 K Street NW
Fifth Floor
Washington, DC 20006-3817
202-973-8833
Fax: 202-973-8899
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie M. Holloway**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
650-493-9300
Email: jholloway@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marvin Craig Tyler**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Sa Cimas IV Fifth Floor
Austin, TX 78746-5546
512/338-5410
Fax: 512-338-5410
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron Eleazer Shulman**
Wilson Sonsini Goodrich & Rosati
A Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650/493-9300
Fax: 650-565-5100
Email: rshulman@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
Wilson Sonsini Goodrich & Rosati
1700 K Street NW
5th Floor
Washington, DC 20006

i

202-973-8800
Fax: 202-973-8899
Email: ssher@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seungtaik Michael Song**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94303
650-493-9300
Email: msong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrence J.P. Kearney**
Wilson Sonsini Goodrich and Rosati
A Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: tkearney@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tung-On Kong**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: tkong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woo J. Kim**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway North
Austin, TX 78746-5546
512-338-5400
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Franklin M. Rubinstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie M. Holloway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marvin Craig Tyler**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway

Attorneys for Counter-defendant
Nuance Communications, Inc.

Las Cimas IV Fifth Floor
Austin, TX 78746-5546
512-338-5410
Fax: 512-338-5499
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron Eleazer Shulman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seungtaik Michael Song**
Wilson Sonsini Goodrich & Rosati
650 Page Mill
Palo Alto, CA 94303
6504939300
Email: msong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrence J.P. Kearney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tung-On Kong**
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: tkong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woo J. Kim**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway North
Austin, TX 78746-5546
512-338-5454
Fax: 512-338-5499
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugene Andrew Feher**                    Attorneys for Third Party
Mintz Levin Cohn Ferris Glovsky et. al.    Lexmark International, Inc.
One Financial Center
Boston, MA 02111
617-542-6000

Email: eafeher@mintz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nada I. Shamonki**
Mintz Levin Cohn Ferris Glovsky Popeo
2029 Century Park East
Suite 1370
Los Angeles, CA 90067
310-586-3200
Email: nshamonki@mintz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I further certify that I mailed the foregoing and the notice of electronic filing by first-class mail to the following non CM/ECF participant:

**Craig N. Hentschel**                           Attorneys for Plaintiff and Counter-defendant
Dykema Gossett LLP                              Nuance Communications, Inc.
333 South Grand Ave.
Suite 2100
Los Angeles, CA 90071
213-457-1818
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


                                                  _____/s/ Grant E. Kinsel_____
                                                  Grant E. Kinsel

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|

| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

On January 16, 2008, Plaintiff Nuance Communications, Inc. ("Nuance") filed a complaint for patent infringement in the Western District of Wisconsin against Lexmark International, Inc. ("Lexmark"), Abbyy USA Software House, Inc. ("Abbyy USA"), and Abbyy Software House. On February 19, 2008, Nuance filed a notice of dismissal of that action, pursuant to Federal Rule 41(b). Later that day, Nuance filed the complaint in this action, in this District, against the same defendants it had sued in Wisconsin.[1] Later that same day, Lexmark filed a declaratory judgment action in the Eastern District of Kentucky, seeking a declaration of noninfringement and invalidity as to each of the five patents in dispute. The next day, February 20, 2008, Abbyy USA filed a declaratory judgment action in the Northern District of California. On March 25, 2008, Lexmark voluntarily dismissed its action in Kentucky.

On March 19, 2008, Defendant Abbyy USA moved to transfer this action to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). On April 10, 2008, Defendant Lexmark filed a notice of joinder to and a brief in support of Abbyy USA's motion to transfer. For the following reasons, the Court GRANTS the motion[2] and TRANSFERS the action to the Northern District of California.

---

[1] In its complaint, Nuance asserts claims for infringement of five software patents, infringement of trade dress, unfair competition, and false and deceptive advertising.

[2] Dkt. No. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

## II.    LEGAL STANDARD

Title 28 section 1404(a) of the United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice.  *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (movant, the defendant, had the burden to justify by particular circumstances that the transferor forum was inappropriate).

Factors to be considered in evaluating motions to transfer under Section 1404(a) include: (1) the location where the events giving rise to the suit took place; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) the local interest in deciding local controversies at home; (6) the familiarity of the trial judge with the applicable state law in diversity cases; (7) the interest of justice in general; (8) the plaintiff's forum preference; (9) the enforceability of judgment and (10) the relative congestion of the courts' calendars.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947).[3]

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  In determining whether to transfer a case, a district court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum.  The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted) (affirming trial court's denial of defendant's motion to transfer case from Montana to Illinois where liability witnesses resided in Illinois and Indiana, but damages witnesses resided in Montana and claim arose in Montana).  A plaintiff's choice of forum is not dispositive, however.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (affirming district court's transfer of shareholder derivative suit from Los Angeles to the Southern District of New York,

---

[3]  The parties do not address the ninth factor, the enforceability of judgment.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

reasoning that because "operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").[4]

## III.  DISCUSSION

### A.  Parties

#### 1.  Nuance

Nuance is a Delaware corporation with its principal place of business in Burlington, Massachusetts.  (Compl. ¶ 2; Shagoury Decl. ¶ 2.)  According to its website, Nuance has two offices in Northern California: in Menlo Park and in San Francisco.  (Song Decl. Ex. A.)  Nuance states that it has three employees who reside in the Northern District of California.  (Shagoury Decl. ¶ 4.)

#### 2.  Lexmark

Lexmark is a Delaware corporation with its principal place of business in Lexington, Kentucky.  (Compl. ¶ 5; Lambert Decl. ¶ 2.)  Lexmark does not have any corporate, manufacturing, or production facilities in this District.  (Lambert Decl. ¶ 3.)  It states that it does conduct business in the Northern District.  (Lexmark Notice of Joinder at p.2.)

#### 3.  Abbyy USA

Abbyy USA is a California corporation with its principal place of business in Fremont, California, in the Northern District of California.  (Compl. ¶ 4; Mot. at p.9.)

---

[4]  The Ninth Circuit also concluded that the following facts supported the district court's transfer of the case:  "(1) the stock purchase agreement was negotiated and executed in New York, (2) the majority of the witnesses live and work in the New York area where they are subject to subpoena, (3) all the defendants are subject to personal jurisdiction in New York, and (4) the costs of litigation would be drastically reduced if the case were heard in New York."  *Lou*, 834 F.2d at 739.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

    4.    Abbyy Software House

The complaint also names "Abbyy Software House" as a defendant. The complaint alleges that Abbyy Software House is a corporation organized under the laws of the Federation of Russia with its principal place of business in Moscow, Russia. (Compl. ¶ 3.) Nuance asserts that Abbyy Software House is the "parent company of Abbyy USA" and "developed the accused products in its Moscow facilities." (Opp'n. at p.12.)[5] On May 8, 2008, after Abbyy USA filed its reply papers in support of this motion, Nuance filed proof that the complaint was served on Abbyy Software House in Moscow on April 17, 2008.

Nuance argues that there is no evidence that venue over Abbyy Software House is appropriate in the Northern District of California. As a result, Nuance contends, the motion should be denied for failure to establish that venue as to all the defendants is appropriate in the Northern District. However, it is equally unclear that venue is appropriate over Abbyy Software House in this District, where Nuance prefers to litigate. Nuance concedes that "Abbyy Russia has no physical presence in the United States known to Nuance, other than through its subsidiary Abbyy USA." (Opp'n. at p.4.) Moreover, the complaint fails to distinguish consistently between the two entities, referring to Abbyy Software House and Abbyy House USA collectively as "Abbyy."

**B.**    **First-to-File Rule**

Nuance contends that because it filed this action before Abbyy USA filed its declaratory judgment action in the Northern District, the Court should decline to transfer this action under the "first-to-file" rule. The first-to-file rule states that when two suits are pending involving the same parties and issues, the action filed first ordinarily should proceed to judgment. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269

---

[5] With respect to Abbyy Software House, Abbyy USA represents in its brief that "no such entity exists" (Mot. at p.3), that it is "unaware of any entity named 'Abbyy Software House' in Russia" (Reply at p.2), and that it "does not have a Russian parent" (*Id.*). The President and CEO of Abbyy USA, Ding-Yuan Tang, also asserts that there is no such entity with the name Abbyy Software House. (Tang Decl. ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

(C.D. Cal. 1998). "Three threshold factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* at 270. There is no doubt that all three of the threshold factors are satisfied here because (1) this action was filed first; (2) the action in the Northern District involves the same parties; and (3) both actions present the same issues concerning the parties' respective rights and obligations in connection with the same patents.

Even if the threshold factors of the first-to-file rule are met, however, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Alltrade*, 946 F.2d at 627-28 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).). District courts can, in the exercise of their discretion, dispense with the rule for reasons of equity. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Alltrade*, 946 F.2d at 625-26. Circumstances under which the first-to-file rule will not be applied include bad faith, anticipatory suit, and forum shopping. *Alltrade*, 946 F.2d at 628.

Abbyy USA contends that equitable exceptions to the first-to-file rule do apply here because the actions were filed only one day apart and the balance of convenience weighs in favor of the later-filed action. The Court agrees. First, given that Nuance filed its action only one day before Abbyy USA filed its action, the first-to-file rule merits less weight. *See Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 667 (N.D. Cal. 2003) ("Finally, Z-Line filed this complaint only two days before Bell'O filed its complaint in New Jersey. Considering this relatively short time period between the two filings, the importance of the earlier filing date is diminished."); *Al-Or International Ltd. v. Paul Morelli Design Inc.*, 1999 WL 1320317, 53 U.S.P.Q.2d 1191, 1194 (C.D. Cal. 1999) (Carter, J.) ("As Plaintiff points out, 'compelling circumstances' that have been found to be exceptions to the 'first-filed' rule include forum shopping by the plaintiff, the defendant's good faith attempts at settlement, judicial economy, the minimal difference in time between the filing of the two actions, and the lack of progress in either litigation."). Second, as explained more fully below, the balance of convenience analysis under § 1404 favors transfer. Third, there is ample evidence of forum-shopping by all of the parties in this litigation (as well as competing allegations of bad-faith and gamesmanship)**,** such that Nuance's choice of forum in this District is entitled to little weight.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

### C.    The Location Where the Events Giving Rise to the Suit Took Place

Nuance asserts that the "Abbyy accused products were developed, tested, researched and produced in Russia" and "marketed in the Central District of California." (Opp'n. at p.16.)  It also claims that the "Lexmark accused products were developed, tested and researched in Kentucky, Colorado, the Philippines, and India" and "marketed in the Central District of California."  (*Id.* at p.17.)

Abbyy USA contends the only connections that this lawsuit has to the Central District are: (1) "distributors and value added resellers ("VARs") located within the [District]," and (2) two alleged sales in Woodland Hills.  (Compl. ¶¶ 17, 21-23.)  In contrast, Abbyy USA claims that all of the operative facts that gave rise to this infringement action occurred in the Northern District of California.  Abbyy USA asserts that the named inventors on the five patents-in-suit, the original corporate assignees of the patents, and the attorneys who prosecuted the patents are all located in the Northern District.  Nuance has failed to refute these assertions.

On balance, given this lawsuit's minimal connections to this District, this factor slightly favors transfer.

### D.    The Convenience of the Parties

None of the parties maintain headquarters, corporate offices, or facilities in this District.  However, Nuance maintains two offices and Abbyy USA maintains its principal place of business in the Northern District.  Lexmark is located in Kentucky but transacts business in the Northern District.  This factor favors transfer.

### E.    The Convenience of the Witnesses

"The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate."  *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1111 (C.D. Cal. 2007).  The parties do not identify any witnesses who reside in this District.  However, Abbyy USA identifies thirteen witnesses who reside in the Northern District, including the named inventors on the five patents-in-suit (Phillip Bernzott, John Dilworth, David George, Bryan Higgins, and Jeremy Knight), executives of the companies to which the patents were originally

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

assigned, and executives of Abbyy USA.  (*See* Song Decl. Ex. D; Tang Decl. ¶ 5.)  Thus, this factor decidedly favors transfer to the Northern District.

### F.    The Location of Books and Records

Contrary to Nuance's assertion, the location of relevant documents and records continues to be a factor in this analysis.  *See, e.g.*, *In re Yahoo! Inc.*, 2008 WL 707405 (C.D. Cal. 2008) (Snyder, J.) ( "Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry.") (citation omitted).  Abbyy USA asserts that all documents in its possession or control that are relevant to this lawsuit are located in its Fremont, California headquarters or other offices within the Northern District.  (Tang Decl. ¶ 4.)  Nuance points to no documents relevant to this action that are located in this District.  Lexmark asserts that no documents in its possession relevant to this lawsuit are located here.  (Lambert Decl. ¶ 5.)  Accordingly, this factor favors transfer.

### G.    The Local Interest in Deciding Local Controversies at Home

Given that the patents-in-suit were prosecuted by inventors and attorneys in the Northern District and that a resident of that district is accused of infringing those patents, this factor slightly favors transfer.

### H.    The Familiarity of the Trial Judge with the Applicable State Law

The parties agree that this factor favors neither party.

### I.    The Interests of Justice in General

The parties' competing accusations of bad faith and forum-shopping benefit neither side.  Nuance claims that Lexmark offered to dismiss Lexmark's Kentucky action if Nuance stipulated to Abbyy USA's motion to transfer.  When Nuance rejected Lexmark's offer and moved to transfer the Kentucky action to this Court, Lexmark voluntarily dismissed that action "one hour" after Nuance filed its motion.  (Opp'n. at p.6-7.)

Nuance concedes that it initially "filed its complaint in Wisconsin because [it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

sought] prompt resolution of its dispute with Lexmark and Abbyy, and Wisconsin has one of, if not, the most rapid docket the country." (Opp'n. at p.4.) It explains that it dismissed that lawsuit when an injury to the presiding judge "rendered the time to trial for the Wisconsin action totally unpredictable." (*Id.* at p.23.) Abbyy USA contends that Nuance chose this District because "it was shopping for what it perceives to be most favorable forum for patent litigation plaintiffs." (Reply at p.5.) Abbyy USA also accuses Nuance of engaging in forum-shopping in previous litigation, citing a prior order granting transfer of an unrelated action. This factor favors neither party.

## J.     The Plaintiff's Forum Preference

The plaintiff's choice of forum is accorded some weight. However, a plaintiff's choice of forum is given "much less weight" when the plaintiff is not a resident of the chosen forum or the forum lacks any significant contact with the activities alleged in the complaint. *See* William W Schwarzer, A. Wallace Tashima, James M. Wagstaffe, Federal Civil Procedure Before Trial, § 4:761 (2008). Furthermore, a "plaintiff's choice of forum will be accorded little deference" if there are indications of forum shopping. *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001). Nuance concedes that it is not a resident of this District and, as discussed above, there is ample evidence that it engaged in forum-shopping. Thus, this factor weighs only slightly against transfer.

## K.     The Relative Congestion of the Courts' Calendars

Nuance asserts that the average time to termination on the merits for all patent cases filed in the Northern District of California from January 1991 to May 2007 was 23 months. In the Central District, the average time was 14 months. However, "[a]dministrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." *Amini*, 497 F.Supp.2d at 1112 (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984), cert. denied, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985)). Thus, this factor weighs only slightly against transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01097 AHM (FFMx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | NUANCE COMMUNICATIONS, INC. v. ABBYY SOFTWARE HOUSE et al | | |

## IV.  CONCLUSION

On balance, the factors weigh in favor of transferring this case to the Northern District of California.  For the foregoing reasons and good cause appearing therefor, the Court GRANTS the motion to transfer and hereby TRANSFERS the action to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).[6]

No hearing is necessary.  Fed. R. Civ. P. 78(b); L.R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

**Make JS-6**

---

[6]  This order renders moot for purposes of this District and Court Nuance's motion to dismiss four of Abbyy USA's counterclaims and Abbyy USA's motion for costs and a stay, which are both under submission.  For purposes of docket clarity, both of those motions are DENIED without prejudice to renewal.  Dkt. Nos. 14, 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

NUANCE COMMUNICATIONS, INC.,

        Plaintiff,

v.

ABBYY SOFTWARE HOUSE,
ABBYY USA SOFTWARE HOUSE and
and LEXMARK INTERNATIONAL, INC.,

        Defendants.

## DECLARATION OF RONALD M. WAWRZYN

COUNTY OF MILWAUKEE    )
                                ) SS
STATE OF WISCONSIN      )

        1.      I have been affiliated with the law firm of Foley & Lardner LLP since 1974, and have been a partner in that firm since 1980.  On or about February 4, 2008, I and my firm were retained by Abbyy USA Software House, Inc. ("Abbyy USA"), the same entity named as one of the defendants in the captioned lawsuit.

        2.      We were retained to represent Abbyy USA in a lawsuit filed against it by Nuance Communications, Inc.("Nuance") in the United States District Court for the Western District of Wisconsin.  After being retained, I reviewed the Summons and Complaint, and determined that the date upon which a response was due was February 6, 2008, just two days from the date of retention.

        3.      I, therefore, instructed one of my colleagues to contact the attorneys for the plaintiff, Nuance, and seek an agreement from Nuance that Abbyy USA would be allowed

two additional weeks to respond to the Complaint. My colleague, after having contacted two attorneys representing Nuance, informed me that Nuance refused to agree to such an extension.

4.      Left with no alternative, we began preparing a motion to request a formal extension of two weeks from the Wisconsin court.

5.      Shortly after learning that Nuance would not agree to an extension of time to respond to its Complaint, I began working to secure a declaration to support the motion for an extension of time. One Joey G. Budelli, Vice President of Business Development for Abbyy USA, provided me a declaration. This declaration detailed for the Wisconsin court the facts relating to service of the Summons and Complaint on Abbyy USA, and the efforts made by Abbyy USA to investigate the factual allegations in the Complaint and select counsel to represent it in the Western District of Wisconsin.

6.      The motion and supporting papers seeking an extension were duly filed with the Wisconsin Clerk. The Clerk also was contacted to set up an emergency hearing. The Court set up a hearing time and heard the motion promptly. At the hearing, Nuance opposed the motion. The Court granted a two-week extension to respond to the Nuance Complaint.

7.      After receiving the two-week extension, I along with others at Foley & Lardner LLP, began a more in depth study of the Complaint and patents. After studying those documents, we reached the decision that the parties and allegations in the Complaint had little, if any, connection to the State of Wisconsin. We, therefore, began work on a motion and brief, asking the Wisconsin court to transfer the case to a more convenient forum, namely, the Northern District of California. We continued work on the brief in support of the motion to transfer, and supporting declarations, until February 19, 2008.

2

8.      We also worked on a motion and brief in support of dismissal of the

Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  We believed the Complaint was deficient

because it did not identify any products that allegedly infringed the patents.  We also believed

the Complaint was deficient because the allegations were not specific to any particular

defendant.  We also believed the Complaint was deficient because the allegations of contributory

infringement, infringement by inducement, infringement by importation, and willful

infringement, were conclusory in nature, again without any particular reference to any particular

conduct or particular party.  Lastly, we believed the Complaint was deficient because, after an

investigation, we believed that the entity named in the Complaint as Abbyy Software House of

Moscow, Russia, was a nonexistent legal entity.

9.      The two briefs with various supporting declarations, were ready to be filed

on February 19, 2008, one day before the due date.  During the afternoon of February 19, 2008, I

learned for the first time that Nuance had dismissed the Complaint, pursuant to Fed. R. Civ. P.

41.

10.      Neither I, nor anybody else at Foley & Lardner LLP, had any contact with

Nuance which suggested that Nuance believed that the Complaint would be dismissed.  I am

aware of no one at Abbyy USA who had any contact with anyone at Nuance, or any other party,

warning them that the work that we engaged in between February 6 and February 19 should not

be done, because Nuance was going to dismiss its Complaint.

11.      Some of the work done for Abbyy USA by Foley & Lardner LLP after

February 4, 2008 did not directly relate to the briefs and supporting papers in support of the

motion to dismiss, the motion to transfer, and the motion for extension.  Accordingly, I carefully

reviewed the Abbyy USA ledger and identified legal work which related to the extension, two

motions, two briefs and supporting declarations. I excluded all work which did not relate to the extension, two motions, two briefs and supporting papers.

12. The dollar amount of attorneys' fees which relate to work done by Foley & Lardner LLP attorneys in connection with the extension, two motions, two briefs and supporting declarations is $27,275.00.

13. I am attaching a copy of the Wisconsin complaint so that the Court can compare its similarity to the Complaint before this Court. The parties are the same, the five patents allegedly infringed are the same, and many of the allegations are the same and continue to be of a conclusory nature. The California Complaint continues to name as a defendant what I believe to be a non-existent legal entity, Abbyy Software House of Moscow, Russia.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this ___10th___ day of March, 2008.


_____
Ronald M. Wawrzyn

# PROOF OF SERVICE

I am employed in the **County of Los Angeles**, **State of California**. I am over the age of 18 and not a party to this action; my current business address is **555 South Flower Street, Suite 3500, Los Angeles, CA 90071-2411**.

On **March 31, 2008**, I served the foregoing document(s) described as: **DECLARATION OF RONALD WAWRZYN IN SUPPORT OF ABBYY USA SOFTWARE HOUSE, INC.'S MOTION FOR COSTS AND A STAY PURSUANT TO RULE 41(D)** on the interested parties in this action as follows:

 X     BY THE FOLLOWING MEANS:
       I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Terry Kearney<br>Julie M. Holloway<br>WILSON SONSINI GOODRICH & ROSATI, PC<br>650 Page Mill Road<br>Palo Alto, CA  94304-1050 | Attorneys for Plaintiff<br>Nuance Communications, Inc. |
| Tung-On Kong<br>WILSON SONSINI GOODRICH & ROSATI, PC<br>One Market Street<br>Spear Tower, Suite 3300<br>San Francisco, CA  94105-1123 | Attorneys for Plaintiff<br>Nuance Communications, Inc. |
| Eugene A. Feher<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br> Boston, MA  02111 | Attorneys for Defendant<br>Lexmark International, Inc. |

 X     BY MAIL
        X     I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at **Los Angeles, California**.

        X     I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **Los Angeles, California**. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

_____  Executed on **March 31, 2008**, at **Los Angeles, California**.

_____          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____          I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                        /s/ Regina M. Brouse
                                        Regina M. Brouse

1

DOC NO
REC'D/FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN 2008 JAN 16 PM 4: 14

NUANCE COMMUNICATIONS, INC.
1 Wayside Road
Burlington, Massachusetts 01803

      Plaintiff,

    v.

ABBYY SOFTWARE HOUSE,
Str. 1, 11 Kasatkina Ul.
Moscow 129301, Russia

ABBYY USA SOFTWARE HOUSE,
INC.,
47221 Fremont Blvd.
Fremont, California 94538

LEXMARK INTERNATIONAL, INC.,
One Lexmark Centre Drive
740 West New Circle Road
Lexington, Kentucky 40550

      Defendants.

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

08 C 0042 — S
Civil Action No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Nuance Communications, Inc. ("Nuance") for its Complaint, avers as follows:

### NATURE OF THE LAWSUIT

1.    This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, for damages and injunctive relief pursuant to 35 U.S.C. §§ 1 *et seq*.

**Exhibit 1**

## THE PARTIES

2.     Nuance is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1 Wayside Road Burlington, Massachusetts 01803.

3.     Upon information and belief, ABBYY Software House ("ABBYY Russia") is a corporation organized under the laws of the Federation of Russia, with its principal place of business at Str. 1, 11 Kasatkina Ul., Moscow 129301, Russia.

4.     Upon information and belief, ABBYY USA Software House, Inc. ("ABBYY USA") is a corporation organized under the laws of the State of California, with its principal place of business at 47221 Fremont Blvd., Fremont, California 94538.

5.     Upon information and belief, Lexmark International, Inc. ("Lexmark") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Lexmark Centre Drive, 740 West New Circle Road, Lexington, Kentucky 40550.

## THE PATENTS

6.     Nuance is the owner by assignment of United States Patent No. 5,131,053 ("the '053 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 14, 1992.

7.      Nuance is the owner by assignment of United States Patent No. 5,381,489 ("the '489 patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 10, 1995.

8.      Nuance is the owner by assignment of United States Patent No. 5,436,983 ("the '983 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 25, 1995.

9.      Nuance is the owner by assignment of United States Patent No. 6,038,342 ("the '342 patent"), which was duly and legally issued by the United States Patent and Trademark Office on March 14, 2000.

10.     Nuance is the owner by assignment of United States Patent No. 5,261,009 ("the '009 patent"), which was duly and legally issued by the United States Patent and Trademark Office on November 9, 1993.


## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

12.     The Court has personal jurisdiction over ABBYY Russia, ABBYY USA, and Lexmark.

13.     ABBYY Russia and ABBYY USA transact business and have directly and/or indirectly provided to customers in this judicial district and throughout the State of Wisconsin products that infringe the '053, '489, '983, '342, and '009 patents.

3

14.     Lexmark transacts business and has directly and/or indirectly provided to customers in this judicial district and throughout the State of Wisconsin products that infringe the '053, '489, '983, '342 and '009 patents.

## COUNT ONE – INFRINGEMENT OF THE '053 PATENT

15.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '053 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

16.     Lexmark has infringed and is continuing to infringe one or more claims of the '053 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

17.     On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '053 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

18.     Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

Exhibit 1

## COUNT TWO – INFRINGEMENT OF THE '489 PATENT

19.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '489 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

20.     Lexmark has infringed and is continuing to infringe one or more claims of the '489 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

21.     On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '489 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

22.     Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT THREE – INFRINGEMENT OF THE '983 PATENT

23.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '983 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country,

5

 Exhibit 1

and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

24.     Lexmark has infringed and is continuing to infringe one or more claims of the '983 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

25.     On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '983 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

26.     Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT FOUR – INFRINGEMENT OF THE '342 PATENT

27.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '342 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

28.     Lexmark has infringed and is continuing to infringe one or more claims of the '342 patent, directly, contributorily, and/or by inducement, by making, using,

6

selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

29.     On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '342 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

30.     Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT FIVE – INFRINGEMENT OF THE '009 PATENT

31.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '009 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

32.     Lexmark has infringed and is continuing to infringe one or more claims of the '009 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

33.     On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '009 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

34.     Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Nuance prays for judgment that:

1.      ABBYY Russia, ABBYY USA and Lexmark have each directly infringed, contributed to the infringement of, and induced infringement of the '053, '489, '983, '342 and '009 patents;

2.      ABBYY Russia, ABBYY USA and Lexmark have each willfully infringed, willfully contributed to the infringement of, and willfully induced infringement of the '053, '489, '983, '342 and '009 patents;

3.      Permanently enjoins ABBYY Russia, ABBYY USA and Lexmark, each of their officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any one of them, from infringing the '053, '489, '983, '342 and '009 patents;

4.      Awards Nuance damages adequate to compensate for ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '053, '489, '983, '342 and '009 patents together with interest and costs;

8

5.  Trebles the damages assessed pursuant to 35 U.S.C. § 284;

6.  Awards Nuance its attorneys' fees pursuant to 35 U.S.C. § 285; and

7.  Awards such other and further relief as this Court may deem proper.

## REQUEST FOR JURY TRIAL

Plaintiff Nuance hereby demands a trial by jury.

Dated this ____ day of January, 2008.

RESPECTFULLY SUBMITTED BY

DEWITT ROSS & STEVENS S.C.

By

Harry E. Van Camp
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
Telephone: (608) 255-8891
Facsimile: (608) 252-9243

Of Counsel:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

M. Craig Tyler
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

Attorneys for Plaintiff
Nuance Communications, Inc.

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

NUANCE COMMUNICATIONS, INC.,

        Plaintiff,

v.

ABBYY SOFTWARE HOUSE,
ABBYY USA SOFTWARE HOUSE and
and LEXMARK INTERNATIONAL, INC.,

        Defendants.

Case No. CV 08-01097

---

**SUPPLEMENTAL DECLARATION OF RONALD M. WAWRZYN**

---

COUNTY OF MILWAUKEE    )
                        ) SS
STATE OF WISCONSIN      )

    1.    I am giving this Supplemental Declaration to provide more detail regarding the statements made in my earlier Declaration.

    2.    The dollar amount of attorneys' fees of $27,275.00 relating to work done by Foley &Lardner LLP, as referenced in paragraph 12 of my earlier Declaration, relates to work in three categories:  1) work relating to an extension of time; 2) work relating to a change of venue; and 3) work relating to a 12(b)(6) motion.

EXTENSION OF TIME

    3.    There were two attorneys that worked on the extension issue, Naikang Tsao and myself.  Mr. Tsao devoted 6.3 hours of time at a billing rate of $550.00 per hour for total charges of $3,465.00.  I devoted 3 hours at a billing rate of $620.00 per hour for a total of $1,860.00.  Therefore, the legal charges relating to this issue were $5,325.00.

VENUE ISSUE

    4.    There were two attorneys that worked on the venue issue, again Mr. Tsao and myself. Mr. Tsao devoted 16.6 hours of time at a billing rate of $550.00 per hour for total charges of $9,130.00. I devoted 10.2 hours at a billing rate of $620.00 per hour for a total of $6,324.00. Therefore, the legal charges relating to this issue were $15,454.00.

12(b)(6) ISSUE

    5.    The same two attorneys, Mr. Tsao and myself worked on the 12(b)(6) issue. Mr. Tsao devoted 5.5 hours of time at a billing rate of $550.00 per hour for total charges of $3,025.00. I devoted 5.6 hour at a billing rate of $620.00 per hour for a total $3,472.00. Therefore, the legal charges relating to this issue were $6,497.00.

    6.    I have worked in the litigation subject-matter area for all of the 36 years of my legal career. As such, I am familiar with hourly rates from lawyers working on matters, as described above. I find both the billing rates and the time spent, as referenced above, reasonable, in light of the circumstances described in my earlier Declaration.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

    Dated this 2nd day of May, 2008.


                                        _____
                                        Ronald M. Wawrzyn

2