Harvey I. Saferstein (SBN: 49750)
Nada I. Shamonki (SBN: 205359)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
    POPEO, P.C.
Century Plaza Towers
2029 Century Park East, Suite 1370
Los Angeles, CA  90067
Phone:  310.586.3200
Fax:      310.586.3202
Email:  hsaferstein@mintz.com; nshamonki@mintz.com

Eugene E. Feher (*Admitted Pro Hac Vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
    POPEO, P.C.
One Financial Center
Boston, MA  02111
Phone:  617.542.6000
Fax:      617.542.2241
Email:   eafeher@mintz.com

Attorneys for Defendant
LEXMARK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., | Case No. CV 08-02912 JSW |
| Plaintiff, | |
| v. | **AMENDED ANSWER AND COUNTERCLAIMS OF LEXMARK INTERNATIONAL, INC.** |
| ABBYY SOFTWARE HOUSE, ABBYY USA SOFTWARE HOUSE, and LEXMARK INTERNATIONAL, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendant Lexmark International, Inc. ("Lexmark") amends its answers and responses to the

Complaint of plaintiff Nuance Communications, Inc. ("Nuance") as follows:

## NATURE OF THE LAWSUIT

1.      Lexmark admits that Nuance purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, for damages and injunctive relief pursuant to 35 U.S.C. §§ 1 et seq.  Lexmark admits that Nuance purports to bring this action against Abbyy Software House and Abbyy USA Software House, Inc. (collectively "Abbyy") under the Lanham Act, Title 15 of the United States Code, for damages and injunctive relief pursuant to 15 U.S.C. §§ 1125 *et seq.*, and under the common law of California Business and Professions Code §§ 17200 *et seq.*, California Business and Profession Code §§ 17500 *et seq.*, and the common law of California. Lexmark admits that this Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a).  Lexmark admits venue is based on 28 U.S.C. §§ 1391 and 1400(b).

## THE PARTIES

2.      Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.

3.      Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.

4.      Lexmark admits the allegations of fact set forth in Paragraph 4.

5.      Lexmark admits the allegations of fact set forth in Paragraph 5.

## THE PATENTS

6.      Lexmark admits that U.S. Patent No. 5,131,053 ("the '053 patent") bears a date of July 14, 1992 on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and therefore denies the same.

7.    Lexmark admits that U.S. Patent No. 5,381,489 ("the '489 patent") bears a date of January 10, 1995 on its face, but denies that it was "duly and legally issued." Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies the same.

8.    Lexmark admits that U.S. Patent No. 5,436,983 ("the '983 patent") bears a date of July 25, 1995 on its face, but denies that it was "duly and legally issued." Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and therefore denies the same.

9.    Lexmark admits that that U.S. Patent No. 6,038,342 ("the '342 patent") bears a date of March 14, 2000 on its face, but denies that it was "duly and legally issued." Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and therefore denies the same.

10.    Lexmark admits that U.S. Patent No. 5,261,009 ("the '009 patent") bears a date of November 9, 1993 on its face, but denies that it was "duly and legally issued." Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies the same.

## NUANCE'S TRADE DRESS

11.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same.

12.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.

14.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies the same.

### JURISDICTION AND VENUE

15.     Lexmark admits that this Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a).  Lexmark admits that venue is based on 28 U.S.C. §§ 1391 and 1400(b).

### ABBYY

16.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies the same.

17.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the same.

18.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.

21.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

22.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

**LEXMARK**

25.    Lexmark admits that it designs, develops and/or sells certain devices that are sold with OCR software, but except as so stated denies any remaining allegations of fact.

26.    Lexmark admits that it markets and sells certain of its devices with OCR software, and that such devices are also sold in retail stores in the Central District of California, but except as so stated lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 26 and therefore denies the same.

27.    Lexmark admits that it maintains a webpage that advertises devices of Lexmark that are sold with OCR software, but except as so stated denies any remaining allegations of fact.

28.    Lexmark admits that its online store allows customers to purchase devices of Lexmark that are sold with OCR software, but except as so stated denies any remaining allegations of fact.

29.    Lexmark admits that it markets and sells devices sold with OCR software through third party online retailers, but except as so stated denies any remaining allegations of fact.

30.    Lexmark admits that it transacts business in the State of California.  Lexmark denies that it has provided to anyone any device that infringes any valid and enforceable claim of the '053, '489, '983, '342 and '009 patents.

31.    Lexmark admits that this Court has personal jurisdiction over Lexmark.

**COUNT ONE - INFRINGEMENT OF THE '053 PATENT**

32.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies the same.

33.    Lexmark denies the allegations of fact set forth in Paragraph 33.

34. Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 34.

35. Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 35.

## COUNT TWO - INFRINGEMENT OF THE '489 PATENT

36. Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies the same.

37. Lexmark denies the allegations of fact set forth in Paragraph 37.

38. Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 38.

39. Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 39.

## COUNT THREE - INFRINGEMENT OF THE '983 PATENT

40. Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies the same.

41. Lexmark denies the allegations of fact set forth in Paragraph 41.

42. Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 42.

43.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same.  Lexmark denies the remaining allegations of fact set forth in Paragraph 43.

## COUNT FOUR - INFRINGEMENT OF THE '342 PATENT

44.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies the same.

45.    Lexmark denies the allegations of fact set forth in Paragraph 45.

46.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same.  Lexmark denies the remaining allegations of fact set forth in Paragraph 46.

47.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same.  Lexmark denies the remaining allegations of fact set forth in Paragraph 47.

## COUNT FIVE - INFRINGEMENT OF THE '009 PATENT

48.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies the same.

49.    Lexmark denies the allegations of fact set forth in Paragraph 49.

50.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same.  Lexmark denies the remaining allegations of fact set forth in Paragraph 50.

51.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 as it pertains to ABBYY Russia and ABBYY USA and therefore denies the same.  Lexmark denies the remaining allegations of fact set forth in Paragraph 51.

**COUNT SIX - INFRINGEMENT OF NUANCE'S**
**TRADE DRESS IN VIOLATION OF 15 U.S.C. § 1125(a)**

52.     Lexmark repeats and reincorporates its responses to Paragraphs 11-14 as if fully set forth herein.

53.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies the same.

54.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies the same.

55.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies the same.

56.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies the same.

57.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies the same.

58.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and therefore denies the same.

59.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies the same.

60.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies the same.

**COUNT SEVEN - COMMON LAW TRADE DRESS INFRINGEMENT**

61.     Lexmark repeats and reincorporates its responses to Paragraphs 11-14 and 52-60 as if fully set herein.

62.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies the same.

63.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and therefore denies the same.

### COUNT EIGHT - COMMON LAW UNFAIR COMPETITION

64.     Lexmark repeats and reincorporates its responses to Paragraphs 11-14 and 52-63 as if fully set forth herein.

65.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies the same.

66.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies the same.

### COUNT NINE - UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*

67.     Lexmark repeats and reincorporates its responses to Paragraphs 11-14 and 52-66 as if fully set forth herein.

68.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies the same.

69.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies the same.

70.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies the same.

## COUNT TEN - FALSE AND DECEPTIVE ADVERTISING
## IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *et seq.*

71.     Lexmark repeats and reincorporates its responses to Paragraphs 11-14 and 52-70 as if fully set forth herein.

72.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies the same.

73.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies the same.

### LEXMARK'S AFFIRMATIVE DEFENSES

Lexmark hereby asserts the following affirmative defenses and reserves its rights to assert in the future such other further defenses as may become available or apparent during the course of discovery or pretrial proceedings in this case.

### FIRST AFFIRMATIVE DEFENSE

74.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

75.     Nuance's claims are barred by the doctrines of laches, estoppel, waiver, unclean hands and/or acquiescence.

### THIRD AFFIRMATIVE DEFENSE

76.     Lexmark has not infringed any valid enforceable claim of the patents-in-suit.

### FOURTH AFFIRMATIVE DEFENSE

77.     The patents-in-suit are invalid for failure to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**FIFTH AFFIRMATIVE DEFENSE**

78.     Nuance is barred by the doctrine of prosecution history estoppel from asserting any range of equivalents under the doctrine of equivalents.

**LEXMARK'S COUNTERCLAIMS**

Lexmark counterclaims against Nuance as follows:

**FIRST COUNTERCLAIM:**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,131,053**

79.     Lexmark incorporates by reference paragraphs 1-78, above.

80.     Lexmark has not infringed, and is not infringing, any claim of the '053 patent directly, indirectly, or by inducement.

81.     One or more of the claims of the '053 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

82.     Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '053 patent, and that one or more claims of the '053 patent are invalid.

**SECOND COUNTERCLAIM:**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,381,489**

83.     Lexmark incorporates by reference paragraphs 1-82, above.

84.     Lexmark has not infringed, and is not infringing, any claim of the '489 patent directly, indirectly, or by inducement.

85.    One or more of the claims of the '489 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

86.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '489 patent, and that one or more claims of the '489 patent are invalid.

### THIRD COUNTERCLAIM:

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,436,983

87.    Lexmark incorporates by reference paragraphs 1-86, above.

88.    Lexmark has not infringed, and is not infringing, any claim of the '983 patent directly, indirectly, or by inducement.

89.    One or more of the claims of the '983 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

90.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '983 patent, and that one or more claims of the '983 patent are invalid.

### FOURTH COUNTERCLAIM:

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,038,342

91.    Lexmark incorporates by reference paragraphs 1-90, above.

92.    Lexmark has not infringed, and is not infringing, any claim of the '342 patent directly, indirectly, or by inducement.

93.    One or more of the claims of the '342 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

94.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '342 patent, and that one or more claims of the '342 patent are invalid.

### FIFTH COUNTERCLAIM:

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,261,009

95.    Lexmark incorporates by reference paragraphs 1-94, above.

96.    Lexmark has not infringed, and is not infringing, any claim of the '009 patent directly, indirectly, or by inducement.

97.    One or more of the claims of the '009 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

98.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '009 patent, and that one or more claims of the '009 patent are invalid.

### EXCEPTIONAL CASE

99.    This case is exceptional under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Lexmark prays that the Court:

A.    Enter judgment for Lexmark;

B.    Declare that Lexmark has not infringed and is not infringing any claim of the '053 patent;

C.    Declare that the '053 patent is invalid;

D.    Declare that Lexmark has not infringed and is not infringing any claim of the '489 patent;

E.    Declare that the '489 patent is invalid;

F.    Declare that Lexmark has not infringed and is not infringing any claim of the '983 patent;

G.    Declare that the '983 patent is invalid;

H.    Declare that Lexmark has not infringed and is not infringing any claim of the '342 patent;

I.    Declare that the '342 patent is invalid;

J.    Declare that Lexmark has not infringed and is not infringing any claim of the '009 patent;

K.    Declare that the '009 patent is invalid;

L.    Declare that this case is an exceptional case under 35 U.S.C. § 285 and enter judgment awarding Lexmark its costs and reasonable attorney fees; and

M.    Award Lexmark such other and further relief as the Court deems just and proper.

1

## JURY DEMAND

2

Lexmark hereby demands a trial by jury on all counts so triable.

3

4  Dated:  August 11, 2008

Respectfully submitted,

5

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.**

6

7

_/s/ Eugene A. Feher_

8

Harvey I. Saferstein
Eugene A. Feher _(Admitted Pro Hac Vice)_
Nada I. Shamonki

9

10

_Attorneys for Defendant Lexmark, Inc._

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amended Answer & Counterclaims of Lexmark
(Case No. CV-08-02912-JSW)