1  RON E. SHULMAN, State Bar No. 178263
   rshulman@wsgr.com
2  TERRY KEARNEY, State Bar No. 160054
   tkearney@wsgr.com
3  JULIE M. HOLLOWAY, State Bar No. 196942
   jholloway@wsgr.com
4  S. MICHAEL SONG State Bar No. 198656
   msong@wsgr.com
5  TUNG-ON KONG, State Bar No. 205871
   tkong@wsgr.com
6  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
7  650 Page Mill Road
   Palo Alto, CA 94304-1050
8  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
9
   Attorneys for Plaintiff
10 NUANCE COMMUNICATIONS, INC.

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14 | NUANCE COMMUNICATIONS, INC., | ) | Case No.: CV-08-02912 MEJ |
   | | ) | |
15 | Plaintiff, | ) | **PLAINTIFF NUANCE** |
   | | ) | **COMMUNICATIONS, INC.'S** |
16 | v. | ) | **MEMORANDUM OF POINTS AND** |
   | | ) | **AUTHORITIES IN OPPOSITION TO** |
17 | ABBYY SOFTWARE HOUSE, | ) | **MOTION FOR COSTS PURSUANT** |
   | ABBYY USA SOFTWARE HOUSE, | ) | **TO RULE 41(d)** |
18 | And LEXMARK INTERNATIONAL, INC., | ) | |
   | | ) | |
19 | | ) | Date: September 18, 2008 |
   | Defendant. | ) | Time: 10:00 a.m. |
20 | | ) | Court: Courtroom B, 15th Floor. |
   | | ) | |

21

22

23

24

25

26

27

28

# I.    STATEMENT OF THE ISSUES TO BE DECIDED

The sole basis for defendant ABBYY USA Software House, Inc.'s ("ABBYY USA") motion for $27,275 in attorneys' fees is the accusation that plaintiff Nuance Communications, Inc. ("Nuance") engaged in forum shopping.  The motion should be denied because Nuance has not engaged in forum shopping, nor has it engaged in any conduct that warrants the imposition of attorneys' fees.  Nuance filed its infringement complaint in the Western District of Wisconsin for a legitimate and justifiable reason – to expeditiously resolve its infringement allegations.  But a few days after Nuance filed its complaint, the presiding judge (one of only two federal judges in that district) was severely injured and, as a result, unavailable to manage his docket.  After hearing from the Wisconsin Court that it did not know how the only remaining federal judge in the district was going to handle the overcrowded and consolidated docket, Nuance dismissed its case and re-filed in the Central District – precisely as the Federal Rules allow – for the same reason it filed in Wisconsin: expeditious resolution of its claims.  Nuance was not seeking a tactical advantage by changing venue from Wisconsin to the Central District of California, and ABBYY USA Software House, Inc.'s ("ABBYY USA") motion certainly offers no proof to the contrary.  Accordingly, an award of attorneys' fees pursuant to Rule 41(d) is unwarranted.

In addition, an award of attorneys' fees would also offend the very purpose of Rule 41(d) by rewarding ABBYY USA for its forum shopping tactics.  ABBYY USA and its co-defendant, Lexmark International, Inc. ("Lexmark"), conspired in an attempt to force Nuance into transferring this action from its original venue – the Central District of California – to this district.  Defendants used later-filed declaratory judgment actions pending in Northern California and Kentucky as leverage by threatening to maintain the separate lawsuits if Nuance refused to stipulate to transfer of this action to the Northern District of California.  Incredibly, Lexmark never had any intent to maintain its declaratory judgment suit in Kentucky; it dropped that suit an hour after Nuance filed a motion in Kentucky to transfer or stay.  In fact, the very evidence upon which ABBYY USA relies in support of its motion – a June 3, 2008 Order signed by Judge A. Howard Matz while this case was pending in the Central District – states unambiguously that ABBYY USA and Lexmark's activities amount to forum shopping.  *See* Declaration of Grant Kinsel in Support of Motion for

1  Costs ("Kinsel Decl.") Ex. 1 at 3 ("[T]here is ample evidence of forum-shopping **by all of the**

2  **parties in this litigation** . . . .") (emphasis added).

3        Setting aside ABBYY USA's forum shopping tactics, the motion for attorneys' fees

4  should be denied because the particular fees for which ABBYY USA seeks reimbursement bear

5  no relationship to Nuance's alleged forum shopping.  In fact, ABBYY USA's own description of

6  the fees reveals that ABBYY USA simply expects Nuance to pick up the tab for attorney time

7  used to defend this action.  ABBYY USA provides no explanation why the Court, in its

8  discretion, should use Rule 41(d) to force Nuance to pay for attorney time that provided

9  substantial value to ABBYY USA in its efforts to defend this action.  Nor does ABBYY USA

10 provide any evidence to establish that the attorneys' fees were reasonable incurred.  For example,

11 two ABBYY USA attorneys spent nine hours to draft a motion for extension of time to respond to

12 the complaint.  There is no possible justification for that degree of inefficiency.

13       Accordingly, the motion for attorneys' fees should be denied.

14 **II.    STATEMENT OF FACTS**

15       **A.    Nuance Initially Filed This Action in the Western District of Wisconsin**

16       Nuance first filed a complaint for patent infringement in the Western District of Wisconsin

17 on January 16, 2008.  *See* Declaration of Tung-On Kong in Opposition to Motion for Costs and

18 Stay ("Kong Decl.") ¶ 2, Ex. 1.  As alleged in the Complaint, venue and personal jurisdiction over

19 all parties was proper in the Western District of Wisconsin due to defendants' infringing activities

20 conducted within that district.  *See id.*, Ex. 1 ¶¶ 11-14.

21       The Wisconsin case was initially assigned to the Honorable Judge John C. Shabaz.  *See*

22 Kong Decl. Ex. 10 ¶ 2.  In early February 2008, Judge Shabaz suffered an injury that prevented

23 him from attending to his docket and will prevent him from attending to his docket for an uncertain

24 period of time.  *See id.* ¶ 3.  Consequently, **Judge Shabaz's entire case load was transferred to**

25 **the only other district court judge that sits in the Western District**, the Honorable Judge

26 Barbara B. Crabb.  *See id.*  Nuance learned from Magistrate Stephen L. Crocker, the only

27 Magistrate Judge in the district, that **no one knew how the combined docket would be managed**

28 **or how the procedural schedules of newly filed cases would be impacted.**  *See id.*  This sudden,

1  substantial and unforeseeable change in circumstances left Nuance with little choice.  For purposes

2  of expediency and efficiency, Nuance dismissed the Wisconsin action and re-filed in the Central

3  District of California.

**B.    Nuance Subsequently Filed This Action in the Central District of California**

5       On February 19, 2008 (at 10:31 a.m. Pacific Time), Nuance filed a motion to dismiss the

6  Western District of Wisconsin case pursuant to Federal Rule of Civil Procedure 41(b).  *See* Kong

7  Decl., Ex. 2.  Because Nuance e-filed the notice both Lexmark and ABBYY USA received

8  immediate notice of the dismissal.  *See id.*

9       Later that same day, at 12:14 p.m. Pacific Time, Nuance filed its Complaint in the Central

10  District of California.  *See id.*, ¶ 4.  The Complaint alleged that Lexmark, ABBYY, and ABBYY

11  USA infringed United States Patent Nos. 5,131,053 ("the '053 patent"), 5,381,489 ("the '489

12  patent"), 5,436,983 ("the '983 patent"), 6,038,342 ("the '342 patent") and 5,261,009 ("the '009

13  patent") (collectively "the patents-in-suit").  *See* CDCA Docket Entry No. 1 ¶¶ 52-73.

14       Upon receipt of the notice of dismissal, Lexmark and ABBYY USA took immediate

15  action in an attempt to beat Nuance to the courthouse.  On February 19, 2008, Lexmark filed a

16  declaratory judgment action in the Eastern District of Kentucky.  *See* Kong Decl., Ex. 4.  But

17  Lexmark filed too late, at 3:38 p.m. Pacific Time, well after Nuance filed its Central District of

18  California action.  *See id.*, ¶ 6.  On February 20, 2008, ABBYY USA filed its own declaratory

19  judgment action in the Northern District of California.  *See id.*, Ex. 3.

20       There is no question that Nuance filed the infringement action in the Central District of

21  California prior to the declaratory judgment actions filed by ABBYY USA and Lexmark.

22  Nonetheless, Lexmark served Nuance with the complaint and summons for the declaratory

23  judgment action in Kentucky on March 12, 2008.  *See id.*, ¶ 7.

**C.    ABBYY USA and Lexmark Forced Nuance to Incur Substantial Attorneys'
Fees to Defend the Kentucky Action**

25

26       On March 19, 2008, ABBYY USA filed a motion to transfer the Central District of

27  California action to the Northern District of California.  *See* CDCA Docket Entry No. 11.

28  Lexmark joined the motion to transfer venue.  *See* CDCA Docket Entry No. 47.  The fact that

1  Lexmark joined the motion was noted in ABBYY USA's moving papers. *See* CDCA Docket

2  Entry No. 11 at footnote 2.  On March 20, 2008, Lexmark's counsel contacted Nuance's counsel,

3  offering to dismiss the Kentucky action if Nuance would stipulate to the transfer motion filed by

4  ABBYY USA.  *See* Kong Decl. ¶ 8.  On March 24, 2008, Lexmark's counsel left a voicemail for

5  Nuance's counsel, reiterating the offer.  *See id.* ¶ 9.  Due to defendants' threats to force Nuance to

6  litigate an identical action in Kentucky, Nuance was forced to incur substantial attorneys' fees to

7  draft and file a motion to transfer or stay the Kentucky action.  *See id.*, Exs. 5 and 6.  Very soon

8  thereafter, the threats lodged by defendants were revealed to be entirely hollow.  One hour after

9  Nuance e-filed its motion to transfer, Lexmark filed a notice of voluntary dismissal of the

10  Kentucky action.  *See id.*, Ex. 7.

11       **D.       ABBYY USA Seeks to Have Nuance Pay for Its Defense of This Action**

12       ABBYY USA seeks to recover $15,454 for attorney time spent on a motion to transfer

13  venue to be filed in the Wisconsin action.  *See* Kinsel Decl. Ex. 3 ¶ 4.  ABBYY USA suggests

14  that this attorney time was wasted due to Nuance's dismissal of the Wisconsin action and

15  subsequent filing of the Central District of California action.  ABBYY USA's suggestion is

16  entirely unsound.  Far from wasting its efforts on the draft motion in Wisconsin, ABBYY USA,

17  on March 19, 2008, simply replaced the caption on its draft motion and filed it in the Central

18  District of California.   In other words, all of the effort expended on the draft in Wisconsin was

19  utilized in this case.  Therefore, an award of fees for this fully utilized work is impermissible

20  under Rule 41(d).

21       ABBYY USA also seeks to recover $6,497 for attorney time spent on a Rule 12(b)(6)

22  motion to dismiss the Wisconsin complaint.  *See id.* ¶ 5.  This, too, is entirely unsound.  If the

23  Wisconsin complaint was somehow vulnerable to a Rule 12(b)(6) motion, then Nuance's

24  California complaint was equally vulnerable because ABBYY USA admits that the Wisconsin

25  complaint and the Central District of California complaint are substantially identical.  However,

26  ABBYY USA did not file a Rule 12(b)(6) motion in the Central District of California action, nor

27  has it done so since the case was transferred to this court.  In other words, ABBYY USA chose to

28  waste its time in Wisconsin preparing a Rule 12(b)(6) motion which it apparently concluded was

1  not worth filing.  Under such circumstances, an award of fees for such work under Rule 41(d) is

2  impermissible.

3        Last, and perhaps least, ABBYY USA seeks to recover $5,325 for attorney time spent on

4  an unopposed motion for an extension of time filed in the Wisconsin action.  *Id.* ¶ 3.  Nuance did

5  not oppose this motion, nor did it ever state otherwise.  Declaration of M. Craig Tyler ("Tyler

6  Decl.") ¶ 4.  What ABBYY USA omits from its motion papers, but what Nuance's counsel

7  plainly explained to counsel for ABBYY USA when it requested the extension, is that Nuance

8  could not agree to an extension before Judge Shabaz, who did not look kindly on plaintiffs who

9  filed cases an his court and then agreed to extensions.  *Id.* ¶ 2.  ABBYY USA states in its motion

10 that "[Nuance] must have known [ABBYY's motion] would be granted."  Before Judge Shabaz,

11 as ABBYY's local counsel in Wisconsin would certainly agree, there was absolutely no certainty

12 that a motion for extension would be granted, and to what extent he might actually penalize a

13 plaintiff who was joining in requesting an extension from Judge Shabaz.  *Id.* ¶ 3.  For this reason,

14 Nuance could not agree or join in the motion, but it certainly did not oppose ABBYY's motion.

15 *Id.* ¶ 4.  The unopposed motion was granted.

16 **III.    ARGUMENT**

17       Rule 41(d) does not mandate the payment of costs.  Rather, it allows federal courts

18 discretion to order payment of costs.  *See Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal.

19 1996); *accord Bran v. Sun Pac. Farming Coop.*, No. CV F 06-0871-LJO-TAG, 2007 WL

20 781865, at *4 (E.D. Cal. Mar. 13, 2007).  The court should not award costs and attorneys' fees

21 automatically, but only in consideration of the purpose of the rule to deter forum shopping and

22 vexatious litigation.  *See, e.g.*, *Bran*, 2007 WL 781865, at *4-5 (denying a motion for costs and

23 attorneys' fees in part because the defendant offered no proof of vexatious litigation or forum

24 shopping).  An award of costs to ABBYY USA would not serve the purpose of Rule 41(d).

25       **A.    According to Judge Matz, ABBYY USA Has Engaged in Forum Shopping**

26       The relief sought by ABBYY USA would offend the purpose of Rule 41(d) by rewarding,

27 not deterring, forum shopping.  The sole basis for ABBYY USA's motion is the accusation that

28 Nuance engaged in forum shopping.  The only support for that accusation is the June 3, 2008

1  Order, signed by Judge A. Howard Matz, transferring this action from the Central District of

2  California to this district.  However, ABBYY USA's motion papers failed to mention or

3  acknowledge **Judge Matz's conclusion that ABBYY USA and its co-defendant, Lexmark,**

4  **have engaged in forum shopping**.  *See* Kinsel Decl. Ex. 1 at 3 ("[T]here is ample evidence of

5  forum-shopping **by all of the parties in this litigation** . . . .") (emphasis added).

6        Thus, to the extent Judge Matz's conclusions regarding forum shopping are relevant to the

7  resolution of this motion, ABBYY USA has no equitable basis to request an award of attorneys'

8  fees because it has engaged in forum shopping.  In fact, ABBYY USA's forum shopping and

9  related gamesmanship forced Nuance to incur substantial attorneys' fees to file a motion to

10  transfer or stay the Kentucky declaratory judgment action.  One hour after Nuance filed the

11  motion, the Kentucky action was dismissed voluntarily – a clear illustration of defendants'

12  gamesmanship.  In contrast, Nuance moved to dismiss its case in Wisconsin *before* ABBYY filed

13  any motion or responsive pleading.

14        Accordingly, the motion for costs should be denied.  ABBYY USA should not be allowed

15  to collect attorneys' fees pursuant to Rule 41(d) because ABBYY USA itself has engaged in

16  forum shopping and caused Nuance to incur unnecessary attorneys' fees.  An award of attorneys'

17  fees to ABBYY USA would only reward, not deter, its efforts to forum shop.

18    **B.    Nuance Dismissed the Wisconsin Action and Re-Filed In the Central District**
       **of California for Legitimate Reasons**

19

20        ABBYY USA's request for attorneys' fees should also be denied because Nuance had

21  legitimate and good faith reasons to dismiss the Wisconsin action and re-file in the Central

22  District of California.  A district court may refuse to impose costs on a plaintiff who had a

23  legitimate reason for dismissing their prior action.  *See, e.g.*, *Crosswhite v. Cole*, No. Civ. 03-156-

24  K1, 2003 WL 23537962, at *10 (D. Or. Sept. 19, 2003) (declining to award costs where the

25  plaintiff had a legitimate reason, the lack of affordable counsel, to dismiss their first action);

26  *Topline Toys v. Ozwest, Inc.*, No. CIV. 97-292-FR, 1997 WL 418016, at *1 (D. Or. July 3, 1997)

27  (denying defendant's motion for costs where the plaintiff dismissed its prior action upon learning

28  of a first filed action in a different district).

1      Nuance filed its infringement complaint in the Western District of Wisconsin because that

2  district had a record of scheduling trials promptly.  Nuance's decision to avail itself of this

3  schedule was not an act of forum shopping.  Forum shopping refers to the selection of a forum

4  based on its favorable law, not the selection of a forum based on the speed of its docket.  *See*

5  *Koresko v. Nationwide Life Ins. Co*., 403 F. Supp. 2d 394, 400 n.8 (E.D. Pa. 2005) (*citing EEOC*

6  *v. Univ. of Pa.*, 850 F.2d 969 (3d Cir. 1988)); *see also, e.g., Wireless Consumers Alliance, Inc. v.*

7  *T-Mobile USA, Inc.*, No. C 03-3711, 2003 WL 22387598, at *6 (N.D. Cal. Oct. 14, 2003).

8  Moreover, Nuance could not have hoped to obtain more favorable law in Wisconsin because, no

9  matter where Nuance filed its infringement action, the law of the Federal Circuit would govern

10  the resolution of the patent infringement and validity issues.  *See Serco Servs. Co., L.P.  v. Kelley*

11  *Co., Inc.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995) (observing that "[t]he creation of this court has in

12  large part tempered the impact of traditional forum shopping in patent cases, so the stakes of a

13  race to the courthouse are less severe"); *Shire U.S., Inc. v. Johnson Matthey, Inc.*, No. 07-CV-

14  2958, 2008 WL 399333, at *4 (E.D. Pa. Feb. 14, 2008) ("the Federal Circuit has stated that its

15  advent has generally tempered the impact of forum shopping in patent matters such as this,

16  rendering unclear whether forum shopping alone could suffice as a basis for an exception to the

17  first-to-file rule"); *Century Furniture, LLC v. C & C Imports, Inc.*, No. 1:07cv179, 2007 WL

18  2712955, at *4 (W.D.N.C. Sept. 14, 2007) ("national uniformity substantially discounts concern

19  about forum shopping"); *Scanner Techs. Corp. v. Nvidia Corp.*, No. 9:06cv205, 2007 WL

20  2177449, at *4 (E.D. Tex. July 26, 2007) ("[i]n patent cases, where all appeals are heard by the

21  Federal Circuit, less consideration is given to issues of forum shopping or an inequitable race to

22  the court house").

23      Speed to trial is a legitimate consideration when selecting a venue for suit because an

24  expeditious trial benefits the court system and allows for a prompt resolution of the parties'

25  dispute.  Indeed, counsel for ABBYY USA published an article that touts the virtues of filing a

26  patent infringement action in the Western District of Wisconsin in light of the relatively short

27  time to trial offered by that district.  *See* Kong Decl. Ex. 11.  Counsel's arguments that now

28

1    attempt to characterize "short time to trial" as a dark plot to abuse the court system and damage

2    the defendants stand in stark contrast to their published *ante litem motam* statements.

3        Moreover, this case would still be venued in Wisconsin but for the unforeseeable injury to

4    Judge Shabaz.  His injury caused the entire docket of the Western District of Wisconsin to be

5    consolidated before a single judge.  Faced with the uncertainty regarding how the consolidated

6    docket would be handled or when newly filed cases would be scheduled for trial, Nuance had

7    little choice but to identify an alternative venue to seek resolution of its infringement allegations.

8        Speed to trial is also the reason that Nuance re-filed in the Central District of California.

9    The average time to termination on the merits for all patent cases filed in the Northern District of

10   California from January 1991 to May 2007 was <u>23 months</u>.  *See id.*, Ex. 8 at 23.  The average

11   time to termination on the merits for all patent cases filed in the Central District during the same

12   time period was <u>14 months</u>.  *See id.*, Ex. 9 at 23.

13       Simply put, Nuance filed in the Central District of California for exactly the same reason it

14   had originally filed in Wisconsin – prompt resolution of its patent claims.  Nuance certainly did

15   not dismiss and re-file in the pursuit of more favorable law.  In addition, the complaints filed in

16   Wisconsin and the Central District of California alleged sufficient facts, pursuant to the applicable

17   Federal Rules, to establish proper venue.  ABBYY USA has never argued that venue was

18   improper in either district, nor does make that argument here.  Indeed, Judge Matz of the Central

19   District of California transferred to the Northern District based on convenience factors, not

20   because the Central District was an improper forum.  Thus, Nuance has not engaged in either forum

21   shopping or vexatious litigation tactics.  Accordingly, an award of attorneys' fees to ABBYY USA

22   would not serve the purpose of Rule 41(d).

23   **C.    The Attorneys' Fees Incurred by ABBYY USA Contributed Towards
          ABBYY USA's Defense of the Present Action**

24

25       ABBYY USA claims that the attorneys' fees it seeks to recover were incurred solely with

26   respect to the work performed in Wisconsin action that could not be used in the defense of this

27   action.  Plainly, ABBYY USA is wrong.  The attorney time for which ABBYY USA seeks

28   reimbursement has aided ABBYY USA's defense of the present action.

1    "Rule 41(d) is not aimed at making the Plaintiff pay for the Defendants' defense."

2  *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1024 (E.D. Mo. 2006); s*ee also Esquivel*,

3  913 F. Supp. at 1392; *Zucker v. Katz*, No. 87 CIV 7595 (SWK), 1990 WL 20171, at *2 (S.D.N.Y.

4  Feb. 21, 1990) (reducing attorneys' fees because "[m]ost, if not all, of this amount reflects

5  research which can be, and probably has been, used in the defense of the second suit").

6    Here, ABBYY USA requests reimbursement for attorneys' fees related to a motion to

7  transfer venue, a motion to dismiss pursuant to 12(b)(6), and a motion for an unopposed extension

8  of time.  As explained in Section II.D., *supra* at pp. 4-5,  the time spent in Wisconsin on the draft

9  motion to transfer was not wasted at all.  ABBYY USA gained the full benefit of the time spent in

10  Wisconsin when it filed the identical motion in the Central District of California.  Similarly,

11  ABBYY USA, alone, chose to waste its time preparing a Rule 12(b)(6) motion in Wisconsin.

12  This waste was entirely ABBYY USA's doing because although the California patent complaint

13  was admittedly identical to the Wisconsin patent complaint, ABBYY USA chose never to file the

14  Rule 12(b)(6) motion in California.  *See id.*  Lastly, ABBYY USA, alone, wasted an inordinate

15  amount of time ($5,325 worth) preparing an unopposed motion for an extension of time.  Such a

16  motion could have been prepared in an hour at 1/10th the cost.  In any event, ABBYY USA

17  gained a benefit from the unopposed motion.  It was granted and ABBYY USA obtained more

18  time to investigate the allegations of the complaint.  The results of that investigation plainly are

19  being used by ABBYY USA in this lawsuit.

20    **D.    The Attorneys' Fees Sought by ABBYY USA Are Not Reasonable**

21    The attorneys' fees sought by ABBYY USA were not reasonably incurred.  Any

22  attorneys' fees sought pursuant to Rule 41(d) must be "reasonably incurred."  *See Esquivel*, 913

23  F. Supp. at 1392-3 (reducing the requested attorneys' fees because the simplicity of this issues

24  involved rendered the billing rate and number of hours spent unreasonable).

25    To determine the reasonableness of proposed attorneys' fees, the Court should use the

26  "lodestar" calculation set forth by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433,

27  103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  *See Aloha Airlines, Inc. v. Mesa Air Group, Inc.*, No.

28  07-00007DAE-KSC, 2007 WL 2320672, at *4 (D. Haw. Aug. 10, 2007).  To determine a

reasonable fee under *Hensley*, the court takes "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891(1984).

Neither the hours spent nor the hourly rates are reasonable. Astoundingly, two attorneys devoted over nine hours to working to obtain a simple extension of time to file a responsive pleading. *See* Kinsel Decl. Ex. 3 at ¶ 3. These same attorneys spent over twenty-six hours working on a "venue issue" and over ten hours working on a 12(b)(6) issue. *See id.* at ¶¶ 4-5. ABBYY USA makes no effort to justify the substantial time spent on these issues, nor does it provide any details regarding how those hours were allegedly spent. Instead, the Court is left to wonder why two senior attorneys needed nine hours to draft a motion for an extension of time.

In addition, the hourly rates for Mr. Tsao ($550 per hour) and Mr. Wawrzyn (over $600 per hour) appear to vastly exceed the market rate for the Western District of Wisconsin. *Id.* ¶ 3. ABBYY USA failed to provide any evidence regarding the prevailing market rates in the Western District of Wisconsin, or any indicia that the rates charged by counsel for ABBYY USA are consistent with the prevailing market. Accordingly, there is no indication that the attorneys' fees sought by ABBYY USA were reasonably incurred. Absent this required showing, ABBYY USA cannot recover attorneys' fees pursuant to Rule 41(d).

## IV.    CONCLUSION

For each of the foregoing reasons, ABBYY USA's motion for costs should be denied.

Dated:  August 28, 2008            WILSON SONSINI GOODRICH & ROSATI


By:_____/s/_____
        Tung-On Kong

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone:  (415) 947-2000
Facsimile:   (415) 947-2099

Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC

1  RON SHULMAN, State Bar No. 178263
   rshulman@wsgr.com
2  JULIE M. HOLLOWAY, State Bar No. 196942
   jholloway@wsgr.com
3  TUNG-ON KONG, State Bar No. 205871
   tkong@wsgr.com
4  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
5  650 Page Mill Road
   Palo Alto, CA 94304-1050
6  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
7
   Attorneys for Plaintiff
8  NUANCE COMMUNICATIONS, INC.

9              UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11  NUANCE COMMUNICATIONS, INC.,          )  Case No.: CV-08-02912 MEJ
                                          )
12              Plaintiff,                )  **[PROPOSED] ORDER DENYING**
                                          )  **PLAINTIFFS' MOTION FOR COSTS**
13        v.                              )  **AND A STAY**
                                          )
14  ABBYY SOFTWARE HOUSE, et al.          )  Date: September 18, 2008
                                          )  Time: 10:00 a.m.
15                                        )  Court: Courtroom B, 15th Floor.
            Defendant.                    )
16                                        )
                                          )
17  _____ )

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR COSTS PURSUANT TO RULE 41(d)
CASE NO.:  CV 08-02912 MEJ

1    Plaintiffs' Motion for Costs is denied on the grounds that plaintiffs have not shown that

2  their attorneys' fees were reasonably incurred and did not contribute to their defense of the

3  present case.  *See Esquivel v. Arau,* 913 F.Supp. 1382, 1392 (C.D.Cal. 1996).

4

5    IT IS SO ORDERED.

6  Dated: _____

7                                        THE HONORABLE JEFFREY S. WHITE
                                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28