1  RON SHULMAN, State Bar No. 178263
rshulman@wsgr.com
2  JULIE M. HOLLOWAY, State Bar No. 196942
jholloway@wsgr.com
3  TUNG-ON KONG, State Bar No. 205871
tkong@wsgr.com
4  WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
5  650 Page Mill Road
Palo Alto, CA 94304-1050
6  Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
7

8  Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., | ) Case No.: CV-08-02912 MEJ |
| | ) |
| Plaintiff, | ) **DECLARATION OF TUNG-ON** |
| | ) **KONG IN OPPOSITION TO MOTION** |
| v. | ) **FOR COSTS PURSUANT TO RULE** |
| | ) **41(d)** |
| ABBYY SOFTWARE HOUSE, et al. | ) |
| | ) Date: September 18, 2008 |
| | ) Time: 10:00 a.m. |
| Defendant. | ) Court: Courtroom B, 15th Floor |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

21  I, Tung-On Kong declare as follows:

22       1.       I am an attorney with the law firm of Wilson Sonsini Goodrich & Rosati, P.C.,

23  and I am admitted to practice law in the State of California.  I represent Nuance

24  Communications, Inc. ("Nuance") in connection with the action for patent infringement pending

25  before United States District Court for the Northern District of California against ABBYY

26  Software House, a Russian entity, and ABBYY USA Software House, Inc. ("ABBYY USA").  I

27  make this declaration in support of Nuance's opposition to ABBYY USA's motion for costs

28

1   pursuant to Federal Rule of Civil Procedure 41(d).  I have personal knowledge of the facts set

2   forth herein and, if called as a witness, could and would testify competently thereto.

3          2.      Attached hereto as Exhibit 1 is a true and correct copy of the Complaint for patent

4   infringement filed by Nuance in the Western District of Wisconsin.  The Complaint was filed on

5   January 16, 2008.  Nuance served the complaint on both Lexmark and ABBYY USA.  Nuance

6   initiated service on ABBYY Russia via both formal and informal means.

7          3.      Attached hereto as Exhibit 2 is a true and correct copy of the Notice of Electronic

8   Filing in connection with the Notice of Dismissal.  As noted on the Notice, the Notice of

9   Dismissal was filed on February 19, 2008 at 10:31 a.m. Pacific Standard Time.

10         4.      Nuance filed a Complaint for Patent Infringement, Trade Dress Infringement,

11  Unfair Competition and False and Deceptive Advertising in the Central District of California.

12  As noted by the time stamp on the face of the Complaint, it was filed on February 19, 2008 at

13  12:14 p.m. Pacific Standard Time.  I am aware that Nuance served ABBYY USA and Lexmark,

14  on February 21 and 22 respectively.  I am also aware that, on April 17, 2008, Nuance served

15  ABBYY Russia in Moscow, Russia.

16         5.      Attached hereto as Exhibit 3 is a true and correct copy of the Complaint for

17  Declaratory Judgment filed by ABBYY USA in the Northern District of California.  As noted on

18  the face of the Complaint, it was filed on February 20, 2008.  To my knowledge, ABBYY USA

19  has not served the Complaint or Summons on Nuance.

20         6.      Attached hereto as Exhibit 4 is a true and correct copy of the Complaint for

21  Declaratory Judgment filed by Lexmark International, Inc. ("Lexmark") in the Eastern District of

22  Kentucky.  Although neither the date nor time of filing are noted on the face of the Complaint,

23  my understanding, which is based on communication between my office and the Clerk's Office,

24  is that the Complaint was filed on February 19, 2008 at 3:38 p.m. Pacific Standard Time.

25         7.      On March 12, 2008, Lexmark served the complaint and summons for the Eastern

26  District of Kentucky action on Nuance.

27

28

8.      On March 20, 2008, Lexmark's counsel contacted Nuance's counsel via telephone and offered to dismiss the Eastern District of Kentucky action only on the condition that Nuance agree to transfer the Central District of California action to the Northern District of California.

9.      On March 24, 2008, counsel for Lexmark again contacted counsel for Nuance and left a voicemail making the same proposal discussed in Paragraph 8.

10.     Attached hereto as Exhibit 5 is a true and correct copy of the Notice of Electronic Filing in connection with Nuance's motion to transfer or stay the action pending in the Eastern District of Kentucky.  As noted on the document, the papers were e-filed on March 25, 2008 at 1:58 p.m. EST.

11.     Attached hereto as Exhibit 6 is a true and correct copy of Nuance's motion to transfer or stay the action pending in the Eastern District of Kentucky.

12.     Attached hereto as Exhibit 7 is a true and correct copy of the Notice of Electronic Filing in connection with Lexmark's voluntary dismissal of the action pending in the Eastern District of Kentucky.  As noted on the document, the notice was e-filed on March 25 at 3:01 p.m. EST.

13.     Attached hereto as Exhibit 8 is a true and correct copy of the LegalMetric District Judge Report for the Northern District of California Patent Cases, January 1991 to May 2007 (LegalMetric, LLC 2007).

14.     Attached hereto as Exhibit 9 is a true and correct copy of the LegalMetric District Judge Report for the Central District of California Patent Cases, January 1991 to May 2007 (LegalMetric, LLC 2007).

15.     Attached hereto as Exhibit 10 is a true and correct copy of the Declaration of Harry Van Camp in Support of Nuance's Opposition to the Motion for Costs Pursuant to Rule 41(d).  This declaration was filed previously on April 23, 2008 in support of Nuance's Opposition to ABBYY USA's Motion to Transfer and Motion for Costs in the Central District of California action (C.D. Cal. Case No. 2:08-cv-01097 AHM FFM).  It appears as Docket Entry No. 54 in the Central District of California docket index.

16.    Attached hereto as Exhibit 11 is a true and correct copy of an article entitled "The Tundra Docket:  Western District of Wisconsin" and dated March 12, 2008.  The article was written by Foley and Lardner, LLP, counsel for ABBYY USA.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge.

Executed on August 28, 2008, at San Francisco, California.


_____/s/_____
                    Tung-On Kong

# EXHIBIT 1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Western | District of | Wisconsin |

NUANCE COMMUNICATIONS, INC.

**SUMMONS IN A CIVIL ACTION**

V.

ABBYY SOFTWARE HOUSE, et al.

CASE NUMBER: **08 C 0042**

TO: (Name and address of Defendant)

ABBYY SOFTWARE HOUSE
Str. 1
11 Kasatkina Ul.
Moscow 129301, Russia

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Harry E. Van Camp
DEWITT ROSS & STEVENS S.C.
Two East Mifflin Street, Suite 600
Madison, Wisconsin 53703-2865

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

THERESA M. OWENS

JAN 1 6 2008

CLERK _____

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Western | District of | Wisconsin |

NUANCE COMMUNICATIONS, INC.

V.

ABBYY SOFTWARE HOUSE, et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

## 08 C 0042 S

TO: (Name and address of Defendant)

ABBYY USA SOFTWARE HOUSE, INC.
47221 Fremont Blvd.
Fremont, California 94538

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Harry E. Van Camp
DEWITT ROSS & STEVENS S.C.
Two East Mifflin Street, Suite 600
Madison, Wisconsin 53703-2865

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

THERESA M. OWENS

JAN 1 6 2008

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Western _____ District of _____ Wisconsin _____

NUANCE COMMUNICATIONS, INC.

V.

ABBYY SOFTWARE HOUSE, et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

## 08 C 0042 -S

TO: (Name and address of Defendant)

LEXMARK INTERNATIONAL, INC.
One Lexmark Centre Drive
740 West New Circle Road
Lexington, Kentucky 40550

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Harry E. Van Camp
DEWITT ROSS & STEVENS S.C.
Two East Mifflin Street, Suite 600
Madison, Wisconsin 53703-2865

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

THERESA M. OWENS

JAN 1 6 2008

CLERK                                      DATE

(By) DEPUTY CLERK

DOC NO
REC'D/FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
2008 JAN 16 PM 4:15

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

NUANCE COMMUNICATIONS, INC.
1 Wayside Road
Burlington, Massachusetts 01803

    Plaintiff,

    v.

ABBYY SOFTWARE HOUSE,
Str. 1, 11 Kasatkina Ul.
Moscow 129301, Russia

ABBYY USA SOFTWARE HOUSE,
INC.,
47221 Fremont Blvd.
Fremont, California 94538

LEXMARK INTERNATIONAL, INC.,
One Lexmark Centre Drive
740 West New Circle Road
Lexington, Kentucky 40550

    Defendants.

08 C 0042-S

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Nuance Communications, Inc. ("Nuance") for its Complaint, avers as follows:

### NATURE OF THE LAWSUIT

1.  This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, for damages and injunctive relief pursuant to 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

2.      Nuance is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1 Wayside Road Burlington, Massachusetts 01803.

3.      Upon information and belief, ABBYY Software House ("ABBYY Russia") is a corporation organized under the laws of the Federation of Russia, with its principal place of business at Str. 1, 11 Kasatkina Ul., Moscow 129301, Russia.

4.      Upon information and belief, ABBYY USA Software House, Inc. ("ABBYY USA") is a corporation organized under the laws of the State of California, with its principal place of business at 47221 Fremont Blvd., Fremont, California 94538.

5.      Upon information and belief, Lexmark International, Inc. ("Lexmark") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Lexmark Centre Drive, 740 West New Circle Road, Lexington, Kentucky 40550.

## THE PATENTS

6.      Nuance is the owner by assignment of United States Patent No. 5,131,053 ("the '053 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 14, 1992.

2

7.     Nuance is the owner by assignment of United States Patent No. 5,381,489 ("the '489 patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 10, 1995.

8.     Nuance is the owner by assignment of United States Patent No. 5,436,983 ("the '983 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 25, 1995.

9.     Nuance is the owner by assignment of United States Patent No. 6,038,342 ("the '342 patent"), which was duly and legally issued by the United States Patent and Trademark Office on March 14, 2000.

10.    Nuance is the owner by assignment of United States Patent No. 5,261,009 ("the '009 patent"), which was duly and legally issued by the United States Patent and Trademark Office on November 9, 1993.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

12.    The Court has personal jurisdiction over ABBYY Russia, ABBYY USA, and Lexmark.

13.    ABBYY Russia and ABBYY USA transact business and have directly and/or indirectly provided to customers in this judicial district and throughout the State of Wisconsin products that infringe the '053, '489, '983, '342, and '009 patents.

3

14.    Lexmark transacts business and has directly and/or indirectly provided to customers in this judicial district and throughout the State of Wisconsin products that infringe the '053, '489, '983, '342 and '009 patents.

## COUNT ONE – INFRINGEMENT OF THE '053 PATENT

15.    ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '053 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

16.    Lexmark has infringed and is continuing to infringe one or more claims of the '053 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

17.    On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '053 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

18.    Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT TWO – INFRINGEMENT OF THE '489 PATENT

19.    ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '489 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

20.    Lexmark has infringed and is continuing to infringe one or more claims of the '489 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

21.    On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '489 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

22.    Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT THREE – INFRINGEMENT OF THE '983 PATENT

23.    ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '983 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country,

5

and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

24.    Lexmark has infringed and is continuing to infringe one or more claims of the '983 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing optical character recognition in violation of 35 U.S.C. § 271.

25.    On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '983 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

26.    Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT FOUR – INFRINGEMENT OF THE '342 PATENT

27.    ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '342 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for optical character recognition in violation of 35 U.S.C. § 271.

28.    Lexmark has infringed and is continuing to infringe one or more claims of the '342 patent, directly, contributorily, and/or by inducement, by making, using,

selling and/or offering to sell in this country, and/or importing into this country
devices for performing optical character recognition in violation of 35 U.S.C. §
271.

29.    On information and belief, ABBYY Russia's, ABBYY USA's and
Lexmark's infringement of the '342 patent is willful and deliberate, thereby
rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

30.    Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's
infringing activities and will be irreparably injured unless such infringing activities are
enjoined by this Court.

## COUNT FIVE – INFRINGEMENT OF THE '009 PATENT

31.    ABBYY Russia and ABBYY USA have each infringed and are continuing
to infringe one or more claims of the '009 patent, directly, contributorily, and/or
by inducement, by making, using, selling and/or offering to sell in this country,
and/or importing into this country software for optical character recognition in
violation of 35 U.S.C. § 271.

32.    Lexmark has infringed and is continuing to infringe one or more claims of
the '009 patent, directly, contributorily, and/or by inducement, by making, using,
selling and/or offering to sell in this country, and/or importing into this country
devices for performing optical character recognition in violation of 35 U.S.C. §
271.

7

33.   On information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '009 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

34.   Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Nuance prays for judgment that:

1.   ABBYY Russia, ABBYY USA and Lexmark have each directly infringed, contributed to the infringement of, and induced infringement of the '053, '489, '983, '342 and '009 patents;

2.   ABBYY Russia, ABBYY USA and Lexmark have each willfully infringed, willfully contributed to the infringement of, and willfully induced infringement of the '053, '489, '983, '342 and '009 patents;

3.   Permanently enjoins ABBYY Russia, ABBYY USA and Lexmark, each of their officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any one of them, from infringing the '053, '489, '983, '342 and '009 patents;

4.   Awards Nuance damages adequate to compensate for ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '053, '489, '983, '342 and '009 patents together with interest and costs;

8

5.   Trebles the damages assessed pursuant to 35 U.S.C. § 284;

6.   Awards Nuance its attorneys' fees pursuant to 35 U.S.C. § 285; and

7.   Awards such other and further relief as this Court may deem proper.

### REQUEST FOR JURY TRIAL

Plaintiff Nuance hereby demands a trial by jury.

Dated this _16_ day of January, 2008.

RESPECTFULLY SUBMITTED BY
DEWITT ROSS & STEVENS S.C.

By _____
Harry E. Van Camp
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
Telephone: (608) 255-8891
Facsimile: (608) 252-9243

Of Counsel:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

M. Craig Tyler
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

Attorneys for Plaintiff
Nuance Communications, Inc.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HONORABLE JOHN C. SHABAZ
ORDER GOVERNING FILING OF DISPOSITIVE MOTIONS
PRIOR TO PRELIMINARY PRETRIAL CONFERENCE

Any dispositive motion filed by any of the parties prior to the preliminary pretrial conference to be scheduled in this matter shall be accompanied by appropriate memorandum of law; opposing party has 20 days to respond and the moving party 10 days to reply.

This will be the only briefing schedule issued prior to the preliminary pretrial conference and only those motions filed with appropriate memoranda in support will be recognized by the court.

BY THE COURT:

JOHN C. SHABAZ
DISTRICT JUDGE

Reprinted: 9/1/07

NOTICE TO COUNSEL:

To enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, counsel for a private (non-governmental) business, company, or corporation shall submit at the time of initial pleading this statement of corporate affiliations and financial interest.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

_____

v.                                    Case No.

_____

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

_____ makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?

      YES          NO

      If the answer is YES, list below and identify the parent corporation or affiliate and the relationship between it and the named party:

2.    Is there a publicly owned corporation, not a party to this case, that has a financial interest in the outcome?

      YES          NO

      If the answer is YES, list the identity of such corporation and the nature of the financial interest to the named party:

_____        Date:_____

10/1/07

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____  District of  _____

|  | |
|---|---|
| Plaintiff<br>V.<br><br><br>Defendant | **NOTICE, CONSENT, AND ORDER OF REFERENCE —**<br>**EXERCISE OF JURISDICTION BY A UNITED STATES**<br>**MAGISTRATE JUDGE**<br><br>Case Number: |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____                          _____
Date                                               United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

## BRIEFING GUIDELINES

**ARGUMENT.** The matter being briefed will be considered and decided by the court <u>without oral argument</u> unless a request (motion) for oral argument is filed by either party. Requests must be filed in writing and should state the reasons why oral argument is necessary, specifying those matters which the party thinks cannot be adequately presented by briefs and affidavits. The court will then decide and notify the parties whether oral argument will be sufficiently helpful to justify the expenditure of the court's time.

**BANKRUPTCY APPEALS.** Bankruptcy Rule 8009 governs the filing of briefs. Briefing commences with the date of docketing in the district court.

**BILL OF COSTS.** Objections to the Bill of Costs and brief in opposition should be filed jointly. If opposition is filed, the moving party must respond with a brief in support and the opponent a reply. This matter is normally considered and decided by the clerk without oral argument. The clerk may hold a hearing if, based on the briefs or other materials submitted by the parties, the clerk decides that there are issues present which cannot be adequately presented by briefs and affidavits. Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.

**MOTIONS FOR SUMMARY JUDGMENT.** Specific procedures for summary judgment motions before Judge Crabb and Judge Shabaz are available at www.wiwd.uscourts.gov.

**MOTIONS PURSUANT TO Fed. R. Civ. P. 12(b)(6) or 12(c).** If either party desires to present to the court matters outside of the pleadings, leave to do so must be obtained from the court by filing a request in motion format.

**MOTIONS - ALL OTHER.** Affidavits may accompany briefs. Supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Affidavits may be supplemented or opposed by depositions and answers to interrogatories or further affidavits.

**SOCIAL SECURITY APPEALS.** Section 405(g), Title 42 of the United States Code, provides the nature and standard of review by this court. Plaintiff's brief in support should specifically state the grounds of objection to the decision below and the form of relief sought. The briefs shall include a discussion of each issue, together with the appropriate citations of authority.

All references to the claimant's medical symptoms and conditions must be in clear, concise layman's language. Medical symptoms and conditions are to be included only if relevant to the issues presented. Medical and scientific language, terms, and classifications shall be used parenthetically or in a footnote following the common layman's language referring to such language, term, or condition.

%JS 44 (Rev. 11/04,
WIWD 12/05)

# CIVIL COVER SHEET

DOC NO
REC'D/FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2008 JAN 16 PM 4: 12

## I. (a) PLAINTIFFS

NUANCE COMMUNICATIONS, INC.

(b) County of Residence of First Listed Plaintiff  Middlesex County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Harry E. Van Camp
DeWitt Ross & Stevens S.C.
Two East Mifflin Street, Suite 600
Madison, Wisconsin 53703-2865
(608) 255-8891

## DEFENDANTS

THERESA M. OWENS
CLERK US DISTRICT COURT
WD OF WI

County of Residence of First Listed Defendant *
(IN U.S. PLAINTIFF CASES ONLY)

Attorneys (If Known)

**08  C  0042-S**

* Note: In land condemnation cases, use the location of the land involved.

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                          | PTF | DEF |                                                      | PTF | DEF |
|--------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State    | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

Does this case challenge the constitutionality of a state statute (unless of suit #50) or a federal statute pursuant to Fed. R. Civ. P. 5.1? [ ] Yes [x] No
Note: The filing party is responsible for serving notice of a constitutional question on the State Attorney General if a state statute is challenged, or on the U.S. Attorney General if a federal statute is challenged, either in certified or registered mail or by sending it to an electronic address designated by the attorney general for that purpose.

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|---|--------------------|------------|----------------|

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury – Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [x] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [x] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities – Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 35 U.S.C. § 271

Brief description of cause:  Patent Infringement

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  1-16-08

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

EXHIBIT 2

**From:** wiwd_ecf@wiwd.uscourts.gov [mailto:wiwd_ecf@wiwd.uscourts.gov]
**Sent:** Tuesday, February 19, 2008 12:31 PM
**To:** courtmail@wiwd.uscourts.gov
**Subject:** Activity in Case 3:08-cv-00042-bbc Nuance Communications, Inc. v. Abbyy Software House et al Notice of Voluntary Dismissal

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Western District of Wisconsin

### Notice of Electronic Filing

The following transaction was entered by Van Camp, Harry on 2/19/2008 at 12:31 PM CST and filed on 2/19/2008

**Case Name:** Nuance Communications, Inc. v. Abbyy Software House et al
**Case Number:** 3:08-cv-42
**Filer:** Nuance Communications, Inc.
**Document Number:** 18

**Docket Text:**
NOTICE of Voluntary Dismissal by Plaintiff Nuance Communications, Inc. (Van Camp, Harry)

**3:08-cv-42 Notice has been electronically mailed to:**

Anthony A. Tomaselli    aat@quarles.com

Naikang Tsao    ntsao@foley.com, arake@foley.com

Harry E Van Camp    hvc@dewittross.com

**3:08-cv-42 Notice will be delivered by other means to::**

Woo J. Kim
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Tung-On Kong
Wilson Sonsini Goodrich & Rosati

650 Page Mill Road
Palo Alto, CA 94304

James C. Otteson
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Ron E. Schulman
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

M. Craig Tyler
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP wiwdStamp_ID=1177964194 [Date=2/19/2008] [FileNumber=338588-0]
[93a7b33f5e10ec0a37cfae39d65b1e5181df2bd48062ac59f9bf51d4dccfbb214c65d
ff54d4dec54ed4ea72a5ff3a576dee3040325b45d0b224844d82a549e30]]

# EXHIBIT 3

1    MICHAEL J. SONG (CA BAR No. 243675)
     FOLEY & LARDNER LLP
2    975 PAGE MILL ROAD
     PALO ALTO, CA 94304-1013
3    TELEPHONE: (650) 856-3700
     FACSIMILE: (650) 856-3710
     MSONG@FOLEY.COM

4    NAIKANG TSAO (CA BAR No. 164180)
     FOLEY & LARDNER LLP
5    150 EAST GILMAN STREET
     MADISON, WI 53703-1481
     TELEPHONE: (608) 257-5035
6    FACSIMILE: (608) 258-4258
     NTSAO@FOLEY.COM

7    RONALD M. WAWRZYN (TO BE ADMITTED *PRO HAC VICE*)
     FOLEY & LARDNER LLP
8    777 E. WISCONSIN AVENUE
     MILWAUKEE, WI 53202-5306
     TELEPHONE: (414) 271-2400
9    FACSIMILE: (414) 297-4900
     RWAWRZYN@FOLEY.COM

10

11    ATTORNEYS FOR PLAINTIFF ABBYY USA SOFTWARE HOUSE, INC.

**FILED**

FEB 2 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

**MEJ**

12           UNITED STATES DISTRICT COURT

        NORTHERN DISTRICT OF CALIFORNIA

13    ABBYY USA SOFTWARE HOUSE, INC.     CASE NO. **CV 08**    **1035**

14          Plaintiff,            **COMPLAINT FOR DECLARATORY**

15        vs.                   **JUDGMENT**

16    NUANCE COMMUNICATIONS, INC.      **DEMAND FOR JURY TRIAL**

17          Defendant.

18

19

20        Plaintiff Abbyy USA Software House, Incorporated ("Abbyy") brings this complaint for

21    declaratory judgment against defendant, Nuance Communications, Incorporated, ("Nuance") in

22    order to establish non-infringement and invalidity of five patents allegedly owned by defendant.

23                **JURISDICTION AND VENUE**

24        1.     This is an action for a declaratory judgment that U.S. Patent Nos. 5,131,053 ("the

25    '053 patent"); 5,381,489 ("the '489 patent"); 5,436,983 ("the '983 patent"), 6,038,342 ("the '342

26    patent"); and 5,261,009 ("the '009 patent") (collectively "the patents-in-suit") are invalid and not

27    infringed by any device made, used, offered for sale or sold by Abbyy. This action arises under

28

MADI_1154620.1

1   the patent laws of the United States, 35 U.S.C. § 271 et seq. and the declaratory judgment statute,

2   28 U.S.C. § 2201 et seq., and is based upon an actual justiciable controversy between the parties

3   with respect to alleged infringement and invalidity of the '053, '489, '983, '342 and '009 patents.

4         2.     This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§

5   1338(a), 2201 and 2202.

6         3.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

7   <u>**THE PARTIES**</u>

8

9         4.     Plaintiff, Abbyy, is a California corporation having a principal place of business

    at 47221 Fremont Boulevard, Fremont, California 94538.

10

11        5.     Defendant, Nuance, is a Delaware corporation having a principal place of

    business at 1 Wayside Road, Burlington, Massachusetts 01803.

12

13  <u>**ACTUAL CONTROVERSY WITHIN THIS COURT'S JURISDICTION**</u>

14        6.     Abbyy sells software products in this judicial district and elsewhere.

15        7.     Nuance is doing business in this judicial district and elsewhere throughout the

16  United States by, *inter alia*, offering and selling optical character recognition and other software.

17  Nuance has asserted, and continues to assert, in this judicial district and elsewhere that it is the

18  owner of the '053, '489, '983, '342 and '009 patents, that the '053, '489, '983, '342 and '009

19  patents are valid, and that the '053, '489, '983, '342 and '009 patents are allegedly infringed by

20  certain software made, used, offered for sale and/or sold by Abbyy in this judicial district and

21  elsewhere. True and correct copies of the '053, '489, '983, '342 and '009 patents are attached as

22  Exhibits A through E, respectively.

23        8.     For example, in a Complaint filed by Nuance on January 16, 2008, in the U.S.

24  District Court for the Western District of Wisconsin (Civil Action No. 08-C-0042-S) ("the

25  Wisconsin Action"), Nuance alleged, *inter alia*, with respect to each of the '053, '489, '983, '342

26  and '009 patents that Abbyy has "infringed and [is] continuing to infringe one or more claims of

27  the [] patent, directly, contributorily and/or by inducement, by making, using, selling and/or

28

1

1  offering to sell in this country, and/or importing into this country, software for optical character

2  recognition in violation of 35 U.S.C. § 271." Although Nuance recently filed a Notice of

3  Dismissal in the Wisconsin Action, that dismissal was without prejudice and Nuance has not

4  withdrawn its allegations of infringement, leaving Abbyy in apprehension of further suit.

5       9.    Nuance has asserted rights under the '053, '489, '983, '342 and '009 patents

6  based upon certain identifiable ongoing activity of Abbyy (including the activities of Abbyy

7  identified by Nuance in the Wisconsin Action, above), and Abbyy contends that it has the right

8  to engage in the accused activity without license under the '053, '489, '983, '342 and '009

9  patents. Nuance's threats of infringement with respect to the '053, '489, '983, '342 and '009

10  patents continue against Abbyy, and as a result of Nuance's above acts, Abbyy is apprehensive

11  that Nuance will again file suit against Abbyy for infringement of the '053, '489, '983, '342 and

12  '009 patents.

13       10.    Accordingly, there is an actual present justiciable controversy as to infringement

14  of the '053, '489, '983, '342 and '009 patents by Abbyy, and as to the validity of these patents.

15  

**COUNT ONE**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**

**OF U.S. PATENT NO. 5,131,053**

16  

17  

18       11.    Abbyy incorporates by reference paragraphs 1-10, above.

19       12.    Abbyy has not infringed, and is not infringing, literally or under the doctrine of

20  equivalents, any valid and enforceable claim of the '053 patent directly, indirectly, contributorily

21  or by inducement.

22       13.    Upon information and belief, and subject to further investigation, one or more of

23  the claims of the '053 patent are invalid because they fail to satisfy one or more of the conditions

24  for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102,

25  103 and/or 112.

26       14.    Accordingly, Abbyy seeks a judgment of this Court declaring that Abbyy has not

27  infringed and is not infringing any claim of the '053 patent, and that one or more claims of the

28  

2

COMPLAINT FOR DECLARATORY JUDGMENT
DEMAND FOR JURY TRIAL

MADI_1154820.1

1  '053 patent are invalid.

2  ## COUNT TWO

3  ## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

4  ## OF U.S. PATENT NO. 5,381,489

5  15.    Abbyy incorporates by reference paragraphs 1-14, above.

6  16.    Abbyy has not infringed, and is not infringing, literally or under the doctrine of

7  equivalents, any valid and enforceable claim of the '489 patent directly, indirectly, contributorily

8  or by inducement.

9  17.    Upon information and belief, and subject to further investigation, one or more of

10  the claims of the '489 patent are invalid because they fail to satisfy one or more of the conditions

11  for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102,

12  103 and/or 112.

13  18.    Accordingly, Abbyy seeks a judgment of this Court declaring that Abbyy has not

14  infringed and is not infringing any claim of the '489 patent, and that one or more claims of the

15  '489 patent are invalid.

16  ## COUNT THREE

17  ## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

18  ## OF U.S. PATENT NO. 5,436,983

19

20  19.    Abbyy incorporates by reference paragraphs 1-18, above.

21  20.    Abbyy has not infringed, and is not infringing, literally or under the doctrine of

22  equivalents, any valid and enforceable claim of the '983 patent directly, indirectly, contributorily

23  or by inducement.

24  21.    Upon information and belief, and subject to further investigation, one or more of

25  the claims of the '983 patent are invalid because they fail to satisfy one or more of the conditions

26  for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102,

27  103 and/or 112.

28

COMPLAINT FOR DECLARATORY JUDGMENT
DEMAND FOR JURY TRIAL

MADI_1154620.1

1    22.    Accordingly, Abbyy seeks a judgment of this Court declaring that Abbyy has not

2    infringed and is not infringing any claim of the '983 patent, and that one or more claims of the

3    '983 patent are invalid.

4                                    **COUNT FOUR**

5    **DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**

6                          **OF U.S. PATENT NO. 6,038,342**

7        23.    Abbyy incorporates by reference paragraphs 1-22, above.

8        24.    Abbyy has not infringed, and is not infringing, literally or under the doctrine of

9    equivalents, any valid and enforceable claim of the '342 patent directly, indirectly, contributorily

10   or by inducement.

11       25.    Upon information and belief, and subject to further investigation, one or more of

12   the claims of the '342 patent are invalid because they fail to satisfy one or more of the conditions

13   for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102,

14   103 and/or 112.

15       26.    Accordingly, Abbyy seeks a judgment of this Court declaring that Abbyy has not

16   infringed and is not infringing any claim of the '342 patent, and that one or more claims of the

17   '342 patent are invalid.

18                                   **COUNT FIVE**

19   **DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**

20                         **OF U.S. PATENT NO. 5,261,009**

21       27.    Abbyy incorporates by reference paragraphs 1-26, above.

22       28.    Abbyy has not infringed, and is not infringing, literally or under the doctrine of

23   equivalents, any valid and enforceable claim of the '009 patent directly, indirectly, contributorily

24   or by inducement.

25       29.    Upon information and belief, and subject to further investigation, one or more of

26   the claims of the '009 patent are invalid because they fail to satisfy one or more of the conditions

27

28                                         4

MADI_1154620.1

1  for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102,

2  103 and/or 112.

3        30.    Accordingly, Abbyy seeks a judgment of this Court declaring that Abbyy has not

4  infringed and is not infringing any claim of the '009 patent, and that one or more claims of the

5  '009 patent are invalid.

6                              **EXCEPTIONAL CASE**

7        31.    This case is exceptional under 35 U.S.C. § 285.

8                              **PRAYER FOR RELIEF**

9

10       **WHEREFORE**, Abbyy prays that this Court:

11       A.    Declare that Abbyy has not infringed and is not infringing any claim of the '053

12  patent.

13       B.    Declare that the '053 patent is invalid.

14       C.    Declare that Abbyy has not infringed and is not infringing any claim of the '489

15  patent.

16       D.    Declare that the '489 patent is invalid.

17       E.    Declare that Abbyy has not infringed and is not infringing any claim of the '983

18  patent.

19       F.    Declare that the '983 patent is invalid.

20       G.    Declare that Abbyy has not infringed and is not infringing any claim of the '342

21  patent.

22       H.    Declare that the '342 patent is invalid.

23       I.    Declare that Abbyy has not infringed and is not infringing any claim of the '009

24  patent.

25       J.    Declare that the '009 patent is invalid.

26       K.    Declare that this case is an exceptional case under 35 U.S.C. § 285 and enter

27  judgment awarding Abbyy its costs and reasonable attorney fees; and

28       L.    Award Abbyy such other and further relief as the Court deems just and proper.

5

MADI_1154620.1

1

## DEMAND FOR JURY TRIAL

2
3

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Abbyy hereby demands a trial by jury of all issues so triable.

4
5
DATED: FEBRUARY 20, 2008

RESPECTFULLY SUBMITTED,

6
7

BY: _____
  MICHAEL J. SONG
  FOLEY & LARDNER LLP
  ATTORNEYS FOR PLAINTIFF NICHIA CORPORATION

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

COMPLAINT FOR DECLARATORY JUDGMENT
DEMAND FOR JURY TRIAL

EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**
*Electronically Filed*

| | |
|---|---|
| LEXMARK INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| NUANCE COMMUNICATIONS, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Lexmark International, Inc. ("Lexmark") brings this complaint for declaratory judgment against defendant, Nuance Communications, Inc., ("Nuance") in order to establish non-infringement and invalidity of five patents allegedly owned by defendant.

## THE PARTIES

1.    Plaintiff, Lexmark, is a Delaware corporation with its principal place of business at 740 New Circle Road, NW, Lexington, Kentucky.

2.    Defendant, Nuance, is a Delaware corporation having a principal place of business at 1 Wayside Road, Burlington, Massachusetts.

## JURISDICTION AND VENUE

3    This is an action for a declaratory judgment that U.S. Patent Nos. 5,131,053 ("the '053 patent"); 5,381,489 ("the '489 patent"); 5,436,983 ("the '983 patent"), 6,038,342 ("the '342 patent"); and 5,261,009 ("the '009 patent") (collectively "the patents-in-suit") are invalid and not

infringed by any device made, used, offered for sale or sold by Lexmark. This action arises

under the patent laws of the United States, 35 U.S.C. § 271 et seq. and the declaratory judgment

statute, 28 U.S.C. § 2201 et seq., and is based upon an actual justiciable controversy between the

parties with respect to alleged infringement and invalidity of the '053, '489, '983, '342 and '009

patents.

    4.    This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§

1338(a), 2201 and 2202.

    5.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

### ACTUAL CONTROVERSY WITHIN THIS COURT'S JURISDICTION

    6.    Lexmark is in the business of designing, developing, making and selling printers,

including multi-function printers, in this judicial district.

    7.    Nuance is doing business in this judicial district and elsewhere throughout the

United States by, *inter alia*, offering and selling optical character recognition and other software.

Nuance has asserted, and continues to assert, in this judicial district and elsewhere that it is the

owner of the '053, '489, '983, '342 and '009 patents, that the '053, '489, '983, '342 and '009

patents are valid, and that the '053, '489, '983, '342 and '009 patents are infringed by certain

printer products made, used, offered for sale and/or sold by Lexmark in this judicial district and

elsewhere. True and correct copies of the '053, '489, '983, '342 and '009 patents are attached as

Exhibits A through E, respectively.

    8.    For example, in a Complaint filed by Nuance on January 16, 2008, in the U.S.

District Court for the Western District of Wisconsin (Civil Action No. 08-C-0042-S) ("the

Wisconsin Action"), Nuance alleged, *inter alia,* with respect to each of the '053, '489, '983, '342

and '009 patents that "Lexmark has infringed and is continuing to infringe one or more claims of

the [] patent, directly, contributorily and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country, devices for performing optical character recognition in violation of 35 U.S.C. § 271." Although Nuance recently filed a Notice of Dismissal in the Wisconsin Action, that dismissal was without prejudice and Nuance has not withdrawn its allegations of infringement, leaving Lexmark in apprehension of further suit.

9.      Nuance has asserted rights under the '053, '489, '983, '342 and '009 patents based upon certain identifiable ongoing activity of Lexmark (including the activities of Lexmark identified by Nuance in the Wisconsin Action, above), and Lexmark contends that it has the right to engage in the accused activity without license under the '053, '489, '983, '342 and '009 patents. Nuance's threats of infringement with respect to the '053, '489, '983, '342 and '009 patents continue against Lexmark, and as a result of Nuance's above acts, Lexmark is apprehensive that Nuance will again file suit against Lexmark for infringement of the '053, '489, '983, '342 and '009 patents.

10.      Accordingly, there is an actual present justiciable controversy as to infringement of the '053, '489, '983, '342 and '009 patents by Lexmark, and as to the validity of these patents.

## COUNT ONE

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,131,053

11.      Lexmark incorporates by reference paragraphs 1-10, above.

12.      Lexmark has not infringed, and is not infringing, any claim of the '053 patent directly, indirectly, or by inducement.

3

13.    One or more of the claims of the '053 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

14.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '053 patent, and that one or more claims of the '053 patent are invalid.

## COUNT TWO

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,381,489

15. .    Lexmark incorporates by reference paragraphs 1-14, above.

16.    Lexmark has not infringed, and is not infringing, any claim of the '489 patent directly, indirectly, or by inducement.

17.    One or more of the claims of the '489 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

18.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '489 patent, and that one or more claims of the '489 patent are invalid.

4

## COUNT THREE

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,436,983

19.    Lexmark incorporates by reference paragraphs 1-18, above.

20.    Lexmark has not infringed, and is not infringing, any claim of the '983 patent directly, indirectly, or by inducement.

21.    One or more of the claims of the '983 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

22.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '983 patent, and that one or more claims of the '983 patent are invalid.

## COUNT FOUR

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,038,342

23.    Lexmark incorporates by reference paragraphs 1-22, above.

24.    Lexmark has not infringed, and is not infringing, any claim of the '342 patent directly, indirectly, or by inducement.

25.    One or more of the claims of the '342 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

26.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '342 patent, and that one or more claims of the '342 patent are invalid.

## COUNT FIVE

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,261,009

27.    Lexmark incorporates by reference paragraphs 1-26, above.

28.    Lexmark has not infringed, and is not infringing, any claim of the '009 patent directly, indirectly, or by inducement.

29.    One or more of the claims of the '009 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

30.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '009 patent, and that one or more claims of the '009 patent are invalid.

## EXCEPTIONAL CASE

31.    This case is exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Lexmark prays that this Court:

A.    Declare that Lexmark has not infringed and is not infringing any claim of the '053 patent.

6

B.    Declare that the '053 patent is invalid.

C.    Declare that Lexmark has not infringed and is not infringing any claim of the '489 patent.

D.    Declare that the '489 patent is invalid.

E.    Declare that Lexmark has not infringed and is not infringing any claim of the '983 patent.

F.    Declare that the '983 patent is invalid.

G.    Declare that Lexmark has not infringed and is not infringing any claim of the '342 patent.

H.    Declare that the '342 patent is invalid.

I.    Declare that Lexmark has not infringed and is not infringing any claim of the '009 patent.

J.    Declare that the '009 patent is invalid.

K.    Declare that this case is an exceptional case under 35 U.S.C. § 285 and enter judgment awarding Lexmark its costs and reasonable attorney fees; and

L.    Award Lexmark such other and further relief as the Court deems just and proper.

7

Respectfully submitted,

**LEXMARK INTERNATIONAL, INC.,**

By their Attorneys,

Dated: February 19, 2008

s/Steven B. Loy
Steven B. Loy
**STOLL KEENON OGDEN PLLC**
300 West Vine Street
Suite 2100
Lexington, KY 40507-1801
(859) 231-3000 (telephone)
(859) 253-1093 (facsimile)

Paul J. Hayes
Eugene A. Feher
Robert R. Gilman
**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000 (telephone)
(617) 542-2241 (facsimile)

4260406v.1

8

EXHIBIT 5

Subject: Activity in Case 5:08-cv-00092-KKC Lexmark International, Inc. v. Nuance Communications, Inc. Motion to Stay

From: cm_ecf@kyed.uscourts.gov [mailto:cm_ecf@kyed.uscourts.gov]
Sent: Tuesday, March 25, 2008 1:58 PM
To: cm_d_ecf@kyed.uscourts.gov
Subject: Activity in Case 5:08-cv-00092-KKC Lexmark International, Inc. v. Nuance Communications, Inc. Motion to Stay

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**Eastern District of Kentucky**

### Notice of Electronic Filing

The following transaction was entered by Robertson, W. on 3/25/2008 at 1:58 PM EST and filed on 3/25/2008
Case Name:       Lexmark International, Inc. v. Nuance Communications, Inc.
Case Number:     5:08-cv-92
Filer:           Nuance Communications, Inc.
Document Number: 12

Docket Text:
**MOTION to Stay re [1] Complaint, by Nuance Communications, Inc. (Attachments: # (1) Memorandum in Support, # (2) Proposed Order)(Robertson, W.)**

**5:08-cv-92 Notice has been electronically mailed to:**

Eugene A. Feher    eafeher@mintz.com

Robert R. Gilman , Jr    rrgilman@mintz.com

Paul J. Hayes    pjhayes@mintz.com

Steven Brian Loy    steven.loy@skofirm.com, molly.stephens@skofirm.com

W. Craig Robertson , III    wrobertson@wyattfirm.com, hdabney@wyattfirm.com, smcintyre@wyattfirm.com

**5:08-cv-92 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1033394914 [Date=3/25/2008] [FileNumber=1292301-0
] [682750449d7a81a38d63650126490cf526f79083b80172fcf4d14bb2a1b65f668bf
9a21a8a752fd511e862e3593d0e554e76277aa6e2c66a5479c9ddebb084b3]]
Document description:Memorandum in Support
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1033394914 [Date=3/25/2008] [FileNumber=1292301-1

4/14/2008

] [14fc5f113b97479d48b06c74d681c3f26ea0835175f344d34c13d95e39c2a7dfff1
fc895ef92a3dad42a8e433aac6e8485b4332a5041833dabfc0765dc96d053]]
**Document description:**Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1033394914 [Date=3/25/2008] [FileNumber=1292301-2
] [3891ffcbb9b5ced688ea3f593d6c2970114c6a582c18c9eb33842d434ba352b5e2b
f7ad3c7537b54832c3e33b5764ee86c0dbf87ee44ad24c3c4ff9bc844f10d]]

===============================================================================
This message is a confidential communication and may be protected by attorney-client privilege.
If you believe that it has been sent to you in error, do not read it.
Please reply to the sender that you received the message in error, then delete it.   Thank you.
===============================================================================

4/14/2008

# EXHIBIT 6

FILED ELECTRONICALLY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF KENTUCKY

### CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| LEXMARK INTERNATIONAL, INC., | ) | CASE NO.:  08-cv-92 (KKC) |
| Plaintiff, | ) | |
| | ) | **DEFENDANT NUANCE** |
| | ) | **COMMUNICATIONS, INC.'S** |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO TRANSFER OR STAY** |
| NUANCE COMMUNICATIONS, INC., | ) | **THE PROCEEDINGS** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## I.    INTRODUCTION

This action involves parties and issues of fact and law that are entirely redundant to an earlier and pending action that Nuance Communications, Inc. ("Nuance") filed first in the Central District of California. In that first-filed action, Nuance (the defendant here) charged Lexmark International, Inc. ("Lexmark"), the plaintiff here, with infringing five patents. Nuance also accused a Russian entity named ABBYY Software House[1] ("ABBYY") of infringing the same five patents, along with its sales and marketing arm in the United States, ABBYY USA Software House, Inc. ("ABBYY USA").

After Nuance filed suit, Lexmark filed this mirror-image action. Lexmark seeks a declaratory judgment that it does not infringe the same five patents that were asserted against it in California. Lexmark has not asserted any affirmative claims in this case, and is not seeking any money damages. Thus, as things stand, Nuance and Lexmark will litigate identical issues of fact and law before two separate District Courts. Under these circumstances, the first to file rule allows this Court to transfer or stay these proceedings in deference to the first-filed action. Also, section 1404(a) of Title 28 allows the Court to transfer this action in the interests of justice, which includes the notion of judicial economy.

Nuance seeks an order transferring this action to the Central District of California or staying these proceedings pending resolution of the action in the Central District of California. Absent timely action, the co-pending litigations will needlessly consume judicial resources litigating identical issues, and potentially provide inconsistent judgments.

## II.    STATEMENT OF THE FACTS

Defendant Nuance is headquartered in Burlington, Massachusetts. *See* Kong Decl. Ex. 1 at ¶ 2. Among its portfolio of products, Nuance develops and sells optical character recognition ("OCR") software products to original equipment manufacturers ("OEMs"), distributors and end

---

[1] Nuance recently learned that this name is technically incorrect. Nuance intends to amend its complaint in the Central District of California to name the correct ABBYY Russian entity. Regardless, the ABBYY Russian entity is referred to herein as "ABBYY."

users. *See id.* Ex. 2 at ¶ 7. Nuance owns United States Patent Nos. 5,131,053, 5,381,489, 5,436,983, 6,038,342 and 5,261,009 (the "Patents in Suit"). *See id.* Ex. 1 at ¶¶ 6-10.

Plaintiff Lexmark sells products, such as multi-function printers, that incorporate OCR software. *See* Kong Decl. Ex. 2 at ¶ 6. These Lexmark products are accused of infringing the Patents in Suit. *See id.* Ex. 1 at ¶¶ 32-51. The Lexmark accused products are sold nationwide at retail outlets and via online storefronts. *See id.* at ¶¶ 26-30; Ex. 2 at ¶ 6. For example, the Lexmark website lists ten authorized Lexmark dealers within 6 miles of the courthouse for the Central District of California. *See id.* Ex 3. Lexmark also has a contractual relationship with "the world's largest technology distributor" – Ingram Micro, a company that resides in the Central District of California. *See id.* Ex. 4 (Lexmark press release stating "Lexmark works with Ingram Micro to distribute both its inkjet and laser products to consumers, small and medium businesses (SBMs) and large enterprise consumers through solution providers and value-added resellers."). Lexmark is headquartered in Lexington, Kentucky. *See id.* Ex. 2 at ¶ 1.

ABBYY develops, markets and sells OCR software that Nuance contends infringes the Patents in Suit. *See id.* Ex. 1 at ¶¶ 16-17. ABBYY's OCR software and the products that incorporate ABBYY's OCR software (including many Lexmark products) are found on the shelf nationwide at retail outlets (including the Central District of California), such as Fry's Electronics, and via online storefronts, such as www.amazon.com, www.buy.com, www.cdw.com, and its U.S. website, located at www.abbyyusa.com. *See* Kong Decl. Ex. 5 (list of ABBYY's U.S. distributors from www.abbyyusa.com). ABBYY has an established relationship with at least five partners and resellers that reside in the Central District of California. *See id.* ABBYY's OCR software is developed at ABBYY's headquarters in Moscow, Russia. *See id.* Ex. 6 ("Most ABBYY products have been developed in ABBYY headquarters in Moscow, Russia."). ABBYY has no physical presence in the United States known to Nuance, other than through its subsidiary ABBYY USA. *See id.* Ex. 1 ¶¶ 2-3, 16-23.

ABBYY USA is the United States sales and marketing arm of ABBYY. ABBYY USA is headquartered in Fremont, California. *See id.*

### A.    The Dismissed Infringement Action (W.D. Wisc.)

On January 16, 2008, Nuance filed a complaint in the Western District of Wisconsin against Lexmark, ABBYY, and ABBYY USA, alleging infringement of the Patents in Suit. *See id.* Ex. 7. Nuance served the complaint on both Lexmark and ABBYY USA, and initiated the process of serving ABBYY in Russia. *See id.* ¶ 3. As alleged in the Complaint, personal jurisdiction and venue over all parties was proper in the Western District of Wisconsin. *See id.* Ex. 7 at ¶¶ 11-14.

Nuance filed its complaint in Wisconsin because Nuance seeks prompt resolution of its dispute with Lexmark and ABBYY and Wisconsin has one of, if not, the most rapid docket in the country. As described by counsel for ABBYY USA, "the frozen tundra of Wisconsin is home to the fastest federal court in the country." Kong Decl. Ex. 8. In the article, counsel for ABBYY USA spends several pages touting the virtues of filing patent infringement cases in the Western District of Wisconsin, noting that "[t]he court's speed is one of its biggest draws" and that "the median time to trial was 10.4 months." *See id.*

The Wisconsin case was assigned to the Honorable Judge John C. Shabaz. *See id.* Ex. 7; Van Camp Decl. ¶ 2. Subsequently, in early February 2008, Judge Shabaz suffered an injury that will prevent him from attending to his docket for an uncertain period of time that is expected to be at least several months. *See* Van Camp Decl. ¶ 3. No successor has been nominated. *See* Kong Decl. Ex. 8. Consequently, Judge Shabaz's entire case load was transferred to the only other district court judge that sits in the district, the Honorable Judge Barbara B. Crabb. *See* Van Camp Decl. ¶ 3. It was clear that these unforeseen circumstances would cause significant delay. Subsequent to Judge Shabaz's injury, Nuance learned from Magistrate Stephen L. Crocker (the only Magistrate Judge in the district) that it was unknown how the combined docket would be handled. *See id.* Thus, nobody, not even the Magistrate Judge, could predict the delay facing Nuance's newly filed case.

On February 19, 2008 (at 10:31 a.m. PST), Nuance filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(b). *See* Kong Decl. Ex. 9. The notice was e-filed; thus, both

Lexmark and ABBYY received immediate notice of the dismissal. *See id.* Ex. 10. As explained below, Nuance re-filed the same infringement allegations in another venue where speed to trial would be predictable and new claims to be asserted under California law would be more familiar.

**B.     Nuance's First-Filed Infringement Complaint (C.D. Cal.)**

On February 19, 2008 at 12:14 p.m. PST, Nuance filed a complaint in the Central District of California, once again alleging that Lexmark, ABBYY and ABBYY USA infringe the Patents in Suit. *See id.* Ex. 1. Nuance also asserted new claims for trade dress infringement, unfair competition and false/deceptive advertising claims against ABBYY USA. *See id.* at ¶¶ 52-73. On February 21, 2008, Nuance served the summons and complaint on ABBYY USA, and on February 22, 2008, Nuance served Lexmark.[2] *See id.* ¶ 2. Nuance has initiated service of process on ABBYY in Russia. *See id.* ¶ 2.

On March 12, 2008, ABBYY USA filed an answer in which it admitted that jurisdiction and venue were proper in the Central District of California. *See id.* Ex. 11 at ¶ 15. In response to the patent infringement allegations, ABBYY USA asserted the affirmative defense of invalidity. *See id.* at ¶ 76. ABBYY USA also asserted counterclaims, including a request for declaratory judgment of noninfringement and invalidity, and in addition asserted affirmative claims for money damages on the basis of alleged antitrust violations committed by Nuance. *See id.* Counterclaims ¶¶ 1-52.

By agreement, Lexmark will serve its responsive pleading on March 28, 2008. *See id.* ¶ 2. Lexmark has declined to reveal whether it will file an answer or a 12(b) motion. *See id.*

**C.     Lexmark's Second-filed Declaratory Judgment Action (E.D. Ken.)**

On February 19, 2008 at 3:38 p.m. PST (*i.e.*, well after Nuance filed the Central District of California action), Lexmark – having received the notice of dismissal e-filed by Nuance earlier in the day -- filed a declaratory judgment action, in the Eastern District of Kentucky,

---

[2] Lexmark believes that service on February 22 was ineffective. *See* Kong Decl. ¶ 2. Nuance disagrees. *See id.* Regardless, the parties have agreed that Lexmark will respond to the Complaint no later than March 28, 2008. *See id.*

seeking a declaration of noninfringement and invalidity as to each of the Patents in Suit. *See id.* Ex. 2.

    **D.**    **ABBYY USA's Third-Filed Declaratory Judgment Action (N.D. Cal.)**

    On February 20, 2008, ABBYY USA – also having received the e-filed notice of dismissal on the morning of February 19 -- filed a declaratory judgment complaint in the Northern District of California. *See* Kong Decl. Ex. 12. ABBYY USA has not served the summons or complaint on Nuance. *See id.* ¶ 13.

**III.**    **ARGUMENT**

    **A.**    **A Transfer or Stay Pursuant to the First to File Rule Is Appropriate**

    The first to file rule should be applied here to prevent the waste of judicial resources and the possibility of inconsistent judgments.

    **1.**    **Applicable Legal Standard**

    The "first to file" rule "is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, No. 00-3183, 2001 WL 897453 *3 (6th Cir. July 31, 2001) (unreported); *see Barber-Green Co. v. Blaw-Know Co.*, 239 F.2d 774, 778 (6th Cir. 1957) ("When the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated . . . as authorized to proceed with the cause."). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D. Ohio 1999) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). As stated by the Supreme Court:

> The manufacturer charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart.

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185 (1952).

Pursuant to the first to file rule, a district court is authorized to dismiss, transfer or stay the second-filed action. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (cited by the Sixth Circuit in *Zide Sport Shop*). "[T]he first to file rule was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* at 625 (citation omitted). District Court application of the first to file rule is discretionary because "circumstances and modern judicial reality, however, may demand that we follow a different approach from time to time . . . ." *Church of Scientology of California v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citation omitted).

In determining whether to apply the first to file rule, District courts consider: (1) the chronology of the actions (*i.e.*, which action was filed first); (2) the similarity of the parties; and (3) the similarity of the issues in each case. *See Plating Resources*, 47 F.Supp.2d at 904 (determining that the chronology of the filings should not be ignored despite the fact that the second-filed case was filed only hours after the first-filed case); *Alltrade*, 946 F.2d at 625.

### 2.    The First to File Rule Should Be Applied Here

A transfer or stay of this action pursuant to the first to file rule is appropriate here because all prerequisites are met:

- Nuance filed the infringement complaint in the Central District of California **before** Lexmark filed the declaratory judgment complaint in this action;

- Nuance and Lexmark are named parties in **both** actions; and

- The issues of fact and law raised in the respective actions are **identical**.

The co-pending actions present the quintessential scenario for which the first to file rule was created. A transfer or stay is necessary, under these circumstances, to conserve judicial resources. A transfer or stay is also necessary to preclude the possibility of inconsistent judgments and claim constructions that will loom over the actions, and to prevent the parties from incurring substantial additional fees and costs. *See, e.g. Hunter Eng'g Co. v. ACCU Indus.*, 245 F.Supp.2d 761, 776 (E.D. Va. 2002) (transferring, among other reasons, to avoid the "risk of inconsistent claim construction").

Moreover, a transfer or stay will facilitate the comprehensive disposition of litigation. The first-filed Central District of California action, aside from the patent claims against Lexmark, involves allegations that ABBYY and ABBYY USA infringe the same five patents. In fact, at least some of Lexmark's products infringe, in part, because they incorporate ABBYY's infringing OCR software in its accused products. Also included in that action are claims that ABBYY USA has and continues to 1) act in violation of 15 U.S.C. § 1125(a) by infringing Nuance's trade dress; 2) commit common law trade dress infringement; 3) commit common law unfair competition; 4) act in violation of California Business and Professions Code section 17200 et seq.; and 5) commit false and deceptive advertising under California law. These claims implicate the same ABBYY products accused of infringing the Patents in Suit. In addition, ABBYY USA has asserted antitrust counterclaims against Nuance. Thus, the disposition of the Central District of California action will, in addition to disposing of the patent claims asserted in this action, allow Nuance and the accused infringers, including Lexmark, to resolve all of their disputes in a consolidated proceeding in a single forum.

In addition to the overarching considerations, there are no equitable considerations that prevent application of the first to file rule. There is no prejudice to Lexmark that results from the action filed in the Central District of California. In fact, the substantive patent law is identical in either Court. Nuance filed the Central District of California action following an unforeseeable injury to Judge Shabaz in the Western District of Wisconsin – an injury that left considerable doubt regarding the time-to-trial for newly filed cases in the Western District of Wisconsin, all of which were transferred to Judge Crabb. Nuance acted in good faith to ensure that its claims would proceed to trial in a predictable period of time, rather than remain in limbo. Nuance is aware of no authority that deems speed to trial as an inequitable consideration for a plaintiff. To the contrary, as noted above, counsel for Lexmark's co-defendant ABBYY USA touts speed to trial as a laudable consideration for patent owners.

Accordingly, a transfer or stay pursuant to the first to file rule is appropriate. *See, e.g., Smithers-Oasis Co. v. Clifford Sales & Mktg.*, 194 F.Supp.2d 685, 687-88 (N.D. Ohio 2002) (holding that transfer was appropriate pursuant to the first to file rule).

**B.     Transfer Pursuant to 28 U.S.C. 1404(a) Is Also Appropriate**

In the alternative, this action should be transferred to the Central District of California pursuant to section 1404(a) of Title 28.

**1.     Applicable Legal Standard**

When an action could be properly filed in more than one district, section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). "Congress intended to give district courts discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citation omitted). Factors that weigh in the determination include "the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation." *See Micron Tech., Inc. v. MOSAID Techs., Inc.*, No. 2007-1080, 2008 WL 540182 at *6 (Fed. Cir. Feb. 29, 2008).

District courts use a two step analysis to determine whether a transfer is proper. The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). If venue would be appropriate in the transferee court, then the court must make an individualized, case-by-case consideration of convenience and fairness. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (identifying factors to consider, including plaintiff's choice of forum, the state that is most familiar with the governing law; contacts with the forum; the contacts relating to plaintiff's cause of action in the chosen forum; the differences in the costs

of litigating in the two forums; availability of compulsory process to compel attendance of unwilling nonparty witnesses; and ease of access to sources of proof).

### 2.    This Action Should Be Transferred Pursuant to Section 1404(a)

The circumstances here also allow this Court to transfer this action to the Central District of California pursuant to section 1404(a). Venue is appropriate in the Central District of California, a district where Lexmark maintains substantial contacts, including dozens of distributors and end customers that likely number in the tens of thousands.

Beyond proper venue, the interests of justice would be served by a transfer or stay because, as stated above, the first-filed action in the Central District of California involves infringement allegations against Lexmark that are identical to those in this case. In addition, Nuance's infringement allegations against Lexmark rely, in part, on Lexmark's use of ABBYY's infringing OCR software. Transfer to the Central District of California, where ABBYY is already a named party, would provide an opportunity to consolidate the trial of these redundant issues of fact and law. *See, e.g., Encyclopedia Britannica v. Magellan Navigation*, 512 F.Supp.2d 1169, 1177 (W.D. Wis. 2007) (transferring the case to another district where related litigation was pending in the interest of justice). Aside from the patent claims, the Central District of California action will also dispose of Nuance's non-patent claims against ABBYY USA, which are not at issue in this action. The Central District of California action is the *only* action that includes all the parties accused of infringing the Nuance patents – ABBYY, ABBYY USA and Lexmark – as well as all of the claims and counterclaims.

If this action were to proceed in parallel with the Central District of California action, judicial resources would be unduly wasted, the parties would bear significant additional costs, and the possibility of inconsistent verdicts would loom. *See Continental Grain Co. v. FBL-585,* 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.").

The balance of the convenience factors also weighs in favor of transfer. For example, one of these factors is the plaintiff's choice of forum. *See Jones*, 211 F.3d at 498. As discussed above, one of the criteria weighed by Nuance when identifying a forum for its patent infringement action against Lexmark, ABBYY and ABBYY USA was speed to trial. Consequently, Nuance filed in the Western District of Wisconsin, and later in the Central District of California. Nuance's choice of venue was not made in bad faith, nor was it made to disadvantage the defendants; thus, its preference should be afforded due weight.

Several other convenience factors also weigh in favor of transfer. For example, the state that is most familiar with the governing law is a factor that weighs in favor of transfer: the Central District of California will be more familiar with the California state law claims alleged against ABBYY USA. *See* William L. Stern, Bus. & Prof. Code § 17200 Practice, 3:53 ("California's § 17200 is unique among the various state 'Little FTC Acts' in prohibiting 'unlawful' conduct."). Another factor is contacts relating to the claims in the chosen forum: Lexmark maintains substantial contacts in the Central District of California, including distributors who sell accused products and customers who purchased accused products.

The first-filed case in the Central District of California is the only case that includes all the parties accused of infringing the Nuance patents, and includes all the claims at issue. In light of the convenience factors, and the efficiencies that could be gained by consolidation, the Central District of California is the most suitable forum for this case. Accordingly, transfer is also warranted pursuant to section 1404(a).[3]

---

[3] Regardless of how the convenience factors are resolved, "it is well established that the interest of justice is a factor to be considered on its own and an important one, and that the interest of justice *may be decisive* in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction." *In re Medrad, In.,* 215 F.3d 1341 (Fed. Cir 1999) (unpublished) (emphasis added) (citing WRIGHT & MILLER, Federal Practice and Procedure § 3854).

IV.    **CONCLUSION**

A transfer or stay of this action is necessary at this time, otherwise two district courts will concurrently exercise jurisdiction over the same parties regarding the same dispute. Both courts will consider identical issues of fact and law both on the merits of the claims and on any other issues that arise during the course of the proceedings, including discovery disputes. This outcome would waste judicial resources, raise the risk of inconsistent judgments, and significantly increase litigation costs incurred by the parties. Accordingly, a transfer or stay of this action is necessary and appropriate at this time.

Respectfully submitted,

/s/ W. Craig Robertson III

W. Craig Robertson III
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012

Julie M. Holloway
WILSON, SONSINI, GOODRICH & ROSATI
650 Page Mill Road,
Palo Alto, CA 94304.

Tung-On Kong
WILSON, SONSINI, GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

ATTORNEYS FOR DEFENDANT
NUANCE COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

- **Eugene A. Feher**
  eafeher@mintz.com

- **Robert R. Gilman , Jr**
  rrgilman@mintz.com

- **Paul J. Hayes**
  pjhayes@mintz.com

- **Steven Brian Loy**
  steven.loy@skofirm.com,molly.stephens@skofirm.com

s/ W. Craig Robertson III

_____

*Counsel for Defendant*

30482075.1

EXHIBIT 7

**Subject:** Activity in Case 5:08-cv-00092-KKC Lexmark International, Inc. v. Nuance Communications, Inc. Notice of Voluntary Dismissal

**From:** cm_ecf@kyed.uscourts.gov [mailto:cm_ecf@kyed.uscourts.gov]
**Sent:** Tuesday, March 25, 2008 3:01 PM
**To:** cm_d_ecf@kyed.uscourts.gov
**Subject:** Activity in Case 5:08-cv-00092-KKC Lexmark International, Inc. v. Nuance Communications, Inc. Notice of Voluntary Dismissal

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**Eastern District of Kentucky**

**Notice of Electronic Filing**

The following transaction was entered by Loy, Steven on 3/25/2008 at 3:01 PM EST and filed on 3/25/2008
**Case Name:**       Lexmark International, Inc. v. Nuance Communications, Inc.
**Case Number:**     5:08-cv-92
**Filer:**           Lexmark International, Inc.
**Document Number:** 15

**Docket Text:**
**NOTICE of Voluntary Dismissal by Lexmark International, Inc. (Loy, Steven)**

**5:08-cv-92 Notice has been electronically mailed to:**

Eugene A. Feher    eafeher@mintz.com

Robert R. Gilman , Jr    rrgilman@mintz.com

Paul J. Hayes    pjhayes@mintz.com

Steven Brian Loy    steven.loy@skofirm.com, molly.stephens@skofirm.com

W. Craig Robertson , III    wrobertson@wyattfirm.com, hdabney@wyattfirm.com, smcintyre@wyattfirm.com

**5:08-cv-92 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1033394914 [Date=3/25/2008] [FileNumber=1292514-0
] [03f11ff927815009dc29136db493b4565db33b70e1b279381ddc420b1a2d3ccbafe
9cc6e590fc61404c0b5adf7163c8e5d361a79c50bbb2e18dbc99bf3d390df]]

===========================================================================
This message is a confidential communication and may be protected by attorney-client privilege.
If you believe that it has been sent to you in error, do not read it.
Please reply to the sender that you received the message in error, then delete it.   Thank you.
===========================================================================

4/14/2008

EXHIBIT 8

# *Legal*Metric®

## LegalMetric District Judge Report

## Northern District of California

### Patent Cases

### January, 1991 to May, 2007



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

1

# Table of Contents

Overview .................................................................................................................. 3
Breakdown by Judge and Division ......................................................................... 4
Divisional Comparisons .......................................................................................... 6
What are the Odds—Terminations on the Merits .................................................. 8
Patentee Win Rate By Judge ................................................................................ 10
Breakout of Patentee & Accused Infringer Win Rate Statistics .......................... 12
All Parties—All Terminations on the Merits ....................................................... 13
Decisions on Involuntary Motions to Dismiss—By Judge ................................... 14
Dispositions by Summary Judgment ..................................................................... 14
Case Outcomes ...................................................................................................... 16
Bench Trials—Number By Judge ......................................................................... 18
Jury Trials—Number By Judge ............................................................................ 18
Terminations by Transfer—Number By Judge ..................................................... 19
Trials—District-Wide By Prevailing Party and Trial Type ................................. 20
How Long?—Time to Termination ........................................................................ 22
Average Pendency for All Terminations on the Merits—By Active Judge........... 26
Average Pendency for Bench Trials—By Active Judge ......................................... 27
Average Pendency for Jury Trials—By Active Judge ........................................... 27
Average Pendency for Cases Terminated by Summary Judgment—By Active
Judge ..................................................................................................................... 28
Average Pendency for Cases Terminated by Transfer—By Active Judge............. 29
Appeals .................................................................................................................. 30
Jury Demands ........................................................................................................ 39
Experience ............................................................................................................. 40
Total Number of Patent Cases—By Judge ........................................................... 40
Total Number of Cases with Claim Construction Activity—By Judge ................. 41
Cases with Summary Judgment Activity—By Active Judge ................................. 42
Cases with Transfer Activity—By Active Judge ................................................... 46
Cases with Preliminary Injunction Activity—By Active Judge ........................... 50

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Overview

This report covers the patent cases of the active judges in the Northern District of California from January, 1991 to May, 2007. Cases of inactive judges are not included. For purposes of this report, senior judges who have not been assigned a patent case for the past two years are considered inactive.

| | |
|---|---|
| **Total Patent Cases:** 1682 Total/1527 Closed<br>    Number of Cases, each Judge: 2 to 216<br>    (Average 105 per Judge) | **Total Judgments on the Merits: 323**<br>    Each Judge: 0 to 59 |

| | |
|---|---|
| **Average Patentee Win Rate:** 54%<br><br>**Contested Win Rate:** 19.0% (34 of 179)<br>    (does not include consent and default judgments)<br><br>**Number of Trials:** 36<br>    Number, each Judge: 0 to 8<br>    Patentee Win Rate at Trial: 61% | <br>(Larger Version in Body of Report) |
| **Average Time to Termination—All Cases:** 15.6 months<br>    Average by Judge from 10.2 to 20.0 months<br><br>**Average Time to Termination—On the Merits:** 23.0 months<br>    Average by Judge from 11.8 to 30.2 months<br><br>**Summary Judgment Activity:** 1762 summary judgment motions<br>    Activity by Judge: 2 Motions to 213 Motions<br><br>**Markman/Claim Construction:** 656 Cases<br>    Activity by Judge: 2 Cases to 66 Cases | <br>(Larger Version in Body of Report)<br><br>**Total Appeals:** 176<br><br>**Complete Affirmance Rate:** 60.8% (62 of 102) |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

3

## Breakdown by Judge and Division

The chart below illustrates the total number of patent cases by active judges in the District.



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The breakdown of patent cases by division is illustrated in the following chart:



**Total Patent Cases, by Division**

MDL, 4

San Jose, 501

San Francisco, 895

Oakland, 282

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Divisional Comparisons



**Overall Win Rates:** The win rate for the District was 54%. The variation by division is shown in the chart to the left. Overall win rate includes consent and default judgments.



**Contested Win Rates:** The contested win rate (excludes consent and default judgments) for the District was 19.0%. The variation by division can be seen in the chart to the left.



**Win Rate at Trial:** The win rate at trial for the District was 61%. The variation by division can be seen in the chart to the left.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

6



**Complete Affirmance Rate:** The Complete Affirmance Rate (appeals affirmed with no other action, divided by the total number of appeals except for dismissed and pending appeals) for the district was 60.8%. The variation by division can be seen in the chart to the left.



**Time to Termination on the Merits:** The average time from case filing to termination on the merits (includes consent and default judgments) was 23.0 months. The variation by division can be seen in the chart to the left.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

7

## What are the Odds[1]—Terminations on the Merits

Of the 1527 closed patent cases in the Northern District of California in the period covered by this report, 21.2% were terminated on the merits, i.e., by trial, pre-trial motion, default or consent judgment. Patentees won 54% of those cases decided on the merits.

The following chart shows the patentee win rate for the active judges in the Northern District of California by year. The patentee win rate for the active judges should be compared with the historical nationwide win rate of 59%.
1991 – 2007



The figures given are for "patentees", rather than "plaintiffs". These figures take into account those declaratory judgment cases where the plaintiff is not the patentee.

---

[1] If there were any cases in which both parties prevailed (for example, the plaintiff prevailed on its complaint and the defendant prevailed on an unrelated counterclaim), such a case is counted as one-half of a "win" for plaintiff and one-half of a "win" for defendant. Fractional numbers of "wins", therefore, can occur.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The actual numbers of patentee "wins" versus total terminations on the merits from 1991 through 2007 by the currently active judges are as follows:

| Year | Patentee Wins | Total Decisions | Patentee Win Rate |
|------|---------------|-----------------|-------------------|
| 1991 | 8  | 8  | 100 |
| 1992 | 2  | 3  | 67  |
| 1993 | 9  | 11 | 82  |
| 1994 | 12 | 17 | 71  |
| 1995 | 5  | 7  | 71  |
| 1996 | 7  | 13 | 54  |
| 1997 | 5  | 14 | 36  |
| 1998 | 15 | 28 | 54  |
| 1999 | 13 | 21 | 62  |
| 2000 | 15 | 29 | 52  |
| 2001 | 12 | 23 | 52  |
| 2002 | 17 | 30 | 57  |
| 2003 | 14 | 24 | 58  |
| 2004 | 12 | 18 | 67  |
| 2005 | 10 | 28 | 36  |
| 2006 | 15 | 32 | 47  |
| 2007 | 3  | 17 | 18  |

The total number of terminations on the merits per year by the currently active judges during the same period in the Northern District of California is shown in the following chart:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Patentee Win Rate By Judge

For the district as a whole the patentee win rate for these active judges over this period was 54%. The patentee win rate varies significantly from judge to judge over the period covered by this report—from 30% to 100%. For judges with at least ten terminations on the merits, the range is from 30% to 77%. The chart below illustrates these win rates for those judges with at least 1 termination on the merits.



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The following table provides the patentee win rate information for each active judge with at least 1 termination on the merits, along with the number of terminations on the merits by that judge in patent cases during this period.

| Judge | Number of Terminations on Merits | Patentee Win Rate |
|---|---|---|
| Average for the Court | 20 | 54 |
| Alsup | 18 | 50 |
| Armstrong | 16 | 62 |
| Breyer | 22 | 55 |
| Chesney | 13 | 77 |
| Fogel | 14 | 64 |
| Hamilton | 11 | 64 |
| Illston | 23 | 30 |
| Jenkins | 16 | 56 |
| Jensen | 25 | 48 |
| Patel | 17 | 35 |
| Walker | 27 | 44 |
| Ware | 33 | 55 |
| White | 4 | 100 |
| Whyte | 59 | 66 |
| Wilken | 25 | 40 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

# Breakout of Patentee & Accused Infringer Win Rate Statistics

## At Trial

Of the 1527 closed patent cases of the active judges in the Northern District of California during the period covered by this report, 36 were decided at trial. The patentee prevailed in 22 cases and the accused infringer prevailed in 14. The patentee won in 8 bench trials and 14 jury trials. The accused infringer won in 6 bench trials and 8 jury trials. In addition, the defendant prevailed on JMOL after trial in 2 cases.

The 14 patentee jury verdicts were before Judges Alsup (1), Armstrong (3), Breyer (1), Chesney (1), Illston (2), Jensen (2), Patel (1), Whyte (2), and Wilken (1).

The 8 accused infringer jury verdicts were before Judges Alsup (1), Illston (4), Ware (1), and Whyte (2).

The 8 bench trial terminations for the patentee were before Judges Hamilton (1), Jenkins (2), Ware (1), Whyte (2), and Wilken (2).

The 6 bench trial terminations for the accused infringer were before Judges Alsup (1), Illston (2), Patel (1), and Whyte (2).

## Patentee—Other Than Trial

There were 152 judgments on the merits in favor of the patentee other than by trial. Patentee prevailed in 120 cases by consent judgment, 20 cases by default judgment and 12 cases by summary judgment.

## Accused Infringer—Other Than Trial

There were 135 judgments on the merits in favor of the accused infringer other than by trial. The accused infringer prevailed in 3 cases by consent judgment, 1 case by default judgment, 33 cases by involuntary dismissal, 2 cases by judgment as a matter of law, 2 cases by other termination and 94 cases by summary judgment.

### All Parties—All Terminations on the Merits

All the terminations on the merits by active judges for the Northern District of California during this period are shown in the following table:

| District Terminations | Patentee | | Accused Infringer | |
|---|---|---|---|---|
| At Trial | 61% | ( 22 / 36 ) | 39% | ( 14 / 36 ) |
| Bench Trial | 57% | ( 8 / 14 ) | 43% | ( 6 / 14 ) |
| Jury Verdict | 64% | ( 14 / 22 ) | 36% | ( 8 / 22 ) |
| Consent Judgment[2] | 98% | ( 120 / 123 ) | 2% | ( 3 / 123 ) |
| Default Judgment | 95% | ( 20 / 21 ) | 5% | ( 1 / 21 ) |
| Involuntary Dismissal | 0% | ( 0 / 33 ) | 100% | ( 33 / 33 ) |
| Judgment as a Matter of Law | 0% | ( 0 / 2 ) | 100% | ( 2 / 2 ) |
| Other Termination | 0% | ( 0 / 2 ) | 100% | ( 2 / 2 ) |
| Summary Judgment | 11% | ( 12 / 106 ) | 89% | ( 94 / 106 ) |
| Overall (on the Merits) | 54% | ( 174 / 323 ) | 46% | ( 149 / 323 ) |

Patentees prevailed above the overall average (54%) in cases terminated by bench trial (57%), jury verdict (64%), consent judgment (98%), and default judgment (95%). Accused Infringers prevailed above the overall average (46%) in cases terminated by involuntary dismissal (100%), judgment as a matter of law (100%), other termination (100%), and summary judgment (89%).

Nationwide, patentees prevail in 59% of these cases overall, and in 59% of these cases at trial. (When trial was to a jury, patentee prevailed in 67% of these cases nationwide.) Conversely, accused infringers nationwide prevail in 41% of these cases overall, and in 41% of these cases at trial. (When trial was to a jury, accused infringer prevailed in 33% of these cases nationwide.)

---

[2] Consent judgments are presumed to be in favor of the plaintiff unless the docket indicates otherwise.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Decisions on Involuntary Motions to Dismiss—By Judge

The 33 involuntary dismissals for the accused infringers were decided by the active judges as shown in the following table. Judges omitted from this table had no decisions granting motions to dismiss during the period of time covered by this report.

| Judge | Number of Terminations on Merits | Involuntary Dismissals |
|-------|----------------------------------|------------------------|
| Alsup | 18 | 1 |
| Armstrong | 16 | 3 |
| Breyer | 22 | 3 |
| Chesney | 13 | 2 |
| Hamilton | 11 | 2 |
| Illston | 23 | 1 |
| Jenkins | 16 | 4 |
| Jensen | 25 | 2 |
| Patel | 17 | 5 |
| Walker | 27 | 1 |
| Ware | 33 | 4 |
| Whyte | 59 | 3 |
| Wilken | 25 | 2 |

Terminations by summary judgment are not included in these figures. See Dispositions by Summary Judgment section for those results.

## Dispositions by Summary Judgment

The 106 summary judgment dispositions were decided as indicated in the table below.

| Judge | Summary Judgment for Patentee | Summary Judgment for Accused Infringer |
|-------|-------------------------------|----------------------------------------|
| Alsup | 0 | 4 |
| Armstrong | 0 | 3 |
| Breyer | 0 | 7 |
| Fogel | 3 | 5 |
| Hamilton | 0 | 2 |
| Illston | 0 | 9 |
| Jenkins | 0 | 3 |
| Jensen | 1 | 11 |
| Patel | 0 | 5 |
| Walker | 0 | 12 |
| Ware | 0 | 8 |
| White | 1 | 0 |
| Whyte | 7 | 12 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

14

| Wilken | 0 | 13 |
|--------|---|----|

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

# Case Outcomes

Of the 1527 terminated cases,

- 9 (0.6%) were terminated by bankruptcy stay, with an average pendency of 18.3 months
- 123 (8.1%) were terminated by consent judgment, with an average pendency of 16.1 months
- 66 (4.3%) were terminated by consolidation, with an average pendency of 6.2 months
- 21 (1.4%) were terminated by default judgment, with an average pendency of 20.8 months
- 33 (2.2%) were terminated by involuntary dismissal, with an average pendency of 6.7 months
- 2 (0.1%) were terminated by judgment as a matter of law, with an average pendency of 68.8 months
- 18 (1.2%) were terminated for lack of jurisdiction, with an average pendency of 7.9 months
- 66 (4.3%) were terminated by miscellaneous settlement, with an average pendency of 16.2 months
- 48 (3.1%) were terminated by other miscellaneous termination, with an average pendency of 8.0 months
- 2 (0.1%) were terminated by referral to arbitration, with an average pendency of 16.0 months
- 10 (0.7%) were terminated by remand to state court, with an average pendency of 3.6 months
- 1 (0.1%) was terminated by remand to U.S. agency, with a pendency of 57.6 months
- 37 (2.4%) were terminated by stay, with an average pendency of 13.0 months
- 106 (6.9%) were terminated by summary judgment, with an average pendency of 32.9 months
- 67 (4.4%) were terminated by transfer, with an average pendency of 6.5 months
- 14 (0.9%) were terminated by bench trial, with an average pendency of 30.2 months
- 22 (1.4%) were terminated by jury trial, with an average pendency of 32.6 months
- 873 (57.2%) were terminated by voluntary dismissal, with an average pendency of 15.0 months
- 9 (0.6%) were terminated for want of prosecution, with an average pendency of 6.9 months

© Copyright 2007, LegalMetric, LLC. All Rights Reserved

The chart below illustrates the case outcomes for the Northern District of California in patent cases. The 873 voluntary dismissals are not included in the chart.



© Copyright 2007, LegalMetric, LLC. All Rights Reserved.

17

## Bench Trials—Number By Judge

For the active judges in the Northern District of California as a whole during the period covered by this report, there were 14 bench trials in patent cases. The following table shows which judges had bench trials in these cases and how many bench trials each had.

| Judge | Bench Trials for Patentee | Bench Trials for Accused Infringer |
|---|---|---|
| Alsup | 0 | 1 |
| Hamilton | 1 | 0 |
| Illston | 0 | 2 |
| Jenkins | 2 | 0 |
| Patel | 0 | 1 |
| Ware | 1 | 0 |
| Whyte | 2 | 2 |
| Wilken | 2 | 0 |

## Jury Trials—Number By Judge

There were 22 jury trials in these cases. The active judges who presided over jury trials in patent cases and the number of jury trials are as follows:

| Judge | Jury Trials for Patentee | Jury Trials for Accused Infringer |
|---|---|---|
| Alsup | 1 | 1 |
| Armstrong | 3 | 0 |
| Breyer | 1 | 0 |
| Chesney | 1 | 0 |
| Illston | 2 | 4 |
| Jensen | 2 | 0 |
| Patel | 1 | 0 |
| Ware | 0 | 1 |
| Whyte | 2 | 2 |
| Wilken | 1 | 0 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved.

## Terminations by Transfer—Number By Judge

There were 55 cases terminated by transfer in patent cases in the Northern District of California during the period covered by this report. The table below shows the number of terminations by transfer for each active judge that transferred at least 1 case.

| Judge | Cases Transferred |
|-------|-------------------|
| Alsup | 4 |
| Armstrong | 4 |
| Breyer | 5 |
| Chesney | 3 |
| Fogel | 4 |
| Hamilton | 5 |
| Illston | 1 |
| Jenkins | 4 |
| Jensen | 1 |
| Patel | 1 |
| Walker | 3 |
| Ware | 8 |
| White | 4 |
| Whyte | 6 |
| Wilken | 2 |

Note that this table does not include MDL Transfers.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Trials—District-Wide By Prevailing Party and Trial Type

Of the 323 cases with an identifiable winner, 36 went to trial. The patentee prevailed in 22 of these cases and the accused infringer prevailed in the other 14 cases.

The cases where the patentees prevailed at trial were:

| Case Number | Judge | Case Name | Resolution |
|---|---|---|---|
| 3:05cv02116 | Jenkins | Roche Palo Alto LLC et al v. Apotex, Inc. et al | Bench Trial |
| 4:03cv02549 | Armstrong | Johnson & Johnston Associates, Inc. v. R.E. Service Co., Inc. | Jury Verdict |
| 3:03cv00870 | Alsup | Keytrak, Inc v. Key Register, LLC et al | Jury Verdict |
| 3:03cv00521 | Illston | PostX Corporation v. Secure Data In Motion, Inc. et al | Jury Verdict |
| 4:02cv00710 | Wilken | Immersion Corporation v. Sony Computer Entertainment America Inc. et al | Bench Trial |
| 3:01cv04986 | Hamilton | Jumpsport, Inc. v. Jumpking, Inc. et al | Bench Trial |
| 3:01cv02214 | Jenkins | Syntex USA LLC et al v. Apotex Inc. et al | Bench Trial |
| 4:00cv04071 | Wilken | O2 Micro Intl. v. Monolithic Power | Jury Verdict |
| 4:00cv01826 | Jensen | DSU Medical Corp., et al v. JMS Co., Inc., et al | Jury Verdict |
| 3:00cv00989 | Chesney | Asian Communications, et al v. Zi Corporation, et al | Jury Verdict |
| 4:99cv05026 | Wilken | Telemac Corporation v. US/Intelicom Inc. | Bench Trial |
| 3:99cv03408 | Illston | Interface Design Grp, et al v. Diversified Data, et al | Jury Verdict |
| 5:97cv20666 | Whyte | Sunrise Telecom,Inc. v. Electrodata, Inc. | Jury Verdict |
| 3:97cv04382 | Breyer | Johnson & Johnston v. R E Service Co Inc, et al | Jury Verdict |
| 4:96cv04628 | Armstrong | Electro Scientific v. General Scanning Inc | Jury Verdict |
| 5:96cv20844 | Whyte | Portola Packaging In v. Scholle Corporation | Bench Trial |
| 4:95cv03577 | Jensen | Advanced Cardiovascu | Jury Verdict |

| | | v. Medtronic, Inc. | |
|---|---|---|---|
| 4:95cv03552 | Armstrong | R.E. Service Co.,Inc v. Johnson & Johnson | Jury Verdict |
| 5:92cv20414 | Whyte | Scholle Corporation v. Cap Snap Co., et al | Jury Verdict |
| 5:91cv20794 | Ware | Martin v. Marvlee, Inc. | Bench Trial |
| 5:91cv20061 | Whyte | Applied Materials v. Advanced Semiconduct | Bench Trial |
| 3:89cv02860 | Patel | E.I. Du Pont De Nemo v. Cetus Corporation | Jury Verdict |

The cases where the accused infringers prevailed at trial were:

| Case Number | Judge | Case Name | Resolution |
|---|---|---|---|
| 3:05cv01938 | Alsup | Chiron Corporation v. Sourcecf, Inc. et al | Bench Trial |
| 3:03cv02909 | Illston | Pixion,Inc. v. Placeware, Inc. | Jury Verdict |
| 3:02cv05524 | Illston | Szoka et al v. Woodle et al | Bench Trial |
| 3:02cv01426 | Illston | Mentor Graphics Corporation v. Quickturn Design Systems, Inc. et al | Jury Verdict |
| 5:01cv20291 | Ware | Zoltar Satellite v. Snaptrack Inc., et al | Jury Verdict |
| 3:01cv00016 | Alsup | Norian Corporation v. Stryker Corporation | Jury Verdict |
| 3:00cv01030 | Illston | Mentor Graphics Corp, et al v. Quickturn Design Sys, et al | Jury Verdict |
| 3:99cv05464 | Illston | Mentor Graphics Corp v. Quickturn Designs, et al | Jury Verdict |
| 5:98cv20148 | Whyte | Storage Technology v. EMC Corporation | Bench Trial |
| 3:95cv02838 | Illston | Sextant Avionique,SA v. Analog Devices Inc | Bench Trial |
| 5:94cv20567 | Whyte | Advanced Micro Devic, et al v. Altera Corporation | Jury Verdict |
| 3:94cv01633 | Patel | Linear Technology v. Micrel, Inc. | Bench Trial |
| 5:93cv20712 | Whyte | Cybor Corporation v. Fas Technologies, et al | Jury Verdict |
| 5:93cv20853 | Whyte | Advanced Semiconduct v. Applied Materials | Bench Trial |

## How Long?—Time to Termination

**Time to Termination[3] for Closed Cases:**

Average: ................................................................. 15.6 months
One-Third[4]: ........................................................... 6.3 months
One-Half[5]: ............................................................ 10.6 months
Two-Thirds[6]: ........................................................ 16.6 months
All[7]: ................................................................... 137.6 months
Average (on the merits): .......................................... 23.0 months
Jury Demand by Plaintiff Only-Average[8]: ............... 10.9 months
Jury Demand by Defendant Only-Average[9]: ............ 20.2 months
Jury Demand by Both Parties-Average[10]: ............... 18.9 months
No Jury Demand-Average[11]: ................................. 14.2 months

Some of these figures are illustrated in the chart below.



---

[3] Termination statistics in this report are measured from the filing of papers in federal court to the terminating event, usually voluntary dismissal or entry of judgment. This may vary from the date the file was closed due to post-trial and ministerial activity.
[4] The time it took for one-third of the total cases of this type to terminate, measured from the filing date in federal court.
[5] The time it took for one-half of the total cases of this type to terminate, measured from the filing date in federal court.
[6] The time it took for two-thirds of the total cases of this type to terminate, measured from the filing date in federal court.
[7] The time it took until all the closed cases of this type were terminated.
[8] The time it took, on average, for cases of this type to terminate where only the plaintiff demanded a jury.
[9] The time it took, on average, for cases of this type to terminate where only the defendant demanded a jury.
[10] The time it took, on average, for cases of this type to terminate where both parties demanded a jury.
[11] The time it took, on average, for cases of this type to terminate where neither party demanded a jury.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved          22

That is, one-third of the patent cases were terminated within 6.3 months of commencement of the case; one-half were terminated within 10.6 months of the commencement; two-thirds were terminated within 16.6 months of commencement; and all were terminated within 137.6 months of commencement. The average of all terminations was 15.6 months. The average time for a termination on the merits in these cases was 23.0 months.

### a. Terminations by Month

An overview of when terminations typically occur is found in the following chart, which shows the number of patent cases in the Northern District of California that were terminated per month, for the first two years after filing:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved.

**b. Terminations by Outcome**

Pendency usually varies by type of termination. For example, transfers typically occur much earlier in litigation than summary judgments.  The average case pendency for each type of outcome for patent cases in the Northern District of California is shown below.



### c. Terminations as a Function of Jury Demands

Many times pendency can be a function of which party or parties demand a jury. For example, in patent cases in the Northern District of California where only the patentee demands a jury, termination occurs on average in 10.9 months. Where only the accused infringer demands a jury, termination occurs on average in 20.2 months. Where both parties demand a jury, termination occurs on average in 18.9 months. And where neither party demands a jury, termination occurs on average in 14.2 months.



## Average Pendency for All Terminations on the Merits—By Active Judge

The average time from filing to termination on the merits in these cases was 23.0 months. There is considerable variation of average pendency by judge, ranging from 11.8 months for Judge Hamilton to 30.2 months for Judge Illston. The chart below shows the variation for average time to termination on the merits by judge.



© Copyright 2007. LegalMetric, LLC. All Rights Reserved

## Average Pendency for Bench Trials—By Active Judge

The average time from filing to termination by bench trial was 30.2 months. For those judges who had at least one patent case with a bench trial during this period, the average time from filing until termination by bench trial varied from 12.2 months for Judge Alsup to 63.4 months for Judge Patel.

| Judge | Number of Bench Trials | Average Time from Filing to Termination by Bench Trial (Months) |
|---|---|---|
| Average for the Court | 0.9 | 30.2 |
| Alsup | 1 | 12.2 |
| Hamilton | 1 | 26.9 |
| Illston | 2 | 32.6 |
| Jenkins | 2 | 23.1 |
| Patel | 1 | 63.4 |
| Ware | 1 | 37.9 |
| Whyte | 4 | 26.6 |
| Wilken | 2 | 32.4 |

## Average Pendency for Jury Trials—By Active Judge

The average time from filing to termination of patent cases by jury verdict in the Northern District of California was 32.6 months. By judge, average time to termination for jury verdicts ranged from 16.5 months for Judge Alsup to 68.2 months for Judge Ware. The chart below illustrates the variation among judges.

| Judge | Number of Jury Trials | Average Time from Filing to Termination by Jury Trial (Months) |
|---|---|---|
| Average for the Court | 1.4 | 32.6 |
| Alsup | 2 | 16.5 |
| Armstrong | 3 | 27.8 |
| Breyer | 1 | 21.0 |
| Chesney | 1 | 29.5 |
| Illston | 6 | 27.1 |
| Jensen | 2 | 51.4 |
| Patel | 1 | 18.9 |
| Ware | 1 | 68.2 |
| Whyte | 4 | 34.3 |
| Wilken | 1 | 60.2 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Average Pendency for Cases Terminated by Summary Judgment—By Active Judge

The average time from filing to termination by summary judgment in patent cases in the Northern District of California was 32.9 months. By judge, average time to termination for summary judgments ranged from 17.1 months for Judge Hamilton to 48.4 months for Judge Whyte. The table below illustrates the variation among judges.

| Judge | Number of Terminations by Summary Judgment | Average Time from Filing to Termination by Summary Judgment (Months) |
|---|---|---|
| Average for the Court | 6.6 | 32.9 |
| Alsup | 4 | 20.2 |
| Armstrong | 3 | 30.1 |
| Breyer | 7 | 21.7 |
| Fogel | 8 | 35.3 |
| Hamilton | 2 | 17.1 |
| Illston | 9 | 45.2 |
| Jenkins | 3 | 41.4 |
| Jensen | 12 | 26.4 |
| Patel | 5 | 25.3 |
| Walker | 12 | 25.5 |
| Ware | 8 | 26.1 |
| White | 1 | 18.7 |
| Whyte | 19 | 48.4 |
| Wilken | 13 | 32.5 |

**Average Pendency for Cases Terminated by Transfer—By Active Judge**

The average time from filing to termination by transfer in patent cases in the Northern District of California was 5.7 months. By judge, average time to termination for transfers ranged from 3.5 months for Judge Ware to 31.9 months for Judge Jensen. The table below illustrates the variation among judges.

| Judge | Cases Transferred | Average Time from Filing to Transfer (Months) |
|---|---|---|
| Average for the Court | 3.4 | 5.7 |
| Alsup | 4 | 4.5 |
| Armstrong | 7 | 8.2 |
| Breyer | 5 | 4.4 |
| Chesney | 4 | 8.5 |
| Fogel | 4 | 5.1 |
| Hamilton | 7 | 4.9 |
| Illston | 2 | 17.3 |
| Jenkins | 4 | 11.9 |
| Jensen | 2 | 31.9 |
| Patel | 1 | 5.9 |
| Walker | 5 | 8.4 |
| Ware | 8 | 3.5 |
| White | 5 | 13.3 |
| Whyte | 6 | 7.1 |
| Wilken | 3 | 19.5 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Appeals

Of the 1527 closed patent cases of the active judges in the Northern District of California, 176 were appealed. There were rulings on 102 of these appeals. The Complete Affirmance Rate[12] for these appeals was 60.8% (62 of 102). The percentage affirmed at least in part was 84.3% (86 of 102). The percentage reversed at least in part was 25.5% (26 of 102). The percentage remanded at least in part was 30.4% (31 of 102). The percentage vacated at least in part was 16.7% (17 of 102).



---

[12] All percentages in this paragraph do not include dismissed or pending appeals. The Complete Affirmance Rate is the number of appeals which were affirmed with no other ruling, divided by the total number of appeals expressed as a percentage.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

Of the 176 total appeals, 62 were affirmed; 3 were affirmed in part, dismissed in part; 2 were affirmed in part, reversed in part; 8 were affirmed in part, reversed in part and remanded; 6 were affirmed in part, reversed in part, vacated in part and remanded; 1 was affirmed in part, vacated in part; 4 were affirmed in part, vacated in part and remanded; 48 were dismissed; 26 are pending; 2 were reversed; 8 were reversed in part and remanded; 1 was vacated; and 5 were vacated in part and remanded. The results of those appeals are shown in the following table:

| Case Name | Case Number | Judge | Result of Appeal |
|---|---|---|---|
| Intel Corporation et al v. Commonwealth Scientific and Industrial Research Organisation | 3:05cv01886 | Jenkins | Affirmed in part, Dismissed in part |
| Microsoft Corporation et al v. Commonwealth Scientific & Industrial Research Organisation | 3:05cv01894 | Jenkins | Affirmed in part, Dismissed in part |
| Immersion Corporation v. Sony Computer Entertainment America Inc. et al | 4:02cv00710 | Wilken | Affirmed in part, Dismissed in part |
| Norian Corporation v. Stryker Corporation | 3:01cv00016 | Alsup | Affirmed in part, Reversed in part and Remanded |
| Syntex USA LLC et al v. Apotex Inc. et al | 3:01cv02214 | Jenkins | Affirmed in part, Reversed in part and Remanded |
| Linear Technology v. Migrel, Inc. | 3:94cv01633 | Patel | Affirmed in part, Reversed in part and Remanded |
| Northern Telecom v. Samsung Electronic, et al | 3:95cv00449 | Jenkins | Affirmed in part, Reversed in part and Remanded |
| Linear Technology v. Impala Linear Corp., et al | 3:98cv01727 | Walker | Affirmed in part, Reversed in part and Remanded |
| Pickholtz v. Rainbow Technologies, et al | 3:98cv02661 | Breyer | Affirmed in part, Reversed in part and Remanded |
| Applied Materials v. Advanced Semiconduct | 5:91cv20061 | Whyte | Affirmed in part, Reversed in part and Remanded |
| Advanced Micro Devic, et al v. Altera Corporation | 5:94cv20567 | Whyte | Affirmed in part, Reversed in part and Remanded |
| Animatics Corp v. Quicksilver Controls, et al | 3:99cv05133 | Alsup | Affirmed in part, Reversed in part, Vacated in part and Remanded |
| LG Electronics, Inc et al v. Bizcom Electronics, Inc. et al | 4:01cv01375 | Wilken | Affirmed in part, Reversed in part, Vacated in part and Remanded |

© Copyright 2007, LegalMetric, LLC. All Rights Reserved

| LG Electronics Inc v. Everex Systems Inc. et al | 4:01cv01552 | Wilken | Affirmed in part, Reversed in part, Vacated in part and Remanded |
|---|---|---|---|
| LG Electronics Inc. v. First International Computer Inc. et al | 4:01cv01594 | Wilken | Affirmed in part, Reversed in part, Vacated in part and Remanded |
| LG Electronics Inc. v. Q-Lity Computer Inc. et al | 4:01cv02187 | Wilken | Affirmed in part, Reversed in part, Vacated in part and Remanded |
| Apple Computer, Inc. v. Articulate Systems, et al | 5:96cv20421 | Ware | Affirmed in part, Reversed in part, Vacated in part and Remanded |
| Vigil v. Time-Warner, et al | 3:97cv04147 | Patel | Affirmed in part, Reversed in part |
| Hoffer v. Microsoft Corporation et al | 5:01cv20731 | Ware | Affirmed in part, Reversed in part |
| Storage Technology v. Cisco Systems, Inc. | 3:00cv01176 | Illston | Affirmed in part, Vacated in part and Remanded |
| Advanced Sterilizati v. Abtox, Inc. | 3:92cv05050 | Walker | Affirmed in part, Vacated in part and Remanded |
| Genentech, Inc. v. Amgen, Inc. | 3:96cv03752 | Alsup | Affirmed in part, Vacated in part and Remanded |
| Globetrotter v. Elan Computer Group, et al | 5:98cv20419 | Fogel | Affirmed in part, Vacated in part and Remanded |
| Wiener v. NEC Electronic, et al | 5:91cv20843 | Ware | Affirmed in part, Vacated in part |
| Acco Brands Inc v. Micro Security Devic | 3:00cv02296 | Illston | Affirmed |
| Glaxo Wellcome Inc. v. IMPAX Laboratories | 3:00cv04403 | Patel | Affirmed |
| Composite Rotor, Inc, et al v. Beckman Couler, Inc., et al | 3:01cv02258 | Illston | Affirmed |
| Business Objects, S.A. v. Microstrategy, Inc. | 3:01cv03908 | Breyer | Affirmed |
| Jumpsport, Inc. v. Jumpking, Inc. et al | 3:01cv04986 | Hamilton | Affirmed |
| Postx Corporation v. Secure Data In Motion, Inc et al | 3:02cv04483 | Illston | Affirmed |
| Datamize LLC v. Plumtree Software Inc. | 3:02cv05693 | Walker | Affirmed |
| Pixion,Inc. v. Placeware, Inc. | 3:03cv02909 | Illston | Affirmed |
| Ultratech, Inc. v. Tamarack | 3:03cv03235 | Breyer | Affirmed |

| | | | |
|---|---|---|---|
| Scientific Co., Inc. | | | |
| Alza Corporation v. IMPAX Laboratories, Inc. | 3:03cv04032 | Walker | Affirmed |
| Transonic Systems, Inc. v. Fresenius USA, Inc. et al | 3:03cv04969 | Illston | Affirmed |
| Network Appliance, Inc. v. Bluearc Corporation | 3:03cv05665 | Patel | Affirmed |
| Monster Cable Products, Inc. v. The Quest Group | 3:04cv00005 | Patel | Affirmed |
| Berger et al v. Rossignol S.A. et al | 3:05cv02523 | Breyer | Affirmed |
| Self v. Brooks Equipment Co. | 3:91cv04008 | Walker | Affirmed |
| Southwall Tech Inc v. Cardinal I G Co | 3:92cv00827 | Jensen | Affirmed |
| Optimold,Inc. v. Auto-Rite Plastics, et al | 3:92cv01490 | Walker | Affirmed |
| NTN Communications v. Interactive Network | 3:92cv02211 | Jensen | Affirmed |
| Scimed Life Systems v. Advanced Cardiovascu | 3:94cv01932 | Jenkins | Affirmed |
| Bloomstein v. Paramount Pictures, et al | 3:95cv01864 | Patel | Affirmed |
| Sextant Avionique,SA v. Analog Devices Inc | 3:95cv02838 | Illston | Affirmed |
| Action Technologies v. Novell Systems, Inc | 3:95cv04093 | Walker | Affirmed |
| Raleigh v. Tyco Industries Inc | 3:96cv03964 | Patel | Affirmed |
| Reiffin v. Microsoft Corp | 3:98cv00266 | Walker | Affirmed |
| Aptix Corporation, et al v. Quickturn Design Sys | 3:98cv00762 | Alsup | Affirmed |
| Creative Technology, et al v. Aureal Semiconductor | 3:98cv00770 | Chesney | Affirmed |
| Kristar Enterprises v. Revel Environmental, et al | 3:98cv03094 | Breyer | Affirmed |
| Techsearch LLC v. Intel Corporation | 3:98cv03484 | Alsup | Affirmed |
| Peterson v. Microsoft Corp | 3:99cv01718 | Walker | Affirmed |
| Mini Micro Stencil v. Beam On Technology | 3:99cv05175 | Alsup | Affirmed |
| DSU Medical Corp., et al v. JMS Co., Inc., et al | 4:00cv01826 | Jensen | Affirmed |
| Resonate Inc. v. Alteon Web Systems, et al | 4:00cv03307 | Wilken | Affirmed |
| O2 Micro Intl. v. Monolithic Power | 4:00cv04071 | Wilken | Affirmed |
| Weres v. Weres | 4:03cv02738 | Wilken | Affirmed |
| Chicago Brand Industrial, Inc. v. Mitutoyo Corp. | 4:03cv04648 | Jensen | Affirmed |
| E-Pass Technologies, Inc. v. Visa International Service Association et al | 4:03cv04747 | Jensen | Affirmed |

| | | | |
|---|---|---|---|
| Safeclick, LLC v. VISA International Service Association, Inc. et al | 4:03cv05865 | Armstrong | Affirmed |
| E-Pass Technologies, Inc. v. palmOne, Inc. et al | 4:04cv00528 | Jensen | Affirmed |
| Quarton, Inc. v. Alpec Team, Inc., et al | 4:94cv00189 | Jensen | Affirmed |
| Bradley v. Chiron Corp., et al | 4:94cv04342 | Wilken | Affirmed |
| Oddzon Products Inc v. Just Toys, Inc., et al | 4:95cv01077 | Armstrong | Affirmed |
| Digital Biometrics v. Identix Inc., et al | 4:95cv01808 | Wilken | Affirmed |
| R.E. Service Co.,Inc v. Johnson & Johnson | 4:95cv03552 | Armstrong | Affirmed |
| Advanced Cardiovascu v. Medtronic, Inc. | 4:95cv03577 | Jensen | Affirmed |
| Electronics for Imag v. Radius Inc | 4:95cv04110 | Jensen | Affirmed |
| Electro Scientific v. General Scanning Inc | 4:96cv04828 | Armstrong | Affirmed |
| V Communications Inc v. Powerquest Corp | 4:97cv04085 | Armstrong | Affirmed |
| Telemac Cellular v. Topp Telecom Inc. | 4:98cv00022 | Wilken | Affirmed |
| Vartanian v. General Electric Co., et al | 4:98cv00248 | Jensen | Affirmed |
| Semitool, Inc. v. Novellus Systems Inc | 4:98cv03089 | Jensen | Affirmed |
| Insight Development v. Hewlett-Packard Co., et al | 4:98cv03349 | Wilken | Affirmed |
| Ishida Co., LTD. et al v. Taylor et al | 5:02cv01647 | Fogel | Affirmed |
| Patriot Scientific Corporation v. Moore et al | 5:04cv00618 | Fogel | Affirmed |
| Octel Communications, et al v. Theis Research Inc., et al | 5:92cv20217 | Whyte | Affirmed |
| Cybor Corporation v. Fas Technologies, et al | 5:93cv20712 | Whyte | Affirmed |
| Gilbarco, Inc. v. Octel Communications, et al | 5:94cv20780 | Ware | Affirmed |
| Biogenex Labs v. Biotek Solutions, et al | 5:96cv20151 | Fogel | Affirmed |
| Portola Packaging In v. Scholle Corporation | 5:96cv20844 | Whyte | Affirmed |
| GEN 17, Inc. v. Sun Microsystems, et al | 5:97cv20231 | Ware | Affirmed |
| Sunrise Telecom,Inc. v. Electrodata, Inc. | 5:97cv20666 | Whyte | Affirmed |
| Storage Technology v. EMC Corporation | 5:98cv20148 | Whyte | Affirmed |
| Budde v. Harley-Davidson,Inc., et | 5:98cv20447 | Fogel | Affirmed |

© Copyright 2007, LegalMetric, LLC. All Rights Reserved

| al | | | |
|---|---|---|---|
| Sinclair Int'l, et al v. FMC Corporation | 3:00cv00876 | Jenkins | Dismissed |
| Mentor Graphics Corp. et al v. Quickturn Design Systems et al | 3:00cv01055 | Illston | Dismissed |
| FAS Technologies,LTD, et al v. Dainippon Screen MFG | 3:00cv01879 | Breyer | Dismissed |
| Cohesion Tech v. Fusion Medical | 3:01cv01082 | Walker | Dismissed |
| Indivos Corporation v. Biometric Access Corporation | 3:01cv01680 | Alsup | Dismissed |
| Applied Materials, Inc. v. Semitool, Inc. | 3:01cv02973 | Alsup | Dismissed |
| Sandisk Corporation v. Samsung Electronics Co., Ltd | 3:02cv02069 | Jenkins | Dismissed |
| TV Interactive Data Corporation v. Microsoft Corporation | 3:02cv02385 | White | Dismissed |
| Centocor, Inc. et al v. Medimmune, Inc. | 3:02cv03252 | Breyer | Dismissed |
| Vigil v. The Walt Disney Company et al | 3:02cv04002 | Patel | Dismissed |
| Keytrak, Inc v. Key Register, LLC et al | 3:03cv00870 | Alsup | Dismissed |
| IDN Technologies LLC v. Verisign, Inc. | 3:03cv00929 | Hamilton | Dismissed |
| Quicksilver Controls, Inc. v. Animatics Corporation et al | 3:03cv03384 | Alsup | Dismissed |
| Funai Electric Company, Ltd. v. Daewoo Electronics Corporation et al | 3:04cv01830 | Breyer | Dismissed |
| Intellisync Corporation v. NCR Corporation | 3:04cv03804 | Hamilton | Dismissed |
| Synopsys, Inc. v. Magma Design Automation | 3:04cv03923 | Chesney | Dismissed |
| Chiron Corporation v. Sourcecf, Inc. et al | 3:05cv01938 | Alsup | Dismissed |
| Bookham, Inc. v. Unaxis Balzers AG et al | 3:06cv00885 | Chesney | Dismissed |
| Surgical Dynamics v. Allen, et al | 3:91cv00917 | Patel | Dismissed |
| Larabell, et al v. CompuPlus, Inc. et al | 3:94cv01372 | Walker | Dismissed |
| Interactive Network v. NTN Communications | 3:94cv01605 | Wilken | Dismissed |
| Int'l Nutrition, et al v. Interhealth Nutritio, et al | 3:97cv00377 | Jenkins | Dismissed |
| Kaiser Foundation, et al v. Biomedical Patent MC | 3:97cv03211 | Chesney | Dismissed |
| Marin Mountain Bikes v. Cannondale Corp | 3:97cv03987 | Breyer | Dismissed |
| Yamaichi Electronics, et al v. Enplas Corporation, et al | 3:97cv04388 | Jenkins | Dismissed |

| Hewlett/Packard Co. v. Cooper, et al | 3:98cv01429 | Illston | Dismissed |
|---|---|---|---|
| Liberty v. Nouls | 3:98cv03078 | Walker | Dismissed |
| Interface Design Grp, et al v. Diversified Data, et al | 3:98cv03932 | Illston | Dismissed |
| Graham v. Gun-Munro | 3:99cv04064 | Breyer | Dismissed |
| Tinkers & Chance v. Zowie Intertainment | 3:99cv04733 | Patel | Dismissed |
| Intouch Group, Inc. v. Amazon.com, Inc., et al | 4:00cv01156 | Jensen | Dismissed |
| VMWare, Inc. v. Microsoft Corporation et al | 4:02cv03705 | Wilken | Dismissed |
| Fresenius USA, Inc. et al v. Baxter International Inc. et al | 4:03cv01431 | Armstrong | Dismissed |
| Large Scale Biology Corporation v. Prodigene, Inc. | 4:04cv02069 | Armstrong | Dismissed |
| Seed Lighting Design Co., Ltd. v. Home Depot et al | 4:04cv02291 | Armstrong | Dismissed |
| Sony Corp. v. Funai Electric Co Lt, et al | 4:93cv03676 | Armstrong | Dismissed |
| Laser Industries,Ltd, et al v. Reliant Technologies | 4:96cv00390 | Wilken | Dismissed |
| Industri Ab Thule v. Yakima Products, Inc | 4:96cv01299 | Armstrong | Dismissed |
| Chiron Corporation v. Agouron Pharmaceutic | 4:98cv02995 | Wilken | Dismissed |
| Video Processing v. For-A Company, et al | 5:91cv20430 | Ware | Dismissed |
| Orbot Systems, Ltd. v. KLA Instruments Corp | 5:92cv20676 | Ware | Dismissed |
| Xilinx Inc v. Altera Corporation | 5:93cv20409 | Ware | Dismissed |
| Advanced Semiconduct v. Applied Materials | 5:93cv20853 | Whyte | Dismissed |
| Pure Software Inc v. Centerline Software | 5:93cv20946 | Whyte | Dismissed |
| Kenetech Windpower v. New World Power Corp, et al | 5:95cv20067 | Whyte | Dismissed |
| Origin Medsystems v. General Surgical | 5:96cv20424 | Ware | Dismissed |
| Ishida Co., Ltd., et al v. Taylor, et al | 5:98cv20418 | Fogel | Dismissed |
| Acco Brands Inc v. Compu-Lock Inc | 5:98cv20498 | Fogel | Dismissed |
| Carnegie Mellon v. Hoffmann-La Roche, et al | 3:01cv00415 | Illston | Pending |
| PostX Corporation v. Secure Data in Motion, Inc. et al | 3:03cv00521 | Illston | Pending |
| Aharonian v. Ashcroft | 3:04cv05190 | Patel | Pending |
| Roche Palo Alto LLC et al v. Apotex, Inc. et al | 3:05cv02116 | Jenkins | Pending |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

| | | | |
|---|---|---|---|
| The Regents of the University of California et al v. Dakocytomation California Inc. | 3:05cv03955 | Patel | Pending |
| General Atomics, Gen-Probe Laboratories Limited (&quot;General Atomics&quot;) v. Axis-Shield ASA | 3:05cv04074 | Illston | Pending |
| Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc. et al | 3:05cv04158 | Patel | Pending |
| Micromesh Technology Corporation v. Columbia Sportswear Company | 3:05cv06031 | Breyer | Pending |
| Carnegie Mellon Univ, et al v. Hoffman-La Roche, et al | 3:95cv03524 | Illston | Pending |
| Memc Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corporation et al | 4:01cv04925 | Armstrong | Pending |
| Morrow v. Microsoft Corporation | 4:03cv04739 | Wilken | Pending |
| Sharper Image Corporation v. The May Department Stores Company et al | 4:04cv00824 | Wilken | Pending |
| Zoltar Satellite v. Snaptrack Inc., et al | 5:01cv20291 | Ware | Pending |
| Dolby Laboratories, Inc. et al v. Lucent Technologies, Inc. | 5:01cv20709 | Fogel | Pending |
| Cygnus Telecommunications Technology v. Dial-Thru International | 5:02cv00142 | Whyte | Pending |
| Cygnus Telecommunications Technology, LLC v. Globalphone Corp. | 5:02cv05437 | Whyte | Pending |
| Cygnus Telecommunications Technology v. Telesys Communications, LLC | 5:03cv03378 | Whyte | Pending |
| Cygnus Telecommunications Technology, LLC v. United World Telecom, L.C. | 5:03cv03596 | Whyte | Pending |
| Cygnus Telecommunications Technology, LLC v. World Link Companies et al | 5:03cv04003 | Whyte | Pending |
| Hill Design Group v. Spring Wang et al | 5:04cv00521 | Fogel | Pending |
| Cygnus Telecommunications Technology, LLC v. Heritage Communications Corporation, Inc. | 5:04cv03001 | Whyte | Pending |
| Cygnus Telecommunications Technology, LLC v. AT&T Corp. | 5:04cv04247 | Whyte | Pending |

| Cygnus Telecommunications Technology, LLC v. AmeriCom Communications et al | 5:04cv04359 | Whyte | Pending |
|---|---|---|---|
| Sandisk Corporation v. Audio MPEG, Inc. | 5:06cv02855 | Whyte | Pending |
| Micron Technology, Inc. v. Mosaid Technologies Incorporated | 5:06cv04496 | Fogel | Pending |
| In Re: Cygnus Telecommunications Technology | m:02cv01423 | Whyte | Pending |
| Sunrace Roots Ent Co, et al v. Sram Corporation | 3:00cv03217 | Walker | Reversed in part and Remanded |
| Space Systems/Loral v. Lockheed Martin Corp, et al | 3:96cv06418 | Illston | Reversed in part and Remanded |
| Elan Pharmaceuticals, et al v. Mayo Foundation For | 3:99cv04464 | Alsup | Reversed in part and Remanded |
| Ultratech Stepper v. Canon, Inc., et al | 4:00cv04069 | Jensen | Reversed in part and Remanded |
| S3 Incorporated v. Nvidia Corporation | 4:98cv01938 | Armstrong | Reversed in part and Remanded |
| Cygnus Telecommunications Technology v. TotalAxcess.com Inc. | 5:01cv20565 | Whyte | Reversed in part and Remanded |
| In re: Yukiyo Patent Lit. | 5:93cv20191 | Ware | Reversed in part and Remanded |
| Asyst Technologies v. Empak Corporation, et al | 5:98cv20451 | Fogel | Reversed in part and Remanded |
| Johnson & Johnston v. R E Service Co Inc, et al | 3:97cv04382 | Breyer | Reversed |
| Dainippon Screen Mfg, et al v. CFMT, Inc., et al | 5:97cv20270 | Ware | Reversed |
| Sandisk Corporation v. Memorex Products, Inc. et al | 3:01cv04063 | Walker | Vacated in part and Remanded |
| Plumtree Software, Inc. v. Datamize, L.L.C. | 3:04cv02777 | Walker | Vacated in part and Remanded |
| Hoffmann-La Roche, et al v. Promega Corporation | 3:93cv01748 | Walker | Vacated in part and Remanded |
| E-Pass Technologies v. 3COM, INC., et al | 4:00cv02255 | Jensen | Vacated in part and Remanded |
| Sandisk Corporation v. STMicroelectronics, Inc. et al | 5:04cv04379 | Fogel | Vacated in part and Remanded |
| Target Therapeutics, et al v. Scimed Life Systems, et al | 4:96cv02837 | Jensen | Vacated |

© Copyright 2007, LegalMetric, LLC. All Rights Reserved

## Jury Demands

Of the 1682 patent cases (both open and closed) of the active judges in the Northern District of California, at least one of the parties demanded a jury in 87.2% of the cases (1467 of 1682 cases). Both sides demanded a jury in 46.0% of the cases (774 of 1682). The patentee, but not the accused infringer, demanded a jury in 34.2% of the cases (576 of 1682). The accused infringer, but not the patentee, demanded a jury in 7.0% of the cases (117 of 1682). Neither party demanded a jury in 12.8% of the cases (215 of 1682). The chart below illustrates the jury demands in the Northern District of California for patent cases over this period.



## Experience

The active judges in the Northern District of California vary considerably in their exposure to patent cases in general and to significant motions in those cases.

## Total Number of Patent Cases—By Judge

There were 105 total patent cases for each active judge (on average). But the actual number of patent cases per judge varies significantly. The table below shows the total number of patent cases and total number of closed patent cases for each of these judges.

| Judge | Number of Patent Cases | Number of Closed Patent Cases |
|---|---|---|
| Average for the Court | 105 | 95 |
| Alsup | 86 | 81 |
| Armstrong | 118 | 108 |
| Breyer | 102 | 92 |
| Chesney | 94 | 85 |
| Fogel | 115 | 104 |
| Hamilton | 82 | 75 |
| Illston | 106 | 91 |
| Jenkins | 105 | 90 |
| Jensen | 78 | 78 |
| Patel | 112 | 98 |
| Schwarzer | 2 | 1 |
| Walker | 117 | 114 |
| Ware | 216 | 203 |
| White | 61 | 49 |
| Whyte | 173 | 156 |
| Wilken | 115 | 102 |

## Total Number of Cases with Claim Construction Activity—By Judge

There was claim construction activity in 656 of these patent cases. These figures do not include cases with summary judgment activity that may involve claim construction issues. The table below shows the number of cases with claim construction activity for each active judge.

| Judge | Number of Cases with Claim Construction Activity |
|-------|--------------------------------------------------|
| Alsup | 46 |
| Armstrong | 35 |
| Breyer | 45 |
| Chesney | 37 |
| Fogel | 40 |
| Hamilton | 35 |
| Illston | 55 |
| Jenkins | 48 |
| Jensen | 33 |
| Patel | 32 |
| Schwarzer | 2 |
| Walker | 52 |
| Ware | 66 |
| White | 19 |
| Whyte | 62 |
| Wilken | 49 |

## Cases with Summary Judgment Activity—By Active Judge

There were 1762 summary judgment motions filed in these cases. Of the 1762 summary judgment motions, 456 were denied, 24 were moot, 27 were dismissed, 359 were granted (2 uncontested), 128 were granted in part, denied in part,[13] 664 were not decided, 69 are open, 3 had undeterminable rulings, and 32 were withdrawn. The summary judgment figures are illustrated in the chart below.



---

[13] A ruling granting a motion in part and denying it in part is treated as two rulings—one granting a motion and one denying a motion.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved     42

The number of summary judgment motions, by judge, is illustrated below:



**Summary Judgment Motions, by Judge**

Alsup: 91, Armstrong: 94, Breyer: 160, Chesney: 60, Fogel: 113, Hamilton: 39, Illston: 155, Jenkins: 89, Jensen: 126, Patel: 100, Schwarzer: 2, Walker: 139, Ware: 204, White: 19, Whyte: 213, Wilken: 159

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The contested win rates (excluding consent rulings) for these summary judgment motions are illustrated in the following chart:



**Summary Judgment Win Rate**

| | Value |
|---|---|
| District | 45.4 |
| Alsup | 60 |
| Armstrong | 53.8 |
| Breyer | 40.2 |
| Chesney | 21.9 |
| Fogel | 54.7 |
| Hamilton | 46.9 |
| Illston | 48.5 |
| Jenkins | 50 |
| Jensen | 61.5 |
| Patel | 49.2 |
| Schwarzer | 0 |
| Walker | 47.1 |
| Ware | 36.2 |
| White | 40 |
| Whyte | 33 |
| Wilken | 45.9 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The average time from motion filing to decision for these summary judgment motions is illustrated below:



## Cases with Transfer Activity—By Active Judge

There were 169 motions to transfer filed in these cases. Of the 169 motions to transfer, 53 were denied, 5 were moot, 2 were dismissed, 45 were granted (2 uncontested), 3 were granted in part, denied in part,[14] 59 were not decided, 1 is open, and 1 was withdrawn. The transfer motion figures are illustrated in the chart below.



Transfer Outcomes, by Type

---

[14] A ruling granting a motion in part and denying it in part is treated as two rulings—one granting a motion and one denying a motion.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

46

The number of motions for transfer, by judge, is illustrated below:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The contested win rates (excluding consent rulings) for these motions for transfer are illustrated in the following chart:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The average time from motion filing to decision for these motions to transfer is illustrated below:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

### Cases with Preliminary Injunction Activity—By Active Judge

There were 165 preliminary injunction motions and 43 temporary restraining order motions filed in these cases. Of the 165 preliminary injunction motions, 60 were denied, 6 were moot, 1 was dismissed, 25 were granted (8 uncontested), 4 were granted in part, denied in part,[15] 57 were not decided, 1 is open, and 11 were withdrawn. The preliminary injunction figures are illustrated in the chart below.



---

[15] A ruling granting a motion in part and denying it in part is treated as two rulings—one granting a motion and one denying a motion.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

Of the 43 motions for temporary restraining orders, 21 were denied, 1 was moot, 11 were granted (2 uncontested), 9 were not decided, and 1 was withdrawn. The temporary restraining order outcomes are illustrated below:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

51

The number of preliminary injunction motions, by judge, is illustrated below:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The contested win rates (excluding consent rulings) for these preliminary injunction motions are illustrated in the following chart:



**Preliminary Injunction Win Rate, by Judge**

| Judge | Percentage |
|-------|-----------|
| Jensen | 0 |
| Fogel | 0 |
| Wilken | 11.1 |
| Ware | 20 |
| Breyer | 22.2 |
| Hamilton | 25 |
| Whyte | 30 |
| District | 31.9 |
| Patel | 33.3 |
| Walker | 37.5 |
| Alsup | 40 |
| Illston | 42.9 |
| Armstrong | 50 |
| Jenkins | 60 |
| Chesney | 60 |
| White | 100 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

The average time from motion filing to decision for these preliminary injunction motions is illustrated below:



**Preliminary Injunction Average Time to Decision, by Judge**

| Judge | Months |
|---|---|
| Jensen | 1.1 |
| Hamilton | 1.4 |
| Alsup | 1.5 |
| Patel | 1.9 |
| Chesney | 2.2 |
| Wilken | 2.5 |
| Jenkins | 2.5 |
| Breyer | 2.5 |
| White | 2.6 |
| District | 2.8 |
| Fogel | 2.9 |
| Armstrong | 3.1 |
| Whyte | 3.3 |
| Ware | 3.7 |
| Illston | 4.3 |
| Walker | 4.4 |

Months from Motion Filing

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

EXHIBIT 9

# _LegalMetric_®

## LegalMetric District Judge Report

### Central District of California

### Patent Cases

### January, 1991 to May, 2007



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

# Table of Contents

Overview.................................................................................................................. 3
Breakdown by Judge and Division.......................................................................... 4
Divisional Comparisons........................................................................................... 6
What are the Odds—Terminations on the Merits..................................................... 8
Patentee Win Rate By Judge.................................................................................... 10
Breakout of Patentee & Accused Infringer Win Rate Statistics............................... 12
All Parties—All Terminations on the Merits .......................................................... 13
Decisions on Involuntary Motions to Dismiss—By Judge ...................................... 14
Dispositions by Summary Judgment........................................................................ 15
Case Outcomes ........................................................................................................ 16
Bench Trials—Number By Judge ........................................................................... 18
Jury Trials—Number By Judge .............................................................................. 18
Terminations by Transfer—Number By Judge ....................................................... 19
Trials—District-Wide By Prevailing Party and Trial Type .................................... 20
How Long?—Time to Termination.......................................................................... 22
Average Pendency for All Terminations on the Merits—By Active Judge.............. 26
Average Pendency for Bench Trials—By Active Judge ........................................... 27
Average Pendency for Jury Trials—By Active Judge.............................................. 27
Average Pendency for Cases Terminated by Summary Judgment—By Active Judge......... 28
Average Pendency for Cases Terminated by Transfer—By Active Judge................ 29
Appeals.................................................................................................................... 30
Jury Demands........................................................................................................... 38
Experience ............................................................................................................... 39
Total Number of Patent Cases—By Judge .............................................................. 39
Total Number of Cases with Claim Construction Activity—By Judge ..................... 41
Cases with Summary Judgment Activity—By Active Judge..................................... 42
Cases with Transfer Activity—By Active Judge...................................................... 46
Cases with Preliminary Injunction Activity—By Active Judge ............................... 50

## Overview

This report covers the patent cases of the active judges in the Central District of California from January, 1991 to May, 2007. Cases of inactive judges are not included. For purposes of this report, senior judges who have not been assigned a patent case for the past two years are considered inactive.

| | |
|---|---|
| **Total Patent Cases:** 2453 Total/2208 Closed<br>    Number of Cases, each Judge: 0 to 286 (Average 68 per Judge) | **Total Judgments on the Merits:** 581<br>    Each Judge: 0 to 74 |
| **Average Patentee Win Rate:** 70%<br><br>**Contested Win Rate:** 18.2% (37.5 of 206)<br>    (does not include consent and default judgments)<br><br>**Number of Trials:** 38<br>    Number, each Judge: 0 to 6<br>    Patentee Win Rate at Trial: 62% | <br>(Larger Version in Body of Report) |
| **Average Time to Termination—All Cases:** 10.3 months<br>    Average by Judge from 6.6 to 18.8 months<br><br>**Average Time to Termination—On the Merits:** 14.0 months<br>    Average by Judge from 8.0 to 23.7 months<br><br>**Summary Judgment Activity:** 1384 summary judgment motions<br>    Activity by Judge: 0 Motions to 165 Motions<br><br>**Markman/Claim Construction:** 397 Cases<br>    Activity by Judge: 0 Cases to 41 Cases | <br>(Larger Version in Body of Report)<br><br>**Total Appeals:** 198<br><br>**Complete Affirmance Rate:** 41.0% (43 of 105) |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

## Breakdown by Judge and Division

The chart below illustrates the total number of patent cases by active judges in the District.



**Total Patent Cases, by Judge**

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

The breakdown of patent cases by division is illustrated in the following chart:



# Divisional Comparisons



**Overall Win Rates:** The win rate for the District was 70%. The variation by division is shown in the chart to the left. Overall win rate includes consent and default judgments.



**Contested Win Rates:** The contested win rate (excludes consent and default judgments) for the District was 18.2%. The variation by division can be seen in the chart to the left.



**Win Rate at Trial:** The win rate at trial for the District was 62%. The variation by division can be seen in the chart to the left.



**Complete Affirmance Rate:** The Complete Affirmance Rate (appeals affirmed with no other action, divided by the total number of appeals except for dismissed and pending appeals) for the district was 41.0%. The variation by division can be seen in the chart to the left.



**Time to Termination on the Merits:** The average time from case filing to termination on the merits (includes consent and default judgments) was 14.0 months. The variation by division can be seen in the chart to the left.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

# What are the Odds[1]—Terminations on the Merits

Of the 2208 closed patent cases in the Central District of California in the period covered by this report, 26.3% were terminated on the merits, i.e., by trial, pre-trial motion, default or consent judgment. Patentees won 70% of those cases decided on the merits.

The following chart shows the patentee win rate for the active judges in the Central District of California by year. The patentee win rate for the active judges should be compared with the historical nationwide win rate of 59%.

**1993 – 2007**



The figures given are for "patentees", rather than "plaintiffs". These figures take into account those declaratory judgment cases where the plaintiff is not the patentee.

---

[1] If there were any cases in which both parties prevailed (for example, the plaintiff prevailed on its complaint and the defendant prevailed on an unrelated counterclaim), such a case is counted as one-half of a "win" for plaintiff and one-half of a "win" for defendant. Fractional numbers of "wins", therefore, can occur.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved       May 2007

The actual numbers of patentee "wins" versus total terminations on the merits from 1993 through 2007 by the currently active judges are as follows:

| Year | Patentee Wins | Total Decisions | Patentee Win Rate |
|------|---------------|-----------------|-------------------|
| 1993 | 1 | 1 | 100 |
| 1994 | 13 | 20 | 65 |
| 1995 | 18 | 29 | 62 |
| 1996 | 17 | 26 | 65 |
| 1997 | 18 | 26 | 69 |
| 1998 | 20 | 28 | 71 |
| 1999 | 28 | 39 | 72 |
| 2000 | 24 | 36 | 67 |
| 2001 | 30 | 51 | 59 |
| 2002 | 32 | 43 | 74 |
| 2003 | 58 | 71 | 82 |
| 2004 | 43 | 60 | 72 |
| 2005 | 45 | 63 | 71 |
| 2006 | 41 | 62 | 66 |
| 2007 | 17 | 26 | 65 |

The total number of terminations on the merits per year by the currently active judges during the same period in the Central District of California is shown in the following chart:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

## Patentee Win Rate By Judge

For the district as a whole the patentee win rate for these active judges over this period was 70%. The patentee win rate varies significantly from judge to judge over the period covered by this report—from 0% to 100%. For judges with at least ten terminations on the merits, the range is from 38% to 100%. The chart below illustrates these win rates for those judges with at least 1 termination on the merits.



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

The following table provides the patentee win rate information for each active judge with at least 1 termination on the merits, along with the number of terminations on the merits by that judge in patent cases during this period.

| Judge | Number of Terminations on Merits | Patentee Win Rate |
|---|---|---|
| Average for the Court | 16 | 70 |
| Anderson | 8 | 75 |
| Carney | 16 | 69 |
| Carter | 38 | 63 |
| Collins | 27 | 89 |
| Cooper | 12 | 83 |
| Fairbank | 1 | 100 |
| Feess | 9 | 33 |
| Fischer | 10 | 100 |
| Gutierrez | 1 | 0 |
| Hatter | 15 | 80 |
| Keller | 9 | 44 |
| King | 22 | 82 |
| Klausner | 14 | 71 |
| Larson | 2 | 100 |
| Letts | 10 | 70 |
| Lew | 22 | 59 |
| Marshall | 14 | 71 |
| Matz | 27 | 78 |
| Morrow | 14 | 93 |
| Otero | 11 | 45 |
| Pfaelzer | 32 | 50 |
| Phillips | 16 | 100 |
| Pregerson | 18 | 83 |
| Rafeedie | 17 | 38 |
| Real | 34 | 74 |
| Schiavelli | 8 | 50 |
| Selna | 19 | 47 |
| Snyder | 11 | 55 |
| Stotler | 74 | 70 |
| Takasugi | 6 | 100 |
| Timlin | 27 | 78 |
| Walter | 8 | 75 |
| Wilson | 29 | 66 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

11

# Breakout of Patentee & Accused Infringer Win Rate Statistics

## At Trial

Of the 2208 closed patent cases of the active judges in the Central District of California during the period covered by this report, 38 were decided at trial. The patentee prevailed in 23.5 cases and the accused infringer prevailed in 14.5. The patentee won in 5 bench trials and 18.5 jury trials. The accused infringer won in 5 bench trials and 9.5 jury trials. In addition, the defendant prevailed on JMOL after trial in 2 cases.

The 18.5 patentee jury verdicts were before Judges Carney (1), Carter (3), Collins (1), Keller (1), Klausner (2), Pfaelzer (1), Pregerson (2), Rafeedie (3.5), Real (1), Stotler (1), and Wilson (2).

The 9.5 accused infringer jury verdicts were before Judges Keller (2), Letts (1), Lew (1), Pfaelzer (2), Rafeedie (2.5), and Schiavelli (1).

The 5 bench trial terminations for the patentee were before Judges Lew (2), Matz (1), Real (1), and Stotler (1).

The 5 bench trial terminations for the accused infringer were before Judges Feess (1), Hatter (1), Marshall (1), and Pfaelzer (2).

## Patentee—Other Than Trial

There were 382 judgments on the merits in favor of the patentee other than by trial. Patentee prevailed in 1 case by confirmation of arbitration award, 321 cases by consent judgment, 47 cases by default judgment, 2 cases by involuntary dismissal and 11 cases by summary judgment. (A ½ win reflects a case where a patentee prevailed on a claim, and a accused infringer also prevailed on a claim.)

## Accused Infringer—Other Than Trial

There were 161 judgments on the merits in favor of the accused infringer other than by trial. The accused infringer prevailed in 4 cases by consent judgment, 3 cases by default judgment, 35 cases by involuntary dismissal, 2 cases by judgment as a matter of law and 117 cases by summary judgment.

## All Parties—All Terminations on the Merits

All the terminations on the merits by active judges for the Central District of California during this period are shown in the following table:

| District Terminations | Patentee | | Accused Infringer | |
|---|---|---|---|---|
| At Trial | 62% | ( 23.5 / 38 ) | 38% | ( 14.5 / 38 ) |
| Bench Trial | 50% | ( 5 / 10 ) | 50% | ( 5 / 10 ) |
| Jury Verdict | 66% | ( 18.5 / 28 ) | 34% | ( 9.5 / 28 ) |
| Confirmation of Arbitration Award | 100% | ( 1 / 1 ) | 0% | ( 0 / 1 ) |
| Consent Judgment[2] | 99% | ( 321 / 325 ) | 1% | ( 4 / 325 ) |
| Default Judgment | 94% | ( 47 / 50 ) | 6% | ( 3 / 50 ) |
| Involuntary Dismissal | 5% | ( 2 / 37 ) | 95% | ( 35 / 37 ) |
| Judgment as a Matter of Law | 0% | ( 0 / 2 ) | 100% | ( 2 / 2 ) |
| Summary Judgment | 9% | ( 11 / 128 ) | 91% | ( 117 / 128 ) |
| Overall (on the Merits) | 70% | ( 405.5 / 581 ) | 30% | ( 175.5 / 581 ) |

Patentees prevailed above the overall average (70%) in cases terminated by confirmation of arbitration award (100%), consent judgment (99%), and default judgment (94%). Accused Infringers prevailed above the overall average (30%) in cases terminated by bench trial (50%), jury verdict (34%), involuntary dismissal (95%), judgment as a matter of law (100%), and summary judgment (91%).

Nationwide, patentees prevail in 59% of these cases overall, and in 59% of these cases at trial. (When trial was to a jury, patentee prevailed in 67% of these cases nationwide.) Conversely, accused infringers nationwide prevail in 41% of these cases overall, and in 41% of these cases at trial. (When trial was to a jury, accused infringer prevailed in 33% of these cases nationwide.)

---

[2] Consent judgments are presumed to be in favor of the plaintiff unless the docket indicates otherwise.

## Decisions on Involuntary Motions to Dismiss—By Judge

The 35 involuntary dismissals for the accused infringers were decided by the active judges as shown in the following table. Judges omitted from this table had no decisions granting motions to dismiss during the period of time covered by this report.

| Judge | Number of Terminations on Merits | Involuntary Dismissals |
|---|---|---|
| Carter | 38 | 3 |
| Collins | 27 | 1 |
| Feess | 9 | 2 |
| Keller | 9 | 1 |
| King | 22 | 2 |
| Lew | 22 | 1 |
| Marshall | 14 | 1 |
| Matz | 27 | 3 |
| Otero | 11 | 1 |
| Phillips | 16 | 1 |
| Pregerson | 18 | 1 |
| Rafeedie | 17 | 1 |
| Real | 34 | 1 |
| Stotler | 74 | 12 |
| Timlin | 27 | 3 |
| Walter | 8 | 1 |
| Wilson | 29 | 2 |

Terminations by summary judgment are not included in these figures. See Dispositions by Summary Judgment section for those results.

## Dispositions by Summary Judgment

The 128 summary judgment dispositions were decided as indicated in the table below.

| Judge | Summary Judgment for Patentee | Summary Judgment for Accused Infringer |
|---|---|---|
| Anderson | 0 | 1 |
| Carney | 1 | 5 |
| Carter | 0 | 9 |
| Collins | 1 | 1 |
| Cooper | 0 | 2 |
| Feess | 0 | 3 |
| Gutierrez | 0 | 1 |
| Hatter | 0 | 2 |
| Keller | 0 | 2 |
| King | 0 | 1 |
| Klausner | 0 | 4 |
| Letts | 0 | 2 |
| Lew | 0 | 7 |
| Marshall | 0 | 2 |
| Matz | 0 | 3 |
| Morrow | 0 | 1 |
| Otero | 0 | 5 |
| Pfaelzer | 1 | 11 |
| Pregerson | 2 | 2 |
| Rafeedie | 0 | 7 |
| Real | 5 | 7 |
| Schiavelli | 0 | 3 |
| Selna | 0 | 9 |
| Snyder | 0 | 5 |
| Stotler | 0 | 11 |
| Timlin | 0 | 2 |
| Walter | 0 | 1 |
| Wilson | 1 | 8 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

## Case Outcomes

Of the 2208 terminated cases,
- 10 (0.5%) were terminated by bankruptcy stay, with an average pendency of 9.8 months
- 1 (0.0%) was terminated by confirmation of arbitration award, with a pendency of 23.4 months
- 325 (14.7%) were terminated by consent judgment, with an average pendency of 10.1 months
- 56 (2.5%) were terminated by consolidation, with an average pendency of 4.0 months
- 50 (2.3%) were terminated by default judgment, with an average pendency of 12.4 months
- 2 (0.1%) were terminated by intra-district transfer, with an average pendency of 0.2 months
- 37 (1.7%) were terminated by involuntary dismissal, with an average pendency of 9.0 months
- 2 (0.1%) were terminated by judgment as a matter of law, with an average pendency of 25.0 months
- 22 (1.0%) were terminated for lack of jurisdiction, with an average pendency of 7.1 months
- 96 (4.3%) were terminated by miscellaneous settlement, with an average pendency of 14.1 months
- 180 (8.2%) were terminated by other miscellaneous termination, with an average pendency of 3.9 months
- 1 (0.0%) was terminated by referral to arbitration, with a pendency of 8.3 months
- 13 (0.6%) were terminated by remand to state court, with an average pendency of 2.0 months
- 1 (0.0%) was terminated by remand to u.s. agency, with a pendency of 10.2 months
- 42 (1.9%) were terminated by stay, with an average pendency of 19.9 months
- 128 (5.8%) were terminated by summary judgment, with an average pendency of 19.3 months
- 90 (4.1%) were terminated by transfer, with an average pendency of 4.8 months
- 10 (0.5%) were terminated by bench trial, with an average pendency of 42.4 months
- 28 (1.3%) were terminated by jury trial, with an average pendency of 32.8 months
- 1071 (48.5%) were terminated by voluntary dismissal, with an average pendency of 9.6 months
- 43 (1.9%) were terminated for want of prosecution, with an average pendency of 10.8 months

© Copyright 2007, LegalMetric, LLC, All Rights Reserved
May 2007

The chart below illustrates the case outcomes for the Central District of California in patent cases: The 1071 voluntary dismissals are not included in the chart.



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Bench Trials—Number By Judge

For the active judges in the Central District of California as a whole during the period covered by this report, there were 10 bench trials in patent cases. The following table shows which judges had bench trials in these cases and how many bench trials each had.

| Judge | Bench Trials for Patentee | Bench Trials for Accused Infringer |
|---|---|---|
| Feess | 0 | 1 |
| Hatter | 0 | 1 |
| Lew | 2 | 0 |
| Marshall | 0 | 1 |
| Matz | 1 | 0 |
| Pfaelzer | 0 | 2 |
| Real | 1 | 0 |
| Stotler | 1 | 0 |

## Jury Trials—Number By Judge

There were 28 jury trials in these cases. The active judges who presided over jury trials in patent cases and the number of jury trials are as follows:

| Judge | Jury Trials for Patentee | Jury Trials for Accused Infringer |
|---|---|---|
| Carney | 1 | 0 |
| Carter | 3 | 0 |
| Collins | 1 | 0 |
| Keller | 1 | 2 |
| Klausner | 2 | 0 |
| Letts | 0 | 1 |
| Lew | 0 | 1 |
| Pfaelzer | 1 | 2 |
| Pregerson | 2 | 0 |
| Rafeedie | 3 | 2 |
| Real | 1 | 0 |
| Schiavelli | 0 | 1 |
| Stotler | 1 | 0 |
| Wilson | 2 | 0 |

## Terminations by Transfer—Number By Judge

There were 79 cases terminated by transfer in patent cases in the Central District of California during the period covered by this report. The table below shows the number of terminations by transfer for each active judge that transferred at least 1 case.

| Judge | Cases Transferred |
|---|---|
| Anderson | 3 |
| Carney | 1 |
| Carter | 4 |
| Collins | 4 |
| Cooper | 2 |
| Feess | 2 |
| Fischer | 1 |
| Hatter | 2 |
| King | 7 |
| Letts | 2 |
| Lew | 1 |
| Marshall | 2 |
| Matz | 2 |
| Morrow | 5 |
| Otero | 2 |
| Phillips | 2 |
| Pregerson | 3 |
| Real | 2 |
| Schiavelli | 3 |
| Selna | 2 |
| Snyder | 3 |
| Stotler | 5 |
| Timlin | 14 |
| Walter | 2 |
| Wilson | 3 |

Note that this table does not include MDL Transfers.

## Trials—District-Wide By Prevailing Party and Trial Type

Of the 581 cases with an identifiable winner, 38 went to trial. The patentee prevailed in 23.5 of these cases and the accused infringer prevailed in the other 14.5 cases.

The cases where the patentees prevailed at trial were:

| Case Number | Judge | Case Name | Resolution |
|---|---|---|---|
| 2:94cv03995 | Lew | Alex R Bellehumeur v. J B Marketing Inc, et al | Bench Trial |
| 2:00cv00863 | Lew | Alex Bellhumeur v. Jerome Bonnett, et al | Bench Trial |
| 2:92cv03436 | Matz | Ecolochem Inc v. SCEC | Bench Trial |
| 2:98cv00433 | Real | Intl Rectifier Corp v. Samsung Semiconducto, et al | Bench Trial |
| 8:94cv00210 | Stotler | Callaway Golf Co v. Cliff Cook, et al | Bench Trial |
| 8:99cv00625 | Carney | Applied Medical Reso v. US Surgical Corp | Jury Verdict |
| 8:99cv00748 | Carter | Applied Med Res Corp v. Core Dynamics Inc | Jury Verdict |
| 8:03cv00242 | Carter | Carlos A Amado v. Microsoft Corp | Jury Verdict |
| 8:02cv00503 | Carter | Motorvac Tech Inc v. Norco Industries Inc, et al | Jury Verdict |
| 2:96cv08148 | Collins | Juicy Whip Inc v. Orange Bang Inc, et al | Jury Verdict |
| 2:92cv04662 | Keller | Merino v. Marchon Inc, et al | Jury Verdict |
| 2:02cv05347 | Klausner | Freedman Seating Co v. American Seating Co, et al | Jury Verdict |
| 2:01cv10961 | Klausner | Mars Inc, et al v. H J Heinz Company, et al | Jury Verdict |
| 2:97cv04585 | Pfaelzer | Trovan Ltd, et al v. Sokymat, et al | Jury Verdict |
| 2:94cv01467 | Pregerson | Axon Corp v. Marburg Industries, et al | Jury Verdict |
| 2:93cv06279 | Pregerson | Strub, et al v. Axon Corp, et al | Jury Verdict |
| 2:98cv05691 | Rafeedie | Biotec Biologische v. Bicorp Inc, et al | Jury Verdict |
| 2:95cv06371 | Rafeedie | Celeritas Tech Ltd v. Rockwell Internat'l, et al | Jury Verdict |
| 2:93cv04005 | Rafeedie | Red Line Research v. v. Naki Electronics Inc | Jury Verdict |
| 2:93cv00413 | Rafeedie | Stac Electronics v. Microsoft Corp | Jury Verdict |
| 2:00cv06756 | Real | Intl Rectifier v. Ixys Corporation, et al | Jury Verdict |
| 8:98cv00020 | Stotler | Slip Systems Inc, et al v. Metal Lite Inc, et al | Jury Verdict |
| 2:99cv01804 | Wilson | Randolph-Rand Corp v. | Jury Verdict |

| | | Chenson Inc | |
|---|---|---|---|
| 2:04cv09514 | Wilson | Mobile Hi-Tech Wheels v. CIA Wheel Group | Jury Verdict |

The cases where the accused infringers prevailed at trial were:

| Case Number | Judge | Case Name | Resolution |
|---|---|---|---|
| 2:99cv10425 | Feess | James A Frazier, et al v. Roessel Cine Photo, et al | Bench Trial |
| 2:99cv00520 | Hatter | Steven Jiles v. SCGA, et al | Bench Trial |
| 2:94cv04868 | Marshall | Thompson, et al v. Kraige, et al | Bench Trial |
| 2:03cv01140 | Pfaelzer | Henry Huang v. CA Institute of Tech, et al | Bench Trial |
| 2:92cv06714 | Pfaelzer | Lumenyte Intl Corp v. Cable Lite Corp | Bench Trial |
| 2:04cv04666 | Keller | Custom Leathercraft Manufacturing Co Inc v. Rooster Products International Inc | Jury Verdict |
| 2:93cv07167 | Keller | Sachwin Products Inc v. Karp Associates | Jury Verdict |
| 2:93cv01052 | Letts | Magnacoustics Inc v. Resonance Tech, et al | Jury Verdict |
| 2:98cv07052 | Lew | Scholle Corporation v. Packaging Systems | Jury Verdict |
| 2:00cv06506 | Pfaelzer | Mallinckrodt Inc, et al v. Masimo Corporation, et al | Jury Verdict |
| 2:99cv10111 | Pfaelzer | GenSci OrthoBiologic, et al v. Osteotech Inc | Jury Verdict |
| 2:01cv02995 | Rafeedie | Harris Corporation v. Independent Technol | Jury Verdict |
| 2:95cv08236 | Rafeedie | Mitsubishi Electric v. Ampex Corporation | Jury Verdict |
| 2:93cv00413 | Rafeedie | Stac Electronics v. Microsoft Corp | Jury Verdict |
| 2:98cv04758 | Schiavelli | Designing Health Inc, et al v. Udo Erasmus, et al | Jury Verdict |

# How Long?—Time to Termination

**Time to Termination[3] for Closed Cases:**

Average: ...................................................................... 10.3 months
One-Third[4]: ................................................................. 4.3 months
One-Half[5]: .................................................................. 6.9 months
Two-Thirds[6]: ............................................................. 10.9 months
All[7]: ........................................................................ 126.4 months
Average (on the merits): ............................................ 14.0 months
Jury Demand by Plaintiff Only-Average[8]: ................... 7.1 months
Jury Demand by Defendant Only-Average[9]: ............... 13.6 months
Jury Demand by Both Parties-Average[10]: .................. 14.8 months
No Jury Demand-Average[11]: ..................................... 8.1 months

Some of these figures are illustrated in the chart below.



---

[3] Termination statistics in this report are measured from the filing of papers in federal court to the terminating event, usually voluntary dismissal or entry of judgment. This may vary from the date the file was closed due to post-trial and ministerial activity.

[4] The time it took for one-third of the total cases of this type to terminate, measured from the filing date in federal court.

[5] The time it took for one-half of the total cases of this type to terminate, measured from the filing date in federal court.

[6] The time it took for two-thirds of the total cases of this type to terminate, measured from the filing date in federal court.

[7] The time it took until all the closed cases of this type were terminated.

[8] The time it took, on average, for cases of this type to terminate where only the plaintiff demanded a jury.

[9] The time it took, on average, for cases of this type to terminate where only the defendant demanded a jury.

[10] The time it took, on average, for cases of this type to terminate where both parties demanded a jury.

[11] The time it took, on average, for cases of this type to terminate where neither party demanded a jury.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved       May 2007

That is, one-third of the patent cases were terminated within 4.3 months of commencement of the case; one-half were terminated within 6.9 months of the commencement; two-thirds were terminated within 10.9 months of commencement; and all were terminated within 126.4 months of commencement. The average of all terminations was 10.3 months. The average time for a termination on the merits in these cases was 14.0 months.

### a. Terminations by Month

An overview of when terminations typically occur is found in the following chart, which shows the number of patent cases in the Central District of California that were terminated per month, for the first two years after filing:



**b. Terminations by Outcome**

Pendency usually varies by type of termination. For example, transfers typically occur much earlier in litigation than summary judgments. The average case pendency for each type of outcome for patent cases in the Central District of California is shown below.



**Average Time to Termination by Outcome**

| Outcome | Months from Filing |
|---|---|
| Intra-District Transfer | 0.2 |
| Remand to State Court | 2 |
| Other Termination | 3.9 |
| Consolidated | 4 |
| Transfer | 4.4 |
| Lack of Jurisdiction | 7.1 |
| MDL Transfer | 7.9 |
| Referral to Arbitration | 8.3 |
| Involuntary Dismissal | 9 |
| Voluntary Dismissal | 9.6 |
| Bankruptcy Stay | 9.8 |
| Consent Judgment | 10.1 |
| Remand to U.S. Agency | 10.2 |
| Want of Prosecution | 10.8 |
| Default Judgment | 12.4 |
| Other Settlement | 14.1 |
| Summary Judgment | 19.3 |
| Stay | 19.9 |
| Confirmation of Arbitration Award | 23.4 |
| Judgment as a Matter of Law | 25 |
| Jury Verdict | 32.8 |
| Bench Trial | 42.4 |

## c. Terminations as a Function of Jury Demands

Many times pendency can be a function of which party or parties demand a jury. For example, in patent cases in the Central District of California where only the patentee demands a jury, termination occurs on average in 7.1 months. Where only the accused infringer demands a jury, termination occurs on average in 13.6 months. Where both parties demand a jury, termination occurs on average in 14.8 months. And where neither party demands a jury, termination occurs on average in 8.1 months.



**Average Pendency for All Terminations on the Merits—By Active Judge**

The average time from filing to termination on the merits in these cases was 14.0 months. There is considerable variation of average pendency by judge, ranging from 8.0 months for Judge Larson to 23.7 months for Judge Pfaelzer. The chart below shows the variation for average time to termination on the merits by judge.



## Average Pendency for Bench Trials—By Active Judge

The average time from filing to termination by bench trial was 42.4 months. For those judges who had at least one patent case with a bench trial during this period, the average time from filing until termination by bench trial varied from 11.8 months for Judge Stotler to 126.4 months for Judge Matz.

| Judge | Number of Bench Trials | Average Time from Filing to Termination by Bench Trial (Months) |
|---|---|---|
| Average for the Court | 0.3 | 42.4 |
| Feess | 1 | 47.5 |
| Hatter | 1 | 30.6 |
| Lew | 2 | 30.6 |
| Marshall | 1 | 38.6 |
| Matz | 1 | 126.4 |
| Pfaelzer | 2 | 21.4 |
| Real | 1 | 65.5 |
| Stotler | 1 | 11.8 |

## Average Pendency for Jury Trials—By Active Judge

The average time from filing to termination of patent cases by jury verdict in the Central District of California was 32.8 months. By judge, average time to termination for jury verdicts ranged from 14.4 months for Judge Keller to 91.4 months for Judge Schiavelli. The chart below illustrates the variation among judges.

| Judge | Number of Jury Trials | Average Time from Filing to Termination by Jury Trial (Months) |
|---|---|---|
| Average for the Court | 0.8 | 32.8 |
| Carney | 1 | 63.4 |
| Carter | 3 | 32.1 |
| Collins | 1 | 80.3 |
| Keller | 3 | 14.4 |
| Klausner | 2 | 28.6 |
| Letts | 1 | 19.8 |
| Lew | 1 | 43.1 |
| Pfaelzer | 3 | 40.6 |
| Pregerson | 2 | 33.3 |
| Rafeedie | 6 | 16.8 |
| Real | 1 | 27.5 |
| Schiavelli | 1 | 91.4 |
| Stotler | 1 | 69.4 |
| Wilson | 2 | 19.5 |

## Average Pendency for Cases Terminated by Summary Judgment—By Active Judge

The average time from filing to termination by summary judgment in patent cases in the Central District of California was 19.3 months. By judge, average time to termination for summary judgments ranged from 11.5 months for Judge Collins to 38.6 months for Judge Hatter. The table below illustrates the variation among judges.

| Judge | Number of Terminations by Summary Judgment | Average Time from Filing to Termination by Summary Judgment (Months) |
|---|---|---|
| Average for the Court | 3.6 | 19.3 |
| Anderson | 1 | 11.8 |
| Carney | 6 | 14.2 |
| Carter | 9 | 13.2 |
| Collins | 2 | 11.5 |
| Cooper | 2 | 15.1 |
| Feess | 3 | 13.8 |
| Gutierrez | 1 | 18.9 |
| Hatter | 2 | 38.6 |
| Keller | 2 | 20.5 |
| King | 1 | 29.8 |
| Klausner | 4 | 17.2 |
| Letts | 2 | 34.0 |
| Lew | 7 | 29.4 |
| Marshall | 2 | 15.5 |
| Matz | 3 | 20.2 |
| Morrow | 1 | 23.6 |
| Otero | 5 | 16.3 |
| Pfaelzer | 12 | 28.5 |
| Pregerson | 4 | 15.9 |
| Rafeedie | 7 | 13.9 |
| Real | 12 | 15.7 |
| Schiavelli | 3 | 17.5 |
| Selna | 9 | 17.0 |
| Snyder | 5 | 23.5 |
| Stotler | 11 | 19.5 |
| Timlin | 2 | 25.3 |
| Walter | 1 | 13.8 |
| Wilson | 9 | 17.8 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

## Average Pendency for Cases Terminated by Transfer—By Active Judge

The average time from filing to termination by transfer in patent cases in the Central District of California was 4.4 months. By judge, average time to termination for transfers ranged from 1.7 months for Judge Letts to 12.4 months for Judge Real. The table below illustrates the variation among judges.

| Judge | Cases Transferred | Average Time from Filing to Transfer (Months) |
|---|---|---|
| Average for the Court | 2.2 | 4.4 |
| Anderson | 3 | 4.1 |
| Carney | 1 | 3.7 |
| Carter | 4 | 3.8 |
| Collins | 4 | 3.7 |
| Cooper | 2 | 2.7 |
| Feess | 2 | 5.2 |
| Fischer | 1 | 3.0 |
| Hatter | 3 | 8.7 |
| King | 7 | 3.7 |
| Letts | 2 | 1.7 |
| Lew | 2 | 9.8 |
| Marshall | 3 | 7.9 |
| Matz | 4 | 10.8 |
| Morrow | 6 | 6.5 |
| Otero | 2 | 6.5 |
| Phillips | 3 | 6.1 |
| Pregerson | 3 | 5.5 |
| Real | 3 | 12.4 |
| Schiavelli | 3 | 3.2 |
| Selna | 2 | 3.9 |
| Snyder | 3 | 5.2 |
| Stotler | 5 | 6.3 |
| Timlin | 14 | 5.3 |
| Walter | 2 | 3.2 |
| Wilson | 3 | 2.1 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

## Appeals

Of the 2208 closed patent cases of the active judges in the Central District of California, 198 were appealed. There were rulings on 105 of these appeals. The Complete Affirmance Rate[12] for these appeals was 41.0% (43 of 105). The percentage affirmed at least in part was 65.7% (69 of 105). The percentage reversed at least in part was 24.8% (26 of 105). The percentage remanded at least in part was 51.4% (54 of 105). The percentage vacated at least in part was 34.3% (36 of 105).



---

[12] All percentages in this paragraph do not include dismissed or pending appeals. The Complete Affirmance Rate is the number of appeals which were affirmed with no other ruling, divided by the total number of appeals expressed as a percentage.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

Of the 198 total appeals, 43 were affirmed; 2 were affirmed in part, reversed in part; 8 were affirmed in part, reversed in part and remanded; 3 were affirmed in part, reversed in part, vacated in part and remanded; 1 was affirmed in part, vacated in part; 12 were affirmed in part, vacated in part and remanded; 70 were dismissed; 23 are pending; 5 were remanded; 3 were reversed; 8 were reversed in part and remanded; 1 was reversed in part, vacated in part; 1 was reversed in part, vacated in part and remanded; 1 was vacated; and 17 were vacated in part and remanded. The results of those appeals are shown in the following table:

| Case Name | Case Number | Judge | Result of Appeal |
|---|---|---|---|
| Applied Medical Reso v. US Surgical Corp | 8:96cv02825 | Gurney | Affirmed |
| Flex-Foot Inc, et al v. CRP Inc | 8:97cv00504 | Carter | Affirmed |
| Target Technology Company v. Williams Advanced Materials et al | 8:04cv01083 | Carter | Affirmed |
| Crown Poly Inc v. Unistar Plastics LLC, et al | 8:03cv01678 | Carter | Affirmed |
| Allergan Inc, et al v. Alcon Laboratories, et al | 8:02cv00040 | Carter | Affirmed |
| Motorvac Tech Inc v. Norco Industries Inc, et al | 8:02cv00593 | Carter | Affirmed |
| James F McNulty Jr, et al v. Taser International, et al | 8:01cv00395 | Carter | Affirmed |
| Magnesystems Inc v. Nikken USA Inc, et al | 2:94cv00715 | Collins | Affirmed |
| Kopykake Enterprises v. Lucks Company The | 2:99cv00354 | Cooper | Affirmed |
| Herrick Fam Ltd Ptr v. Odyssey Medical Inc | 2:99cv08781 | Feess | Affirmed |
| Dunhall Pharmaceutic v. Discus Dental Inc, et al | 2:97cv07408 | Keller | Affirmed |
| Desper Products Inc, et al v. Qsound Labs Inc | 2:94cv07276 | Keller | Affirmed |
| Louis M Magnabosco v. Atlantic Richfield, et al | 2:94cv07944 | Keller | Affirmed |
| Merino v. Marchon Inc, et al | 2:92cv04662 | Keller | Affirmed |
| Roger Plumley v. Douglas A J Mockett | 2:98cv06117 | King | Affirmed |
| Karlin Technology v. Spine-Tech Inc, et al | 2:93cv07472 | King | Affirmed |
| Alliance Research v. Telular Corp, et al | 2:94cv01065 | Letts | Affirmed |
| Moen Industries Inc, et al v. Hullpark Mfg Inc, et al | 2:92cv00662 | Letts | Affirmed |
| Scholle Corporation v. Packaging Systems | 2:98cv07052 | Lew | Affirmed |
| Alex R Bellehumeur v. J B Marketing Inc, et al | 2:94cv03995 | Lew | Affirmed |
| Talbert Fuel Systems v. Unocal Corporation, et al | 2:98cv00412 | Marshall | Affirmed |
| Intellectual Proper v. TCI Cablevision Inc | 2:99cv02982 | Pfaelzer | Affirmed |
| Interlink Elect v. Incontrol Solutions | 2:96cv04562 | Pfaelzer | Affirmed |
| Lumenyte Intl Corp v. Cable Lite Corp | 2:92cv06714 | Pfaelzer | Affirmed |
| Medimmune Inc v. Genentech Inc, et | 2:03cv02567 | Pfaelzer | Affirmed |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

| al | | | |
|---|---|---|---|
| Masimo Corp v. Mallinckrodt Inc, et al | 2:01cv07292 | Pfaelzer | Affirmed |
| Pericles Gabrielidis v. Prince Sports Group, et al | 2:98cv00175 | Pregerson | Affirmed |
| PSC Computer Product v. Foxconn Intl Inc, et al | 2:01cv06414 | Pregerson | Affirmed |
| Mitsubishi Electric v. Ampex Corporation | 2:95cv08236 | Rafeedie | Affirmed |
| S Bravo Systems Inc v. Environ Products Inc | 2:93cv05568 | Rafeedie | Affirmed |
| S Bravo Systems Inc v. Containment Tech | 2:93cv06823 | Rafeedie | Affirmed |
| Nupla Corporation v. IXL Manufacturing | 2:94cv05992 | Real | Affirmed |
| Jay S Derman v. PC Guardian | 2:94cv02290 | Real | Affirmed |
| Meade Instruments Corp v. Yamcon Inc | 8:04cv01213 | Selna | Affirmed |
| Alltrade Tools LLC v. Olympia Group Inc | 8:03cv00458 | Selna | Affirmed |
| Propat Intl Corp v. RPost Inc, et al | 8:03cv01011 | Selna | Affirmed |
| Antonio Puerta v. CITJPL, et al | 2:97cv00741 | Snyder | Affirmed |
| Masimo Corp v. Mallinckrodt Inc, et al | 8:99cv01245 | Stotler | Affirmed |
| Balboa Instruments v. Gecko Electronique, et al | 8:98cv01053 | Stotler | Affirmed |
| Vehicular Technologi, et al v. Titan Wheel Intl Inc, et al | 8:96cv00216 | Stotler | Affirmed |
| Canon Computer, et al v. Nu-Kote Intl Inc | 8:96cv00639 | Stotler | Affirmed |
| Oakley Inc v. Sunglass Hut Intl, et al | 8:01cv01065 | Stotler | Affirmed |
| Schroeder v. Tracor Inc, et al | 5:96cv00142 | Timlin | Affirmed |
| Celeritas Tech Ltd v. Rockwell Internat'l, et al | 2:95cv06371 | Rafeedie | Affirmed in part, Reversed in part |
| Designing Health Inc, et al v. Udo Erasmus, et al | 2:98cv04758 | Schiavelli | Affirmed in part, Reversed in part |
| Seiko Epson Corp, et al v. Nukote Intl Inc, et al | 2:95cv02734 | Hatter | Affirmed in part, Reversed in part and Remanded |
| Israel Bio-Eng v. Amgen Inc, et al | 2:02cv06860 | Klausner | Affirmed in part, Reversed in part and Remanded |
| Ecolochem Inc v. SCEC | 2:92cv03436 | Matz | Affirmed in part, Reversed in part and Remanded |
| Optivus Technology, et al v. Ion Beam | 2:03cv02052 | Otero | Affirmed in part, Reversed in part and Remanded |
| Ilan Golan v. Wayne Pingel, et al | 2:99cv03143 | Pfaelzer | Affirmed in part, Reversed in part and Remanded |
| GE Medical Systems v. Mokhtar Ziarati, et al | 2:98cv03434 | Pfaelzer | Affirmed in part, Reversed in part and Remanded |
| Mallinckrodt Inc, et al v. Masimo Corporation, et al | 2:00cv06506 | Pfaelzer | Affirmed in part, Reversed in part and Remanded |
| Wechsler v. Macke Intl Trade Inc, et al | 2:00cv00296 | Snyder | Affirmed in part, Reversed in part and Remanded |
| James A Frazier, et al v. Roessel Cine Photo, et al | 2:99cv10425 | Feess | Affirmed in part, Reversed in part, Vacated in part and Remanded |
| Samuel Gart v. Logitech Inc | 2:98cv05957 | Marshall | Affirmed in part, Reversed |

| | | | in part, Vacated in part and Remanded |
|---|---|---|---|
| Cross Medical Prod v. Medtronic Sofamor, et al | 8:03cv00110 | Pregerson | Affirmed in part, Reversed in part, Vacated in part and Remanded |
| Richard D. Garber v. Garber Products Co | 2:05cv05839 | Schiavelli | Affirmed in part, Vacated in part |
| Lighting World Inc v. Birchwood Lighting | 2:01cv09523 | Anderson | Affirmed in part, Vacated in part and Remanded |
| Sun Coast Mdse Corp v. CCL Prod Ent Inc, et al | 8:99cv00991 | Carney | Affirmed in part, Vacated in part and Remanded |
| Juicy Whip Inc v. Orange Bang Inc, et al | 2:98cv08148 | Collins | Affirmed in part, Vacated in part and Remanded |
| Doorking Inc v. Sentex Systems Inc, et al | 2:98cv00372 | Feess | Affirmed in part, Vacated in part and Remanded |
| Stewart Lamle v. Mattel Inc, et al | 2:99cv10410 | Hatter | Affirmed in part, Vacated in part and Remanded |
| Rodime PLC v. Seagate Technology | 2:92cv06855 | Letts | Affirmed in part, Vacated in part and Remanded |
| Scosche Ind Inc v. Visor Gear Incorp | 2:95cv07767 | Lew | Affirmed in part, Vacated in part and Remanded |
| Optical Disc Corp v. Del Mar Avionics, et al | 2:97cv00650 | Pfaelzer | Affirmed in part, Vacated in part and Remanded |
| Trovan Ltd, et al v. Sokymat, et al | 2:97cv04585 | Praelzer | Affirmed in part, Vacated in part and Remanded |
| Intl Rectifier v. IXYS Corporation, et al | 2:02cv08507 | Real | Affirmed in part, Vacated in part and Remanded |
| Fin Control Sys Pty v. OAM Inc | 2:99cv07037 | Snyder | Affirmed in part, Vacated in part and Remanded |
| Slip Systems Inc, et al v. Metal Lite Inc, et al | 8:98cv00020 | Stotler | Affirmed in part, Vacated in part and Remanded |
| Hratch Khadesian v. Bombardier Inc | 8:99cv00532 | Carter | Dismissed |
| Stomp Inc v. Neato | 8:99cv00669 | Carter | Dismissed |
| Cybiotronics Ltd v. Golden Source Elect, et al | 2:99cv10522 | Collins | Dismissed |
| Lumenis Ltd, et al v. Syneron Medical Ltd, et al | 2:02cv08269 | Collins | Dismissed |
| Triangle Brass Mfg v. Ingersoll-Rand Co, et al | 2:03cv07949 | Fischer | Dismissed |
| Orthotec LLC v. Reo Spinline LLC, et al | 2:03cv08346 | Fischer | Dismissed |
| Mediatek Inc v. VIA Technologies Inc, et al | 2:02cv05016 | Fischer | Dismissed |
| Steven Jiles v. SCGA, et al | 2:99cv00520 | Hatter | Dismissed |
| Funai Elec Co Ltd v. Zenith Elec Corp | 2:98cv04908 | Hatter | Dismissed |
| Advantage Partners v. Salton Inc, et al | 2:01cv05769 | Hatter | Dismissed |
| Sachwin Products Inc v. Karp Associates | 2:93cv07167 | Keller | Dismissed |
| Custom Leathercraft Manufacturing Co Inc v. Rooster Products International Inc | 2:04cv04866 | Keller | Dismissed |
| Insituform BV, et al v. Insituform East Inc, et al | 2:95cv05484 | King | Dismissed |
| BJI Energy Solutions LLC v. C F | 2:04cv03035 | Klausner | Dismissed |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

Chao et al

| | | | |
|---|---|---|---|
| Bill Diego Solutions v. Sunpark Electronics, et al | 2:03cv04128 | Klausner | Dismissed |
| Safety Corporation, et al v. Boon Edam Inc | 2:02cv09829 | Klausner | Dismissed |
| Screenlife v. D3SE, et al | 2:05cv03474 | Letts | Dismissed |
| Silverline Products v. Mono-Chem Corp | 2:08cv06453 | Letts | Dismissed |
| Hall, et al v. B&B Vinyl Mfg Inc | 2:92cv05536 | Lew | Dismissed |
| Alex Bellehumeur v. Carl Lekavich, et al | 2:01cv00138 | Lew | Dismissed |
| Thompson, et al v. Kraige, et al | 2:94cv04868 | Marshall | Dismissed |
| LG Philips LCD Co v. Tatung Co Of America, et al | 2:02cv06775 | Marshall | Dismissed |
| Computer Motion Inc v. Intuitive Surgical | 2:00cv04988 | Marshall | Dismissed |
| Robert Bosch GmbH, et al v. Japan Storage | 2:00cv12590 | Matz | Dismissed |
| Int'l Elec Tech Corp v. Hughes Aircraft Co, et al | 2:97cv02678 | Pfaelzer | Dismissed |
| Aventis Pharma SA, et al v. Amphastar Pharm Inc, et al | 5:03cv00887 | Pfaelzer | Dismissed |
| Henry Huang v. CA Institute of Tech, et al | 2:03cv01140 | Pfaelzer | Dismissed |
| ICN Pharmaceuticals, et al v. Geneva Pharmaceutic, et al | 2:02cv03644 | Pfaelzer | Dismissed |
| ICN Pharmaceuticals, et al v. Teva Pharmaceuticals | 2:02cv08142 | Pfaelzer | Dismissed |
| Ribapharm Inc, et al v. Three Rivers Pharm | 2:02cv09358 | Pfaelzer | Dismissed |
| Unique Functional v. Mastercraft Boat Co, et al | 5:02cv00968 | Phillips | Dismissed |
| Biotec Biologische v. Bicorp Inc, et al | 2:98cv05691 | Rafeedie | Dismissed |
| John Leslie Miller v. Superior Court, et al | 2:95cv02504 | Rafeedie | Dismissed |
| Robert Flores v. Union Pacific R/R Co, et al | 2:95cv06254 | Rafeedie | Dismissed |
| Stac Electronics v. Microsoft Corp | 2:93cv00413 | Rafeedie | Dismissed |
| Red Line Research, et al v. Naki Electronics Inc | 2:93cv04005 | Rafeedie | Dismissed |
| Alcatel Internet v. Rates Technology Inc, et al | 2:03cv09449 | Rafeedie | Dismissed |
| Screening Systems v. Qualmark Corp, et al | 2:99cv02386 | Real | Dismissed |
| Armament Systems v. Asche Gavin | 2:96cv04518 | Real | Dismissed |
| Avantage Group Inc v. Wal-Mart Stores Inc | 2:04cv03343 | Real | Dismissed |
| Intl Rectifier Corp v. SGS-Thomson Micro, et al | 2:92cv06779 | Real | Dismissed |
| Bragel International Inc v. NY Intimates Inc | 2:04cv05033 | Real | Dismissed |
| Altair Instruments Inc v. Newcell-Technologies et al | 2:04cv09766 | Real | Dismissed |
| Thane International v. Hupa | 2:03cv04103 | Real | Dismissed |

| | | | |
|---|---|---|---|
| International, et al | | | |
| Intl Rectifier v. Hitachi Ltd, et al | 2:02cv00077 | Real | Dismissed |
| [illegible] Machines [illegible] | [illegible] | Real | [illegible] |
| Razor USA LLC v. Asa Products Inc, et al | 2:00cv11615 | Real | Dismissed |
| Polycity Enterprise Limited v. Funline Industries, Inc et al | 2:04cv06699 | Schiavelli | Dismissed |
| Genes Industry Inc v. Advanced Components Specialist Inc et al | 8:04cv00408 | Selna | Dismissed |
| Spellchecker Net Inc v. Mounir J Lebbad | 8:03cv00594 | Selna | Dismissed |
| Yupoong Inc v. H & C Headwear Inc | 8:03cv00750 | Selna | Dismissed |
| Optima Tech Corp v. Roxio Inc | 8:03cv01776 | Selna | Dismissed |
| Intex Recreation v. Metaled S A U | 2:00cv08669 | Stotler | Dismissed |
| Christie Inc v. Ballantyne of Omaha | 8:00cv00684 | Stotler | Dismissed |
| Alcon Laboratories v. Surgin Surgical Inst | 8:98cv01098 | Stotler | Dismissed |
| Simple Technology v. U S Robotics Mobile | 8:96cv00689 | Stotler | Dismissed |
| Gregory, et al v. Southwestern Bell Te | 8:96cv00837 | Stotler | Dismissed |
| B&S Plastics Inc v. Hydro Air Industries | 8:95cv00492 | Stotler | Dismissed |
| Callaway Golf Co v. Cliff Cook, et al | 8:94cv00210 | Stotler | Dismissed |
| Mission Hockey Company v. Roller Derby Skate Corp | 8:04cv00076 | Stotler | Dismissed |
| Balboa Instruments v. SPA Builders Suppl, et al | 8:03cv00017 | Stotler | Dismissed |
| QR Spex Inc, et al v. Motorola Inc, et al | 2:03cv06284 | Walter | Dismissed |
| Nu-Magnetics Inc v. Norso Biomagnetics, et al | 2:99cv00045 | Wilson | Dismissed |
| Randolph-Rand Corp v. Chenson Inc | 2:99cv01804 | Wilson | Dismissed |
| Maptech Inc v. Pinpoint Sys Intl | 2:99cv03486 | Wilson | Dismissed |
| Atl Representations v. American Lighting, et al | 2:99cv08308 | Wilson | Dismissed |
| Mobile Modular Ind v. Seville Classics Inc, et al | 2:97cv03724 | Wilson | Dismissed |
| Douglas J Williams v. Sears Roebuck & Co, et al | 2:96cv00472 | Wilson | Dismissed |
| Powell v. Iolab | 2:93cv04732 | Wilson | Dismissed |
| Hon Hai Precision v. PSC Computer Prod | 2:03cv00093 | Wilson | Dismissed |
| Wieklinski v. Targus Inc | 8:05cv01143 | Carney | Pending |
| Arminak and Associates Inc v. Saint-Gobain Calmar Inc | 8:04cv01455 | Carney | Pending |
| Armanno v. Puricle Incorporated et al | 8:06cv00626 | Carter | Pending |
| Carlos A Amado v. Microsoft Corp | 8:03cv00242 | Carter | Pending |
| Levi Strauss and Co v. Bells Fashion Inc et al | 2:06cv03781 | Cooper | Pending |
| Intamin Ltd v. Magnetar Technologies Corp et al | 8:04cv00511 | Feess | Pending |
| IpVenture Inc v. ProStar Computer | 2:03cv05780 | Fischer | Pending |

| Inc, et al | | | |
|---|---|---|---|
| Water Pure Products Corp v. Flexible Technology Inc | 2:04cv05041 | Lew | Pending |
| Alan Lee Distributors Inc et al v. Van Brown et al | 2:06cv00646 | Matz | Pending |
| Van Brown v. Alan Lee Distributors Inc | 2:06cv02488 | Matz | Pending |
| Sicor Pharmaceuticals Inc v. Eli Lilly and Co | 2:06cv02868 | Otero | Pending |
| Wavestream Corporation v. Cap Wireless Inc | 2:05cv04254 | Otero | Pending |
| ICU Medical Inc v. Alaris Medical Systems Inc | 8:04cv00689 | Pfaelzer | Pending |
| HIF Bio Inc et al v. Yung Shin Pharmaceuticals Industrial Co Ltd et al | 2:05cv07976 | Pregerson | Pending |
| Trimed v. Stryker Corporation | 2:06cv01918 | Real | Pending |
| Data Encryption Corporation v. Microsoft Corporation | 2:05cv05531 | Real | Pending |
| Foremost in Packaging Systems v. Cold Chain Technologies | 8:05cv00024 | Selna | Pending |
| Biovail Laboratories Inc et al v. Anchen Pharmaceuticals Inc et al | 8:04cv01468 | Selna | Pending |
| Akira Akazawa, et al v. Link New Tech Intl | 8:03cv01474 | Selna | Pending |
| Foremost In Packaging Systems, Inc v. Cold Chain Technologies, Inc | 2:06cv01156 | Selna | Pending |
| Microprocessor Enhancement Corporation et al v. Texas Instruments Incorporated et al | 8:05cv00323 | Stotler | Pending |
| Microprocessor Enhancement Corporation et al v. Intel Corporation | 2:05cv05667 | Stotler | Pending |
| David H Sitrick v. Dreamworks LLC, et al | 2:03cv04265 | Wilson | Pending |
| Independent Ink Inc v. Trident Inc, et al | 8:03cv00899 | Carney | Remanded |
| Zerowet Inc v. Bionix Medical Tech, et al | 2:02cv02855 | Klausner | Remanded |
| Suntiger Inc v. Sunglass Products of California Inc | 2:04cv06805 | Matz | Remanded |
| SGS Thomson Micro v. Intl Rectifier Corp | 2:92cv02202 | Real | Remanded |
| Devon Ind Inc v. American Medical Mfg, et al | 2:92cv07406 | Takasugi | Remanded |
| Axon Corp v. Marburg Industries, et al | 2:94cv01467 | Pregerson | Reversed |
| Strub, et al v. Axon Corp, et al | 2:93cv06279 | Pregerson | Reversed |
| Ormco Corporation v. Align Technology Inc | 8:03cv00016 | Snyder | Reversed |
| Surgical Dynamics, et al v. Karlin Technology, et al | 2:95cv00258 | King | Reversed in part and Remanded |
| Freedman Seating Co v. American Seating Co, et al | 2:02cv05347 | Klausner | Reversed in part and Remanded |
| Classified Cosmetics v. Del Laboratories Inc, et al | 2:03cv04818 | Matz | Reversed in part and Remanded |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

| Amini Innovation Corporation v. Anthony California Inc et al | 2:04cv09369 | Otero | Reversed in part and Remanded |
|---|---|---|---|
| Amini Innovation v. Anthony California, et al | 2:03cv08749 | Otero | Reversed in part and Remanded |
| Unova Inc v. Hewlett-Packard Company, et al | 2:03cv08777 | Carredo | Reversed in part and Remanded |
| Time N Temperature Company v. Sensitech Inc et al | 2:04cv08583 | Real | Reversed in part and Remanded |
| Media Technologies v. Upper Deck Company, et al | 8:01cv01198 | Stotler | Reversed in part and Remanded |
| Intl Rectifier Corp v. Samsung Semiconducto, et al | 2:98cv00433 | Real | Reversed in part, Vacated in part |
| Alex Bellnheimeur v. Jerome Bonnett, et al | 2:00cv00863 | Lew | Reversed in part, Vacated in part and Remanded |
| Unique Functional v. Mastercraft Boat Co, et al | 8:03cv00506 | Carney | Vacated |
| Applied Medical Res v. US Surgical Corp | 8:03cv01267 | Carney | Vacated in part and Remanded |
| Texas Instruments, et al v. Tessera Inc | 8:00cv00114 | Carter | Vacated in part and Remanded |
| Systems Division Inc v. Teknek Electronics, et al | 8:00cv00135 | Carter | Vacated in part and Remanded |
| Honeywell Intl Inc, et al v. Abb Inc, et al | 2:03cv01504 | Cooper | Vacated in part and Remanded |
| Revolution Eyewear v. Aspex Eyewear Inc, et al | 2:03cv05965 | Gutierrez | Vacated in part and Remanded |
| Contessa Food Prod, et al v. Conagra Inc, et al | 2:99cv04145 | King | Vacated in part and Remanded |
| E Michael Mattox v. Infotopia Inc, et al | 2:03cv06169 | Klausner | Vacated in part and Remanded |
| Mars Inc, et al v. H J Heinz Company, et al | 2:01cv10961 | Klausner | Vacated in part and Remanded |
| Hall, et al v. Featureline Mfg Inc | 2:92cv05534 | Lew | Vacated in part and Remanded |
| Hall, et al v. Golden West Frame Co | 2:92cv05535 | Lew | Vacated in part and Remanded |
| Hall, et al v. Fadr Intl Inc | 2:92cv05576 | Lew | Vacated in part and Remanded |
| Hall, et al v. Lorts AF Co Inc, et al | 2:92cv06274 | Lew | Vacated in part and Remanded |
| Aspex Eyewear Inc, et al v. Miracle Optics Inc, et al | 2:01cv10396 | Morrow | Vacated in part and Remanded |
| Nellcor Puritan, et al v. Masimo Corporation | 2:03cv00603 | Pfaelzer | Vacated in part and Remanded |
| Intl Rectifier v. Ixys Corporation, et al | 2:00cv06756 | Real | Vacated in part and Remanded |
| SimpleTech Inc v. DPAC Technologies | 8:98cv00822 | Stotler | Vacated in part and Remanded |
| Electro Scientific v. Dynamic Details Inc, et al | 8:00cv00272 | Stotler | Vacated in part and Remanded |

## Jury Demands

Of the 2453 patent cases (both open and closed) of the active judges in the Central District of California, at least one of the parties demanded a jury in 83.5% of the cases (2048 of 2453 cases). Both sides demanded a jury in 32.3% of the cases (792 of 2453). The patentee, but not the accused infringer, demanded a jury in 41.8% of the cases (1026 of 2453). The accused infringer, but not the patentee, demanded a jury in 9.4% of the cases (230 of 2453). Neither party demanded a jury in 16.5% of the cases (405 of 2453). The chart below illustrates the jury demands in the Central District of California for patent cases over this period.



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

# Experience

The active judges in the Central District of California vary considerably in their exposure to patent cases in general and to significant motions in those cases.

## Total Number of Patent Cases—By Judge

There were 68 total patent cases for each active judge (on average). But the actual number of patent cases per judge varies significantly. The table below shows the total number of patent cases and total number of closed patent cases for each of these judges.

| Judge | Number of Patent Cases | Number of Closed Patent Cases |
|---|---|---|
| Average for the Court | 68 | 61 |
| Anderson | 47 | 46 |
| Carney | 67 | 61 |
| Carter | 137 | 125 |
| Collins | 94 | 92 |
| Cooper | 69 | 59 |
| Fairbank | 11 | 1 |
| Feess | 58 | 48 |
| Fischer | 54 | 43 |
| Guilford | 18 | 6 |
| Gutierrez | 11 | 2 |
| Hatter | 78 | 78 |
| Keller | 28 | 28 |
| King | 107 | 93 |
| Klausner | 84 | 76 |
| Larson | 4 | 4 |
| Letts | 49 | 49 |
| Lew | 60 | 59 |
| Marshall | 55 | 51 |
| Matz | 98 | 90 |
| Morrow | 86 | 72 |
| Otero | 56 | 48 |
| Pfaelzer | 97 | 92 |
| Phillips | 63 | 57 |
| Pregerson | 84 | 74 |
| Rafeedie | 64 | 55 |
| Real | 125 | 119 |
| Schiavelli | 51 | 32 |
| Selna | 81 | 63 |
| Snyder | 72 | 61 |
| Stotler | 286 | 272 |
| Takasugi | 30 | 30 |
| Timlin | 80 | 80 |

| Walter | 50 | 44 |
| Wilson | 99 | 98 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

## Total Number of Cases with Claim Construction Activity—By Judge

There was claim construction activity in 397 of these patent cases. These figures do not include cases with summary judgment activity that may involve claim construction issues. The table below shows the number of cases with claim construction activity for each active judge.

| Judge | Number of Cases with Claim Construction Activity |
|---|---|
| Anderson | 6 |
| Carney | 13 |
| Carter | 18 |
| Collins | 14 |
| Cooper | 10 |
| Fairbank | 5 |
| Feess | 8 |
| Fischer | 6 |
| Guilford | 4 |
| Gutierrez | 2 |
| Hatter | 9 |
| Keller | 1 |
| King | 16 |
| Klausner | 9 |
| Larson | 1 |
| Letts | 1 |
| Lew | 6 |
| Marshall | 13 |
| Matz | 27 |
| Morrow | 22 |
| Otero | 10 |
| Pfaelzer | 33 |
| Phillips | 10 |
| Pregerson | 9 |
| Rafeedie | 7 |
| Real | 7 |
| Schiavelli | 15 |
| Selna | 23 |
| Snyder | 12 |
| Stotler | 26 |
| Takasugi | 1 |
| Timlin | 7 |
| Walter | 5 |
| Wilson | 41 |
| Wright | 0 |
| Wu | 0 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

## Cases with Summary Judgment Activity—By Active Judge

There were 1384 summary judgment motions filed in these cases. Of the 1384 summary judgment motions, 386 were denied, 52 were moot, 34 were dismissed, 357 were granted (1 uncontested), 68 granted in part, denied in part,[13] 416 were not decided, 50 are open, 2 had undeterminable rulings, and 19 were withdrawn. The summary judgment figures are illustrated in the chart below.



---

[13] A ruling granting a motion in part and denying it in part is treated as two rulings—one granting a motion and one denying a motion.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

The number of summary judgment motions, by judge, is illustrated below:



The contested win rates (excluding consent rulings) for these summary judgment motions are illustrated in the following chart:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

The average time from motion filing to decision for these summary judgment motions is illustrated below:



## Cases with Transfer Activity—By Active Judge

There were 201 motions to transfer filed in these cases. Of the 201 motions to transfer, 57 were denied, 6 were moot, 6 were dismissed, 63 were granted (3 uncontested), 3 were granted in part, denied in part,[14] 54 were not decided, 1 is open, and 11 were withdrawn. The transfer motion figures are illustrated in the chart below.



_____

[14] A ruling granting a motion in part and denying it in part is treated as two rulings—one granting a motion and one denying a motion.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved       May 2007

The number of motions for transfer, by judge, is illustrated below:



The contested win rates (excluding consent rulings) for these motions for transfer are illustrated in the following chart:



The average time from motion filing to decision for these motions to transfer is illustrated below:



**Transfer Average Time to Decision, by Judge**

| Judge | Months from Motion Filing |
|---|---|
| Marshall | 0.5 |
| Collins | 0.8 |
| Cooper | 0.9 |
| Wilson | 1 |
| Schiavelli | 1 |
| Real | 1 |
| Otero | 1 |
| Letts | 1 |
| Phillips | 1.1 |
| Pfaelzer | 1.1 |
| Walter | 1.2 |
| Snyder | 1.2 |
| Fairbank | 1.3 |
| Rafeedie | 1.4 |
| Matz | 1.4 |
| Keller | 1.4 |
| Fischer | 1.4 |
| Lew | 1.5 |
| Carter | 1.6 |
| Carney | 1.6 |
| Selna | 1.7 |
| Feess | 1.8 |
| District | 1.8 |
| Anderson | 2 |
| Stotler | 2.2 |
| Timlin | 2.3 |
| Pregerson | 2.3 |
| Morrow | 2.3 |
| King | 2.7 |
| Takasugi | 3.6 |
| Hatter | 5.9 |

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

## Cases with Preliminary Injunction Activity—By Active Judge

There were 206 preliminary injunction motions and 95 temporary restraining order motions filed in these cases.  Of the 206 preliminary injunction motions, 88 were denied, 1 was moot, 8 were dismissed, 66 were granted (14 uncontested), 8 were granted in part, denied in part,[15] 30 were not decided, and 5 were withdrawn.  The preliminary injunction figures are illustrated in the chart below.



---

[15] A ruling granting a motion in part and denying it in part is treated as two rulings—one granting a motion and one denying a motion.

© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

Of the 95 motions for temporary restraining orders, 51 were denied, 33 were granted (1 uncontested), 9 were not decided, 1 had an undeterminable ruling, and 1 was withdrawn. The temporary restraining order outcomes are illustrated below:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved                51

The number of preliminary injunction motions, by judge, is illustrated below:



The contested win rates (excluding consent rulings) for these preliminary injunction motions are illustrated in the following chart:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved.

May 2007

The average time from motion filing to decision for these preliminary injunction motions is illustrated below:



© Copyright 2007, LegalMetric, LLC, All Rights Reserved

May 2007

EXHIBIT 10

1   TERRY KEARNEY, State Bar No. 160054
    tkearney@wsgr.com
2   JULIE M. HOLLOWAY, State Bar No. 196942
    jholloway@wsgr.com
3   WILSON SONSINI GOODRICH & ROSATI, P.C.
    650 Page Mill Road
4   Palo Alto, CA 94304-1050
    Telephone: (650) 493-9300
5   Facsimile:  (650) 493-6811

6   TUNG-ON KONG, State Bar No. 205871
    tkong@wsgr.com
7   WILSON SONSINI GOODRICH & ROSATI, P.C.
    One Market Street
8   Spear Tower, Suite 3300
    San Francisco, CA 94105-1126
9   Telephone: (415) 947-2000
    Facsimile:  (415) 947-2099
10
    CRAIG N. HENTSCHEL, State Bar No. 66178
11  chentschel@dykema.com
    DYKEMA GOSSETT LLP
12  333 S. Grand Ave., Suite 2100
    Los Angeles, California  90071
13  Telephone: (213) 457-1818
    Facsimile:  (213) 457-1850
14
    Attorneys for Plaintiff
15  NUANCE COMMUNICATIONS, INC.

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18                   WESTERN DIVISION

19  NUANCE COMMUNICATIONS, INC., a )  Case No.: 2:08-cv-01097-AHM-FFM
    Delaware Corporation,          )
20                                 )
             Plaintiff,            )  **DECLARATION OF HARRY**
21                                 )  **E. VAN CAMP IN**
          v.                       )  **OPPOSITION TO MOTION**
22                                 )  **TO TRANSFER AND MOTION**
    ABBYY SOFTWARE HOUSE, a Russian )  **FOR COSTS**
23  Corporation et al.             )
                                   )
24           Defendants.           )
                                   )
25                                 )
                                   )
26                                 )
                                   )
27                                 )
                                   )
28  _____ )

1    I, Harry E. Van Camp declare as follows:

2    1.    I am an attorney with the law firm of DeWitt Ross & Stevens, S.C.,

3    and I am admitted to practice law in the State of Wisconsin.  I was engaged as

4    local counsel to represent Nuance Communications, Inc. ("Nuance") in an action

5    for patent infringement filed in the United States District Court for the Western

6    District of Wisconsin against Lexmark International, ABBYY Software House (a

7    Russian entity) and ABBYY USA Software House, Inc.  I have personal

8    knowledge of the facts set forth herein and, if called as a witness, could and would

9    testify competently thereto.

10   2.    The infringement case filed by Nuance was assigned to Judge John C.

11   Shabaz.

12   3.    On February 5, 2008, I appeared by telephone on behalf of Nuance at

13   a hearing before Magistrate Stephen L. Crocker.  During the hearing, Magistrate

14   Crocker stated that Judge Shabaz suffered a serious injury that would result in his

15   absence from the bench for an indefinite period of time, but at least two months.

16   Magistrate Crocker also stated that it was unknown what would happen with

17   regard to Judge Shabaz's docket over the long term, but his entire docket would be

18   transferred to Judge Barbara B. Crabb.  Judge Crabb is the only other District

19   Court Judge in the Western District of Wisconsin.

20   4.    My understanding is that Judge Shabaz has still not returned to the

21   bench, and I am not aware that a date has been set for his return.

22   I declare under penalty of perjury that the foregoing is true and correct and

23   based on my personal knowledge.

24

25   Executed on April 16, 2008, at Madison, Wisconsin.

26

27

28   Harry E. Van Camp

DECLARATION OF HARRY E. VAN CAMP                     Van Camp Declaration_(PALIB1_3339163_1)

EXHIBIT 11



Portfolio Media, Inc. | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com

Phone: +1 212 537 6331 | Fax +1 212 537 6371 | customerservice@portfoliomedia.com

# The Tundra Docket: Western District Of Wisconsin

*Wednesday, Mar 12, 2008* — Word is getting around. Patent owners are beginning to realize that the frozen tundra of Wisconsin is home to the fastest federal court in the country.

While federal courts in the Eastern District of Texas and the Eastern District of Virginia have obtained the patent litigation equivalent of rock star status in recent years, the U.S. District Court for the Western District of Wisconsin has quietly built a record as among the nation's most efficient and patent-friendly venues.

Patent owners are taking notice. As IP Law360 recently reported, in 2007 the Western District of Wisconsin for the first time ranked among the 25 most popular courts for patent litigation, beating the Eastern District of Virginia in the number of patent cases filed.

The court's speed is one of its biggest draws. The latest Federal Court Management Statistics published by the Administrative Office of the U.S. Courts show that, in 2007, the Western District of Wisconsin was the country's fastest district court in terms of the length of time from case filing to final disposition, and ranked 2nd for length of time from filing to trial. The median time to disposition was just 4.4 months, and the median time to trial was 10.4 months.

By comparison, the Eastern District of Texas ranked 42nd and 14th nationally for time to final disposition and time to trial, with median times of 9 months and 18 months, respectively. The Eastern District of Virginia held its own, ranking 2nd and 1st nationally for time to disposition and trial, with median times of 4.8 months and 9 months.

The speed of the Wisconsin court's docket has created some interesting tactical opportunities for litigants. In February 2007, a client of one of the authors was sued by a competitor for patent infringement in the Eastern District of Texas.

After efforts to resolve the dispute failed, the client commenced its own infringement action in the Western District of Wisconsin against the competitor in August.

Even though the Wisconsin case was filed six months later than the Texas case, it was set for trial ten months earlier, with a Markman hearing scheduled eight months earlier.

This relative speed of dockets had a significant effect on the dynamics of the



two cases, and likely contributed to their subsequent favorable resolution.

The Wisconsin court's "rocket docket" status is nothing new. For the past ten years, the court has consistently ranked between the first and fourth-fastest courts in the country in time to trial.

In all but one of the last ten years it has been among the top five district courts in time to disposition.

And no case lingers in the Western District of Wisconsin. The court ranks 1st in the nation in the percentage of cases over three years old – it has none. The Eastern District of Texas and the Eastern District of Virginia rank 9th and 2nd, respectively. The Wisconsin court has ranked 1st in this category every year since 1999.

Even more significant for patent owners, recent studies by PricewaterhouseCoopers have found that the Western District of Wisconsin has among the highest overall success rates for patent litigation plaintiffs.

In its "2007 Patent and Trademark Damages Study," Pricewaterhouse ranked the court 1st in the nation in terms of average plaintiff win rates both at trial and on summary judgment.

In Pricewaterhouse's newly-released 2008 study, the court continues to rank 1st for plaintiffs' success on summary judgment, but slipped slightly to 5th place in terms of overall plaintiff success rate.

According to Pricewaterhouse, plaintiffs in the Western District of Wisconsin were successful on summary judgment 36.4% of the time, compared to just 18.9% nationally, and were successful at trial 66.7% of the time, compared to 57% nationally.

The Western District of Wisconsin has other virtues making it a favorable venue for patent litigation. The jury pool in the district is relatively well-educated. More than 45% of Dane County's (the county in which Madison is located) adults over age 25 have at least a bachelor's degree or higher, and more than 50% of the population is employed in white-collar professions.

The court is based in Madison, Wis., home to the University of Wisconsin and the Wisconsin Alumni Research Foundation (owner of the famous stem-cell patents). The UW is one of the largest research universities in the United States, ranking 3rd in the nation in total research expenditures. Its large and well-respected science and engineering departments make the university a good source for expert witnesses.

To the outsider, procedures in the Western District of Wisconsin may seem mysterious at first, because the court has almost no local rules. However, the court has only two judges and one magistrate judge, and their practices are well-established. All of the judges are well-versed in patent law, having



handled scores of patent infringement actions during their tenures.

Judge Barbara B. Crabb was appointed to the court by President Carter in 1979. Prior to her appointment she served as the court's Magistrate Judge after starting her career in private practice.

Judge John C. Shabaz was appointed by President Reagan in 1981. Prior to his appointment he was the Republican minority leader of the Wisconsin Assembly, while also maintaining a private law practice. Judge Shabaz recently announced that he will take senior status when his successor is confirmed. His successor has not been nominated.

Magistrate Judge Stephen L. Crocker was appointed in 1992, after spending several years as an Assistant United States Attorney and in private practice. Magistrate Crocker handles a significant portion of the scheduling matters and non-dispositive motion practice for Judge Crabb.

The cardinal rule for all of the judges is that the trains run on time, and they run quickly. All of the judges hold scheduling conferences as soon as possible after a case has been filed. Judge Shabaz often schedules status conferences before a defendant has appeared.

Neither judge tolerates delays in serving defendants. Although Fed. R. Civ. P. 4 gives a plaintiff 120 days to serve the complaint, both judges are likely to set a hearing to show cause why the case should not be dismissed for lack of prosecution if the complaint is not served in 60 days.

The Western District of Wisconsin is not the court to choose if you want to file a complaint but delay service to gain leverage in negotiations.

Both judges typically issue case management orders within 60 days of filing. Their orders set forth firm dates for dispositive motions, discovery cutoffs and, most importantly, trial. Trial dates are rarely changed, regardless of the circumstance.

Because of the expedited trial schedule, the court places a premium on the parties' addressing their discovery demands and responses in a prompt and reasonable manner. Discovery disputes are resolved very quickly, typically by phone, and the court will not hesitate to sanction a party or counsel whom it believes is acting unreasonably in propounding or responding to discovery.

The judges' practices differ significantly regarding claim construction. Judge Shabaz rarely holds Markman hearings, and typically addresses claim construction issues as part of dispositive motion briefing.

Judge Crabb, by contrast, typically sets early deadlines for claim construction briefing and conducts a Markman hearing, with each side usually given no more than 90 minutes to present all evidence and argument. Recently, in an apparent effort to force parties to make their cases more manageable, Judge Crabb's case management orders for patent suits have included a statement



that she will construe no more than 16 claim terms for all parties, regardless of the number of patents or claims at issue.

Both judges attempt to set summary judgment deadlines that are early enough to permit decisions well in advance of trial; something litigants must be prepared for, given the short time to trial.

Parties must begin planning for summary judgment at the outset of the case, and schedule their discovery accordingly. Briefing deadlines for summary judgment are rarely extended, even if all parties stipulate to the change.

And the briefing schedules are tight: 20 days and 21 days to file responses, for Judge Shabaz and Judge Crabb, respectively; and just 10 days for replies. Both judges have standing procedures setting forth their individual requirements governing motions for summary judgment.

The judges' trial procedures are equally efficient and geared to expedite proceedings. Both judges attempt to speed the introduction of evidence at trial by pre-marking all exhibits and addressing admissibility issues prior to trial to the extent possible.

In a fairly unique, but generally well-received practice, Judge Shabaz prohibits the reading of deposition transcripts for purposes other than impeachment, instead requiring parties to submit in advance of trial concise, written summaries of all deposition testimony that parties may attempt to read into evidence.

Both judges bifurcate all patent infringement trials into separate liability and damages phases, thus eliminating the need for unnecessary damages proof where appropriate. Allegations of inequitable conduct are typically tried to the court while the jury is deliberating on liability issues.

Trial days for both judges are typically long and intensive. If liability is found, the damages trial begins immediately before the same jury. Even the most complex trials rarely last more than two weeks.

The judges part ways dramatically when it comes to the use of technology in the courtroom. Judge Shabaz makes no apologies for preferring a "low tech" courtroom, and generally does not allow the use of video depositions, PowerPoint presentations, or other electronic visual aids, although he has never categorically ruled out their use if genuinely warranted.

Judge Crabb, by contrast, was an early enthusiast of using computers and other high-tech equipment in the courtroom. Trial counsel will find her courtroom to be among the easiest they've encountered when it comes to accommodating electronic trial aids.

Regardless of which judge a party draws, they will find litigating in the Western District of Wisconsin to be a lesson in quick and efficient case management. The court's speedy docket can present significant tactical and



financial advantages to parties bringing patent infringement suits, making it an attractive venue, as long as you are well-prepared for the ride.

—By Allen A. Arntsen and Jeffrey A. Simmons, Foley and Lardner LLP

*Allen Arntsen is a partner with Foley and member of the firm's intellectual property litigation and general commercial litigation practices and the energy industry team. Jeff Simmons is a partner in Foley's IP litigation, trademark, copyright & advertising, and general commercial litigation practices. They work out of the Madison office.*

All Content Copyright 2007, Portfolio Media, Inc.