Grant E. Kinsel (State Bar No. 172407)
E-Mail: gkinsel@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone: 213.972.4500
Facsimile: 213.486.0065

Michael J. Song (State Bar No. 243675)
E-Mail: msong@foley.com
**FOLEY & LARDNER LLP**
975 Page Mill Road
Palo Alto, CA 94304-1125
Telephone: (650) 856-3700
Facsimile: (650) 856-3710

Attorneys for Defendant
ABBYY USA SOFTWARE HOUSE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NUANCE COMMUNICATIONS, INC.

Plaintiff,

vs.

ABBYY USA SOFTWARE HOUSE, INC., et al.

Defendants.

Case No: CV 08-02912 JSW

**REPLY BRIEF IN SUPPORT OF PLAINTIFF ABBYY USA SOFTWARE HOUSE, INC'S MOTION FOR COSTS PURSUANT TO FED. R. CIV. PROC. 41(D)**

**DATE: SEPTEMBER 18, 2008**
**TIME: 10:00 A.M.**
**PLACE: CRT B, 15TH FLOOR**

## I. INTRODUCTION

ABBYY USA Software House, Inc.'s ("ABBYY USA") Motion for Costs Pursuant to Rule 41(d) should be granted. Nuance's opposition brief concedes, as it must, that Rule 41(d) is applicable here. Indeed, Nuance's actions were custom-made for application of Rule 41(d) and Nuance's opposition only serves to underscore that point. Nuance filed its original complaint in the Western District of Wisconsin, a forum whose only connection to the underlying case was the fact that a national-chain retailer in that forum sold at least one of the allegedly infringing products. As Nuance points-out in its opposition, when Nuance learned that it couldn't get the judge that it wanted, it dismissed that case and re-filed in another unrelated jurisdiction—the Central District of California. That district too was inappropriate as demonstrated by the fact that the Court granted ABBYY USA's motion to transfer venue, noting that Nuance failed to identify so much as a single witness justifying its decision to file in the Central District. Nuance's attempt to characterize its serial filings in inappropriate jurisdictions as an attempt to get a fast trial notwithstanding, it is hard to image any more clear-cut, blatant forum-shopping.

Incredibly, Nuance attempts to argue that notwithstanding its twice failed attempt to properly venue this case, it was really ABBYY USA and Lexmark that engaged in forum-shopping. In support of this Alice in Wonderland concept, Nuance throws around claims that Lexmark and ABBBYY USA "conspired," and even more incredibly, that ABBYY USA threatened to force Nuance to litigate in Kentucky. This last allegation is especially bizarre in light of the fact that the Kentucky action referenced by Nuance was an action between Lexmark and Nuance. How ABBYY USA could force anyone to do anything in an action in which it was not a party is hard to imagine. Nuance ***offers no evidence of any kind*** that ABBYY USA ever spoke with Lexmark regarding the Kentucky action. Simply put, Nuance cannot support its grassy-knoll conspiracy theory.

Nuance argues that ABBYY USA's sunk costs related to the Western District of Wisconsin action will, somehow, be salvageable, and even if they are not, they are unreasonable. Nuance offers no explanation as to how a draft of a motion to dismiss could be used where ABBYY USA has already answered and counterclaimed. Nor does Nuance offer any

explanation, other than rank speculation, that somehow ABBYY USA's costs are unreasonable. Nuance simply proposes the *ipse dixit* for that proposition. In short, Nuance's opposition does nothing to change the basic facts underlying ABBYY USA's motion, and the motion should be granted.

## II. THE CIRCUMSTANCES OF THE CASE WARRANT AN AWARD OF COSTS TO ABBYY USA

Throughout its opposition, Nuance fails to understand the standards applicable to a motion under Rule 41(d). Nuance pretends that ABBYY USA must demonstrate bad faith or vexatious litigation conduct. But this is wrong, and is remarkably similar to the argument made—and soundly rejected by Judge Rea in the Central District—in *Esquivel v. Arau*, 913 F.Supp. 1382 (C.D. Cal. 1996). In *Esquivel*, the plaintiff argued that the defendant was required to show bad faith in connection with the original dismissed complaint to be entitled to costs under Rule 41(d). Judge Rea rejected this position, stating "the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Id.* at 1388. Bad faith, or other vexatious conduct, was not required.

Nuance concedes in its opposition that its conduct satisfies the requirements of Rule 41(d). That is to say, Nuance does not dispute that it previously dismissed an action, which includes the same claims against the same defendants as in this action. Thus, as in *Esquivel*, there is no question that Nuance's conduct "satisfies the requirements of Rule 41(d)." That leaves the only relevant question as whether "the circumstances of the case warrant an award of costs to prevent prejudice to" ABBYY USA. There is no question that the circumstances here warrant an award of costs to prevent prejudice to ABBYY USA.

Nuance's original selection of the Western District of Wisconsin was, at best, marginally appropriate. None of the parties have offices there. None of the parties conduct meaningful business there. None of the relevant witnesses reside there. Instead, Nuance selected the Western District of Wisconsin for only one reason: It supposedly offered a short time to trial. When that tactical advantage eluded Nuance because of the injury to Judge Shabaz, Nuance

packed-up its marbles and came to the Central District. The Central District, like the Western District of Wisconsin, had no special connection to this litigation. This point is beyond dispute. As Judge Matz's order on ABBYY USA's motion to transfer made clear, Nuance utterly failed to offer any cogent reason why the case was filed in the Central District to begin with, or why it should remain in the Central District.

Given the utter lack of connection between the Western District of Wisconsin and the Central District of California to the underlying facts of this case, it takes a certain amount of chutzpah for Nuance to contend that its tactics were legitimate, and to characterize them as anything other than forum-shopping. In any case, even if one takes Nuance at its word, shopping around for a rocket docket is ***precisely*** what is meant by forum-shopping. For instance, in *Original Creatine Patent Company Ltd. v. Met-RX USA, Inc.*, 387 F.Supp.2d 564 (E.D. Vir. 2005), the plaintiff filed a patent matter in the Eastern District of Virginia. Like this case, the parties did not reside in the district, the witnesses did not reside in the district, and the documents were not located in the district. Instead, the primary motivating factor for the plaintiff's decision to file in the Eastern District of Virginia was the short time to trial—precisely as contended by Nuance here. The court, granting the defendant's motion to transfer, found "when docket considerations are the primary reason a party has initiated an action in this court, as may be the situation in the instant case, the interest of justice is not served." *Id.* at 572.

The court in *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F.Supp.2d 741 (E.D. Vir. 2003) was even more blunt. Like the plaintiff in *Original Creatine* and like Nuance in this case, the plaintiff in *Telepharmacy* selected the Eastern District of Virginia primarily because it offered a rocket docket. In granting the defendant's motion to transfer venue, the court found, "[plaintiff] argues that docket considerations favor allowing the matter to proceed in this court so that [plaintiff] may take advantage of the 'rocket docket.' In fact, a thorough analysis of [plaintiff's] arguments convinces this court that docket considerations are the primary reason that [plaintiff] seeks to be heard here. The interests of justice are not served by such ***blatant forum shopping***." *Id.* at 743-744 (emphasis added).

As made clear by cases such as *Telepharmacy* and *Original Creatine*, the *sine quo non* of forum shopping is the selection of a forum with minimal relation to the parties or underlying facts of the lawsuit in order to obtain some real or perceived advantage—whether it is favorable law, favorable judge, or fast time to trial. Given the dearth of connection between this case and either the Western District of Wisconsin or the Central District of California, and given Nuance's concession that the only reason it selected either district was a supposed fast time to trial, can there be any doubt that Nuance is engaged in forum-shopping? That Nuance—unlike the plaintiffs in *Telepharmacy* and *Original Creatine*—admits that it only selected the Western District of Wisconsin and the Central District of California to obtain a "rocket docket" advantage, does not make Nuance's conduct any less egregious. In short, there is no doubt that the circumstances justify imposing costs on Nuance pursuant to Rule 41(d).

**III. <u>ABBYY USA'S COSTS WERE REASONABLE</u>**

ABBYY USA's motion seeks approximately $27,000. These costs, directly traceable to Nuance's forum-shopping, are clearly reasonable. The declaration of Ronald M. Wawrzyn attached to ABBYY USA's moving papers, demonstrates precisely the number of hours that were expended, the rates of the attorneys involved, and the projects that the lawyers undertook. Moreover, the Wawrzyn declaration demonstrates that the hourly fees charged by the attorneys were reasonable. Nuance offers no law from any jurisdiction that this information is not sufficient to demonstrate the reasonableness of the fees and costs incurred by ABBYY USA.

**IV. <u>ABBYY USA CANNOT "REUSE" ITS WORK</u>**

ABBYY USA seeks its fees and costs related to three categories of work: (1) the motion to continue that Nuance forced ABBYY USA to file to request a simple extension of time to plead, (2) a contemplated motion to transfer venue from the Western District of Wisconsin, and (3) a motion to dismiss. Nuance claims that ABBYY USA can recycle the work from these motions. Nuance is wrong.

With respect to the motion to continue and as conceded in the Declaration of Craig Tyler (Docket No. 19), Nuance forced ABBYY USA to prepare and brief a motion to continue. Mr. Tyler offers no explanation for his intransigence other than he understood that Judge Shabaz "did

not look kindly on plaintiffs who filed cases in his court and then agreed to extensions." Having forced ABBYY USA to prepare an file the motion to continue, Nuance now claims that the motion could have been prepared in "an hour at 1/10th the cost." (Opposition at p. 9:16.) Of course, as with the rest of Nuance's allegations, not a single piece of evidence is offered for this conclusion. The fact is that ABBYY USA incurred these costs, that the costs are reasonable, and that Nuance, the party solely responsible for these costs, should pay them.

Similarly, with respect to the venue motion, Nuance claims that the work could be and was reused in connection with ABBYY USA's motion to transfer in the Central District. But in point of fact, ABBYY USA needed to investigate the parties' contacts and relationships to the Western District of Wisconsin for purposes of the Wisconsin motion. Those facts differed from the facts that made Nuance's selection of the Central District of California inappropriate. Moreover, ABBYY USA needed to prepare moving papers for filing in the Western District of Wisconsin that differed from the papers that were filed in the Central District because the two districts are different. It was not simply a matter of changing the name of the Court on ABBYY USA's motion to transfer and re-filling that same motion. ABBYY USA takes its obligations seriously to investigate and prepare documents that are appropriate for the particular jurisdiction. Therefore, new legal research, new factual research, and new pleadings all had to be prepared for filing in the Central District.

With respect to the motion to dismiss, Nuance fails to answer the question of exactly how the motion to dismiss might come in handy in this case. ABBYY USA has already filed an answer. ABBYY USA cannot re-file its motion to dismiss. Nuance's argument might carry some weight if the previous motion, for example, had been a summary judgment motion. There, the underlying factual research and development could be reused in a subsequent motion for summary judgment, or even for trial. But here, the motion was a motion to dismiss because of the inadequacy of Nuance's pleadings. But the time for that issue—the standards for pleading a patent infringement action and whether Nuance met those standards—has come and gone. And Nuance, the party causing ABBYY USA to waste these efforts, is responsible for those costs.

## V. CONCLUSION

For all of the reasons stated above, the Court should grant ABBYY USA's motion and award ABBYY USA $27,275 in attorneys fees and costs.

Dated: September 4, 2008

FOLEY & LARDNER LLP
GRANT E. KINSEL

By: /s/ Grant E. Kinsel
GRANT E. KINSEL
Attorneys for Defendant
ABBYY USA Software House, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2008 I, electronically filed **REPLY BRIEF IN SUPPORT OF PLAINTIFF ABBYY USA SOFTWARE HOUSE, INC'S MOTION FOR COSTS PURSUANT TO FED. R. CIV. PROC. 41(D)** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Franklin M. Rubinstein**
Wilson Sonsini Goodrich & Rosati
1700 K Street NW
Fifth Floor
Washington, DC 20006-3817
202-973-8833
Fax: 202-973-8899
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Attorneys for Plaintiff
Nuance Communications, Inc.

**Julie M. Holloway**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
650-493-9300
Email: jholloway@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marvin Craig Tyler**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Sa Cimas IV Fifth Floor
Austin, TX 78746-5546
512/338-5410
Fax: 512-338-5410
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron Eleazer Shulman**
Wilson Sonsini Goodrich & Rosati
A Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650/493-9300
Fax: 650-565-5100
Email: rshulman@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
Wilson Sonsini Goodrich & Rosati
1700 K Street NW
5th Floor
Washington, DC 20006

202-973-8800
Fax: 202-973-8899
Email: ssher@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seungtaik Michael Song**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94303
650-493-9300
Email: msong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrence J.P. Kearney**
Wilson Sonsini Goodrich and Rosati
A Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: tkearney@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tung-On Kong**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: tkong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woo J. Kim**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway North
Austin, TX 78746-5546
512-338-5400
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Franklin M. Rubinstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Attorneys for Counter-defendant Nuance Communications, Inc.

**Julie M. Holloway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marvin Craig Tyler**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway

Las Cimas IV Fifth Floor
Austin, TX 78746-5546
512-338-5410
Fax: 512-338-5499
Email: ctyler@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ron Eleazer Shulman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Andrew Sher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seungtaik Michael Song**
Wilson Sonsini Goodrich & Rosati
650 Page Mill
Palo Alto, CA 94303
6504939300
Email: msong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrence J.P. Kearney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tung-On Kong**
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: tkong@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woo J. Kim**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway North
Austin, TX 78746-5546
512-338-5454
Fax: 512-338-5499
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Attorneys for Third Party
Lexmark International, Inc.

**Eugene Andrew Feher**
Mintz Levin Cohn Ferris Glovsky et. al.
One Financial Center
Boston, MA 02111
617-542-6000

Email: eafeher@mintz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nada I. Shamonki**
Mintz Levin Cohn Ferris Glovsky Popeo
2029 Century Park East
Suite 1370
Los Angeles, CA 90067
310-586-3200
Email: nshamonki@mintz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I further certify that I mailed the foregoing and the notice of electronic filing by first-class mail to the following non CM/ECF participant:

**Craig N. Hentschel**
Dykema Gossett LLP
333 South Grand Ave.
Suite 2100
Los Angeles, CA 90071
213-457-1818
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Attorneys for Plaintiff and Counter-defendant Nuance Communications, Inc.

/s/ Grant E. Kinsel
Grant E. Kinsel