RON E. SHULMAN, State Bar No. 178263
shulman@wsgr.com
TERRY KEARNEY, State Bar No. 160054
tkearney@wsgr.com
JULIE M. HOLLOWAY, State Bar No. 196942
jholloway@wsgr.com
S. MICHAEL SONG State Bar No. 198656
jholloway@wsgr.com
TUNG-ON KONG, State Bar No. 205871
tkong@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

M. CRAIG TYLER, *Pro Hac Vice*
ctyler@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:    (512) 338.5400
Facsimile:    (512) 338.5499

Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>ABBYY SOFTWARE HOUSE, a Russia Corporation; ABBYY USA SOFTWARE HOUSE, a California Corporation; LEXMARK INTERNATIONAL, INC., a Delaware Corporation; ABBYY SOFTWARE, LTD., a Cyprus Corporation; ABBYY PRODUCTION LLC, a Russia Corporation<br><br>            Defendants. | Case No.: 3-cv-02912 JSW MEJ<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

AMENDED COMPLAINT

1

2      Nuance Communications, Inc. ("Nuance") hereby alleges for its amended complaint

3   against defendants ABBYY Software House, ABBYY USA Software House, Inc., Abbyy

4   Software, Ltd., Abbyy Production LLC and Lexmark International, Inc. ("Lexmark") on personal

5   knowledge as to its own actions and upon information and belief as to actions of others, as

6   follows:

7                              **NATURE OF THE LAWSUIT**

8      1.      This action involves claims for patent infringement arising under the patent laws

9   of the United States, Title 35 of the United States Code, for damages and injunctive relief

10  pursuant to 35 U.S.C. §§ 1 *et seq,* claims for trade dress infringement arising under the Lanham

11  Act, Title 15 of the United States Code, for damages and injunctive relief pursuant to 15 U.S.C.

12  §§ 1125 *et seq.* and arising under the common law of California, and claims for unfair

13  competition and false advertising arising under California Business and Professions Code §§

14  17200 *et seq.*, California Business and Professions Code §§ 17500 *et seq.*, and the common law

15  of California.  This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and

16  1338(a).  Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

17                                  **THE PARTIES**

18     2.      Nuance is a corporation organized and existing under the laws of the state of

19  Delaware with its principal place of business at 1 Wayside Road Burlington, Massachusetts

20  01803.

21     3.      Upon information and belief, ABBYY Software House is a corporation organized

22  under the laws of the Federation of Russia, with its principal place of business at Str. 1, 11

23  Kasatkina U1., Moscow 129301, Russian Federation.

24     4.      Upon information and belief, ABBYY USA Software House, Inc. is a corporation

25  organized under the laws of the State of California, with its principal place of business at 47221

26  Fremont Blvd., Fremont, California 94538.

27

28

5. Upon Information and belief, ABBYY Software, Ltd. is a corporation organized under the laws of Cyprus, with its principal place of business at Statikratous 29, office 202, 1065, Nicosia, Cyprus.

6. Upon Information and belief, ABBYY Production LLC is a corporation organized under the laws of the Federation of Russia, with its principle place of business located at Struenie 1, 11 Kasatkina Str, Moscow 129301, Russia.

7. Upon information and belief, Lexmark is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Lexmark Centre Drive, 740 West New Circle Road, Lexington, Kentucky 40550.

### NUANCE'S PATENTS

8. Nuance is the owner by assignment of United States Patent No. 5,131,053 ("the '053 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 14, 1992.

9. Nuance is the owner by assignment of United States Patent No. 5,381,489 ("the '489 patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 10, 1995.

10. Nuance is the owner by assignment of United States Patent No. 5,436,983 ("the '983 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 25, 1995.

11. Nuance is the owner by assignment of United States Patent No. 6,038,342 ("the '342 patent"), which was duly and legally issued by the United States Patent and Trademark Office on March 14, 2000.

12. Nuance is the owner by assignment of United States Patent No. 5,261,009 ("the '009 patent"), which was duly and legally issued by the United States Patent and Trademark Office on November 9, 1993.

13. Nuance is the owner by assignment of United States Patent No. 6,810,404 ("the '404 patent"), which was duly and legally issued by the United States Patent and Trademark Office on October 26, 2004.

1       14.     Nuance is the owner by assignment of United States Patent No. 6,820,094 ("the

2 '094 patent"), which was duly and legally issued by the United States Patent and Trademark

3 Office on November 16, 2004.

4       15.     Nuance is the owner by assignment of United States Patent No. 6,742,161 ("the

5 '161 patent"), which was duly and legally issued by the United States Patent and Trademark

6 Office on May 25, 2004.

7                          **NUANCE'S TRADE DRESS**

8       16.     Nuance offers its optical character recognition ("OCR") software products in

9 distinctive packaging. This packaging features a combination of elements, including the layout

10 of the graphic elements in the center of the box surrounded by a block of color in deep red or

11 blue (indicating whether the software is the high-end professional version or the standard

12 version), which wraps around to the top of the side panel of the box, the name of the product in

13 black text with a distinctive font in the white area below the color block and down the side panel

14 of the box, and bright red text in the same font indicating the version of the software below the

15 black text (the "Nuance Packaging Trade Dress").

16       17.     Nuance has used the Nuance Packaging Trade Dress continuously in connection

17 with multiple versions of its OCR software products offered throughout the U.S. since at least as

18 early as June 2001.

19       18.     Nuance has sold thousands of copies of its software in the Nuance Trade Dress

20 Packaging. This software is sold at numerous outlets, including large office supply and software

21 retailers such as CompUSA.

22       19.     As a result of the widespread marketing, promotion, and sale of Nuance's

23 products, the Nuance Packaging Trade Dress has acquired secondary meaning in connection with

24 the sale of software products, and is strongly associated with Nuance in the minds of the general

25 public.

26                          **JURISDICTION AND VENUE**

27       20.     This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and

28 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

**ABBYY Defendants**

21.     Upon information and belief, defendants ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC design, develop, manufacture, sell, offer for sale and import into the United States products, including FlexiCapture, FormReader, Recognition Server, and FineReader Engine, FineReader OCR, FineReader Sprint, PDF Transformer, Mobile OCR Engine, and ScreenShot Reader.

22.     Upon information and belief, ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and/or ABBYY Production LLC have one or more common owners, executives, officers, and/or employees.

23.     Upon information and belief, ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC refer to themselves as members of ABBYY Group.

24.     Upon information and belief, the headquarters for ABBYY Group is in Moscow, Russia, and is referred to as ABBYY Headquarters.

25.     Upon information and belief, each member of ABBYY Group, including ABBYY Software House, ABBYY Software Ltd., ABBYY Production LLC and ABBYY USA Software House, Inc., either separately or in concert with one or more members of ABBYY Group, sells and offers for sale the above products in the United States and within this district, and import the above products into the United States.

26.     The ABBYY Group website, www.abbyy.com, identifies many ABBYY Group customers, partners and clients based in the United States, including within this district..

27.     According to its press releases, ABBYY USA Software House, Inc. is and acts as a regional office of ABBYY Group.

28.     On information and belief, ABBYY USA Software House, Inc., as a regional office and agent of ABBYY Group, is in the business of selling, offering for sale the above identified products in this district and importing the above identified products into the United States.

1    29.    According to interrogatory responses served by ABBYY USA Software House,

2  Inc., ABBYY Software, Ltd. is the parent company of and owns all ownership interest in

3  ABBYY USA Software House, Inc.

4    30.    According to ABBYY USA Software House, Inc. press releases, ABBYY USA

5  Software House, Inc. is the subsidiary of ABBYY Software House, based in Moscow, Russia.

6    31.    Upon information and belief, ABBYY Software, Ltd., ABBYY Software House

7  and ABBYY Production LLC exercise control over the activities of ABBYY USA Software

8  House, Inc. , including sales and marketing activities.

9    32.    Upon information and belief, ABBYY Software Ltd., ABBYY Software House,

10  and ABBYY Production LLC participate in the activities of ABBYY USA Software House, Inc.,

11  including sales and marketing activities.

12    33.    Upon information and belief, ABBYY Software, Ltd., ABBYY Software House

13  and ABBYY Production LLC receive, directly or indirectly, money generated by the activities of

14  ABBYY USA Software House, Inc.

15    34.    Upon information and belief, ABBYY Software, Ltd., ABBYY Software House

16  and ABBYY Production, LLC have shipped or facilitated shipment of thousands of the above

17  identified products into the United States, including into this district, including the sale or

18  transfer of product to ABBYY USA Software House, Inc..

19    35.    Upon information and belief, each member of ABBYY Group, including ABBYY

20  Software House, ABBYY Software Ltd., ABBYY Production LLC and ABBYY USA Software

21  House, Inc., either separately or in concert with one or more members of ABBYY Group, sell at

22  least some of the above identified products, through retail stores in the Northern District of

23  California, including Fry's stores.  A copy of the FineReader and PDF Transformer has been

24  purchased from a Fry's store located in this district.

25    36.    Upon information and belief, each member of ABBYY Group, including ABBYY

26  Software House, ABBYY Software Ltd., ABBYY Production LLC and ABBYY USA Software

27  House, Inc., either separately or in concert with one or more members of ABBYY Group,

28

1  advertises the above identified products via webpages, http://www.abbyy.ru/,

2  http://www.abbyy.com/, and http://www.abbyyusa.com.

3      37.    Upon information and belief, the websites owned and operated by ABBYY

4  Software House, ABBYY Software Ltd., ABBYY Production LLC and ABBYY USA Software

5  House, Inc. include an "online store," (e.g., http://www.abbyyusa.com/shop/) which facilitates

6  the purchase of any of the above identified products, including customers in the Northern District

7  of California.

8      38.    Upon information and belief, each member of ABBYY Group markets and sells

9  the above identified products throughout the United States and within this district via third party

10  online retailers including at least Amazon.com, CDW.com, and Buy.com.

11     39.    Upon information and belief, each member of ABBYY Group, including ABBYY

12  Software House, ABBYY Software Ltd., ABBYY Production LLC and ABBYY USA Software

13  House, Inc., markets and sells the above identified products within the Northern District of

14  California.

15     40.    Upon information and belief, ABBYY Software House, ABBYY Software Ltd.,

16  ABBYY Production LLC and ABBYY USA Software House, Inc. transact business and have

17  directly and/or indirectly provided to customers in the United States, the State of California, and

18  within this district products, including those identified above, that infringe the'053, '489, '983,

19  '342,'009, '404, '094 and '161 patents.

20     41.    This Court has personal jurisdiction over ABBYY Software House, ABBYY

21  Software Ltd., ABBYY Production LLC and ABBYY USA Software House, Inc., and ABBYY

22  USA Software House has already appeared in this action.

23                              **Lexmark**

24     42.    Upon information and belief, defendant Lexmark designs, develops,

25  manufactures, and/or sells products, including Lexmark P6350, Lexmark X2470, Lexmark

26  X3470, Lexmark X3550, Lexmark X3580, Lexmark X3650, Lexmark X4550, Lexmark X4580,

27  Lexmark X4650, Lexmark X4950, Lexmark X4975, Lexmark X5320, Lexmark X5340,

28  Lexmark X5410, Lexmark X5450, Lexmark X5470, Lexmark X5495, Lexmark X5650,

1   Lexmark X5690, Lexmark X6650, Lexmark X6675, Lexmark X6690, Lexmark X7350,

2   Lexmark X7675, Lexmark X8350, Lexmark X9350, Lexmark X340, Lexmark X340n, Lexmark

3   X342n, Lexmark X500n, Lexmark X502n, and Lexmark X560n, Lexmark Document

4   Management Platform ("DocMP"), Lexmark Document Distributor, Lexmark Document

5   Solutions.

6         43.    Upon information and belief, Lexmark markets and sells at least the above

7   identified products through retail stores in Northern District of California including at least

8   Circuit City Fry's, Best Buy, and Office Depot stores throughout the district.

9         44.    Upon information and belief, Lexmark maintains a webpage,

10   http://www.lexmark.com/lexmark/site/home/0,6932,204816596_0_0_en,00.html, which

11   advertises the above identified Lexmark products.

12        45.    Upon information and belief, Lexmark's "online store,"

13   http://www.lexmarkstore.com/store/lexmark/DisplayHomePage, allows or facilitates any online

14   customer (including customers in the Northern District of California) to purchase the above

15   identified products directly from Lexmark.

16        46.    Upon information and belief, Lexmark markets and sells at least some of the

17   above identified products through third party online retailers including at least Amazon.com,

18   CDW.com and Buy.com.

19        47.    Upon information and belief, defendant Lexmark transacts business and has

20   directly and/or indirectly provided to customers in this judicial district and throughout the State

21   of California products that infringe the '053, '489, '983, '342,'009, '404, '094 and '161 patents.

22        48.    This Court has personal jurisdiction over defendant Lexmark, and Lexmark has

23   appeared in this action.

24          **COUNT ONE – INFRINGEMENT OF THE '053 PATENT**

25        49.    Nuance repeats, realleges and incorporates by reference the allegations of

26   paragraphs 1 through 48.

27        50.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

28   Software, Ltd., ABBYY Production LLC have each infringed and are continuing to infringe one

1  or more claims of the '053 patent directly, contributorily, and/or by inducement, by making, using,

2  selling and/or offering to sell in this country, and/or importing into this country software for

3  performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. §

4  271.

5        51.    Lexmark has infringed and is continuing to infringe one or more claims of the

6  '053 patent directly, contributorily, and/or by inducement, by making, using, selling and/or

7  offering to sell in this country, and/or importing into this country devices for performing OCR

8  including at least the P4350, X2470, X3470, X3550, X4270, X4550, X5450, X5470, X7350,

9  X8350, X9350, X9575, X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

10        52.    Upon information and belief, ABBYY Software House, ABBYY USA Software

11  House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of

12  the '053 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35

13  U.S.C. §§ 284 and 285.

14        53.    Nuance has been damaged by ABBYY Software House, ABBYY USA Software

15  House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing

16  activities and will be irreparably injured unless such infringing activities are enjoined by this

17  Court.

18        **<u>COUNT TWO – INFRINGEMENT OF THE '489 PATENT</u>**

19        54.    Nuance repeats, realleges and incorporates by reference the allegations of

20  paragraphs 1 through 53.

21        55.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

22  Software, Ltd., and ABBYY Production LLC have each infringed and are continuing to infringe

23  one or more claims of the '489 patent directly, contributorily, and/or by inducement, by making,

24  using, selling and/or offering to sell in this country, and/or importing into this country software for

25  performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. §

26  271.

27        56.    Lexmark has infringed and is continuing to infringe one or more claims of the

28  '489 patent directly, contributorily, and/or by inducement, by making, using, selling and/or

1   offering to sell in this country, and/or importing into this country devices for performing OCR

2   including at least the P4350, X2470, X3470, X3550, X4270, X4550, X5450, X5470, X7350,

3   X8350, X9350, X9575, X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

4          57.    Upon information and belief, ABBYY Software House, ABBYY USA Software

5   House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of

6   the '489 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35

7   U.S.C. §§ 284 and 285.

8          58.    Nuance has been damaged by ABBYY Software House, ABBYY USA Software

9   House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing

10  activities and will be irreparably injured unless such infringing activities are enjoined by this

11  Court.

12          **COUNT THREE – INFRINGEMENT OF THE '983 PATENT**

13         59.    Nuance repeats, realleges and incorporates by reference the allegations of

14  paragraphs 1 through 58.

15         60.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

16  Software, Ltd., and ABBYY Production LLC have each infringed and are continuing to infringe

17  one or more claims of the '983 patent directly, contributorily, and/or by inducement, by making,

18  using, selling and/or offering to sell in this country, and/or importing into this country software for

19  performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. §

20  271.

21         61.    Lexmark has infringed and is continuing to infringe one or more claims of the

22  '983 patent directly, contributorily, and/or by inducement, by making, using, selling and/or

23  offering to sell in this country, and/or importing into this country devices for performing OCR

24  including at least the P4350, X2470, X3470, X3550, X4270, X4550, X5450, X5470, X7350,

25  X8350, X9350, X9575, X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

26         62.    Upon information and belief, ABBYY Software House, ABBYY USA Software

27  House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of

28

1  the '983 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35

2  U.S.C. §§ 284 and 285.

3     63.    Nuance has been damaged by ABBYY Software House, ABBYY USA Software

4  House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing

5  activities and will be irreparably injured unless such infringing activities are enjoined by this

6  Court.

7  <u>**COUNT FOUR – INFRINGEMENT OF THE '342 PATENT**</u>

8     64.    Nuance repeats, realleges and incorporates by reference the allegations of

9  paragraphs 1 through 63.

10    65.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

11 Software, Ltd., and ABBYY Production LLC have each infringed and are continuing to infringe

12 one or more claims of the '342 patent directly, contributorily, and/or by inducement, by making,

13 using, selling and/or offering to sell in this country, and/or importing into this country software for

14 performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. §

15 271.

16    66.    Lexmark has infringed and is continuing to infringe one or more claims of the

17 '342 patent directly, contributorily, and/or by inducement, by making, using, selling and/or

18 offering to sell in this country, and/or importing into this country devices for performing OCR

19 including at least the P4350, X2470, X3470, X3550, X4270, X4550, X5450, X5470, X7350,

20 X8350, X9350, X9575, X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

21    67.    Upon information and belief, ABBYY Software House, ABBYY USA Software

22 House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of

23 the '342 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35

24 U.S.C. §§ 284 and 285.

25    68.    Nuance has been damaged by ABBYY Software House, ABBYY USA Software

26 House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing

27 activities and will be irreparably injured unless such infringing activities are enjoined by this

28 Court.

## COUNT FIVE – INFRINGEMENT OF THE '009 PATENT

69. Nuance repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 68.

70. ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC have each infringed and are continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

71. Lexmark has infringed and is continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing OCR including at least the P4350, X2470, X3470, X3550, X4270, X4550, X5450, X5470, X7350, X8350, X9350, X9575, X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

72. Upon information and belief, ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of the '009 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

73. Nuance has been damaged by ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT SIX – INFRINGEMENT OF THE '404 PATENT

74. Nuance repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 73.

75. ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC have each infringed and are continuing to infringe one or more claims of the '404 patent directly, contributorily, and/or by inducement, by making, using,

1  selling and/or offering to sell in this country, and/or importing into this country at least the

2  FlexiCapture and FormReader products, in violation of 35 U.S.C. § 271.

3       76.    Lexmark has infringed and is continuing to infringe one or more claims of the

4  '404 patent directly, contributorily, and/or by inducement, by making, using, selling and/or

5  offering to sell in this country, and/or importing into this country at least the DocMP and

6  Lexmark Document Distributor, in violation of 35 U.S.C. § 271.

7       77.    Upon information and belief, ABBYY Software House, ABBYY USA Software

8  House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of

9  the '404 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35

10 U.S.C. §§ 284 and 285.

11      78.    Nuance has been damaged by ABBYY Software House, ABBYY USA Software

12 House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing

13 activities and will be irreparably injured unless such infringing activities are enjoined by this

14 Court.

15             **COUNT SEVEN – INFRINGEMENT OF THE '094 PATENT**

16      79.    Nuance repeats, realleges and incorporates by reference the allegations of

17 paragraphs 1 through 78.

18      80.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

19 Software, Ltd., ABBYY Production LLC have each infringed and are continuing to infringe one

20 or more claims of the '094 patent directly, contributorily, and/or by inducement, by making, using,

21 selling and/or offering to sell in this country, and/or importing into this country at least the

22 FlexiCapture and FormReader products, in violation of 35 U.S.C. § 271.

23      81.    Lexmark has infringed and is continuing to infringe one or more claims of the

24 '094 patent directly, contributorily, and/or by inducement, by making, using, selling and/or

25 offering to sell in this country, and/or importing into this country at least the DocMP and

26 Lexmark Document Distributor products in violation of 35 U.S.C. § 271.

27      82.    Upon information and belief, ABBYY Software House, ABBYY USA Software

28 House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of

1   the '094 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35

2   U.S.C. §§ 284 and 285.

3        83.    Nuance has been damaged by ABBYY Software House, ABBYY USA Software

4   House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing

5   activities and will be irreparably injured unless such infringing activities are enjoined by this

6   Court.

7           **COUNT EIGHT – INFRINGEMENT OF THE '161 PATENT**

8        84.    Nuance repeats, realleges and incorporates by reference the allegations of

9   paragraphs 1 through 83.

10        85.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

11   Software, Ltd., ABBYY Production LLC have each infringed and are continuing to infringe one

12   or more claims of the '161 patent directly, contributorily, and/or by inducement, by making, using,

13   selling and/or offering to sell in this country, and/or importing into this country at least the

14   Recognition Server products in violation of 35 U.S.C. § 271.

15        86.    Lexmark has infringed and is continuing to infringe one or more claims of the

16   '161 patent directly, contributorily, and/or by inducement, by making, using, selling and/or

17   offering to sell in this country, and/or importing into this country at least the Lexmark Document

18   Distributor products in violation of 35 U.S.C. § 271.

19        87.    Upon information and belief, ABBYY Software House, ABBYY USA Software

20   House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringement of

21   the '161 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35

22   U.S.C. §§ 284 and 285.

23        88.    Nuance has been damaged by ABBYY Software House, ABBYY USA Software

24   House, Inc., ABBYY Software, Ltd., ABBYY Production LLC and Lexmark's infringing

25   activities and will be irreparably injured unless such infringing activities are enjoined by this

26   Court.

27

28

1

2   **COUNT NINE – INFRINGEMENT OF NUANCE'S TRADE DRESS IN VIOLATION OF**

3   **15 U.S.C. § 1125(a)**

4   **(Against ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,**

5   **Ltd., and ABBYY Production LLC)**

6        89.    Nuance repeats, realleges and incorporates by reference the allegations of

7   paragraphs 1 through 88.

8        90.    In or about June 2002, ABBYY Software House, ABBYY USA Software House,

9   Inc., ABBYY Software, Ltd., and ABBYY Production LLC changed the packaging design of

10  their OCR software products, and willfully adopted the Nuance Packaging Trade Dress in

11  connection with the unauthorized advertisement and sale of their own competing software

12  products. ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,

13  Ltd., and ABBYY Production LLC have adopted variations of the Nuance Packaging Trade

14  Dress on multiple versions of the software, including versions of software released in or about

15  2003, 2005, and 2007.

16       91.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

17  Software, Ltd., and ABBYY Production LLC's use of the Nuance Packaging Trade Dress is

18  likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or

19  approval of ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,

20  Ltd., and ABBYY Production LLC's products. Further, ABBYY Software House, ABBYY

21  USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's acts

22  described above constitute false representations of fact that are also likely to cause confusion,

23  mistake, or deception as to the source, sponsorship, affiliation, or approval of ABBYY Software

24  House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production

25  LLC's goods.

26       92.    Because of the confusion as to source engendered by ABBYY Software House,

27  ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's

28  use of the Nuance Packaging Trade Dress, purchasers are likely to purchase goods sold by

1 ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and

2 ABBYY Production LLC believing they are Nuance's products, associated or affiliated with

3 Nuance, or sponsored or endorsed by Nuance, thereby resulting in a loss of sales for Nuance.

4      93.    Because of the confusion as to source engendered by ABBYY Software House,

5 ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's

6 use of the Nuance Packaging Trade Dress, Nuance's valuable goodwill is at the mercy of

7 ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and

8 ABBYY Production LLC, and the quality, or lack thereof, of ABBYY Software House, ABBYY

9 USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's related

10 goods.  ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd.,

11 and ABBYY Production LLC's conduct threatens irreparable injury to Nuance's goodwill,

12 business, and reputation.

13      94.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

14 Software, Ltd., and ABBYY Production LLC's actions in violation of Nuance's trade dress

15 rights have been willful, malicious, and in complete disregard of Nuance's interests.

16      95.    Nuance has been damaged by, and ABBYY Software House, ABBYY USA

17 Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC have profited from,

18 their wrongful conduct in an amount to be proven at trial.

19      96.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

20 Software, Ltd., and ABBYY Production LLC's wrongful conduct has caused and is continuing to

21 cause irreparable injury to Nuance and to the business, reputation, and goodwill represented

22 thereby, and unless enjoined will cause further irreparable injury, from which Nuance has no

23 adequate remedy at law.

24      97.    As a consequence of ABBYY Software House, ABBYY USA Software House,

25 Inc., ABBYY Software, Ltd., and ABBYY Production LLC's infringement of Nuance's rights,

26 Nuance is entitled to an injunction as set forth below, an order of destruction of all infringing

27 materials, ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,

28 Ltd., and ABBYY Production LLC's profits, Nuance's damages, and Nuance's costs of action.

1    Moreover, because this is an exceptional case, involving willful misconduct by ABBYY

2    Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY

3    Production LLC, Nuance is entitled to recover treble damages, treble profits, and attorneys' fees.

4    **COUNT TEN – COMMON LAW TRADE DRESS INFRINGEMENT**

5    **(Against ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,**

6    **Ltd., and ABBYY Production LLC)**

7    98.    Nuance repeats, realleges and incorporates by reference the allegations of

8    paragraphs 1 through 97.

9    99.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

10    Software, Ltd., and ABBYY Production LLC's conduct constitutes willful trade dress

11    infringement under the common law of the State of California.

12    100.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

13    Software, Ltd., and ABBYY Production LLC's actions described above have greatly and

14    irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court.

15    Nuance is entitled to an injunction as well as damages to be proved at trial. Moreover, because

16    of ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and

17    ABBYY Production LLC's willful and malicious conduct, Nuance is entitled to exemplary

18    damages in an amount to be determined by a jury.

19    **COUNT ELEVEN – COMMON LAW UNFAIR COMPETITION**

20    **(Against ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,**

21    **Ltd., and ABBYY Production LLC)**

22    101.    Nuance repeats, realleges and incorporates by reference the allegations of

23    paragraphs 1 through 100.

24    102.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

25    Software, Ltd., and ABBYY Production LLC's acts as described above constitute unfair

26    competition in violation of the common law of the State of California.

27    103.    ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

28    Software, Ltd., and ABBYY Production LLC's acts described above have greatly and irreparably

1   damaged Nuance and will continue to damage Nuance unless enjoined by this Court.  Nuance is

2   entitled to an injunction as set forth below, as well as damages to be proved at trial.

3   **COUNT TWELVE – UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. &**

4   **PROF. CODE § 17200 et seq.**

5   **(Against ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,**

6   **Ltd., and ABBYY Production LLC)**

7       104.   Nuance repeats, realleges and incorporates by reference the allegations of

8   paragraphs 1 through 103.

9       105.   ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

10  Software, Ltd., and ABBYY Production LLC's use of trade dress that is identical or confusingly

11  similar to that used by Nuance constitutes unfair deceptive, untrue, and misleading advertising.

12      106.   ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

13  Software, Ltd., and ABBYY Production LLC's acts described above are unlawful, unfair, or

14  fraudulent business acts or practices, constituting unfair competition in violation of California

15  Bus. & Prof. Code § 17200 et seq.

16      107.   ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

17  Software, Ltd., and ABBYY Production LLC's acts described above have greatly and irreparably

18  damaged Nuance and will continue to damage Nuance unless enjoined by this Court.

19  Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17203, as well

20  as restitution and disgorgement of ABBYY Software House, ABBYY USA Software House,

21  Inc., ABBYY Software, Ltd., and ABBYY Production LLC's profits.

22  **COUNT THIRTEEN – FALSE AND DECEPTIVE ADVERTISING IN VIOLATION OF**

23  **CAL. BUS. & PROF. CODE § 17500 et seq.**

24  **(Against ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software,**

25  **Ltd., and ABBYY Production LLC)**

26      108.   Nuance repeats, realleges and incorporates by reference the allegations of

27  paragraphs 1 through 107.

28

109.   ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's ongoing offers to sell their goods in connection with the Nuance Packaging Trade Dress are disseminated to and received by the public in California. ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC have engaged in these actions with the intent to sell their goods, and/or to induce the public to purchase ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's goods.  Such actions (which are likely to deceive the public as to the source, sponsorship, affiliation, or approval of ABBYY Russia and ABBYY USA's goods) constitute unfair, deceptive, untrue, or misleading advertising under Cal. Bus. & Prof. Code § 17500 et seq.

110.   ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court. Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17535, as well as restitution and disgorgement of ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC's profits.

## **PRAYER FOR RELIEF**

Wherefore, Nuance prays for judgment that:

1.   ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC, and Lexmark have each directly infringed, contributed to the infringement of, and induced infringement of the '053, '489, '983, '342, '009, '404, '094, and '161 patents;

2.   ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC, and Lexmark have each willfully infringed, willfully contributed to the infringement of, and willfully induced infringement of the '053, '489, '983, '342, , '009, '404, '094, and '161 patents;

3.   Permanently enjoins ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC, and Lexmark, each of their officers,

1    agents, servants, employees, attorneys, successors and assigns, and all others in active concert or

2    participation with any one of them, from infringing the '053, '489, '983, '342 , '009, '404, '094,

3    and '161 patents;

4        4.    Awards Nuance damages adequate to compensate for ABBYY Software House,

5    ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC, and

6    Lexmark's infringement of the '053, '489, '983, '342 , '009, '404, '094, and '161 patents

7    together with interest and costs;

8        5.    Awards Nuance enhanced damages, up to and including trebling of Nuance's

9    damages pursuant to 35 U.S.C. § 284, for ABBYY Software House, ABBYY USA Software

10   House, Inc., ABBYY Software, Ltd., ABBYY Production LLC, and Lexmark's willful

11   infringement.

12       6.    Awards Nuance costs of suit and reasonable attorney's fees against ABBYY

13   Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY

14   Production LLC, and Lexmark pursuant to 35 U.S.C. § 285 due to the exceptional nature of this

15   case, or as otherwise permitted by law.

16       7.    Preliminarily and permanently enjoins ABBYY Software House, ABBYY USA

17   Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC, their subsidiaries,

18   parent, and affiliated companies, successors, assigns, officers, directors, agents, partners,

19   servants, and employees of those companies or individuals, and all others in active concert or

20   participation with ABBYY Russia and ABBYY USA, from using any of Nuance's trade dress, in

21   particular the Nuance Packaging Trade Dress or any trade dress that is likely to cause confusion

22   with any of Nuance's trade dress;

23       8.    Requires ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

24   Software, Ltd., and ABBYY Production LLC to destroy all infringing packaging;

25       9.    Orders ABBYY Software House, ABBYY USA Software House, Inc., ABBYY

26   Software, Ltd., and ABBYY Production LLC to file with the Court and serve on Nuance within

27   30 days of the Order an affidavit setting forth in detail the manner in which they have complied

28   with the terms of the Order;

10.     Requires ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC to account for and pay to Nuance treble the amount of all profits derived by ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC as a result of the acts alleged under counts nine to thirteen;

11.     Requires ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC to pay to Nuance treble the amount of all damages incurred by Nuance by reason of ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., ABBYY Production LLC's acts alleged under counts nine to thirteen;

12.     Orders ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC to make restitution to Nuance for the amounts derived by virtue of ABBYY Russia and ABBYY USA's unfair business practices;

13.     Awards Nuance the costs of this action, together with reasonable attorneys' fees and disbursements; and

14.     Awards such other and further relief as this Court may deem proper.

Dated: April 3, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
    M Craig Tyler

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:   (512) 338.5400
Facsimile:    (512) 338.5499

Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.

1

2                        **DEMAND FOR JURY TRIAL**

3          Plaintiff Nuance hereby demands a trial by jury.

4

5   Dated:  April 3, 2009                WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
6

7                                        By:  _M. Cr, T, /l/_

8                                              M. Craig Tyler             _by TOC_

9                                        WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
10                                       900 South Capital of Texas Highway
                                         Las Cimas IV, Fifth Floor
11                                       Austin, Texas 78746-5546
                                         Telephone:    (512) 338.5400
12                                       Facsimile:     (512) 338.5499

13                                       Attorneys for Plaintiff
                                         NUANCE COMMUNICATIONS, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28