Harvey I. Saferstein (SBN: 49750)
Nada I. Shamonki (SBN: 205359)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
  POPEO, P.C.
Century Plaza Towers
2029 Century Park East, Suite 1370
Los Angeles, CA  90067
Phone:  310.586.3200
Fax:      310.586.3202
Email:  hsaferstein@mintz.com; nshamonki@mintz.com

Eugene E. Feher (*Admitted Pro Hac Vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
  POPEO, P.C.
One Financial Center
Boston, MA  02111
Phone:  617.542.6000
Fax:      617.542.2241
Email:  eafeher@mintz.com

Attorneys for Defendant
LEXMARK INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., | ) Case No. CV 08-02912 JSW MEJ |
| Plaintiff, | ) |
| v. | ) **ANSWER AND COUNTERCLAIM OF** |
| | ) **LEXMARK INTERNATIONAL, INC. TO** |
| | ) **AMENDED COMPLAINT** |
| ABBYY SOFTWARE HOUSE, | ) |
| ABBYY USA SOFTWARE HOUSE, | ) |
| and LEXMARK INTERNATIONAL, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |
| | ) |

Defendant Lexmark International, Inc. ("Lexmark") answers and responds to the Amended

Complaint of plaintiff Nuance Communications, Inc. ("Nuance") as follows:

**NATURE OF THE LAWSUIT**

1.       Lexmark admits that Nuance purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, for damages and injunctive relief pursuant to 35 U.S.C. §§ 1 et seq.  Lexmark admits that Nuance purports to bring this action against Abbyy Software House, Abbyy USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC (collectively "Abbyy") under the Lanham Act, Title 15 of the United States Code, for damages and injunctive relief pursuant to 15 U.S.C. §§ 1125 *et seq.*, and under the common law of California Business and Professions Code §§ 17200 *et seq.*, California Business and Profession Code §§ 17500 *et seq.*, and the common law of California.  Lexmark admits that this Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a).  Lexmark admits venue is based on 28 U.S.C. §§ 1391 and 1400(b).

**THE PARTIES**

2.       Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.

3.       Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.

4.       Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies the same.

5.       Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies the same.

6.       Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies the same.

7.       Lexmark admits the allegations of fact set forth in Paragraph 7.

**THE PATENTS**

8.       Lexmark admits that U.S. Patent No. 5,131,053 ("the '053 patent") bears a date of July 14, 1992, on its face, but denies that it was "duly and legally issued."  Lexmark lacks

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and therefore denies the same.

9.      Lexmark admits that U.S. Patent No. 5,381,489 ("the '489 patent") bears a date of January 10, 1995, on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and therefore denies the same.

10.      Lexmark admits that U.S. Patent No. 5,436,983 ("the '983 patent") bears a date of July 25, 1995, on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies the same.

11.      Lexmark admits that that U.S. Patent No. 6,038,342 ("the '342 patent") bears a date of March 14, 2000, on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies the same.

12.      Lexmark admits that U.S. Patent No. 5,261,009 ("the '009 patent") bears a date of November 9, 1993, on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies the same.

13.      Lexmark admits that U.S. Patent No. 6,810,404 ("the '404 patent") bears a date of October 26, 2004, on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and therefore denies the same.

14.      Lexmark admits that U.S. Patent No. 6,820,094 ("the '094 patent") bears a date of November 16, 2004, on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies the same.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

15.     Lexmark admits that U.S. Patent No. 6,742,161 ("the '161 patent") bears a date of May 25, 2004, on its face, but denies that it was "duly and legally issued."  Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies the same.

## NUANCE'S TRADE DRESS

16.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies the same.

17.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the same.

18.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

## JURISDICTION AND VENUE

20.     Lexmark admits that this Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a).  Lexmark admits that venue is based on 28 U.S.C. §§ 1391 and 1400(b).

## ABBYY Defendants

21.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

22.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

25.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

26.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

28.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies the same.

29.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.

30.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same.

31.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies the same.

32.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies the same.

33.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies the same.

34.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies the same.

35.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies the same.

36.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies the same.

37.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies the same.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

38.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.

39.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies the same.

40.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies the same.

41.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies the same.

## **LEXMARK**

42.     Lexmark admits that it designs, develops and/or sells products set forth in Paragraph 42, but except as so stated denies any remaining allegations of fact.

43.     Lexmark admits that it markets and sells products in the Northern District of California, some of which are sold in retail stores in the District, but except as so stated lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 43 and therefore denies the same.

44.     Lexmark admits that it maintains a webpage that advertises some products identified in Paragraph 42, but except as so stated denies any remaining allegations of fact.

45.     Lexmark admits that its online store allows customers to purchase some products identified in Paragraph 42, but except as so stated denies any remaining allegations of fact.

46.     Lexmark admits that it markets and sells products through third party online retailers, but except as so stated denies any remaining allegations of fact.

47.     Lexmark admits that it transacts business in the State of California.  Lexmark denies that it has provided to anyone any device that infringes any valid and enforceable claim of the '053, '489, '983, '342, '009, '404, '094 and '161 patents.

48.     Lexmark admits that this Court has personal jurisdiction over Lexmark and that Lexmark has, through its attorneys, appeared in this action.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

**COUNT ONE - INFRINGEMENT OF THE '053 PATENT**

49.     Lexmark repeats and incorporates its responses to Paragraphs 1 through 48 as if fully set forth herein.

50.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and therefore denies the same.

51.     Lexmark denies the allegations of fact set forth in Paragraph 51.

52.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 52.

53.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 53.

**COUNT TWO - INFRINGEMENT OF THE '489 PATENT**

54.     Lexmark repeats and incorporates its responses to Paragraphs 1 through 53 as if fully set forth herein.

55.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies the same.

56.     Lexmark denies the allegations of fact set forth in Paragraph 56.

57.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 57.

58.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 as it pertains to ABBYY Software House, ABBYY USA Software

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

1    House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same.

2    Lexmark denies the remaining allegations of fact set forth in Paragraph 58.

3              **COUNT THREE - INFRINGEMENT OF THE '983 PATENT**

4          59.    Lexmark repeats and incorporates its responses to Paragraphs 1 through 58 as if fully

5    set forth herein.

6          60.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of

7    the allegations of Paragraph 60 and therefore denies the same.

8          61.    Lexmark denies the allegations of fact set forth in Paragraph 61.

9          62.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations of Paragraph 62 as it pertains to ABBYY Software House, ABBYY USA Software

11   House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same.

12   Lexmark denies the remaining allegations of fact set forth in Paragraph 62.

13         63.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations of Paragraph 63 as it pertains to ABBYY Software House, ABBYY USA Software

15   House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same.

16   Lexmark denies the remaining allegations of fact set forth in Paragraph 63.

17             **COUNT FOUR - INFRINGEMENT OF THE '342 PATENT**

18         64.    Lexmark repeats and incorporates its responses to Paragraphs 1 through 63 as if fully

19   set forth herein.

20         65.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of

21   the allegations of Paragraph 65 and therefore denies the same.

22         66.    Lexmark denies the allegations of fact set forth in Paragraph 66.

23         67.    Lexmark lacks knowledge or information sufficient to form a belief as to the truth of

24   the allegations of Paragraph 67 as it pertains to ABBYY Software House, ABBYY USA Software

25   House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same.

26   Lexmark denies the remaining allegations of fact set forth in Paragraph 67.

27

28

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

68.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 68.

### COUNT FIVE - INFRINGEMENT OF THE '009 PATENT

69.     Lexmark repeats and incorporates its responses to Paragraphs 1 through 68 as if fully set forth herein.

70.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies the same.

71.     Lexmark denies the allegations of fact set forth in Paragraph 71.

72.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 72.

73.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 73.

### COUNT SIX - INFRINGEMENT OF THE '404 PATENT

74.     Lexmark repeats and incorporates its responses to Paragraphs 1 through 73 as if fully set forth herein.

75.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies the same.

76.     Lexmark denies the allegations of fact set forth in Paragraph 76.

77.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 as it pertains to ABBYY Software House, ABBYY USA Software

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 77.

78.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 78.

## COUNT SEVEN - INFRINGEMENT OF THE '094 PATENT

79.     Lexmark repeats and incorporates its responses to Paragraphs 1 through 78 as if fully set forth herein.

80.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and therefore denies the same.

81.     Lexmark denies the allegations of fact set forth in Paragraph 81.

82.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 82.

83.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 83.

## COUNT EIGHT - INFRINGEMENT OF THE '161 PATENT

84.     Lexmark repeats and incorporates its responses to Paragraphs 1 through 83 as if fully set forth herein.

85.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and therefore denies the same.

86.     Lexmark denies the allegations of fact set forth in Paragraph 86.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

87.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 87.

88.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 as it pertains to ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software Ltd. and ABBYY Production LLC and therefore denies the same. Lexmark denies the remaining allegations of fact set forth in Paragraph 88.

## **COUNT NINE - INFRINGEMENT OF NUANCE'S TRADE DRESS IN VIOLATION OF 15 U.S.C. § 1125(a)**

89.     Lexmark repeats and reincorporates its responses to Paragraphs 1 through 88 as if fully set forth herein.

90.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies the same.

91.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies the same.

92.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore denies the same.

93.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies the same.

94.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and therefore denies the same.

95.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and therefore denies the same.

96.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and therefore denies the same.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

97.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and therefore denies the same.

### COUNT TEN - COMMON LAW TRADE DRESS INFRINGEMENT

98.     Lexmark repeats and reincorporates its responses to Paragraphs 1 through 97 as if fully set forth herein.

99.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and therefore denies the same.

100.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and therefore denies the same.

### COUNT ELEVEN - COMMON LAW UNFAIR COMPETITION

101.     Lexmark repeats and reincorporates its responses to Paragraphs 1 through 100 as if fully set forth herein.

102.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and therefore denies the same.

103.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and therefore denies the same.

### COUNT TWELVE - UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*

104.     Lexmark repeats and reincorporates its responses to Paragraphs 1 through 103 as if fully set forth herein.

105.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and therefore denies the same.

106.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and therefore denies the same.

107.     Lexmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and therefore denies the same.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

1

## COUNT THIRTEEN - FALSE AND DECEPTIVE ADVERTISING
## IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *et seq.*

2    108.   Lexmark repeats and reincorporates its responses to Paragraphs 1 through 107 as if

3 fully set forth herein.

4    109.   Lexmark lacks knowledge or information sufficient to form a belief as to the truth of

5 the allegations of Paragraph 109 and therefore denies the same.

6    110.   Lexmark lacks knowledge or information sufficient to form a belief as to the truth of

7 the allegations of Paragraph 110 and therefore denies the same.

8                               **LEXMARK'S AFFIRMATIVE DEFENSES**

9       Lexmark hereby asserts the following affirmative defenses and reserves its rights to assert in

10 the future such other further defenses as may become available or apparent during the course of

11 discovery or pretrial proceedings in this case.

12                               **FIRST AFFIRMATIVE DEFENSE**

13    111.   The Complaint fails to state a claim upon which relief may be granted.

14                               **SECOND AFFIRMATIVE DEFENSE**

15    112.   Nuance's claims are barred by the doctrines of laches, estoppel, waiver, unclean

16 hands and/or acquiescence.

17                               **THIRD AFFIRMATIVE DEFENSE**

18    113.   Lexmark does not and has not infringed (under any theory whether relating to direct,

19 contributory or by induced infringement) any valid and enforceable claim of the patents-in-suit.

20                               **FOURTH AFFIRMATIVE DEFENSE**

21    114.   The patents-in-suit are invalid for failure to satisfy one or more of the conditions for

22 patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

23                               **FIFTH AFFIRMATIVE DEFENSE**

24    115.   Nuance is barred by the doctrine of prosecution history estoppel from asserting any

25 range of equivalents under the doctrine of equivalents.

26

27

28

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

**SIXTH AFFIRMATIVE DEFENSE**

116.    Nuance's claims against Lexmark are barred in whole or in part by express or implied licenses and/or by the doctrine of patent exhaustion.

**SEVENTH AFFIRMATIVE DEFENSE**

117.    Nuance's claims against Lexmark are statutorily limited by 35 U.S.C. § 286 and/or Nuance's failure to comply with one or more provisions of 35 U.S.C. § 287.

**EIGHTH AFFIRMATIVE DEFENSE**

118.    Any claims for injunctive relief against Lexmark are barred in light of the fact that Nuance has an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

119.    All methods, apparatus, and products disclosed but not literally claimed have been dedicated to the public, and the alleged patent owner is estopped from claiming infringement by any such public domain methods, apparatus, or products.

**LEXMARK'S COUNTERCLAIMS**

Lexmark counterclaims against Nuance as follows:

**FIRST COUNTERCLAIM:**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND
INVALIDITY OF U.S. PATENT NO. 5,131,053**

120.    Lexmark incorporates by reference paragraphs 1-119, above.

121.    Lexmark has not infringed, and is not infringing, any claim of the '053 patent directly, indirectly, or by inducement.

122.    One or more of the claims of the '053 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

123.     Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '053 patent, and that one or more claims of the '053 patent are invalid.

### SECOND COUNTERCLAIM:

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,381,489

124.     Lexmark incorporates by reference paragraphs 1-123, above.

125.     Lexmark has not infringed, and is not infringing, any claim of the '489 patent directly, indirectly, or by inducement.

126.     One or more of the claims of the '489 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

127.     Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '489 patent, and that one or more claims of the '489 patent are invalid.

### THIRD COUNTERCLAIM:

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,436,983

128.     Lexmark incorporates by reference paragraphs 1-127, above.

129.     Lexmark has not infringed, and is not infringing, any claim of the '983 patent directly, indirectly, or by inducement.

130.     One or more of the claims of the '983 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

131.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '983 patent, and that one or more claims of the '983 patent are invalid.

### FOURTH COUNTERCLAIM:

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,038,342

132.    Lexmark incorporates by reference paragraphs 1-131, above.

133.    Lexmark has not infringed, and is not infringing, any claim of the '342 patent directly, indirectly, or by inducement.

134.    One or more of the claims of the '342 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

135.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '342 patent, and that one or more claims of the '342 patent are invalid.

### FIFTH COUNTERCLAIM:

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,261,009

136.    Lexmark incorporates by reference paragraphs 1-135, above.

137.    Lexmark has not infringed, and is not infringing, any claim of the '009 patent directly, indirectly, or by inducement.

138.    One or more of the claims of the '009 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

139.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '009 patent, and that one or more claims of the '009 patent are invalid.

**SIXTH COUNTERCLAIM:**

**DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,810,404**

140.    Lexmark incorporates by reference paragraphs 1-139, above.

141.    Lexmark has not infringed, and is not infringing, any claim of the '404 patent directly, indirectly, or by inducement.

142.    One or more of the claims of the '404 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

143.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '404 patent, and that one or more claims of the '404 patent are invalid.

**SEVENTH COUNTERCLAIM:**

**DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,820,094**

144.    Lexmark incorporates by reference paragraphs 1-143, above.

145.    Lexmark has not infringed, and is not infringing, any claim of the '094 patent directly, indirectly, or by inducement.

146.    One or more of the claims of the '094 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

147.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '094 patent, and that one or more claims of the '094 patent are invalid.

## EIGHTH COUNTERCLAIM:

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,742,161

148.    Lexmark incorporates by reference paragraphs 1-147, above.

149.    Lexmark has not infringed, and is not infringing, any claim of the '161 patent directly, indirectly, or by inducement.

150.    One or more of the claims of the '161 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including *inter alia* sections 101, 102, 103 and/or 112.

151.    Accordingly, Lexmark seeks a judgment of this Court declaring that Lexmark has not infringed and is not infringing any claim of the '161 patent, and that one or more claims of the '161 patent are invalid.

## EXCEPTIONAL CASE

152.    This case is exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Lexmark prays that the Court:

A.    Enter judgment for Lexmark;

B.    Declare that Lexmark has not infringed and is not infringing any claim of the '053 patent;

C.    Declare that the '053 patent is invalid;

D.    Declare that Lexmark has not infringed and is not infringing any claim of the '489 patent;

E.    Declare that the '489 patent is invalid;

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

F.  Declare that Lexmark has not infringed and is not infringing any claim of the '983 patent;

G.  Declare that the '983 patent is invalid;

H.  Declare that Lexmark has not infringed and is not infringing any claim of the '342 patent;

I.  Declare that the '342 patent is invalid;

J.  Declare that Lexmark has not infringed and is not infringing any claim of the '009 patent;

K.  Declare that the '009 patent is invalid;

L.  Declare that Lexmark has not infringed and is not infringing any claim of the '404 patent;

M.  Declare that the '404 patent is invalid;

N.  Declare that Lexmark has not infringed and is not infringing any claim of the '094 patent;

O.  Declare that the '094 patent is invalid;

P.  Declare that Lexmark has not infringed and is not infringing any claim of the '161 patent;

Q.  Declare that the '161 patent is invalid;

R.  Declare that this case is an exceptional case under 35 U.S.C. § 285 and enter judgment awarding Lexmark its costs and reasonable attorney fees; and

///
///
///
///
///
///

Lexmark's Answer & Counterclaim to
Amended Complaint
(Case No. CV-08-02912-JSW)

1    S.      Award Lexmark such other and further relief as the Court deems just and proper.

2

3    Dated:  April 27, 2009                    Respectfully submitted,

4                                              **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                                                  AND POPEO, P.C.**

5

6                                               _/s/  Eugene A. Feher_
                                               Harvey I. Saferstein

7                                              Eugene A. Feher *(Admitted Pro Hac Vice)*
                                               Nada I. Shamonki

8                                              *Attorneys for Defendant Lexmark, Inc.*

9

10

11                              **<u>JURY DEMAND</u>**

12         Lexmark hereby demands a trial by jury on all counts so triable.

13

14   Dated:  April 27, 2009                    Respectfully submitted,

15                                             **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                                                 AND POPEO, P.C.**

16

17                                              _/s/  Eugene A. Feher_
                                               Harvey I. Saferstein

18                                             Eugene A. Feher *(Admitted Pro Hac Vice)*
                                               Nada I. Shamonki

19                                             *Attorneys for Defendant Lexmark, Inc.*

20

21

22

23   4601500v.1

24

25

26

27

28                                                          Lexmark's Answer & Counterclaim to
                                    -20-                       Amended Complaint
                                                            (Case No. CV-08-02912-JSW)

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

I hereby certify that on April 27, 2009, I electronically filed the **ANSWER AND COUNTERCLAIM OF LEXMARK INTERNATIONAL, INC. TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registered parties.

I hereby certify that I have mailed the foregoing document via U.S. Postal Service First Class Mail to the non-CM/ECF participants indicated below:

| | |
|---|---|
| **Craig N. Hentschel**<br>Dykema Gossett LLP<br>333 South Grand Ave.<br>Suite 2100<br>Los Angeles , CA 90071<br>213-457-1818 | **Franklin M. Rubinstein**<br>Wilson Sonsini Goodrich & Rosati<br>1700 K Street NW, Fifth Floor<br>Washington , DC 20006-3817<br>202-973-8833<br>Fax: 202-973-8899 |

**Woo J. Kim**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway North
Austin , TX 78746-5546
512-338-5454
Fax: 512-338-5499

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 27, 2009, at Los Angeles, California.

_____
Jazmin Leon

1