1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NUANCE COMMUNICATIONS INC,

      Plaintiff,                         No. C 08-02912 JSW

  v.

ABBYY SOFTWARE HOUSE,           **ORDER GRANTING MOTION TO**
                                   **DISMISS**

      Defendant.

_____/

      Now before the Court is the motion to dismiss filed by Abbyy Software Ltd. and Abbyy Production LLC ("Moving Defendants") for failure properly to serve in a legally sufficient manner and for lack of personal jurisdiction.  Also before the Court is Moving Defendants' motion for protective order seeking to impose a limited stay on any discovery pertaining only to these defendants pending determination of the motion to dismiss.  The Court finds both motions appropriate for decision without oral argument.  N.D. Civ. L.R. 7-1(b).  Accordingly, the Court HEREBY VACATES the hearing date of August 28, 2009.  Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Moving Defendants' motion to dismiss and FINDS AS MOOT Defendants' motion for a protective order.

**BACKGROUND**

      Nearly fifteen months after Plaintiff Nuance Communications, Inc. ("Nuance") filed suit against Abbyy USA Software House, Inc. ("Abbyy USA") for patent infringement, Nuance amended its complaint to include identical claims against Russian entity Abbyy Production,

1   LLC and Cypriot entity Abbyy Software, Ltd.  Defendants filed a motion seeking to dismiss the

2   two foreign defendants for insufficient service of process and for lack of personal jurisdiction.

3          The Court shall address additional facts as necessary to its analysis in the remainder of

4   this Order.

5                                          **ANALYSIS**

6   **A.     Motion to Dismiss for Improper Service.**

7          **1.     Legal Standard.**

8          Federal courts cannot exercise personal jurisdiction over a defendant without proper

9   service of process.  *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987).

10  Insufficient service can result in dismissal under Rule 12(b)(5).  To determine whether service

11  of process was proper, courts look to the requirements of Federal Rule of Civil Procedure 4.

12  Rule 4(h) governs service over domestic and foreign corporations.

13          **2.     Service on Abbyy Software, Ltd. and Abbyy Production, LLC Was
               Improper Pursuant to Rule 4(h)(2).**

14

15         Rule 4(h)(2) also applies to this action because both defendants are foreign corporations.

16  Rule 4(h)(2) provides that a foreign corporation may be served in "a place not within any

17  judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an

18  individual, except personal delivery ...."  Rule 4(f) governs service of an individual in a foreign

19  country and states that service abroad is to be effected "by any internationally agreed means of

20  service that is reasonably calculated to give notice, such as those authorized by the Hague

21  Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P.

22  4(f)(1).

23         The Hague Service Convention is a multi-national treaty that governs service of

    summons on persons in signatory foreign countries.  *Volkswagenwerk Aktiengeschellschaft v.*

24  *Schlunk, et al.*, 486 U.S. 694, 698 (1988).  Requests for service must conform to a model form

25  attached to the Hague Convention.  *The Hague Convention*, art. 3, Nov. 15, 1965, 20 U.S.T.

26  361, T.I.A.S. 6638, 658 U.N.T.S. 163.  The form, as well as all relevant documents, should be

27  sent "by the judicial officer or authority in the state in which the documents originate to the

28  designated central authority of the country in which the recipient is located."  *Cippolla v.*

**United States District Court**
For the Northern District of California

*Picard Porsche Audi, Inc.*, 496 A.2d 130, 131-132 (R.I. 1985); *see The Hague Convention*, art. 4, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163). "Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. The central authority must then provide a certificate of service that conforms to a specific model." *Schlunk*, 486 U.S. at 698; *see The Hague Convention* arts. 5-6, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163. The Hague Convention pre-empts all state and federal service rules in those countries that signed the treaty. *See Schlunk*, 486 U.S. at 699 ("by virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies").

The Court finds that Plaintiff failed properly to serve Abbyy Software, Ltd. or Abbyy Production, LLC in accordance with the Hague Convention. Plaintiff admits it did not follow the Hague Convention and the process it requires, but contends, without authority, that the "Hague Convention is not an agreed-upon means for service of process in Russia because the Russian Federation has unilaterally suspended all judicial cooperation with the United States in civil matters." (Opp. Br. at 13.) There is no authority for this proposition and nothing before the Court indicates that the Hague Convention is not the proper vehicle for service of the foreign defendants in this matter.

Because the Hague Convention ensures that proper service upon foreign defendants will be effected in accordance with Rule 4(h)(2), and because Plaintiff failed to follow Rule 4(h)(2), the Court finds that Plaintiff has not properly served either Abbyy Software, Ltd. or Abbyy Production, LLC. The Court therefore dismisses the Moving Defendants under Rule 12(b)(5) for insufficient service of process.

**B.**     **Motion to Dismiss for Lack of Personal Jurisdiction.**

      **1.**     **Legal Standard.**

Moving Defendants also seek to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The plaintiff bears the burden to establish personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the facts

1    are not directly controverted, a plaintiff's version of the facts is taken as true.  *AT&T v.*

2    *Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("*AT&T*").  Likewise, the

3    Court must resolve "'conflicts between the facts contained in the parties' affidavits" in

4    plaintiff's favor, "for purposes of deciding whether a prima facie case for personal jurisdiction

5    exists.'"  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quoting *AT&T*, 94 F.3d at

6    588).

### 2.    Plaintiff Has Not Met Its Burden to Show the Court Has Jurisdiction.

8         Plaintiff bears the burden of establishing a *prima facie* showing of general or specific

9    jurisdiction over each and every defendant it has sued.  *See Calder v. Jones*, 465 U.S. 783, 790

10   (1984).  "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant

11   state's long arm-statute permits the assertion of jurisdiction without violating federal due

12   process."  *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800-801 (9th Cir.

13   2004).  Because California's long arm statute is co-extensive with federal due process

14   requirements, the jurisdictional analyses under California law and federal due process are the

15   same.  *Id*. at 801.[1]

16        Due process precludes a court from asserting jurisdiction over a defendant unless the

17   defendant has certain minimum contacts with the forum state.  The overriding constitutional

18   principle is that maintenance of an action in the forum must not offend "traditional

19   conception[s] of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326

20   U.S. 310, 320 (1945).  The defendant's "conduct and connection with the forum State" must be

21   such that the defendant "should reasonably anticipate being haled into court there."  *World-*

22   *Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  "In judging minimum contacts,

23   a court properly focuses on 'the relationship among the defendant, the forum, and the

24   litigation."  *Calder*, 465 U.S. at 788 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

25        "A defendant whose contacts with a state are 'substantial' or 'continuous and

26   systematic' can be haled into court in that state in any action, even if the action is unrelated to

27

28

[1] The same due process analysis governs under Federal Circuit law.  *See, e.g., 3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1377-1380 (Fed. Cir. 1998).

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1   those contacts." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.

2   2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 (1984)).

3   This is a "fairly high" standard which "requires that the defendant's contacts be of the sort that

4   approximate physical presence in the state." *Id.* Here, without submitting any evidence that the

5   Moving Defendants independently have a presence in this jurisdiction, Nuance contends that

6   the Court should impute the contacts of Abbyy USA to the Moving Defendants. However,

7   there is no evidence before this Court upon which to determine that the separate defendant's

8   corporate forms should be disregarded. *See 3D Systems*, 160 F.3d at 1380 (holding that the

9   corporate form should not be lightly cast aside and finding lack of personal jurisdiction where

10  defendant's only assertion was to pierce the corporate veil). The Court finds the record

11  insufficient to establish general jurisdiction over the Moving Defendants.

12          Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully

13  directed his or her activities at residents of the forum state or the forum state itself; (2) the

14  plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal

15  jurisdiction is reasonable and fair. *Schwarzenegger,* 374 F.3d at 802; *see also Burger King*

16  *Corp. v. Rudzewicz*, 471 U.S. 462 (1985). "The plaintiff bears the burden of satisfying the first

17  two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction

18  is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation

19  omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs,

20  'the burden then shifts to the defendant to present a compelling case that the exercise of

21  jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (quoting *Schwarzenegger*,

22  374 F.3d at 802, in turn quoting *Burger King*, 471 U.S. at 476-78) (internal quotations omitted).

23  The Ninth Circuit has noted that the "purposeful availment" prong, "[d]espite its label ...

24  includes both purposeful availment *and* purposeful direction. It may be satisfied by purposeful

25  availment of the privilege of doing business in the forum; by purposeful direction of activities at

26  the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme et*

27  *L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

28

**United States District Court**
For the Northern District of California

1    Here, because there is no showing that the Moving Defendants purposefully directed any

2 specific activity at residents of California or within the forum state or that the plaintiffs' claim

3 arises out of or relates to those activities, the Court need not reach the issue whether the

4 assertion of personal jurisdiction is reasonable and fair. *See Schwarzenegger*, 374 F.3d at 802.

5 Again, there is no controlling precedent or evidence sustaining the position that this Court

6 should pierce the corporate veil between the United States defendant, Abbyy USA, and the

7 foreign defendants. Based on the record, the Court finds that it cannot exercise personal

8 jurisdiction over the Moving Defendants. Defendants Abbyy Software, Ltd. or Abbyy

9 Production, LLC are dismissed as defendants.

10 **C.      Motion for Protective Order.**

11    Having dismissed Moving Defendants both for failure properly to serve in a legally

12 sufficient manner and for lack of personal jurisdiction, the Court finds the motion for a

13 protective order moot.

14                              **CONCLUSION**

15    For the reasons stated, the motion to dismiss for lack of service and lack of personal

16 jurisdiction against Defendants Abbyy Software, Ltd. or Abbyy Production LLC is GRANTED.

17 The motion for protective order is moot.

18

19    **IT IS SO ORDERED.**

20 Dated:   August 25, 2009          _____

21                              JEFFREY S. WHITE
                                UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28