1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES  DISTRICT COURT

Northern District of California

NUANCE COMMUNICATIONS, INC.,

                    Plaintiff(s),

          v.

ABBYY SOFTWARE HOUSE ET AL,

                    Defendant(s).

_____/

No. C 08-02912 JSW (MEJ)

**DISCOVERY ORDER RE JULY 13, 2009 JOINT LETTER [Dkt. #123]**

## I.   INTRODUCTION

On July 13, 2009 Defendants ABBYY USA Software House, Inc. and Lexmark International, Inc. and Plaintiff Nuance Communications, Inc. filed a joint letter (Dkt. #123) detailing a discovery dispute concerning Nuance's infringement contentions, which Nuance served on April 3, 2009.  Defendants contend that Nuance's infringement contentions fail to meet the requirements of Patent Local Rule 3-1 and request that the Court order Nuance to serve supplemental infringement contentions remedying the defects.  The Court has thoroughly reviewed Nuance's infringement contentions and carefully considered the parties' arguments and now rules as follows.

## II.   DISCUSSION

Defendants first challenge the sufficiency of Nuance's contention regarding the limitation in claim 1 of US Patent No. 6,038,404 (the "'404 patent") that calls for "defining an archiving condition for use in determining whether an electronic document is to be archived."  Defendants contend that Nuance's contention fails to identify any aspect of the accused products that corresponds to the claimed "archiving condition," and is devoid of any reference to an archiving condition.  Nuance, however, maintains that it has cited and quoted from a document written and/or published by Abbyy USA detailing the functionalities of FlexiCapture  (the Accused

Instrumenality), including its "Four-Step Processing Solution."  Nuance asserts that the third step of this processing solution addresses an archiving condition as follows: "FlexiCapture uses a number of strategies and approaches to ensure that data is correctly identified, including the use of pre-defined validation rules created during template design, comparison to associated directories, and the use of custom rules."  It contends that the limitation is found in the "strategies and approaches" used by FlexiCapture.  While the Court recognizes that Nuance's response may not provide much information about Nuance's theory of infringement with respect to this limitation, it sufficiently identifies what components of the Accused Instrumentality contain the limitation.  The Court therefore finds it sufficient.

Next, with respect to Nuance's infringement contentions regarding claim 4 of the '404 patent, as well as its allegations of infringement concerning the other patents at issue this matter, Defendants argue that Nuance's claim charts merely reproduce images from product brochures or other documents that have no connection to the limitation in question.  As a result, Defendants argue that they have no information regarding Nuance's theories of infringement beyond the mere language of the claims.  As to its contentions regarding claim 4 of the '404 patent, Nuance asserts that its chart cites to and quotes from a document written and/or published by ABBYY USA regarding FlexiCapture.  Nuance explains that "[t]he ABBYY USA document provides a screen shot of specific archive index entry information captured and stored by FlexiCapture within the context of a fictitious "Banking Card Application."  Nuance further proffers that, "[a]ccording to the ABBYY USA document, FlexiCapture can store archive index entries for a Banking Card Application, including 'First Name,' 'Last Name' and 'Nationality.'"  Nuance asserts that it included the screen shot in its chart because the limitation in claim 4 is found in the portion of FlexiCapture that facilitates the capture and storage of archive index entries.  Notably, while Nuance is able to provide this additional information in the joint letter, it did not provide such information explaining how the screen shots identify the limitations in its claim chart.  Accordingly, the Court agrees with Defendants that Nuance's chart entries, which simply reproduce a screen shot without any explanation as to how the image illustrates the limitation, are insufficient under Local Rule 3-

2

Defendants next contend that, with respect to Nuance's means-plus-function claims, Nuance has failed to identify the structures disclosed in the specification of the asserted patents that correspond to the "means" for performing the claimed functions.  In particular, with respect to US Patent No 5,131,053, Defendants contend that Nuance has not identified the structure described in the specification that performs the function, and instead only refers to an unidentified "algorithm within FineReader."  Nuance, however, maintains that Local Rule 3-1(c) requires that for any claim governed by 35 U.S.C. §112(6), it must identify "the structure(s), act(s), or materials(s) *in the Accused Instrumentality* that performs the claimed function."  (Letter at 4.)  Thus, Nuance argues that it is not required to identify anything in the patent specification, and that its chart sufficiently identifies the structure in FineReader that performs the claimed function.  The Court has considered this issue and agrees with Nuance.

Finally, Defendants contend that Nuance's infringement contentions fail to adequately disclose its theories of indirect infringement.  Specifically, with respect to its allegations of indirect infringement against Lexmark, Defendants argue that Nuance relies entirely on press releases that discuss Lexmark customers and Lexmark product literature that allegedly details how to perform infringing acts.  Defendants contend that reliance on such materials to show indirect infringement in insufficient and cite *Veritas Operating Corp. v. Microsoft Corp*., 562 F. Supp. 2d 1141, 1177-91 (W.D. Wash. 2008), in support.  The Court has reviewed Nuance's contentions regarding indirect infringement, and while it agrees with Nuance that Defendants' reliance on *Veritas* is misplaced at this juncture, it nonetheless agrees with Defendants that Nuance's allegations of indirect infringement are insufficient.  Under Local Rule 3-1(d), for each claim Nuance alleges Defendants indirectly infringed, Nuance must identify any direct infringement and describe the acts of the alleged indirect infringer that contributed to or induced the direct infringement.  Here, Nuance's contentions generally refer to press releases and "other materials" from Defendants "that discuss customers of Accused Products in the United States," but do not specifically identify the alleged direct infringers or their direct infringement, as required by Rule 3-1(d).  While Nuance points out

that it expects discovery to shed more light on the issue of indirect infringement, at this point, it must still comply with Local Rule 3-1(d) using the facts it has already marshaled.  Nuance must therefore correct this deficiency in its contentions.

### III.  CONCLUSION

For the reasons stated above, the Court finds Nuance's infringement contentions fail to comply with Local Rule 3-1(c) and (d).  Nuance will have 30 days from the date of this Order to serve its amended infringement contentions.

**IT IS SO ORDERED.**

Dated: October 1, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge