IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NUANCE COMMUNICATIONS, INC,

    Plaintiff,

v.

ABBYY SOFTWARE HOUSE, ET AL.,

    Defendants.

No. C 08-02912 JSW

**ORDER GRANTING MOTION FOR 54(b) CERTIFICATION**

Now before the Court is the motion for certification pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for November 6, 2009 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS Plaintiff's motion.

On August 25, 2009, the Court granted defendants Abbyy Software Ltd. and Abbyy Production LLC's motion to dismiss for failure to serve in a legally sufficient manner and for lack of personal jurisdiction. Plaintiff now moves for this Court to direct entry of judgment and make the express determination that there is no just cause for delay of an appeal pursuant to Rule 54(b).

Federal Rule of Civil Procedure Rule 54(b) provides in pertinent part:

> When more than one claim is presented in an action, ... or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Rule 54(b) is permissive; a court may, in its discretion, certify a judgment as "final" in order for a party to obtain an interlocutory appeal. A Rule 54(b) judgment may be entered if an adjudication is a final decision which disposes of an individual claim on the merits and leaves nothing for the court to do but execute the judgment. *See* 28 U.S.C. § 1291; *Digital Equipment Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 866 (1994).

There is no dispute that multiple parties are involved and the order finally disposes of the claims against two defendants. Once the district court has determined that an order is eligible for certification under Rule 54(b), the court must then determine whether there is any just reason for delay in entering the order as a judgment. The decision is a discretionary one. *Curtiss-Wright v. General Electric, Co.*, 446 U.S. 1, 10 (1980). The Court's discretion is to be "exercised in light of 'judicial administrative interests as well as the equities involved.'" *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (quoting *Curtiss-Wright*, 446 U.S. at 8). In reaching a determination, the district court must weigh "the historic federal policy against piecemeal complaints." *Id.*

The Court finds that the order granting Defendants' motion to dismiss is an order that is eligible for certification under Rule 54(b). Moreover, the Court finds that there is no just reason for delay in entering the order as a judgment as the jurisdictional claims are easily severable from the merits of the lawsuit. *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). In addition, the Court finds that allowing for an immediate appeal here would serve the efficient administration of justice because it will aid in the expeditious administration of the entire matter. *See id.* (citations omitted). Considering the time frame, the Court finds that all claims are more likely to be resolved in this same action, thus advancing the interests of judicial economy.

Therefore, having found that there is no just reason to delay entry of judgment and as the requirements of Rule 54(b) have been met, the Court GRANTS Plaintiff's motion for entry of final judgment as to defendants Abbyy Software Ltd. and Abbyy Production LLC.

There has been no request and there will be no stay of the remainder of this action.

**IT IS SO ORDERED.**

Dated: October 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE