UNITED STATES DISTRICT COURT

Northern District of California

NUANCE COMMUNICATIONS, INC.,

    Plaintiff,

 v.

ABBYY SOFTWARE HOUSE *et al.*,

    Defendants.

_____/

No. C 08-2912 JSW (MEJ)

**DISCOVERY ORDER RE MAY 24, 2010 JOINT LETTER [DKT. #198]**

   Before the Court is the joint discovery dispute letter ("Joint Letter") filed the parties on May 24, 2010. (Dkt. #198.) The instant dispute concerns a statement in Defendants' portion of the April 2, 2010 joint case management statement. Regarding discovery, Defendants stated that they "have further agreed to supplement their invalidity contentions no later than April 27, 2010 by either removing the prior art references for which there are no claim charts, or providing the missing claim charts required under Patent L.R. 3-3(c) and the accompanying document production required under Patent L.R. 3-4(b)." (Dkt. #187, 10:13-16.)

   Plaintiff contends that Defendants did not provide claim charts or supporting documents for 20 references[1] listed as prior art. (Joint Letter at 2.) Plaintiff states that on May 10, 2010, Defendants provided six new documents, including two partial newspaper articles, several articles which mention 9 of the 20 references, and other documents that appear to Plaintiff to add 5 prior art

---

[1] The references are listed in the Joint Letter as follows: Optical Page Reader; GreenDesk for Windows by GreenSoft Corp; LaserFiche Desktop Personal Edition by Compulink Management Center; PageKeeper by Caere Corp; PageManager by UMAX; PaperMaster by DocuMagix; Presto by Envisions Solutions Technology; Watermark Enterprise Edition by Watermark Software FileNet Corp.'s various document management products; Analyze by Mayo Clinic's Biomedical Imaging Resource; OpenDoc by Apple Computer; C News, a USENET product; Object Management Group's Common Object Requesting Broker Architecture (CORBA); Adobe System's Capture; J2 Global Communications' eFax product; Onset Technology, Inc.'s ThruFax product; and Kofax PLC's Ascent Capture Internet Server (ACI). (Joint Letter at 3.)

references never before disclosed. *Id.* at 3. Plaintiff contends that some of these documents contain no date or a date falling after the priority date of the patents-in-suit, and argue that these documents do not establish a basis upon which Defendants are alleging these references as prior art. *Id.* at 4. Plaintiff argues that Defendants have neither removed those prior art references nor have they provided the missing claim charts as they agreed to do. Based on this argument, Plaintiff seeks an order striking the 20 cited references. *Id.* at 5.

In response, Defendants argue that they performed under the parties' agreement by "produc[ing] evidence that supported the general assertion that the 20 references rendered the patents-in-suit invalid." *Id.* Defendants state that they do want to incur the expense of obtaining the evidence that charting requires until Plaintiff complies with the Court's directive to slim down the case, and contend that they should be required to chart only claims that will actually be asserted by Plaintiff. *Id.* at 5, 6.

On June 14, 2010, the Special Master appointed by Judge White issued a recommendation (Dkt. #205), which was adopted "in every respect" by Judge White. (Dkt. #207.) The Special Master "recommend[ed] proceeding on all the pending patents, as limited to the 24 claims by plaintiffs in the May 24, 2010 filing." (4:24-26, Dkt. #205.) Now that Plaintiff has limited the claims it is asserting from 140 to 24 (Dkt. #199), Defendants will not be required to incur any unnecessary expense. However, they will be required to incur the expense of charting for the claims upon which Plaintiff has chosen to proceed. Accordingly, within 30 days following issuance of this Order, the Court ORDERS Defendants to either remove the prior art references for which there are no claim charts, or provide the missing claim charts required under Patent L.R. 3-3(c) and the accompanying document production required under Patent L.R. 3-4(b) as to claims that Plaintiff is actually asserting.

**IT IS SO ORDERED.**

Dated: June 23, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge