United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NUANCE COMMUNICATIONS, INC,

    Plaintiff,

v.

ABBYY SOFTWARE HOUSE, ET AL.,

    Defendants.

AND ALL RELATED CASES.

No. C 08-02912 JSW

**ORDER RE MOTION TO ENFORCE COURT'S ORDER RE JURISDICTIONAL DISCOVERY**

    Now before the Court is a submission dated January 10, 2011 from Defendants entitled motion to enforce Court's order regarding jurisdictional discovery. The Court requires that in the future, all discovery disputes be handled by the assigned Magistrate Judge responsible for adjudicating discovery. Further, the Court requires strict compliance with its standing orders on the resolution of any dispute presented by the parties. The submission should have been made jointly after the parties met and conferred in good faith to resolve their dispute. The parties are admonished that the Court shall not entertain such motions in the future without compliance with the Court's standing order re discovery. In the future, such conduct shall result in sanctions.

    Regardless, it is clear that the parties require immediate Court intervention and explicit parameters for their conduct within a limited period of time allotted by the Court for jurisdictional discovery. On January 21, 2011, during a specially-set case management

1  conference, this Court entered an order permitting limited discovery regarding whether this
2  Court may assert personal jurisdiction over Abbyy Software, Ltd. The Court permitted the
3  limited discovery in conformity with the Federal Circuit's opinion reversing this Court's
4  dismissal of Abbyy Production LLC, residing in Russian Federation, and Abbyy Software, Ltd.,
5  residing in the Republic of Cyprus. As to Abbyy Software, the Circuit court vacated the
6  judgment and remanded to this Court to allow Nuance to take jurisdictional discovery.

7  In the case management conference, the Court explicitly permitted Nuance
8  Communications, Inc. to conduct limited discovery to be completed by no later than March 22,
9  2011. The Court indicated that it anticipated a fairly straightforward scope of discovery,
10  including a deposition under Federal Rule of Civil Procedure 30(b)(6), as well as possibly the
11  service of interrogatories. The Court forbade the taking of plenary discovery and admonished
12  the parties to cooperate in the expedited discovery.

13  The scope of the attempted discovery by Nuance exceeds the limited discovery
14  permitted by this Court and mandated by the Federal Circuit. Nuance shall be permitted to take
15  Federal Rule of Civil Procedure 30(b)(6) depositions of a person or persons proffered by the
16  foreign Abbyy Software putative party on the subject of personal jurisdiction. Abbyy Software
17  must designate "one or more officers, directors, or managing agents, or designate other persons
18  who consent to testify on its behalf ... [t]he persons designated must testify about information
19  known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Nuance may also
20  serve up to 25 written interrogatories in compliance with Federal Rule of Civil Procedure 33.[1]

21  Lastly, the parties shall meet and confer in person and seek joint permission of the Court
22  to address any remaining disputes in the future. The Court has expended substantial resources
23  of its own, as well as the services of a Magistrate Judge and a Special Master in its attempts to
24  resolve the matters presented and focus the parties on resolution of this case on the merits. The

---

[1] Nuance's 28 third-party subpoenas issued in 19 different jurisdictions is beyond the scope of permitted limited jurisdictional discovery and such subpoenas are STAYED. In addition, Nuance's threat to compel requests to inspect the source code served on Abbyy Production in May 2009 when they were not a party to this case is premature. Now that Abbyy Production is a party to this matter, they are afforded the same protections, subject to the same limitations, as any other party under Federal Rule of Civil Procedure 26.

2

parties must complete the jurisdictional discovery as limited by this Order by no later than March 22, 2011.

The parties are again admonished that failure to cooperate in meeting this deadline will result in sanctions ordered against the non-cooperating party.

**IT IS SO ORDERED.**

Dated: February 11, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE