Johnathan E. Mansfield, Cal Bar No. 214848
Schwabe, Williamson & Wyatt
1211 SW Fifth Avenue
Suite 1900
Portland, Oregon 97204
Telephone:  503.222.9981
Fax:  503.796.2900
jmansfield@schwabe.com

Ronald M. Wawrzyn, *Pro Hac Vice*
Matthew M. Wawrzyn, *Pro Hac Vice*
WAWRZYN LLC
233 South Wacker Drive
Willis Tower, 84th Floor
Chicago, IL 60606
Telephone:  312.283.8330
Fax:  312.283-8331
matt@wawrzynlaw.com

*Counsel for ABBYY Production, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ABBYY SOFTWARE HOUSE, a Russia corporation, ABBYY USA SOFTWARE HOUSE, INC., a California corporation, AND LEXMARK INTERNATIONAL, INC., a Delaware corporation, ABBYY SOFTWARE, LTD., a Cyprus corporation; and ABBYY PRODUCTION LLC, a Russia corporation,<br><br>Defendants.<br><br>AND RELATED CLAIMS | Case No:  3:08-CV-02912 JSW (MEJ)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS BY ABBYY PRODUCTION, LLC<br><br>Date:  May 6, 2011<br><br>Time:  9:00 am<br><br>Location:  Courtroom 11, 19th Floor<br><br>Hon. Jeffrey S. White |

1

PLEASE TAKE NOTICE that on May 6, 2011 or as soon thereafter as counsel may be heard before the Honorable Jeffrey S. White, at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California, defendant ABBYY Production, LLC ("ABBYY Production") will present this motion to dismiss.

By this motion ABBYY Production seeks an order dismissing the statutory and common law unfair competition claims because Nuance Communications, Inc. ("Nuance") fails to allege that ABBYY Production is responsible for the trade dress that purportedly infringes. (A proposed order is attached hereto as Exhibit A.)

## MEMORANDUM OF POINTS AND AUTHORITIES

### Material Alleged Facts

1. "Nuance offers its optical character recognition ("OCR") software products in distinctive packaging. . . . . (the "Nuance Packaging Trade Dress"). (Am. Compl. ¶ 16 (attached hereto as Exhibit B).)

2. "In or about June 2002, ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC changed the packaging design of their OCR software products, and willfully adopted the Nuance Packaging Trade Dress in connection with the unauthorized advertising and sale of their own competing software products." (Am. Compl. ¶ 90.)

**I. DISMISSAL OF THE TRADE DRESS CLAIMS IS APPROPRIATE IN LIGHT OF THE CONCLUSORY ALLEGATIONS AGAINST ABBYY PRODUCTION.**

Rule 9(b) of the Federal Rules of Civil Procedure applies to the trade dress and unfair competition claims Nuance brings against ABBYY Production under 15 U.S.C. § 1125(a), California Bus. & Prof. Code § 17200 *et seq.*, California Bus. & Prof. Code § 17500 *et seq.*, and the common law of California. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-07 (9th Cir. 2003) (applying Rule 9(b) to claims under sections 17200 and 17500); *Wright v. General Mills, Inc.*, No. 08-1532, 2009 WL 3247148 (S.D. Cal. Sept. 30, 2009) ("Here, plaintiff has not pleaded fraud with the requisite particularity under Rule 9(b) or the facts supporting the elements of the

2

violations under section 17200.").

The trade dress and unfair competition claims should be dismissed under Rule 9(b) because the allegations are mere conclusions and fail to give any specifics. "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In *Vess*, for example, the court of appeals affirmed the district court's dismissal of an unfair business practices claim because the plaintiff alleged a fraudulent conspiracy among the defendants but failed to provide the specifics Rule 9(b) requires. *Id.* "He alleges that the APA received financial contributions from Novartis, but he offers scant specifics as to when or between whom the money changed hands." *Id.*

In this case, the Court should dismiss the trade dress and unfair competition claims against ABBYY Production for the reasons stated in *Vess*. Here, like the plaintiff in *Vess*, Nuance fails to describe who is doing what as part of the alleged fraudulent scheme: "In or about June 2002, ABBYY Software House, ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC changed the packaging design of their OCR software products, and willfully adopted the Nuance Packaging Trade Dress in connection with the unauthorized advertising and sale of their own competing software products." (Am. Compl. ¶ 90.)

Nuance inappropriately lumps all of the ABBYY entities together and in a conclusion alleges that ABBYY Production is involved with marketing and packaging OCR software. That is not allowed under Rule 9(b). According to *Vess*, Nuance must plead the particulars of who is doing what with respect to the alleged marketing and packaging that gives rise to the trade dress and unfair competition claims.

**Conclusion**

For the reasons stated above, the Court should enter the attached proposed order and dismiss the trade dress and unfair competition claims as alleged against ABBYY Production.

Dated:  February 15, 2011                                  By: s/ Matthew Wawrzyn
                                                                         Matthew M. Wawrzyn

                                                                         Attorney for Defendant
                                                                         ABBYY PRODUCTION, LLC

CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of February 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission and/or first class mail.

By: _____s/Matthew Wawrzyn_____