Johnathan E. Mansfield, Cal Bar No. 214848
SCHWABE, WILLIAMSON & WYATT
1211 SW Fifth Avenue
Suite 1900
Portland, OR 97204
503.222.9981 (telephone)
503.796.2900 (facsimile)
jmansfield@schwabe.com

Ronald M. Wawrzyn, *Pro Hac Vice*
Matthew M. Wawrzyn, *Pro Hac Vice*
WAWRZYN LLC
233 South Wacker Drive
Willis Tower, 84th Floor
Chicago, IL 60606
312.283.8330 (telephone)
312.283-8331 (facsimile)
ron@wawrzynlaw.com
matt@wawrzynlaw.com

*Counsel for ABBYY USA Software House, Inc.,
ABBYY Production, LLC,
and Lexmark International, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>ABBYY SOFTWARE HOUSE, a Russia corporation, ABBYY USA SOFTWARE HOUSE, INC., a California corporation, AND LEXMARK INTERNATIONAL, INC., a Delaware corporation, ABBYY SOFTWARE, LTD., a Cyprus corporation; and ABBYY PRODUCTION LLC, a Russia corporation,<br><br>            Defendants. | Case No:  3:08-CV-02912 JSW (MEJ)<br><br>NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS BY DEFENDANTS ABBYY USA SOFTWARE HOUSE, INC., ABBYY PRODUCTION, LLC AND LEXMARK INTERNATIONAL, INC.<br><br>Date:  May 13, 2011<br><br>Time:  9:00 am<br><br>Location:  Courtroom 11, 19th Floor<br><br>Hon. Jeffrey S. White |

Case No.: 3:08-CV-2912-JSW (MEJ)

PLEASE TAKE NOTICE that on May 13, 2011 or as soon thereafter as counsel may be heard before the Honorable Jeffrey S. White, at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California, defendants ABBYY USA Software House, Inc. ("ABBYY USA"), ABBYY Production, LLC ("ABBYY Production"), and Lexmark International, Inc. ("Lexmark") will present this motion for leave to amend their invalidity contentions.

Pursuant to Rule 3-6 of the Patent Local Rules, defendants respectfully request that the Court enter an order granting them leave to assert a recently discovered, material prior art reference. The following facts constitute good cause supporting such an order (a proposed copy of which is attached hereto as Exhibit A):

1. Patent Local Rule 3-6 provides in pertinent part, "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include . . . recent discovery of material, prior art despite earlier diligent search . . . ." Patent L.R. 3-6. Good cause supports an order granting defendants leave to amend their invalidity contentions. For notwithstanding diligent prior art searches, defendants only recently discovered the publication, Nagy and G.L. Shelton, Jr., *Self-Corrective Character Recognition System*, (April 1966) (the "Nagy Article") (copy attached hereto as Exhibit B).

2. On June 15, 2009, in response to over 140 claims asserted by plaintiff Nuance Communications, Inc. ("Nuance"), ABBYY USA and Lexmark served their Invalidity Contentions. These contentions were the product of multiple prior art searches conducted by ABBYY USA, as well as the law firms Kirkland & Ellis LLP and Foley & Lardner LLP. In response to the over 140 asserted claims, ABBYY USA and Lexmark relied on and charted approximately 104 prior art references.

3. Subsequently, the Court ordered that plaintiff and defendants alike must narrow the case. As such, on July 23, 2010, Nuance served nine representative claims with respect to the optical character recognition ("OCR") patents – that is, U.S. Patent No. 6,038,342 (the "'342

patent"), U.S. Patent No. 5,381,489, and U.S. Patent 5,261,009.  On September 7, 2010, ABBYY USA and Lexmark served no more than 20 prior art references in response to the nine asserted claims.

4. In November 2010, ABBYY USA retained Dr. Yali Amit of the University of Chicago to teach at the tutorial in this case that was scheduled for January 26, 2011.  On November 29, 2010, Dr. Amit forwarded to counsel for ABBYY USA and Lexmark the Nagy Article.  (11/29/2010 e-mail from Dr. Amit to M. Wawrzyn and R. Ching (attached hereto as Exhibit C).)

5. On November 30, 2010, ABBYY USA and Lexmark sought Nuance's consent and stipulation to ABBYY USA and Lexmark amending their invalidity contentions to include the Nagy Article.  Nuance declined.  (11/30/2010 e-mail from C. Tyler to M. Wawrzyn (attached hereto as Exhibit D).)

6. On January 25, 2011, Nuance served ABBYY Production with the Amended Complaint.  On February 15, 2011, ABBYY Production answered the patent-infringement claims.

7. The Nagy Article is material prior art.  Indeed, the '342 patent discloses a method of OCR termed "learning on the fly."  According to this method, the invention builds a template library with a feature analysis process.  *See, e.g.*, '342, col. 16:43-45 ("By building the template cache based on characters recognized in the document through the feature analysis process . . . .).  The method is termed "learning on the fly" because the newly generated templates are used on the same document being analyzed – the invention is thus "learning" as it adds to its template library.

8. The '342 patent disclosed a learning method with a priority date of August 10, 1988.  The Nagy Article is material because there the authors describe a learning method more than 20 years earlier – April of 1966.  Indeed, in the Nagy Article, the authors cogently describe a "learning on the fly" method: "The processor cycles through a preset number of characters,

1  concluding each recognition phase by 'averaging' all the feature vectors which were accepted in
2  a given channel, and generating new references by the thresholding process." (Nagy Article at
3  216.)
4      9.    Granting defendants leave to add the Nagy Article as a prior art reference would
5  not cause undue prejudice to Nuance.  First, discovery has not yet begun in this case, and no trial
6  date has been set.  Second, the Nagy Article does not bear on the claim construction process that
7  is now under way.  To be sure, Nuance does not rely on the Nagy Article to support its proposed
8  constructions.  Indeed, Nuance declined ABBYY USA and Lexmark's offer to seek an extension
9  of the claim construction briefing in light of the Nagy Article.  (*See* Ex. D.)  Nor do ABBYY
10 USA and Lexmark rely on the Nagy Article, as the intrinsic record provides clear support for
11 their constructions.

WHEREFORE, defendants respectfully request that the Court enter the attached proposed order finding good cause and granting ABBYY and Lexmark leave to amend their Invalidity Contentions to add the Nagy Article as a prior art reference.

Dated:  February 17, 2011                                    WAWRZYN LLC


                                                                                     s/Matthew Wawrzyn

Ronald M. Wawrzyn, *Pro Hac Vice*
Matthew M. Wawrzyn, *Pro Hac Vice*
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
312.283.8330 (telephone)
312.283.8331 (facsimile)
ron@wawrzynlaw.com
matt@wawrzynlaw.com

                    and

Johnathan Mansfield, Cal. Bar No. 214848
SCHWABE, WILLIAMSON & WYATT
1211 SW Fifth Avenue
Suite 1900
Portland, OR 97204
503.222.9981 (telephone)
503.796.2900 (facsimile)
jmansfield@schwabe.com


*Counsel for ABBYY USA Software House, Inc., ABBYY Production, LLC, and Lexmark International, Inc.*

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th day of February 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission and/or first class mail.

By: _____s/Matthew Wawrzyn_____