Johnathan E. Mansfield, Cal Bar No. 214848
**SCHWABE, WILLIAMSON & WYATT**
1211 SW Fifth Avenue
Suite 1900
Portland, Oregon 97204
Telephone:  503.222.9981
Fax:  503.796.2900
jmansfield@schwabe.com

Ronald M. Wawrzyn, *Pro Hac Vice*
Matthew M. Wawrzyn, *Pro Hac Vice*
**WAWRZYN LLC**
233 South Wacker Drive
Willis Tower, 84th Floor
Chicago, IL 60606
Telephone:  312.283.8330
Fax:  312.283-8331
ron@wawrzynlaw.com
matt@wawrzynlaw.com

*Counsel for ABBYY Production, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ABBYY SOFTWARE HOUSE, a Russia corporation, ABBYY USA SOFTWARE HOUSE, INC., a California corporation, AND LEXMARK INTERNATIONAL, INC., a Delaware corporation, ABBYY SOFTWARE, LTD., a Cyprus corporation; and ABBYY PRODUCTION LLC, a Russia corporation,<br><br>Defendants.<br><br>AND RELATED CLAIMS | Case No:  3:08-CV-02912 JSW (MEJ)<br><br>NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY ABBYY PRODUCTION, LLC<br><br>Date:  May 13, 2011<br><br>Time:  9:00 am<br><br>Location:  Courtroom 11, 19th Floor<br><br>Hon. Jeffrey S. White |

1

1   PLEASE TAKE NOTICE that on May 13, 2011 or as soon thereafter as counsel may be heard before the Honorable Jeffrey S. White, at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California, defendant ABBYY Production, LLC ("ABBYY Production") will present this motion for summary judgment.

By this motion ABBYY Production seeks entry of summary judgment because the undisputed facts establish that ABBYY Production takes no act within the United States prohibited by the U.S. patent laws. (A proposed order is attached hereto as Exhibit A.)

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Nuance Communications, Inc. has been trying to bring the Russian software developer ABBYY Production into this case for two years. Nuance admitted to the Federal Circuit that ABBYY Production is necessary to this case because Nuance needs the source code ABBYY Production possesses. It does not follow, however, that a plaintiff's need for evidence from an entity makes that entity subject to a lawsuit.

Here, ABBYY Production should not be subject to this patent infringement lawsuit because Nuance will never be able to prove the necessary fact that ABBYY Production committed an infringing act within the United States. In *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454-55 (2007), the Court held that the so-called "golden master" of software is, in essence, a set of instructions and not the good that moves from manufacture to distribution to retail. Instead, the copy of the software that is derived from the golden master is actually consumed by the public and is the good. Therefore, according to *Microsoft*, acts taken with respect to the copy of the software (not the golden master) potentially harm the patentee and give rise to patent liability.

In this case, the only act ABBYY Production takes is to make the golden master of the accused software accessible to its licensee ABBYY USA Software House, Inc. ("ABBYY USA") over the Internet. Under *Microsoft*, this act with respect to the golden master of software cannot form the basis of a patent infringement claim.

There is an additional layer of ABBYY Production's remoteness to this litigation.

2

ABBYY Production grants ABBYY USA the right to modify the golden master of software and sell the modified copy within the United States. Hence, ABBYY Production gives up control of the accused software once it is in the United States, and thus ABBYY Production should not be made to answer for this software and whether it infringes on Nuance's patent claims.

**Statement of Material and Undisputed Facts**

1. ABBYY Production develops software in Moscow, Russia. (Declaration of Konstantin Anisimovich ¶ 3 (attached hereto as Exhibit B).) Software development is ABBYY Production's sole function. (*Id.* ¶¶ 3, 8.)

2. ABBYY Production licenses the software it develops to entities located all over the world. (Anisimovich Decl. ¶ 3.) ABBYY USA is one such entity. (*Id.* ¶ 4.) Under a contract between these two entities (the "License Agreement"), ABBYY Production has the obligation to provide ABBYY USA with a master copy of the software – *i.e.*, the golden master. (*Id.* ¶ 5.)

3. ABBYY Production performs this obligation by making the golden master available to ABBYY USA over the Internet. (Anisimovich Decl. ¶ 5.) Specifically, ABBYY Production uploads the golden master to what is called an FTP site, where ABBYY USA has access to the golden master. (*Id.*)

4. ABBYY USA has the right to modify the software and sell the modified copy to the U.S. market. (Anisimovich Decl. ¶ 6.)

5. ABBYY Production has never developed software in the United States. (Anisimovich Decl. ¶ 8.) ABBYY Production does not sell or market software – in the United States or otherwise. (*Id.* ¶ 3.)

**I. SUMMARY JUDGMENT IS APPROPRIATE ON THE PATENT CLAIMS BECAUSE ABBYY PRODUCTION TAKES NO ACT PROHIBITED BY THE U.S. PATENTS LAWS WITHIN THE UNITED STATES.**

**A. Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The movant carries the initial burden of proving that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). If the movant shows a prima facie case for summary judgment, then the burden of production shifts to the nonmovant to present specific evidence indicating there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

### B. ABBYY Production Takes No Prohibited Act Within the United States Because ABBYY Production Simply Makes the Golden Master Available on the Internet for ABBYY USA to Modify and Sell.

It is well-established that the U.S. patent laws do not have extraterritorial effect:

> The presumption that United States law governs domestically but does not rule the world applies with particular force in patent law. The traditional understanding that our patent law "operate[s] only domestically and d[oes] not extend to foreign activities," is embedded in the Patent Act itself, which provides that a patent confers exclusive rights in an invention within the United States.

*Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454-55 (2007) (citations omitted).

Thus, the patent-infringement plaintiff must plead and prove that the defendant took some act prohibited by the patent laws **within the United States**. For example, in *Microsoft*, the Supreme Court reversed the Federal Circuit, holding that liability under 35 U.S.C. § 271 was not so broad as to reach acts taken with respect to the golden master of software within the United States. *Microsoft Corp.*, 550 U.S. at 454. Instead, the Court held that liability under section 271 attaches only to acts taken with respect to the copies of the software that are in fact made, used, and sold in the United States, or imported into the United States. *Id.* at 451 ("What retailers sell, and consumers buy, are *copies* of software."). Specifically, the Court held that a golden master is akin to a set of instructions (a blueprint) and thus was ***not*** the good moving through commerce and allegedly doing damage to the patentee in the United States: "[T]he extra step is what renders the software a usable, combinable part of a computer; easy or not, the copy producing step is essential." *Id.* at 452.

4

Here, ABBYY Production is just like the defendant in *Microsoft* who merely shipped the golden master and therefore took no act prohibited by 35 U.S.C. § 271.  Indeed, ABBYY Production makes the golden master of the accused software available to ABBYY USA on the Internet.  (Anisimovich  Decl. ¶ 5.)  Under *Microsoft*, this act cannot form the predicate for patent infringement liability, for ABBYY Production cannot be said to be making, using, selling, or importing software within the meaning of section 271.

In fact, this case is easier than *Microsoft*.  Here, ABBYY Production not only deals with the golden master only, it also relinquishes the right to control what happens to the golden master once the master is available on the FTP site.  To be sure, ABBYY USA has the right under the License Agreement to modify the accused software and sell the modified software in the United States.  (Anisimovich  Decl. ¶ 6.)  In this way, it is easy to see that the software that Nuance accuses of infringing its patent claims is the software that ABBYY USA – not ABBYY Production – makes and sells within the United States.

Federal Circuit cases also support entry of summary judgment in this case.  The Federal Circuit affirmed this Court's grant of summary judgment where the defendant's accused act was delivering the allegedly infringing product to a third party in Japan:  "In short, MEMC has presented no evidence demonstrating that SUMCO sold the accused wafers to Samsung Austin in the United States."  *MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005).

ABBYY Production is even further removed than the defendant in *MEMC*.  For there the defendant was transferring the good, albeit outside the United States, that was ultimately sold and purportedly doing damage to the patentee in the United States.  Here, in contrast, the golden master ABBYY Production makes available on the Internet is not the thing sold at retail to consumers in the United States.  What is more, ABBYY USA has the right to modify the golden

5

master, and in all cases it is the copy of the software that is sold and allegedly infringing on the Nuance patent claims.

ABBYY Production's foreign locale is also similar to the defendant in *MEMC*. In that case, the foreign defendant could not be liable for the act of shipping that was performed on foreign soil. In this case, ABBYY Production cannot be held liable for the act of from its Moscow home making a golden master available to ABBYY USA on the Internet.

See also *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 124 (Fed. Cir. 2000), where the court of appeals affirmed the district court where the alleged "offer to sell" prohibited under section 271 occurred in China: "Plaintiff cannot establish an essential element of its cause of action for patent infringement, an act of infringement in the United States." *Id.* at 1250.

In sum, ABBYY Production performs no act of infringement within the United States. It deals only with the golden master – which according to *Microsoft* is not the thing that could infringe Nuance's patent claims. It is the copies that ABBYY USA makes and sells that could possibly infringe Nuance's patent claims. ABBYY Production takes no act with respect to those copies, however, within the United States or otherwise, and so cannot be liable for patent infringement.

## **Conclusion**

For the reasons stated above, the Court should enter the attached proposed order and enter judgment in favor of ABBYY Production on the patent-infringement claims.

Dated:  February 25, 2011                              By:  s/ Matthew Wawrzyn
                                                                    Matthew M. Wawrzyn

                                                            Attorney for Defendant
                                                            ABBYY PRODUCTION, LLC

CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of February 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission and/or first class mail.

By: _____ s/Matthew Wawrzyn

1