Johnathan E. Mansfield, Cal Bar No. 214848
Schwabe, Williamson & Wyatt
1211 SW Fifth Avenue
Suite 1900
Portland, OR 97204
503.222.9981 (telephone)
503.796.2900 (facsimile)
jmansfield@schwabe.com

Ronald M. Wawrzyn, *Pro Hac Vice*
Matthew M. Wawrzyn, *Pro Hac Vice*
WAWRZYN LLC
233 South Wacker Drive
Willis Tower, 84th Floor
Chicago, IL 60606
312.283.8330 (telephone)
312.283-8331 (facsimile)
ron@wawrzynlaw.com
matt@wawrzynlaw.com

*Counsel for ABBYY Production, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ABBYY SOFTWARE HOUSE, a Russia corporation, ABBYY USA SOFTWARE HOUSE, INC., a California corporation, AND LEXMARK INTERNATIONAL, INC., a Delaware corporation, ABBYY SOFTWARE, LTD., a Cyprus corporation; and ABBYY PRODUCTION LLC, a Russia corporation, <br><br> Defendants. | Case No: 3:08-CV-02912 JSW (MEJ) <br><br> **OPPOSITION BY ABBYY PRODUCTION, LLC TO RULE 56(d) MOTION** <br><br> Date: April 22, 2011 <br> Time: 9:00 am <br> Location: Courtroom 11, 19th Floor <br> Hon. Jeffrey S. White |

ABBYY Production's Opposition to Rule 56(d) Motion      Case No.: 3:08-CV-2912-JSW (MEJ)

1. This case presents a threshold issue of whether the Russian software developer ABBYY Production, LLC ("ABBYY Production") takes any act within the United States proscribed by the U.S. patent laws. ABBYY Production filed a summary judgment motion on this one issue. Plaintiff Nuance Communications, Inc. ("Nuance") had the opportunity to do discovery on this threshold issue before opposing the summary judgment motion.

2. Nuance instead chose to oppose the summary judgment motion on the merits without discovery, contending that a Federal Circuit decision in this case (which assumed that Nuance's allegations were true) raised fact issues that preclude summary judgment. (*See, e.g.*, Nuance Opp. (Doc. 278) ("The Federal Circuit, in its decision regarding ABBYY Production's prior ***motion to dismiss***, best described some of a few of the relevant facts surrounding ABBYY Production's infringing activities in the U.S. that ABBYY Production's motion chose to ignore.") (emphasis added).)

3. Having had a chance to evaluate ABBYY Production's summary judgment motion, Nuance now seeks to take the discovery that it consciously gave up. A Ninth Circuit case is instructive here. In *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439 (9th Cir. 1986), the court of appeals affirmed summary judgment for the defendant. The plaintiff argued on appeal that notwithstanding opposing the motion on the merits it was entitled to discovery under the former Rule 56(d), and the Ninth Circuit held, "Having taken no discovery, [the plaintiff] 'can hardly argue at this late date that the district court abused its discretion in ruling on the summary judgment in light of the fact that [the plaintiff] itself failed to pursue the procedural remedy which the Federal Rules so clearly provided.'" *Id.* at 1443 (quoting *British Airways Bd. V. Boeing Co.*, 585 F.2d 946 (9th Cir. 1978).)

4. Similarly here, Nuance cannot have it both ways. Nuance should have either tested the veracity of the evidence on which ABBYY Production bases its summary judgment motion and then opposed the motion. Or, on the other hand, Nuance should have moved under

ABBYY Production's Opposition to Rule 56(d) Motion  2  Case No.: 3:08-CV-2912-JSW (MEJ)

Rule 56(d) and indicated the discovery Nuance needs on the single threshold question presented by the summary judgment motion – *viz.*, whether ABBYY Production takes an act proscribed by the U.S. patent laws.  Instead, Nuance opposes the motion on the merits *and* seeks plenary discovery on all manner of subjects.  (*See, e.g.*, Motion at 9 (Nuance should be entitled to full discovery from all parties in the case . . . as well as third parties.").)

5. The patent case and other cases on which Nuance relies are inapposite.  None presents a threshold issue like this case.  In *Tablemax IP Holdings, Inc. v. Shuffle Master, Inc.*, No. 09 CV 1519, 2009 WL 3464622 (D. Nev. Oct. 26, 2009), for example, the defendant raised fact-intensive issues like invalidity under 35 U.S.C. § 112 in ***multiple summary judgment motions*** at the outset of the case.  *Id.* at *1.  For even Nuance highlights this distinguishing factor when describing the case:  "The court emphasized that additional time for discovery should be granted where there are multiple factual issues that must be resolved."  (Motion at 7.)  This case is quite different.  It raises the single threshold issue of whether ABBYY Production acts within the United States and can be liable under our patent laws.  And ABBYY Production limited its summary judgment motion to this issue.

WHEREFORE, ABBYY Production respectfully requests that the Court take Nuance at its word that it opposes ABBYY Production's summary judgment motion and deny this motion for discovery under Rule 56(d).

Dated:  April 1, 2011  

WAWRZYN LLC

s/Matthew Wawrzyn

Ronald M. Wawrzyn, *Pro Hac Vice*
Matthew M. Wawrzyn, *Pro Hac Vice*
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
312.283.8330 (telephone)

312.283.8331 (facsimile)
ron@wawrzynlaw.com
matt@wawrzynlaw.com

and

Johnathan Mansfield, Cal. Bar No. 214848
SCHWABE, WILLIAMSON & WYATT
1211 SW Fifth Avenue
Suite 1900
Portland, OR 97204
503.222.9981 (telephone)
503.796.2900 (facsimile)
jmansfield@schwabe.com


*Counsel for ABBYY Production, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of April 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission and/or first class mail.

By: _____s/Matthew Wawrzyn_____