IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NUANCE COMMUNICATIONS INC,

    Plaintiff,

    v.

ABBYY SOFTWARE HOUSE, et al.,

    Defendants.

No. C 08-02912 JSW

**ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Now before the Court is the motion to dismiss for lack of personal jurisdiction filed by Defendant Abbyy Software, Ltd. ("Abbyy Software"). The Court finds the motion appropriate for decision without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the hearing date of May 13, 2011. Having carefully reviewed the parties' papers, the relevant legal authority, and having good cause, the Court hereby DENIES the motion to dismiss for lack of personal jurisdiction.

**BACKGROUND**

Upon remand to this Court from the Federal Circuit, and after conducting jurisdictional discovery, Abbyy Software, a company in the Republic of Cyprus, moves again to dismiss Nuance Communications Inc.'s ("Nuance") complaint against it for lack of personal jurisdiction.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

### A. Standards for Exercising Personal Jurisdiction.

Abbyy Software seeks to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The plaintiff bears the burden to establish personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the facts are not directly controverted, a plaintiff's version of the facts is taken as true. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("*AT&T*"). Likewise, the Court must resolve "'conflicts between the facts contained in the parties' affidavits" in plaintiff's favor, "for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quoting *AT&T*, 94 F.3d at 588).

After the completion of jurisdictional discovery, Abbyy Software argues that this Court does not have personal jurisdiction because they do not have the requisite minimum contacts with this judicial district. Because this is a patent case, the Court applies Federal Circuit precedent to determine whether it has personal jurisdiction over Defendants. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1306 (Fed. Cir. 1999). A court has personal jurisdiction over a defendant where: (1) asserting jurisdiction over the defendant does not violate the defendant's due process rights, and (2) the governing long-arm statute permits the court to exercise jurisdiction over the defendant. *See Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1269-70 (Fed. Cir. 2000). California's long arm statute allows courts to assert personal jurisdiction over defendants "on any bases not inconsistent with the Constitution ... of the United States." Cal. Code Civ. Proc. § 410.10; *see also, e.g.*, *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). California's long arm statute is coextensive with the Constitution, and therefore the Court may assert personal jurisdiction unless doing so would violate Abbyy Software's due process rights.

The Supreme Court set forth the due process standard in *International Shoe v. Washington*, in which it held that "due process requires only that ... [the Defendant] have certain minimum contact with the forum state such that the maintenance of the suit does not

1 offend traditional notions of fair play and substantial justice." 326 U.S. 310, 316 (1945).
2 Therefore, the Court uses a two-step analysis to examine first whether Defendant has the
3 requisite minimum contacts with California, and second whether haling Abbyy Software into
4 this Court would offend traditional notions of fair play and substantial justice.

5 "Under the 'minimum contacts' test, a defendant may be subject to either specific
6 jurisdiction or general jurisdiction." *LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d
7 1369, 1375 (Fed. Cir. 2000). Abbyy Software argues that its contacts with California are
8 insufficient to support jurisdiction under either of these bases.

**B. The Court Does Not Have General Jurisdiction Over Abbyy Software.**

"General jurisdiction" refers to a court's ability to exercise personal jurisdiction over a defendant in any action, including actions unrelated to the defendant's contacts with the state in which the court sits. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). In *Perkins v. Benguet Consol. Mining Co.*, the Supreme Court held that a federal court can exercise general jurisdiction over a defendant if that defendant has "continuous and systematic" contacts with the forum state. 342 U.S. 437, 447-49 (1952) (upholding general jurisdiction because defendant carried on a "continuous and systematic, but limited, part of its general business" in the forum state). The standard for meeting this "continuous and systematic" requirement is "fairly high" and requires that the defendant's contacts be of the sort that approximate physical presence. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009); *see also Campbell Pet Co. v. Piale*, 542 F.3d 879, 883-84 (Fed. Cir. 2008). There is not a "specific test to follow" when determining whether a defendant's contacts are continuous and systematic, and courts must instead "look at the facts of each case to make such a determination." *LSI Indus.*, 232 F.3d at 1375.

Abbyy Software contends that general jurisdiction is lacking here because its contacts with California are sporadic and insubstantial. Nuance argues that Abbyy Software has voluntarily submitted to the jurisdiction of California on other occasions and has counsel located in California. In addition, Nuance contends that discovery is incomplete and further contracts linking Abbyy Software to California would demonstrate sufficient contacts to

1 establish general jurisdiction. Finally, Nuance contends that Abbyy Software functions merely
2 as an alter ego for its California-based subsidiary, so jurisdiction over the parent is appropriate
3 as well. Based on the record before the Court at this time, however, these are not the sort of
4 continuous and systematic contacts that give rise to general jurisdiction, and the Court finds that
5 it does not have general jurisdiction over Abbyy Software. *See Helicopteros*, 466 U.S. at 417.

### B. The Court Has Specific Jurisdiction Over Abbyy Software.

Nuance argues that even if this Court lacks general jurisdiction over Abbyy Software, it nevertheless has specific jurisdiction to adjudicate its claims arising out of Abbyy Software's contacts with California. "[E]ven where general jurisdiction is not available, specific jurisdiction may be exercised by a district court in the forum state" if doing so would not violate due process. *Campbell Pet Co.*, 542 F.3d at 884. For specific jurisdiction over a defendant to be proper, the defendant must have "certain minimum contacts with" the forum. *Int'l Shoe*, 326 U.S. at 316. The "minimum contacts" standard requires that the defendant engaged in "some act by which the defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The requisite minimum contacts are present "where the defendant 'deliberately' has engaged in significant activities within a state, ... or has created 'continuing obligations' between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984), and *Travelers Health Ass'n v. Virginia*, 399 U.S. 643, 648 (1950)) (internal citations omitted). On the other hand, random, fortuitous, or attenuated connections with the forum state fall short of the minimum contacts threshold. *Id.* at 475.

The Federal Circuit uses a three-part test to apply the minimum contacts standard set forth by the Supreme Court. *See, e.g.*, *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995); *Breckenridge Pharms., Inc. v. Metabolife Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). First, the defendant must have "purposefully directed its activities at residents of the forum." *Breckenridge*, 444 F.3d at 1363. Second, the claim must arise out of or relate to those

4

activities. *Akro*, 45 F.3d at 1545-46. Lastly, the exercise of personal jurisdiction must be "reasonable and fair." *Breckenridge*, 444 F.3d at 1363.

In its opinion reversing this Court's dismissal of Abbyy Software and remanding for jurisdictional discovery, the Federal Circuit held that the

> limited evidence of record support Nuance's contention that Abbyy Software functions as more than a holding company. Abbyy Software's website portrays Abbyy as a single company with offices in many countries, including the United States. The CEO of Abbyy Software, who expressed a desire to return to the U.S. market, is both the founder of the Abbyy companies and the Chairman of Abbyy's Global Management Team, which includes among its members the CEOs of Abbyy USA and Abbyy Production. Abbyy Software's website lists multiple California entities as customers of the accused products .... Abbyy Software's website also promotes the sale of these products in California by providing the names and contact information for retail stores located in California as well as online stores that sell the FineReader product.

*Nuance*, 626 F.3d at 1235.

After the completion of jurisdictional discovery, not only are the observations made by the Federal Circuit accurate, but it is also evident that Abbyy Software: (1) established its subsidiaries to build up an international distribution market as part of its expansion into the global market; (2) acquired Abbyy USA in 2002 pursuant to a Stock Purchase Agreement that contained a California choice of law provision and subjected the parties to the exclusive jurisdiction of California courts; (3) interacts with entities in the United States to acquire intellectual property rights that it deems necessary to be used in the software developed by the Abbyy companies; (4) permits the California Abbyy entity and other subsidiaries to use its intellectual property rights freely and without formal licensing arrangements; and (5) has repeatedly obtained protection for its patents in the United States. (Miller Decl., Exs. 1, 2, 4, 6, 14.) Having reviewed the record, the Court finds that these contacts are sufficient to constitute minimum contacts.

Here, just as the Federal Circuit found with regard to the Abbyy Production entity, the relationship between Abbyy Software and Abbyy USA established a "distribution system with Abbyy USA that was intended to deliver products to the U.S. market via a ... California entity." *Nuance*, 626 F.3d at 1234. Here, as evidenced by Abbyy Software's ongoing relationship with Abbyy USA and the distribution channel of products utilizing the company's intellectual

1 property, Abbyy Software has contacts with California related to the activities sued upon in this
2 matter that are sufficient to support this Court's exercise of personal jurisdiction. Although
3 Abbyy Software may be a removed parent company, the Court finds that the relationship with
4 Abbyy USA, the overlap in management, and the creation of a California distribution system for
5 products based upon its freely-shared intellectual property, is sufficient to survive a motion to
6 dismiss. *See Cardsoft, Inc. V. Verifone Holdings, Inc.*, 2009 WL 361069, at *1-2 (E.D. Texas
7 Feb. 10, 2009) (holding that plaintiffs had made the prima facie showing of jurisdictional facts
8 by a preponderance of the evidence where the defendant was merely a far removed parent
9 company).

10 Even where a defendant has minimum contacts with the forum state, asserting
11 jurisdiction may still be unreasonable if doing so would be unfair. *See, e.g.*, *Patent Rights Prot.*
12 *Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010). To determine
13 whether it is fair to exercise jurisdiction, the Supreme Court has instructed courts to determine
14 whether "the assertion of jurisdiction would comport with 'fair play and substantial justice.'"
15 *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). Where, as here, a defendant
16 has directed its activities at residents of the forum state, the defendant cannot defeat jurisdiction
17 based on fairness considerations unless it "present[s] a compelling case that the presence of
18 some other considerations would render jurisdiction unreasonable." *Id.* at 477. "Where the
19 case involves a dispute arising under United States' patent laws and there is no indication that
20 Plaintiffs would be entitled to relief in any other jurisdiction, ... [Defendant] could reasonably
21 expect to be haled into court ... to account for its infringing activities here." *Cardsoft*, WL
22 361069, at * 2.

23 The unfair exception standard is met only in "rare situation[s] in which the plaintiff's
24 interest and the state's interest in adjudicating the dispute in the forum are so attenuated that
25 they are clearly outweighed by the burden of subjecting the defendant to litigation within the
26 forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994).
27 Courts review several considerations to determine whether a particular case presents one of
28 these "rare situations." Those considerations are: (1) the burden on the defendant; (2) the

6

interests of the forum state; (3) plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in efficiently resolving controversies; and (5) the shared interest of all states in furthering substantive social policies. *See Burger King*, 471 U.S. at 477; *Autogenomics*, 566 F.3d at 1025.

Abbyy Software argues that it would be substantially burdened by litigating in this judicial district because it does not have offices, operations, or employees in California. This argument, however, is unpersuasive in light of the fact that Abbyy Software has proven itself financially capable of engaging in protracted negotiations with California-based entities and, like Abbyy Production, shares the same counsel and operates under the same consolidated Global Management Team. Just as the appellate court has already found, "[t]hese relationships should ameliorate any possible burden of litigating in California." *Nuance*, 626 F.3d at 1234.

Accordingly, because the exercise of jurisdiction over Abbyy Software would not violate principles of due process, the Court DENIES Abbyy Software's motion to dismiss based on lack fo personal jurisdiction.

## CONCLUSION

For the reasons stated, the motion to dismiss for lack of personal jurisdiction against Defendant Abbyy Software, Ltd. is DENIED.

**IT IS SO ORDERED.**

Dated: May 3, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE