IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC. A Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABBYY SOFTWARE HOUSE, INC., a California corporation, and LEXMARK INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendants.<br>_____/ | No. C 08-02912 JSW<br><br>**TENTATIVE RULINGS AND QUESTIONS RE CLAIM CONSTRUCTION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 14, 2011, AT 1:00 p.m.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such

1 authority. The Court suggests that associates or of counsel attorneys who are working on this
2 case be permitted to address some or all of the Court's questions contained herein.

3 The parties shall each have 90 minutes to present their respective arguments on claim
4 construction. The Court provides its tentative constructions of the first eight terms, found in the
5 '342 and '489 Patents.

### 1. "Template"

The Court **tentatively adopts** Nuance's construction: "A representation of the patterns, shapes, or images of a character."

The Court finds no reason to overcome the presumption of claim differentiation or to render the dependent claims in the patents superfluous or redundant. The specification permits for an allowance that characters may be within predetermined tolerances, but does not require that they be either in the must-be-off or must-be-on patterns.

What is Abbyy/Lexmark's best argument to overcome this presumption?

### 2. "Character"

The Court **tentatively adopts** Abbyy/Lexmark's construction: "A character is a single, individual symbol from a known set of symbols, not joined with any other symbol, identifiable as such by a segmentation process. Examples of characters are letters, numerals and special numbers such as commas, quotation marks and semicolons."

The patents explicitly describe the parsing process to render segments of a line of text into individual characters, which are meant to be both individual and isolated. (*See* '342 Patent at 4:25-27; 15:61-62; '489 Patent at 4:27-29, 16:31-32.) In the section of the '342 Patent addressing the instance in which the invention mistakenly grabs the term 'ite' instead of its composite letters, the patent describes the use of templates of single, individual characters to identify single characters by parsing the segment into the characters 'i' and then 't' and following. (*See* '342 Patent at 24:29-49.) This process, therefore, discloses methods to and systems that recognize characters as individual, isolated symbols.

United States District Court
For the Northern District of California

1  What is Nuance's best argument in support of the term including multiple letters, digits
2 or symbols?

### 3. "Identifying"

The Court **tentatively adopts** Nuance's construction: "Identifying."

The term identifying appears throughout portions of the patents that do not allude to the specific processing and may be analyzed according to any one of a number of techniques. Therefore, the Court does not find it persuasive to limit the construction of the term to only either feature analysis of template analysis.

Why should the Court limit the construction to only two options as proposed by Abbyy/Lexmark?

### 4. "Shape characteristics"

The Court **tentatively proposes** the following construction: "Features of characters."

Why should the Court read the limitations into its construction? Does the Court's proposed construction, taken from Abyyy/Lexmark's responsive brief, more aptly define the disputed term?

### 5. "Feature analysis"

The Court **tentatively adopts** Nuance's construction: "Recognizing a character in an image by routines that extract features of the character and analyze the features."

In the specification, in a heading entitled "FEATURE ANALYSIS," the patent sets out that "[t]he preferred embodiment of the present invention discloses a plurality of routines for analyzing the features of images passed as input to the feature analysis process," with each routine called an "isit ... (e.g., 'is it' an a)." ('342 Patent at 19:37-45.) An isit can be implemented in a variety of ways, not just using the polygon fitting and the delineated statistical information in Abbyy/Lexmark's restrictive construction. (*See id*. at 23:18-30.)

Why should the Court read the limitations into its construction?

3

**6.   "Template matching"**

The Court **tentatively adopts** Nuance's construction: "A character recognition process in which representations of the patterns, shapes, or images of an unknown character are compared with previously generated representations of the patterns, shapes, or images of known characters."

Why should the Court read the limitations into its construction?

**7.   "Second character recognition process"**

The Court **tentatively adopts** Nuance's construction, with a grammatical correction: "A process for recognizing a character that is different from the first character recognition process."

How does Abbyy/Lexmark's proposed construction not render meaningless independent claims 7 and 13 of the '342 Patent?

**8.   "Portion of said image"**

The Court **tentatively adopts** Nuance's construction: "Portion of said image."

How does Abbyy/Lexmark's proposal account for the figures and the language in Claim 18 that indicates that the portion of the image includes a representation of said character? ('342 Patent at Figs. 3(a) and 3(b) and at 6:10-18; 30-28-31.)

The Court queries whether the parties have resolved their differences with regard to the remaining three terms, found in the '009 Patent.

**IT IS SO ORDERED.**

Dated: June 13, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE