Meredith Martin Addy
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

SPECIAL MASTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABBYY SOFTWARE HOUSE, ABBYY USA SOFTWARE HOUSE, INC., LEXMARK INTERNATIONAL, INC., ABBYY SOFTWARE LTD., and ABBYY PRODUCTION LLC., <br><br> Defendants, | CONSOLIDATED CASE NOS. <br><br> C 08-02912 JSW <br> C 08-04227 JSW <br> C 08-04942 JSW <br><br> SPECIAL MASTER'S REPORT AND RECOMMENDATION ON CASE MANAGEMENT FOLLOWING CLAIM CONSTRUCTION ON THE '342, '489, AND '009 PATENTS |

Pursuant to the Order Referring Case Management to the Special Master [Dkt. 334] and the Amended Order of Referral [Dkt. 335], the Special Master submits the following report and recommendation on case management.

**BACKGROUND**

Eight patents are at issue in this case. Of those, six contain claims previously selected for claim construction and two patents do not contain any selected claims. [Dkt. 333 at 4]. On June 15, 2011, the Court issued a Claim Construction Order [Dkt. 332] construing selected claims from three

1  of the six patents, the '489, '342, and '009 patents (the "First Group" of
2  patents). Below is a status of the pending patents-in-suit:
3                  5,261,009 (construed)
4                  6,038,342 (construed)
5                  5,381,489 (construed)
6                  6,810,404 (not yet construed)
7                  6,820,094 (not yet construed)
8                  6,742,161 (not yet construed)
9                  5,131,053 (no claims selected)
10                 5,436,983 (no claims selected)
11      On July 6, 2011, the parties filed a joint Case Management Statement
12 [Dkt. 333] pursuant to instructions in the Claim Construction Order and the
13 Court's Standing Order for Patent Cases. On July 8, 2011, noting that the
14 parties "are still unable to reach consensus on even the management of the
15 schedule in this matter," the Court referred the case to the Special Master to
16 "conduct a conference with the parties in order to determine the case
17 schedule and … garner the parties' stipulated proposed schedule or …
18 prepare a report and recommendation for the management of this case."
19 [Order Referring Case Management Conference to Special Master, Dkt.
20 334].
21      On August 11, 2011, the Special Master conducted a conference call
22 with the parties and discussed the open issues relating to case management
23 including: (a) timing and scheduling for the case, (b) ABBYY Software,
24 Ltd. and ABBYY Production, LLC's (the "Foreign ABBYYs") request for
25 discovery under the local Patent Rule and an opportunity to determine
26 whether they need new terms construed from the First Group of patents
27 [Dkt. 333 at 9], and (c) the Foreign ABBYY's request for early liability
28 determination under 35 U.S.C. § 271(b) for the master copy of the accused

Special Master's Report and Recommendation on Case Management,
Consolidated Case Nos. 08-02912 JSW, 08-04227 JSW, and 08-04942 JSW.

2

1  software. [Dkt. 333 at 5]. During the conference, the Special Master asked
2  for an email from each side explaining their position on the Foreign
3  ABBYYs' request for early liability determination, which the parties
4  provided. After having reviewed and considered the submissions of the
5  parties, the Special Master provides the following report and
6  recommendations.

7  **REPORT AND RECOMMENDATION**

8       Both Plaintiff and Defendants propose that the case be expanded to
9  include their respective issues. Plaintiff proposes to move forward on all 24
10 selected claims, including the remaining patents to be construed, the '404,
11 '094, and '161 patents (the "Second Group" of patents). Plaintiff states that
12 its infringement allegations on the Second Group of patents are "based on
13 technology that is not provided by ABBYY." Defendant asserts that
14 Lexmark infringes these patents. [Dkt. 33 at 15]. Moving forward on the
15 Second Group of patents would involve local Patent Rule practice and a
16 second Markman hearing. After that, Plaintiffs propose a litigation schedule
17 with trial including both the First Group and the Second Group of patents to
18 occur in November 2012.

19      Defendants propose a phased discovery plan for the Foreign ABBYYs
20 prior to moving forward on the case with the rest of the parties. [Dkt. 333 at
21 16]. First, the Court would determine whether the Foreign ABBYYs can be
22 held liable for infringement under section 271(b) for providing a master
23 copy of the accused software to ABBYY USA, and second the Court would
24 allow the Foreign ABBYYs to catch-up on the claim construction on the
25 First Group of patents. Defendants propose staying all other case activity
26 until after the section 271(b) master copy issue and the construction of the
27 First Group of patents have both been resolved with respect to the Foreign
28 ABBYYs. After that, Defendants propose a litigation schedule for the First

Special Master's Report and Recommendation on Case Management,
Consolidated Case Nos. 08-02912 JSW, 08-04227 JSW, and 08-04942 JSW.

3

1  Group of patents through trial to occur in December 2013. Defendants do
2  not propose a schedule for the Second Group of patents. [Dkt. 333 at 23].
3        Both parties also make proposals to save judicial resources. Plaintiff
4  proposes, to lessen the burden of expert discovery and trial, it will proceed
5  with a total of 4 patents out of the entire group of six, and Plaintiff will
6  select 15 claims from those patents. [Dkt. 333 at 21]. Defendants propose
7  that, should resolution of the First Group be dispositive, there would be no
8  need to address the Second Group. [Dkt. 333 at 23]. Defendants also
9  propose bifurcation of the trial into liability and damages phases. [Dkt. 333
10 at 11].
11       After reviewing the parties' proposal, the Special Master recommends
12 against phased discovery of the Foreign ABBYYs on the issues of the
13 master copy under section 271(b) or claim construction on the First Group of
14 patents, while staying the rest of the case. Rather, the case should proceed
15 and the Foreign ABBYYs should be given time, while the rest of the case is
16 ongoing, to make their claim construction record.
17       The Special Master recommends proceeding through the local Patent
18 Rules on the Second Group of patents, and in parallel, allowing the Foreign
19 ABBYYs' streamlined practice under the local Patent Rules for the
20 previously construed First Group of patents. The local Patent Rule practice
21 for the Foreign ABBYYs on the First Group of patents should not result in
22 Markman briefing or another Markman hearing on the same patents already
23 construed without a showing of "extraordinarily good cause." [See April 9,
24 2010 Hearing Transcript at 8]. In addition, the local Patent Rule practice by
25 the Foreign ABBYYs should proceed with the same understandings and
26 restrictions as those applicable in the prior proceeding on the First Group of
27 patents.
28       After completing claim construction on the Second Group, the Special

Special Master's Report and Recommendation on Case Management,
Consolidated Case Nos. 08-02912 JSW, 08-04227 JSW, and 08-04942 JSW.

4

Master recommends all parties proceed through discovery, mediation, and then trial on both the First Group and the Second Group. Before beginning expert discovery, however, Plaintiff will limit the total patents to 4 and the total claims to 15 out of those 4 patents. [Dkt. 333 at 21]. Defendants will likewise limit the total number of prior art references for expert discovery and trial to 20. [Dkt. 333 at 21]. However, the Special Master recognizes that additional prior art may apply to the Second Group of patents, and therefore suggests that, for good cause, Defendants may move to expand that total number of prior art references for expert discovery and trial to a maximum for all patents of 30 references.

The following suggested calendars set forth dates for these activities:

| Claim Construction Events | Date |
|---|---|
| Nuance's Infringement Contentions on representative claims from the '342, '489, and '009 patents ("First Group") to ABBYY Production and ABBYY Software ("Foreign ABBYYs"). (already served) | January 15, 2011 |
| Nuance's Amended Infringement Contentions on 11 representative claims from the '161, '404, and '094 ("Second Group") to all Defendants. | September 15, 2011 |
| All Defendants Invalidity Contentions:<br>• Foreign ABBYYs Invalidity Contentions on the First Group,<br>• All Defendants' Invalidity Contentions on the Second Group.<br>(Limited to 20 Prior References, and Providing Additional Claim Charts, P.R. 3-3; 3-6). | October 17, 2011 |
| Exchange Proposed Claim Constructions:<br>• New ABBYY Entities on the First Group,<br>• All Defendants on the Second Group.<br>(P.R. 4-2). | October 31, 2011 |

Special Master's Report and Recommendation on Case Management,
Consolidated Case Nos. 08-02912 JSW, 08-04227 JSW, and 08-04942 JSW.

5

| | | |
|---|---|---|
| | Request for Leave to Designate Additional Terms for Construction:<br><br>• Foreign ABBYYs on the First Group (noting high standard of "extraordinarily good cause" for any new claim terms in the First Group)<br><br>• All Defendants on the Second Group. | November 15, 2011 |
| | File Joint Claim Construction Statement:<br><br>• Foreign ABBYYs on the First Group (clearly identifying any differences in position from previous submissions),<br><br>• All Defendants on the Second Group.<br><br>(P.R. 4-3). | December 1, 2011 |
| | Complete Claim Construction Discovery:<br><br>• Foreign ABBYYs on the First Group (At this point, the parties should know if the Foreign ABBYYs have differences from the prior Defendants' submission that compel further distinction),<br><br>• All Defendants' on the Second Group.<br><br>(P.R. 4-4). | January 9, 2012 |
| | Nuance's Opening Brief on Claim Construction for the Second Group (P.R. 4-5(a)) | January 20, 2012 |
| | All Defendants' Opposition Brief for the Second Group (P.R. 4-5(b)) | February 7, 2012 |
| | Nuance's Reply Brief for the Second Group (P.R. 4-5(c)) | February 15, 2012 |
| | Amended Joint Claim Construction Statement:<br><br>• Foreign ABBYYs on the First Group,<br><br>• All Defendants on the Second Group. | February 15, 2012 |
| | Tutorial Re Technologies At Issue in the Second Group. | Suggested:<br><br>March 2012<br>(pending availability on Judge White's calendar) |

Special Master's Report and Recommendation on Case Management,
Consolidated Case Nos. 08-02912 JSW, 08-04227 JSW, and 08-04942 JSW.

6

| Claim Construction Hearing for the Second Group. (P.R. 4-6). | Suggested: March 2012 (pending availability on Judge White's calendar) |
|---|---|

| **Other Pre-Trial Events** | **Date** |
|---|---|
| All Parties complete discovery | June 1, 2012 |
| Mediation | June 15, 2012 |
| Nuance selects 4 patents and a total of 15 claims for expert discovery and trial. | June 22, 2012 |
| All Defendants select 20 total prior art references for expert discovery and trial. | July 1, 2012 |
| Opening Expert Reports (on issues in which the parties have the burden) | September 21, 2012 |
| Rebuttal Expert Reports | October 15, 2012 |
| Expert Discovery Closes | December 15, 2012 |
| Dispositive Motion Deadline (including *AT&T v. Microsoft* "master copy" issue) | January 15, 2012 |
| Jury Trial – 5-7 Days (4 patents / 15 total claims) | Suggested: March 2013 (pending availability on Judge White's calendar) |

Dated:  August 19, 2011

STEPTOE & JOHNSON LLP

By  *[signature]*
MEREDITH MARTIN ADDY
SPECIAL MASTER

Special Master's Report and Recommendation on Case Management, Consolidated Case Nos. 08-02912 JSW, 08-04227 JSW, and 08-04942 JSW.

7