UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., | No. C 08-02912 JSW (MEJ) |
| Plaintiff, | **ORDER RE: DEFENDANTS'** |
| v. | **MOTION TO STRIKE** |
| ABBYY SOFTWARE HOUSE *et al.*, | **Docket No. 361** |
| Defendants. | |
| _____/ | |

Pursuant to the Court's case management schedule (Dkt. Nos. 336 and 339), Plaintiff served its third amended disclosure of asserted claims and infringement contentions on Defendants on September 15, 2011. Dkt. No. 351, Ex. C. About three months later, Defendants filed the motion to strike that is currently pending before the Court. Dkt. No. 361. Defendants first seek to strike any portion of Plaintiff's amended infringement contentions that the Court had not previously authorized and for which Plaintiff never sought leave to amend. *Id.* They also seek to strike any references by Plaintiff to the doctrine of equivalents. *Id.* The Court addresses these two requests in order below. Because this matter is suitable for resolution without oral argument, the hearing currently calendared for February 9, 2012, is VACATED. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

Local Patent Rule ("P.R.") 3-6 provides that infringement contentions may only be amended by "order of the Court upon a timely showing of good cause," and the "duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." The Rule does not provide any exceptions to the leave of court requirement. Here, the Court only authorized Plaintiff to amend its infringement contentions on 11 representative claims from the '161, '404, and '094 patents. Dkt. No. 336 at 5. Plaintiff concedes that it did more than this in its third amended disclosure: it updated its previously asserted claims to avoid any ambiguity and made three

substitutions to the representative claims. Dkt. No. 366 at 4-5. Plaintiff argues that these changes have not expanded its infringement case and consequently should not be stricken. But such a ruling would ignore the mandate of P.R. 3-6 that all amendments be authorized by the Court. Plaintiff should have sought leave from the Court to make these changes and its failure to do so cannot be ignored.

Accordingly, Defendants' motion is GRANTED with respect to this issue. The Court strikes Plaintiff's third amended disclosure except for the updated contentions authorized by the Court for the '161 patent (claims 62 and 64), '404 patent (claims 15, 19, and 25), and '094 patent (claims 2, 50, and 74) as well as any references to products other than those originally accused. This ruling does not imply that Plaintiff did not have good cause to make the amendments; only that it needs leave from the Court before it can do so. If Plaintiff still wishes to make changes to its disclosure, the parties are ORDERED to meet and confer in good faith so that they may attempt to reach a stipulation on the issue, or parts of it, rather than engaging in further motion practice contesting whether good cause exists.

Defendants next seek to strike any references made by Plaintiff to the doctrine of equivalents. According to Defendants, P.R. 3-1(e) requires Plaintiff to provide a limitation-by-limitation analysis if it is invoking the doctrine of equivalents. Dkt. No. 361 at 5-7. Instead, Plaintiff only provides the following blanket statement in its third amended disclosure: "To the extent that the ABBYY Accused Products do not literally infringe each of the asserted claims, Nuance contends that the ABBYY Accused Products infringe the asserted claims under the doctrine of equivalents." Dkt. No. 351, Ex. C at 17.[1] Plaintiff responds that Defendants' request is premature since discovery production has just started, and it needs time to review Defendants' technical

---

[1] Plaintiff's initial disclosure of asserted claims and infringement contentions, filed on April 9, 2009, contained the exact same boilerplate statement about the doctrine of equivalents as its third amended disclosure. Dkt. No. 366, Ex. A at 3. Defendants — which argue in their motion that P.R. 3-1(e)'s requirement for a limitation-by-limitation analysis does not depend on where the parties are in the discovery process — do not explain why they waited almost three years to file their motion to strike.

documents and source code before laying out its contentions in more depth. Dkt. No. 366 at 3-4.

Both parties' arguments are misplaced since Defendants' request to strike references to the doctrine of equivalents does not need to be considered at this stage of the proceedings. Unlike the procedural posture of the cases cited by the parties, Plaintiff is not currently relying on the doctrine of equivalents in any matter pending before the Court. If Plaintiff attempts to rely on this doctrine at a later date, then Defendants may move to exclude any references to the doctrine due to Plaintiff's failure to fully disclose its theories under a limitation-by-limitation analysis as required by P.R. 3-1(e). Another time this issue will be ripe for the Court's review is if Plaintiff seeks to amend its disclosure and expand its claim under the doctrine of equivalents.[2] It will then need to seek leave from the Court, which will have to determine if there is good cause for any amendments.[3] In any event, a ruling to strike any references to the doctrine of equivalents is not necessary at this time, and Defendants' request is therefore DENIED.

**IT IS SO ORDERED.**

Dated: February 6, 2012

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Maria-Elena James
Chief United States Magistrate Judge

---

[2] Notably, even if Plaintiff did provide a limitation-by-limitation analysis in its third amended disclosure, Defendant would have likely moved to strike these unauthorized changes pursuant to P.R. 3-6.

[3] This request can be simplified if the parties are able to reach a stipulation on the amendments at issue.