1  M. CRAIG TYLER, *Pro Hac Vice*
   ctyler@wsgr.com
2  ABRAHAM DELAO, *Pro Hac Vice*
   adelao@wsgr.com
3  HENRY PAN, *Pro Hac Vice*
   hpan@wsgr.com
4  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
5  900 South Capital of Texas Highway
   Las Cimas IV, Fifth Floor
6  Austin, Texas  78746-5546
   Telephone:  (512) 338.5400
7  Facsimile:   (512) 338.5499

8  JAMES C. YOON, State Bar No. 177155
   jyoon@wsgr.com
9  HOLLY B. BAUDLER, State Bar No. 238843
   hbaudler@wsgr.com
10 WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
11 650 Page Mill Road
   Palo Alto, California  94304-1050
12 Telephone:     (650) 493-9300
   Facsimile:     (650) 565-5100
13
   Attorneys for Plaintiff
14 NUANCE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., | Case No.: CV 08-02912 JSW-MEJ |
| Plaintiff, | |
| v. | **NUANCE COMMUNICATIONS, INC.'S MOTION FOR LEAVE TO AMEND ITS PATENT RULE 3-1 INFRINGEMENT CONTENTIONS** |
| ABBYY SOFTWARE HOUSE, et al., | |
| Defendants. | |
| | Hearing Date: June 7, 2012 |
| | Time:           10:00 a.m. |
| | Courtroom:   15th Floor, Courtroom B |
| | Judge:         Hon. Maria-Elena James |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on June 7, 2012, at 10:00 a.m. or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Maria-Elena James, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Nuance Communications, Inc. ("Nuance") will and hereby moves for leave to supplement its infringement contentions pursuant to Patent Local Rules 3-1 and 3-6.

This motion is made on the basis that good cause justifies the amendment of the infringement contentions. This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities set forth below, the supporting declarations filed herewith, the pleadings and papers on file with the Court and all other matters properly before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Nuance seeks leave to amend its infringement contentions to (i) specify the ABBYY Defendants' FlexiCapture Engine and TouchTo as accused products, and (ii) add products acquired by Lexmark (ImageNow, Nolij Web, and Brainware Distiller) as accused products.

Nuance has good cause to accuse FlexiCapture Engine and TouchTo because they incorporate the accused ABBYY recognition technologies and therefore fall within the description of accused products set forth in Nuance's initial infringement contentions. Nuance simply seeks to provide additional detail and specificity regarding the accused products. Defendants have been on notice of Nuance's claims and the asserted patents for years, because Nuance has accused "each product that implements the OCR algorithms and/or ICR algorithms used in the ABBYY FineReader Engine" starting with its Patent L.R. 3-1 infringement contentions served in April, 2009. Given the time that has elapsed since Nuance first served its full infringement contentions on all asserted claims, Nuance wants to make clear that it has identified FlexiCapture Engine and TouchTo as infringing the asserted claims. Nuance is not

- 1 -

seeking to change or expand its infringement case; instead, Nuance seeks to provide complete disclosure in a diligent manner.

Nuance also has good cause to accuse ImageNow, Nolij Web, and Brainware Distiller. With respect to Nolij Web and Brainware Distiller, these are products that were recently acquired by Lexmark, and Nuance could not have accused them until now. With respect to ImageNow, Nuance has discovered that ImageNow is sold by a separately-branded business unit of Lexmark, Perceptive Software, and despite Nuance's diligent investigation into Lexmark's products, Nuance only recently discovered that the product line sold by Perceptive Software includes the accused technology.

Nuance attempted to obtain Defendants' stipulation to amend its infringement contentions regarding these specific products, but Defendants refused. Nuance's motion requesting leave to amend its infringement contentions should be granted for the reasons set forth below.

## II. BACKGROUND FACTS

On April 3, 2009, Nuance filed its Amended Complaint in this matter identifying all of the parties and patents currently before the Court. Dkt. No. 84. Nuance served infringement contentions on all eight patents against ABBYY and Lexmark on April 3, 2009, and amended infringement contentions on all eight patents on November 2, 2009.

On May 24, 2010, Nuance selected 24 claims on which to proceed to claim construction. Dkt. No. 199. On July 7, 2010, the Court limited the first claim construction hearing to three patents: U.S. Patent Nos. 6,038,342, 5,261,009 and 5,381,489 ("First Group"). Nuance provided amended infringement contentions on the First Group on July 10, 2010 ("Second Amended Contentions"). The Markman hearing on the First Group took place on June 14, 2011, and the Court issued an Order on June 15, 2011. Dkt. Nos. 331, 332. The Court held a Markman hearing on asserted U.S. Patent Nos. 6,810,404, 6,820,094, and 6,742,161 ("Second Group") on March 27, 2012, and issued an Order construing these claims on April 9, 2012. Dkt. Nos. 397, 401.

1     Pursuant to the scheduling order (Dkt. Nos. 336, 339), on September 15, 2011 Nuance served amended infringement contentions, which included contentions relating to the selected claims from the Second Group as well as updated contentions relating to the remaining asserted claims ("Third Amended Contentions").  On February 6, 2012, in response to Defendants' motion (Dkt. No. 361), the Court struck Nuance's Third Amended Contentions "except for the updated contentions authorized by the court for the '161 patent (claims 62 and 64), '404 patent (claims 15, 19, and 25), and '094 patent (claims 2, 50, and 74) as well as any references to products other than those originally accused."  Dkt. No. 382 at 2.

Lexmark acquired Perceptive Software in mid-2010.  *See* Declaration of Holly B. Baudler In Support of Nuance's Motion to Amend Its Infringement Contentions ("Baudler Decl."), Ex. 1 (Lexmark press release).  Perceptive Software, which sells the ImageNow software product, is now a "stand-alone" business unit of Lexmark.  *See id.*  Lexmark acquired Brainware, Inc., including the Brainware Distiller product, in March 2012.  *See* Baudler Decl., Ex. 2 (Lexmark press release).  Lexmark acquired Nolij Corporation, including the Nolij Web product, in March 2012.  *See* Baudler Decl., Ex. 3 (Lexmark press release).

### III.     ARGUMENT

#### A.     Legal Standard

Pursuant to Patent Local Rule 3-6, "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."  Patent L. R. 3-6.  "[E]xamples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include . . . (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  *Id.*  The good cause requirement of the patent local rules requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006); *see also Bd. of*

- 3 -

*Tr. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158, 2008 WL 624771, at *2 (N.D. Cal. Mar. 4, 2008).

In deciding whether to grant leave to amend a party's contentions, a court considers a number of factors, such as, the relevance of the recently-discovered information, whether the request to amend is motivated by gamesmanship, the difficulty encountered in locating the information, and whether the opposing party will be prejudiced by the amendment. *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. C 04-03526, 2008 WL 2168379, at *1 (N.D. Cal. May 22, 2008) (discussing the factors in relation to invalidity contentions, which are governed by the same patent local rule and standard as infringement contentions). The patent local rules "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro*, 467 F.3d at 1365-66; *see also Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008) ("The Patent Local Rules were designed, among other reasons, to prevent the parties from shifting their theories *late in discovery*, leaving the opposing party with little time to conduct discovery on a new theory.") (emphasis added). "[R]efusing to allow any amendment to contentions based on new information developed in discovery could be contrary to the spirit of the Federal Rules." *O2 Micro*, 467 F.3d at 1366; *see also Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007).

### B. Nuance Has Good Cause and Has Acted Diligently in Moving to Amend its Infringement Contentions.

Nuance has been diligent in seeking to keep its infringement contentions as comprehensive and accurate as possible as discovery unfolds and Nuance's investigation into the accused technology progresses.

#### 1. Nuance Seeks to Identify Accused Products With More Specificity.

Nuance has good cause to accuse FlexiCapture Engine and TouchTo because they incorporate the accused ABBYY recognition technologies and therefore fall within the description of accused products set forth in Nuance's initial infringement contentions, and

- 4 -

1  subsequent infringement contentions.  *See Advanced Micro Devices v. Samsung Electronics Co.,*
2  *Ltd.*, Case No. C 08-00986-SI, 2010 WL 1293374 at *3 (N.D. Cal. March 31, 2010) (noting lack
3  of prejudice when amendment comprises, among other things, products involving the same
4  technology).  Because Nuance has consistently sought to provide full and complete disclosure to
5  Defendants, Nuance simply seeks to provide additional detail and specificity regarding the
6  accused products.  Here, Nuance has not changed or expanded its infringement case; it merely
7  has identified with more specificity products that were already encompassed within its
8  description of the accused technology.  *See* Baudler Decl., Exs. 6-11 (claim charts reflecting
9  Nuance's proposed amendments to its infringement contentions as to the ABBYY Defendants).
10 Furthermore, with respect to FlexiCapture Engine, Nuance already has identified FlexiCapture as
11 an accused product starting with Nuance's Patent L.R. 3-1 disclosures served on April 3, 2009,
12 so Defendants have been on notice that FlexiCapture is encompassed within the accused
13 products.  *See* Baudler Decl., Ex. 4, (exemplar infringement chart excerpted from Nuance's
14 Disclosure of Asserted Claims and Infringement Contentions served on April 9, 2009)
15 (identifying "ABBYY FlexiCapture (all versions made. used, sold, offered for sale in the United
16 States or imported into the United States since 2002 up to the most current version (e.g., version
17 8.0) and including all variations such as, for example, "Professional," "Corporate" or "Site
18 License" versions as well as those for PC, Mac or Linux operating systems.").  Indeed, Nuance is
19 not certain that the FlexiCapture Engine even is a separate product from FlexiCapture.

20             **2.      Nuance Seeks to Add Products Recently Acquired by Lexmark**
21         With respect to the product lines acquired by Lexmark – ImageNow by Perceptive
22 Software, Inc., Nolij Web by Nolij Corporation, and Brainware Distiller by Brainware, Inc. –
23 Nuance has good cause to add these products to its infringement contentions now.
24         Perceptive Software was an OEM partner of Nuance until May 2010.  *See* Declaration of
25 Robert Weideman In Support of Nuance's Motion to Amend Its Infringement Contentions
26 ("Weideman Decl."), ¶ 2.  When Lexmark acquired Perceptive Software in May 2010, Nuance
27 terminated its OEM agreement with Perceptive given the current litigation between Nuance and
28

- 5 -

NUANCE'S MOTION TO AMEND
INFRINGEMENT CONTENTIONS
Case No. CV 08-02912 JSW MEJ

1  Lexmark. *See* Weideman Decl., ¶ 3. Perceptive Software is branded separately from Lexmark.
2  It operates as a "stand-alone" business unit within Lexmark and has retained its own name.
3  Nuance negotiated with Perceptive, as a separate business unit of Lexmark, for over a year to
4  attempt to set forth an agreement to continue the OEM partnership without impacting the current
5  litigation. *See* Weideman Decl., ¶ 4. Ultimately, by late 2011, the parties had not reached an
6  agreement, and negotiations have discontinued. *See* Weideman Decl., ¶ 4. Accordingly, Nuance
7  has good cause to amend its infringement contentions to include infringing Perceptive Software
8  products. *See* Baudler Decl., Exs. 12-14 (claim charts reflecting Nuance's proposed
9  infringement contentions regarding Perceptive Software's ImageNow).

With respect to Brainware and Nolij, Lexmark acquired these entities within the past two months; therefore, Nuance could not have accused those products in this litigation until now. *See* Baudler Decl., Exs. 15-16 (claim charts reflecting Nuance's proposed infringement contentions regarding Brainware Distiller); Exs. 17-18 (claim charts reflecting Nuance's proposed infringement contentions regarding Nolij Web).

### C. Defendants Are Not Prejudiced by Nuance's Proposed Amendments

Nuance's proposed amendments cause no prejudice to Defendants. Specifically naming FlexiCapture Engine and TouchTo does not change the substance of Nuance's infringement contentions. These products use the same technology – namely, ABBYY's core OCR technology – as the products already specifically accused of infringement, and thus infringe Nuance's patents for the same reasons. Further, Nuance specifically accused all products including ABBYY's OCR technology in its infringement contentions. Therefore, Nuance's infringement contentions have not changed other than to provide Defendants' additional detail.

Similarly, accusing products Lexmark has acquired through acquisition is not prejudicial to Lexmark because the substance of Nuance's infringement case has not changed. Further, Lexmark was on notice of Nuance's infringement claims against similar technology in Lexmark's DocMP, Document Distributor and Document Solutions products. Lexmark surely knew that the acquisition and implementation of similar technology might lead to an amendment

- 6 -

1  of Nuance's infringement case to include these third party products.  Furthermore, no depositions
2  have been taken and expert reports have not been exchanged.

3  **IV.     CONCLUSION**

4       For the reasons stated above, Nuance respectfully requests that the Court grant its motion
5  for leave to amend its infringement contentions.

6  Dated:  April 30, 2012                   WILSON SONSINI GOODRICH & ROSATI
7                                                                   Professional Corporation

8                                                       By: */s/ Holly B. Baudler*_____
9                                                            Holly B. Baudler

10
11                                         Attorneys for Plaintiff
                                        NUANCE COMMUNICATIONS, INC.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 30th day of April 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

By: */s/ Holly B. Baudler*
Holly B. Baudler