1   M. CRAIG TYLER, *Pro Hac Vice*
    ctyler@wsgr.com
2   ABRAHAM DELAO, *Pro Hac Vice*
    adelao@wsgr.com
3   HENRY PAN, *Pro Hac Vice*
    hpan@wsgr.com
4   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
5   900 South Capital of Texas Highway
    Las Cimas IV, Fifth Floor
6   Austin, Texas  78746-5546
    Telephone:  (512) 338.5400
7   Facsimile:   (512) 338.5499

8   JAMES C. YOON, State Bar No. 177155
    jyoon@wsgr.com
9   HOLLY B. BAUDLER, State Bar No. 238843
    hbaudler@wsgr.com
10  WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
11  650 Page Mill Road
    Palo Alto, California  94304-1050
12  Telephone:    (650) 493-9300
    Facsimile:    (650) 565-5100
13
    Attorneys for Plaintiff
14  NUANCE COMMUNICATIONS, INC.

15

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18                         SAN FRANCISCO DIVISION

19  NUANCE COMMUNICATIONS, INC.,          )   Case No.: CV 08-02912 JSW-MEJ
                                           )
20              Plaintiff,                 )
                                           )   **NUANCE COMMUNICATIONS, INC.'S**
21         v.                              )   **MOTION FOR LEAVE TO AMEND ITS**
                                           )   **PATENT RULE 3-1 INFRINGEMENT**
22  ABBYY SOFTWARE HOUSE, et al.,          )   **CONTENTIONS**
                                           )
23              Defendants.                )
                                           )   Hearing Date:  June 28, 2012
24                                         )   Time:          10:00 a.m.
                                           )   Courtroom:     15th Floor, Courtroom B
25                                         )   Judge:         Hon. Maria-Elena James
                                           )
26                                         )
                                           )
27  _____)

28

NUANCE'S MOTION TO AMEND
INFRINGEMENT CONTENTIONS
Case No. CV 08-02912 JSW MEJ

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on June 28, 2012, at 10:00 a.m. or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Maria-Elena James, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Nuance Communications, Inc. ("Nuance") will and hereby moves for leave to supplement its infringement contentions pursuant to Patent Local Rules 3-1 and 3-6.

This motion is made on the basis that good cause justifies the amendment of the infringement contentions. This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities set forth below, the accompanying declaration Abraham DeLaO, the pleadings and papers on file with the Court and all other matters properly before this Court.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Nuance seeks leave to amend its infringement contentions to reflect information about the accused products and to provide details with respect to its doctrine of equivalents theory based upon information recently developed during discovery. Nuance served its Third Amended Infringement Contentions on September 15, 2011, pursuant to the scheduling order in this case. At that time, no defendant had made source code for any accused product available for

---

[1] Defendants have not indicated whether or not they will oppose this motion. Nuance sent redlined charts showing Nuance's proposed amendments to Defendants on May 9, 2012. On May 11, 2012, Defendants asked for a clarification related to the citations in the charts, and Nuance promptly responded. Nuance asked Defendants to advise Nuance whether they would oppose Nuance's proposed amendments by close of business on May, 15, 2012, but Defendants declined to do so, indicating that they needed another week to review the charts. Given that the close of discovery is approaching, and a significant number of depositions are scheduled in the coming weeks, Nuance believes it is prudent to move for leave to amend its infringement contentions without further delay so that all the parties would have notice of Nuance's more specific, code-level infringement contentions.

- 1 -

1   inspection. In fact, Defendants' initial production of technical documents and source code did
2   not occur until mid-December, 2011 (and not until January 2012 in the case of Lexmark).

3   Since Defendants have made source code available to Nuance, Nuance and experts
4   retained by Nuance have diligently reviewed it at the offices of Defendants' counsel. Nuance
5   has good cause to now amend its infringement contentions to reflect the technical information it
6   has learned in discovery, and particularly from Defendants' source code.

7   Nuance further seeks leave to serve amended contentions in order to make two
8   substitutions to the Nuance's selected claims. With respect to the '161 patent, Nuance seeks to
9   substitute claim 52 for initially selected claim 53, and with respect to the '094 patent, Nuance
10  seeks to substitute claim 1 for initially selected 24.[2] Neither of Nuance's proposed substitutions
11  is material or prejudicial to Defendants.

12  Importantly, Nuance is *not* seeking to change or expand its infringement case; instead,
13  Nuance seeks to provide complete disclosure to reflect the non-public information it has
14  ascertained through discovery. Nuance's motion requesting leave to amend its infringement
15  contentions should be granted for the reasons set forth below.[3]

16  **II.   BACKGROUND FACTS**

17  On April 3, 2009, Nuance filed its Amended Complaint in this matter identifying all of
18  the parties and patents currently before the Court. Dkt. No. 84. Nuance served infringement
19  contentions on all eight patents against ABBYY and Lexmark on April 3, 2009, and amended
20  infringement contentions on all eight patents on November 2, 2009.

21  On May 24, 2010, Nuance selected 24 claims on which to proceed to claim construction
22  (Dkt. No. 199). On July 7, 2010, the Court limited the first claim construction hearing to three

---

[2] In its Third Amended infringement contentions, Nuance made three substitutions to the selected claims. The Court struck Nuance's infringement contentions with respect to the substituted claims, and apparently to the originally-selected claims as well. Dkt. No. 382 at 2.

[3] Nuance's proposed amendments to its infringement contentions are attached as Exhibits 1-14 to the declaration of Abraham DeLaO filed in support of this Motion.

- 2 -

NUANCE'S MOTION TO AMEND
INFRINGEMENT CONTENTIONS
Case No. CV 08-02912 JSW MEJ

1 patents: U.S. Patent Nos. 6,038,342, 5,261,009 and 5,381,489 ("First Group").  Nuance provided
2 amended infringement contentions on the First Group on July 10, 2010 ("Second Amended
3 Contentions").  The Markman hearing on the First Group took place on June 14, 2011, and the
4 Court issued an Order on June 15, 2011.  Dkt. Nos. 331, 332.  The Markman hearing on the
5 Second Group took place on March 27, 2012, and the Court issued an Order on April 9, 2012.
6 Dkt. Nos. 397, 401.

7 Claim construction is moving forward on the remaining asserted patents containing
8 selected claims: U.S. Patent Nos. 6,810,404, 6,820,094, and 6,742,161 ("Second Group").  The
9 parties filed a Joint Claim Construction and Prehearing Statement on December 1, 2011 (Dkt.
10 No. 360), and the claim construction hearing on the Second Group is set for March 27, 2012 (*see*
11 Dkt. No. 339).

12 Pursuant to the scheduling order (Dkt. Nos. 336, 339), on September 15, 2011 Nuance
13 served amended infringement contentions, which included contentions relating to the selected
14 claims from the Second Group as well as updated contentions relating to the remaining asserted
15 claims ("Third Amended Contentions").  On February 6, 2012, in response to Defendants'
16 motion (Dkt. No. 361), the Court struck Nuance's Third Amended Contentions "except for the
17 updated contentions authorized by the court for the '161 patent (claims 62 and 64), '404 patent
18 (claims 15, 19, and 25), and '094 patent (claims 2, 50, and 74) as well as any references to
19 products other than those originally accused."  Dkt. No. 382 at 2.

20 Defendants' production of technical materials did not commence until December, 2011.
21 On December 13, 2011, Nuance received the ABBYY Defendants' first production of technical
22 documents.  *See* Declaration of Abraham DeLaO in support of this Motion ("DeLaO Decl."), ¶ 3.
23 Nuance began reviewing the ABBYY source code on December 16, 2011, the first date that it
24 was made available for inspection.  *See* DeLaO Decl., ¶ 8.  The Lexmark source code was made
25 available to Nuance in mid-January, 2012, and Nuance began reviewing it on January 18, 2011.
26 *See* DeLaO Decl., ¶ 8.

27 Nuance is required to inspect Defendants' source code a the Palo Alto, California office
28

- 3 -

1  of Defendants' counsel, and its access to the source code is limited to weekdays during regular
2  business hours.  *See* DeLaO Decl., ¶ 4.  Nuance has returned to inspect the source code on
3  numerous occasions, for a total of 18 days of source code review.  *See* DeLaO Decl., ¶ 8.
4  Because multiple attorneys have participated in most of the review sessions, a total of 31 days of
5  attorney labor have been devoted by Nuance to the review of Defendants' source code.  *See*
6  DeLaO Decl., ¶ 8.  One or more experts generally accompanied Nuance's attorneys to the review
7  site, and these experts have spent a total of 29 days on the source code review.[4]  *See* DeLaO
8  Decl., ¶ 8.  The proposed amendments to Nuance's infringement contentions required a
9  significant amount of time, in particular with respect to Nuance's ability to provide infringement
10 allegations based on the doctrine of equivalents that are particularized to individual claim
11 elements. *See* DeLaO Decl., ¶ 9.

**III.    ARGUMENT**

   **A.    Legal Standard**

Pursuant to Patent Local Rule 3-6, "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."  Patent L. R. 3-6.  "[E]xamples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include … (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  *Id.*  In determining whether there is good cause, the court "considers first whether the moving part was diligent in amending its contentions and then whether the non-moving part would suffer prejudice if the motion to amend were granted."  *Acer, Inc. v. Tec. Props. Ltd.*, Nos. 5:08-cv-00877, 00882, 05398, 2010 WL 3618687, at *4 (N.D.Cal. Sep.10, 2010).

---

[4] Furthermore, a significant portion of ABBYY's source code is authored with comments written in Russian, requiring a translator to be present during all reviews of ABBYY source code.  *See* DeLaO Decl., ¶ 5.

- 4 -

NUANCE'S MOTION TO AMEND
INFRINGEMENT CONTENTIONS
Case No. CV 08-02912 JSW MEJ

The good cause requirement of the patent local rules requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006); *see also Bd. of Tr. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158, 2008 WL 624771, at *2 (N.D. Cal. Mar. 4, 2008).

In deciding whether to grant leave to amend a party's contentions, a court considers a number of factors, such as, the relevance of the recently-discovered information, whether the request to amend is motivated by gamesmanship, the difficulty encountered in locating the information, and whether the opposing party will be prejudiced by the amendment. *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. C 04-03526, 2008 WL 2168379, at *1 (N.D. Cal. May 22, 2008) (discussing the factors in relation to invalidity contentions, which are governed by the same patent local rule and standard as infringement contentions). "[R]efusing to allow any amendment to contentions based on new information developed in discovery could be contrary to the spirit of the Federal Rules." *O2 Micro*, 467 F.3d at 1366; *see also Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007).

**B.    Nuance Has Good Cause and Has Acted Diligently in Moving to Amend its Infringement Contentions.**

Nuance has been diligent in seeking to keep its infringement contentions as comprehensive and accurate as possible as discovery unfolds and Nuance's investigation into the accused technology progresses.

**1.    Nuance Seeks to Amend Its Contentions Based on New Information Developed in Discovery.**

Nuance has good cause to amend its contentions now that it has had an opportunity to review and analyze the technical materials produced by Defendants. Nuance seeks to provide additional detail and specificity regarding its contentions, and – with the benefit of the non-public technical information recently available through discovery – Nuance seeks to provide detailed contentions under the doctrine of equivalents. The essential information upon which the proposed amendments to Nuance's infringements are based was not available prior to Nuance's

- 5 -

1  review and analysis of Defendants' source code.  *See Google, Inc. v. Netlist, Inc.*, 2010 WL
2  1838693, *2 (N.D.Cal. May 5, 2010) (stating that the critical issue is not *when* the moving party
3  discovered the relevant information, but rather, whether they *could have* discovered it earlier had
4  it acted with the requisite diligence).

5  Defendants' production of technical materials, including certain ABBYY source code,
6  did not commence until mid-December, 2011.  *See* DeLaO Decl., ¶ 3.  Nuance began reviewing
7  the ABBYY source code on December 16, 2011, the first date that it was made available for
8  inspection.  *See* DeLaO Decl., ¶ 8.  The Lexmark source code was made available to Nuance in
9  mid-January, 2012, and Nuance began reviewing it on January 18, 2011.  *See id.*

10  The proposed amendments to Nuance's infringement contentions required a significant
11  amount of time, in particular with respect to Nuance's ability to provide infringement allegations
12  based on the doctrine of equivalents that are particularized to individual claim elements.  *See*
13  DeLaO Decl., ¶ 9.  These amendments would be impossible without a significant investment of
14  time in reviewing Defendants' technical documents and source code.  To date, Nuance has spent
15  a total of 31 days of attorney work and 29 days of expert work on its review of Defendants'
16  source code.  *See* DeLaO Decl., ¶ 8.

17  Nuance has been diligent in reviewing and assessing a large amount of source code to
18  which it has only recently been provided access, and which it had no way to obtain outside of the
19  discovery process.  Furthermore, Nuance has not changed or expanded its infringement case; it
20  merely has more technical information with which it can flesh out the theories it has already
21  disclosed to Defendants.  Consequently, Nuance has good cause to amend its infringement
22  contentions now.

23  **2.   Nuance Seeks to Substitute Two Selected Claims Based on Information Developed During Discovery**
24  
25  Based upon its analysis or the technical discovery provided by Defendants, Nuance seeks
26  to make two substitutions to the group of claims it selected in May, 2010.  Naturally, Nuance
27  understandably wishes to go forward to trial on its strongest claims; however, Nuance selected
28  the group of "representative" claims before any discovery had been conducted.  Having the

- 6 -

1  benefit of information obtained through discovery, Nuance seeks to adjust the set of selected
2  claims.  The requested substitution will have minimal, if any, effect on Defendants' case because
3  the proposed substituted claims are within the same patents as the claims Nuance seeks to
4  replace, do not include any new independent claims, and do not contain any new terms that
5  might require construction.  Neither of Nuance's proposed substitutions prejudice Defendants in
6  any way.

7  In the '094 Patent, Nuance substitutes claim 1 for claim 24.  This change poses no
8  prejudice to Defendants because claim 1 (an independent method claim) is already indirectly in
9  this case via the assertion of claim 2, which depends on claim 1.  Moreover, claim 50, which is
10 also already in this case, has the same scope as claim 1, but claims a computer-readable medium
11 instead of a method.  Thus, the subject matter of claim 1 is already fully within the scope of what
12 was previously asserted by Nuance.

13 In the '161 Patent, Nuance substitutes claim 52 for claim 53.  Again, Defendants face no
14 prejudice by this substitution.  Claim 52 recites optical character recognition (OCR) processing
15 as a specifically-claimed distributed processing application.  Although not expressly found in
16 any other asserted claim of the '161 Patent, OCR is a core technology at issue in this case.  As
17 part of this action, Nuance also asserts the First Group, comprising patents that claim novel OCR
18 inventions.  Nuance has maintained that the patents in the Second Group were conceived as
19 novel applications of OCR.  Consequently, adding claim 52, does not pose any prejudice to the
20 Defendants because products that incorporate and utilize OCR have always been squarely at
21 issue from the date the suit was filed.

22 Nuance's proposed substitutions are immaterial.  The substituted claims are within the
23 same patents as the claims Nuance seeks to replace, do not include any new independent claims,
24 and do not contain any new terms that might require construction.  The requested substitutions
25 are not prejudicial to Defendants.

26
27
28

- 7 -

**C.     Defendants Are Not Prejudiced by Nuance's Proposed Amendments**

Nuance's proposed amendments cause no prejudice to Defendants. The proposed amendments resulting from Nuance's examination of Defendants' source code do no more than add additional bases for the theories Nuance has already included in its infringement contentions. Defendants cannot be prejudiced by infringement contentions that have already been disclosed but for which Nuance desires to add more detail based on information learned through discovery. Discovery has not been completed and expert reports have not been exchanged, so Defendants will have an opportunity to explore and analyze the amendments. Defendants will be on notice of the amended contentions prior taking the depositions of Nuance's witnesses and prior to the depositions of any of Defendants' technical witnesses. Furthermore, the proposed amendments will have no effect on the claim terms construed by the Court. *See, e.g., Vasudevan Software, Inc. v. International Business Machines Corp.*, No. C09-05897, 2011 WL 940263 at *3 (N.D.Cal. Feb. 18, 2011).

With respect to Nuance's proposed substitution of selected claims for the '161 patent, as discussed above, Nuance's proposed substitution does not alter Nuance's infringement case because all of the accused products are OCR servers. OCR requires no additional claim construction because it is a well-understood term. With respect to the '094 patent, the proposed substitution merely replaces a dependent claim with the independent claim from which it depends. Defendants have been on notice of the independent claim since Nuance selected the group of 24 claims upon which to proceed, because the independent claim necessarily is part of that group of selected claims. Moreover, the substituted claims have been part of Nuance's case for years, and Defendants have provided invalidity contentions and claim charts on each of the substituted claims in its first set of invalidity contentions, dated June 15, 2009. Accordingly, Defendants are not prejudiced by Nuance's proposed amendments.

**IV.     CONCLUSION**

For the reasons stated above, Nuance respectfully requests that the Court grant its motion for leave to amend its infringement contentions.

- 8 -

NUANCE'S MOTION TO AMEND
INFRINGEMENT CONTENTIONS
Case No. CV 08-02912 JSW MEJ

| | |
|---|---|
| Dated:  May 16, 2012 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: ___*/s/ Holly B. Baudler*___<br>         Holly B. Baudler<br><br>Attorneys for Plaintiff<br>NUANCE COMMUNICATIONS, INC. |

- 9 -

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 16th day of May 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

By: */s/ Holly B. Baudler*
Holly B. Baudler

- 10 -

NUANCE'S MOTION TO AMEND
INFRINGEMENT CONTENTIONS
Case No. CV 08-02912 JSW MEJ