M. CRAIG TYLER, *Pro Hac Vice*
ctyler@wsgr.com
ABRAHAM DELAO, *Pro Hac Vice*
adelao@wsgr.com
HENRY PAN, *Pro Hac Vice*
hpan@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas  78746-5546
Telephone:  (512) 338.5400
Facsimile:  (512) 338.5499

JAMES C. YOON, State Bar No. 177155
jyoon@wsgr.com
HOLLY B. BAUDLER, State Bar No. 238843
hbaudler@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304-1050
Telephone:     (650) 493-9300
Facsimile:     (650) 565-5100

Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABBYY SOFTWARE HOUSE, et al., <br><br> Defendants. | Case No.: CV 08-02912 JSW-MEJ <br><br> **NUANCE COMMUNICATIONS, INC.'S REPLY TO LEXMARK'S OPPOSITION TO NUANCE'S MOTION FOR LEAVE TO AMEND ITS PATENT RULE 3-1 INFRINGEMENT CONTENTIONS** <br><br> Hearing Date: June 7, 2012 <br> Time:             10:00 a.m. <br> Courtroom:    15th Floor, Courtroom B <br> Judge:           Hon. Maria-Elena James |

**I.   INTRODUCTION**

By its motion, Nuance seeks only to specify that Lexmark's newly acquired products – ImageNow, Nolij Web, and Brainware Distiller – are added as accused products in this case. To be clear, the only relief requested in this motion is the addition of these products. The infringement charts provided were comprehensive as to all potential selected asserted claims for these products (as it has done in the past), but there was nothing provided in these charts to change the presently selected claims. And ABBYY and Lexmark both understood that the issue of claim substitution for the selected claims would be, and now has been, included is a completely different motion. Indeed, Nuance has addressed the issue of substituting certain of the selected claims in this separate motion filed on May 16, 2012 (Dkt. No. 419). There was a separate meet and confer on the claim substitution issue, and Nuance was certainly not trying "to sneak in more claims," as Lexmark suggests. Once both present Motions to amend are addressed by the Court, Nuance will conform its infringement charts accordingly.

As for the merits of Nuance's motion, Lexmark's Opposition completely sidesteps the key factual issue here – these products at issue were acquired by Lexmark after this suit began (two of them only within the last few months). Prior to Lexmark's acquisition of these product lines, Nuance could not have accused them in this case. Thus, Nuance's knowledge of these products prior to Lexmark's acquisition of them is irrelevant to the present motion. Given that these companies now are owned by Lexmark, Nuance now seeks to include their infringing products in its infringement contentions against Lexmark.

**II.   ARGUMENT**

Nuance's opening motion demonstrated that Nuance had been diligent in its identification of these now accused product lines since their acquisition by Lexmark. Nuance sought to amend its infringement contentions promptly after Lexmark acquired Nolij Corporation and Brainware, Inc., and shortly after Nuance realized that it could not rekindle its former OEM arrangement with Perceptive Software. Lexmark's Opposition inexplicably ignores this key point, and instead claims a lack of diligence going back to many years before their acquisition of these products to

- 1 -

NUANCE'S REPLY TO LEXMARK'S OPPOSITION TO
NUANCE'S MOTION TO AMEND INFRINGEMENT CONTENTIONS
Case No. CV 08-02912 JSW MEJ

when Nuance first became aware of these products through interaction with third parties. But, importantly, at that time these products were not owned by Lexmark, the named defendant here. Thus, there is no way that Nuance could have included them in its case *against Lexmark* until *Lexmark* itself actually acquired them.[1] Lexmark fails to address this point, and thus its opposition to Nuance's showing of diligence must fail. And this must be the case. Otherwise, defendants could easily avoid infringement claims by acquiring new technology during the pendency of a patent suit, and migrating their offerings towards the newly acquired technology and away from the accused products as the case draws nigh to trial. Indeed, this appears to be precisely Lexmark's strategy. The ability to amend infringement contentions to include acquired technology must be within the scope of allowed amendments to contend with such a strategy.

The substance of Nuance's infringement case has not changed. Lexmark was on notice of Nuance's infringement claims against similar technology in Lexmark's DocMP, Document Distributor and Document Solutions products, and Lexmark acquired similar technology from three third parties during this action. Surely, Lexmark cannot claim surprise or prejudice that such acquired technology is being added to this case by Nuance. Furthermore, the proposed addition of these products need not affect the case schedule, and Lexmark has not explained why additional claim construction might be necessary.

### III.  CONCLUSION

For the reasons stated above, Nuance respectfully requests that the Court grant its motion for leave to amend its infringement contentions.

---

[1] Of course, Nuance could have amended its complaint to try to add additional third parties to include these products in its case before Lexmark acquired them. But Nuance was under no obligation to do so, and an expansion of the case to include additional parties is a much different issue, and not one relevant to the present issue presented by this motion – whether a newly-acquired product of Lexmark can be added to the case.

- 2 -

- 3 -

1  Dated:  May 21, 2012                    WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation
2

3                                          By:   /s/ Holly B. Baudler
                                                 Holly B. Baudler
4

5                                          Attorneys for Plaintiff
                                           NUANCE COMMUNICATIONS, INC.
6

1 **CERTIFICATE OF SERVICE**

2   The undersigned certifies that on this 21st day of May 2012, all counsel of record who are

3 deemed to have consented to electronic service are being served with a copy of this document

4 through the Court's CM/ECF system.

5                                                           By:  */s/ Holly B. Baudler*

6                                                              Holly B. Baudler

- 4 -