IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., | No. C 08-2912 JSW (MEJ) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE** |
| v. | **Re: Docket No. 438** |
| ABBYY SOFTWARE HOUSE, et al. | |
| Defendants. | |

Before the Court is the parties' joint discovery dispute letter, in which Defendant ABBYY USA Software House, Inc. seeks to depose Plaintiff Nuance Communications, Inc.'s Chief Executive Officer, Paul Ricci. Dkt. No. 438. When a party seeks the deposition of a high-level executive, the Court must consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 09, 2011) (citations omitted). "'Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment.'" *Id.* (quoting *Celerity, Inc. v. Ultra Clean Holding*, Inc., 2007 WL 205067, at *3 (N.D. Cal., Jan. 25, 2007)). "This is especially so where the information sought in the deposition can be obtained through less intrusive discovery methods (such as interrogatories) or from depositions of lower-level employees with more direct knowledge of the facts at issue." *Id.* (citation omitted).

Here, ABBYY has failed to show that Mr. Ricci has unique first-hand, non-repetitive knowledge of facts at issue in this case. Moreover, even if it had, ABBYY has not shown that it has exhausted other less intrusive discovery methods. Accordingly, ABBYY's request is DENIED.

**IT IS SO ORDERED.**

Dated: June 11, 2012

MARIA-ELENA JAMES
United States Magistrate Judge