IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NUANCE COMMUNICATIONS, INC,

    Plaintiff,

    v.

ABBYY SOFTWARE HOUSE, ET AL.,

    Defendants.

AND ALL RELATED CASES.

No. C 08-02912 JSW

**ORDER DENYING MOTION FOR RECONSIDERATION OF COURT'S CLAIM CONSTRUCTION ORDER**

    Now before the Court is motion for reconsideration of a portion of this Court's claims construction order dated April 9, 2012 regarding construction of the "server" limitations of U.S. Patent No. 6,742,161 (the "'161 Patent") in light of recent denial of the request for reexamination of the patent before the United States Patent and Trademark Office ("PTO"). Defendants contend that in the PTO's rejection of their request for a reexamination of the patent, the PTO construed the "server" limitations of the '161 Patent more narrowly than this Court. The Court granted Defendants' motion for leave to file a motion for reconsideration on the basis of this new procedural development to this Court's issuance of the claim construction order.

    However, the Court does not find that the statements from the PTO in their rejection of Defendants' request for reexamination pose a conflict with its own construction order. The

PTO does state that there must be "at least three separately existing servers," however, this statement does not contradict this Court's finding that the term separate literally means separate. Simply because servers may not be physically separate devices (*i.e.*, separate computers) does not necessarily connote that they are not separate in software code or in their operation. As this Court held, the "prosecution history further confirms that the applicants distinguished prior art ... [that] could not disclose a connected application server and network server." (Claims Construction Order at 12.) Indeed, the PTO in their recent determination, did not rule out software-based routines: "The claims require at least three separately existing servers in the form of a network server, an application server, and at least one processing server." (Declaration of Erik R. Puknys in Support of Defendants' Motion for Leave to File Motion for Reconsideration, Ex. 1 at 4.) The Court still finds that the servers can exist separately but do not necessarily have to be physically separate hardware devices.

Accordingly, the Court DENIES Defendants' motion for reconsideration of its construction of the "server" limitations of the '161 Patent.

**IT IS SO ORDERED.**

Dated: July 10, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE