# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.,<br><br>        Plaintiff,<br>  v.<br><br>ABBYY SOFTWARE HOUSE *et al.*,<br><br>        Defendants.<br>_____/ | No. C 08-02912 JSW (MEJ)<br><br>**ORDER ON PARTIES' JOINT DISCOVERY DISPUTE LETTERS (RE: DKT. NOS. 449, 450, AND 451)** |

On June 15, 2012 — two weeks after fact discovery closed in this patent action — Plaintiff Nuance Communications and Defendants ABBYY and Lexmark International filed three joint letters addressing separate discovery disputes. Dkt. Nos. 449, 450, and 451. The Court addresses these letters in turn below.

A. <u>Nuance's Request for Leave to File a Motion for Discovery Sanctions</u>

In the first letter, Nuance seeks permission from the Court to file a Federal Rule of Civil Procedure ("FRCP") 37 motion for sanctions to remedy the alleged harm it suffered from ABBYY's discovery misconduct. Dkt. No. 449. Nuance outlines several transgressions on the part of ABBYY, including ABBYY's production of over 10,000 pages of documents after the close of discovery and refusal to delay scheduled depositions or offer subsequent depositions to ameliorate this late production. ABBYY refutes Nuance's accusations and points out that Nuance would have the opportunity to question witnesses about the recently produced documents at depositions scheduled for the end of June 2012.

While ABBYY's response has alleviated the Court's concerns with respect to some of Nuance's allegations of discovery misconduct, several issues still remain. For instance, ABBYY never explains why it produced e-mails from its CEO after the close of discovery — e-mails that

Nuance claims were highly relevant and responsive to earlier document requests. This unanswered question, as well as some others, have persuaded this Court to GRANT Nuance leave to file a motion for sanctions **if it still believes one is warranted**.

The Court notes that one of the sanctions Nuance seeks is an 8-week extension to the discovery cut-off so that it could explore the issues raised by ABBYY's late production of documents. The undersigned, however, does not have the authority to make any changes to the presiding judge's trial schedule. *UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order."). Accordingly, if Nuance wishes to reopen discovery, it must file such a request before the presiding judge.

B. <u>Nuance's Request to Strike Defendants' Supplemental Disclosures</u>

The parties' second letter concerns ABBYY and Lexmark's supplemental FRCP 26(a) disclosures, which were served on Nuance after the close of business on the last day of fact discovery. Dkt. No. 450. In these supplemental disclosures, Defendants identify 25 potential witnesses for trial that were not included in their initial disclosures served in September 2008. Nuance asks the Court to strike these witnesses because their untimely disclosure was neither justified nor harmless. Defendants contend that they were not required to update their disclosures since Nuance had learned about most of the witnesses through previous discovery and correspondence.

Nuance's position in the joint letter is misplaced. It argues that a party can never rely on witnesses who were only disclosed during the discovery process and not officially identified through supplemental disclosures.[1] But that is not the law. Under FRCP 26(a), a party's initial disclosures must identify witnesses who are "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." There is also an affirmative obligation to

---

[1] *See, e.g.*, Dkt. No. 450 at 3 ("Therefore, according to Defendants, Nuance already had notice that these individuals had some relevant knowledge. But, of course, listing these 25 new witnesses in Rule 26(a) disclosures is much different than these names being scattered through various declarations, subpoenas, emails and interrogatory responses.").

supplement these initial disclosures "in a timely manner" if they become incomplete or incorrect. Fed. R. Civ. Pro. 26(e)(1)(A). Supplementation, however, is not mandatory "if the additional or corrective information has [ ] been made known to the other parties during the discovery process or in writing . . . ." *Id.*; *see also Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011) ("The information regarding [the witnesses] thus 'was made known to [Plaintiffs] during the discovery process,' per Rule 26(e)(1), which discharged Defendants' duty to supplement their disclosures with respect to these two individuals."); *Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D. Ind. 1998) ("In fact, both the Advisory Committee and leading commentators indicate that the incidental discovery, particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule 26(e)(1) duty as sufficiently as a formal filing . . . .").[2]

Accordingly, Defendants are correct that they did not have to supplement their disclosures with respect to witnesses that had been identified earlier through the discovery process.[3] The question that remains is whether Defendants adequately disclosed the witnesses at issue before the discovery cut-off. As other courts have recognized, merely mentioning the individual's name at a deposition or in a discovery response may not be enough to put the other party on notice that the individual is being disclosed as a trial witness. *See Vieste*, 2011 WL 2181200, at *2 (striking witnesses from supplemental disclosures because even though the deponent testified that the witnesses were employees, she did not know if they had any information related to the case and a subsequent interrogatory response further obscured the role played by the employees); *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010) ("Certainly the mere

---

[2] A party that fails to disclose witnesses pursuant to FRCP 26 may be prohibited from using that witness to supply evidence during any proceeding, unless that "failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1). The burden is on the party facing sanctions to establish that its conduct was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[3] Even though FRCP 26 allows parties to identify trial witnesses through the discovery process, the Court notes that this is not good practice and parties should strive to always officially supplement earlier disclosures as soon as it becomes warranted. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, ¶ 11:1249 (The Rutter Group 2011).

3

1  mention of a name in a deposition is insufficient to give notice to the opposing party that defendants
2  intend to present that person at trial."). The Court, however, cannot analyze this issue because
3  Nuance based its request to strike the witnesses on the incorrect argument that FRCP 26 does not
4  permit disclosure through the discovery process or other writing — and not on whether Defendants
5  had adequately disclosed the witnesses at an earlier time. Thus, the Court does not address in this
6  order whether Defendants' previous identification of the witnesses was sufficient. Nuance's request
7  to strike the witnesses at issue based on the grounds that the supplemental disclosures were untimely
8  is DENIED. Nuance remains free to file another joint letter if it believes any of Defendants'
9  witnesses were not adequately disclosed during the discovery process or by other writing pursuant to
10 FRCP 26(e)(1)(A).[4]

C. <u>Lexmark's Request to Compel Nuance to Respond to Interrogatories</u>

In the final letter, Lexmark moves to compel Nuance to respond to Lexmark interrogatories numbers 18, 19, 20, and 21. Dkt. No. 451. Nuance argues that it cannot be compelled to respond to these interrogatories because they — when properly counted, including the required subparts — exceed the 25-interrogatory limit under FRCP 33(a)(1). Even though Nuance does not raise this argument in the joint letter, the Court denies Lexmark's request for another reason: it is untimely. Under Civil Local Rule 37-3, the deadline to file a motion to compel discovery is seven days after the discovery cut-off. Here, the presiding judge set the discovery cut-off for June 1, 2012. Dkt. Nos. 336 and 339. Accordingly, any request to compel discovery responses should have been filed by June 8, 2012. Lexmark offers no explanation for why it did not comply with this deadline. Its request to compel answers to its interrogatories is therefore DENIED. *See Kennedy v. Jackson Nat'l Life Ins. Co.*, CV07-0371 CW (MEJ), Dkt. No. 277 (N.D. Cal. Sept. 21, 2010) (finding that the

---

[4] Lexmark concedes that two of its newly identified witnesses (Todd Hamblin and Keith Jones) were never revealed to Nuance during discovery. But, as Lexmark explains, these individuals are recent replacements for a witness (William Lucas) who was identified earlier in an interrogatory response but has now left the company. Considering these circumstances, Lexmark was substantially justified with respect to the late disclosure of these two new witnesses. Because Nuance has not moved to strike Hamblin and Jones on the grounds that Lucas was not adequately disclosed in the interrogatory response, the Court does not consider this issue.

4

plaintiff's request to compel production of certain documents was untimely pursuant to Civil Local Rule 37-3 because it was not filed within seven days of the discovery cut-off).

**IT IS SO ORDERED.**

Dated: July 10, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge