IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NUANCE COMMUNICATIONS INC,

    Plaintiff,

v.

ABBYY SOFTWARE HOUSE, et al.,

    Defendants.

No. C 08-02912 JSW

**ORDER RE MOTIONS**

Now before the Court are: (1) the motion for summary judgment filed by defendants ABBYY USA Software House, Inc., ABBYY Software, Ltd., and ABBYY Production LLC (collectively "ABBYY"); (2) the motion for summary judgment on the '161 Patent filed by defendant Lexmark International, Inc. ("Lexmark"): and (3) the motion for attorneys' fees and costs as part of discovery sanctions filed by plaintiff Nuance Communications, Inc. ("Nuance"). The Court finds that these matters are appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for May 24, 2013 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES ABBYY's motion for summary judgment; DENIES Lexmark's motion for summary judgment; and GRANTS IN PART and DENIES IN PART Nuance's motion for sanctions.

The Court shall address facts from the record as necessary in the remainder of this order.

# ANALYSIS

**A.       Legal Standard on Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment

because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Motions for Summary Judgment.**

   **1.     Trade Dress Claims.**

ABBYY moves for summary judgment on Nuance's trade dress claims on several bases. First, ABBYY moves on the basis of acquiescence and laches, arguing that although Nuance knew of the allegedly infringing trade dress on ABBYY competing products in June of 2002, Nuance did nothing to object or complain about it at that time. Nuance even went so far as to congratulate ABBYY's top management on the product, and only sued on the alleged infringement six years later, after the products were already off the market. ABBYY also moves for summary judgment on the trade dress claims on the basis that the Nuance's design is made up entirely of basic, commonplace elements, which are not inherently distinctive, and which had not acquired secondary meaning in the marketplace. The Court finds the second argument regarding the design elements and potential secondary meaning rife with disputed issues of fact.

With regard to the defense of acquiescence and laches, the Court finds that ABBYY has not waived the defense by virtue of having given notice in the pleadings and their targeted discovery, and finds that Nuance did not suffer prejudice as a result. However, the Court finds that the defenses are not persuasive on their merits at summary judgment. The e-mail sent to ABBYY's top management congratulating ABBYY on the release of their product does not arise to the clear case of acquiescence found decisive in *Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985). In *Conan*, while visiting the defendant's restaurant, one of the creators of the Conan character took a picture with the defendant in front of his restaurant and its allegedly infringing decor and inscribed the photograph with a congratulatory message. *Id.* at 148. The court found that the defendant thereby clearly acquiesced to the use of

1  the character in the restaurant's decor. *Id.* Here, however, the message congratulating
2  defendant on the release of their product does not refer to or picture the promotional or trade
3  dress materials. (*See* Declaration of Dean Tang, Ex. 5.) The Court does not find that the
4  congratulatory e-mail, as a matter of law, establishes that Nuance was both aware of and
5  acquiesced to ABBYY's packaging, thereby entitling ABBBY to the defense of acquiescence or
6  laches. Accordingly, ABBYY's motion for summary judgment on the trade dress claims is
7  DENIED.

### 2. Patent Claims.

ABBYY also moves for summary judgment on the multiple patent claims remaining in this matter. Upon careful review of the record, the expert reports, and the Court's claim construction orders, the Court finds that there remain questions of fact regarding each of the patent infringement claims which preclude the Court from granting either defendant ABBYY's or Lexmark's motions for summary judgment. Thus, the Court DENIES ABBYY's and Lexmark's motions for summary judgment.[1]

**C.  Nuance's Motion for Discovery Sanctions.**

Nuance moves for attorneys' fees and costs as part of discovery abuse sanctions resulting from the late production of relevant documents from ABBYY. ABBYY contends that the production was late as a result of their satisfaction of Nuance's multiple other discovery requests seeking massive amounts of irrelevant information. The Court does not find the delay in production justified considering the scope of this case and the sheer amount of lawyering and the parties' investment of time and effort. Further, ABBYY's late production required the extension of time for discovery and Nuance's retaking of many depositions which had been completed prior to the original close of discovery. The Court finds sanctions under Federal Rule of Civil Procedure 37 are justified for the expense Nuance incurred in the retaking of otherwise-completed depositions once the Court re-opened discovery due to the late disclosures.

---

[1] To the extent within defendants' replies, they intend to move to strike Nuance's arguments, those requests to strike are DENIED.

4

According to the undisputed record of costs and fees, the amount Nuance incurred after the re-opening of discovery due to the late production was $134,613.51 ($14,544.94 in costs and $120,068.57 in fees). This amount is payable by ABBYY within 30 days of this order.

**CONCLUSION**

For the foregoing reasons, the Court DENIES ABBYY's motion for summary judgment; DENIES Lexmark's motion for summary judgment; and GRANTS IN PART and DENIES IN PART Nuance's motion for sanctions.

In addition, the Court shall, by separate order, compel the parties to attend a mandatory settlement conference before a Magistrate Judge to be completed by no later than July 5, 2013.

Further, in the event this matter does not settle, the Court intends to consult with Special Master Meredith Addy in the resolution of all pretrial filings, at the expense of the parties in accordance with the terms of the Court's order dated April 29, 2010.

**IT IS SO ORDERED.**

Dated: May 22, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case3:08-cv-02912-JSW Document698 Filed05/22/13 Page6 of 6