| | |
|---|---|
| M. CRAIG TYLER, *Pro Hac Vice*<br>CTyler@wsgr.com<br>ABRAHAM DELAO, *Pro Hac Vice*<br>ADelao@wsgr.com<br>HENRY PAN, *Pro Hac Vice*<br>HPan@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>900 South Capital of Texas Highway<br>Las Cimas IV, Fifth Floor<br>Austin, Texas 78746-5546<br>Telephone: 512.338.5400<br>Facsimile: 512.338.5499 | JAMES P. BENNETT (CA SBN 65179)<br>JBennett@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>MJacobs@mofo.com<br>BROOKS M. BEARD (CA SBN 181271)<br>BBeard@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>RHung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522 |

JAMES C. YOON (CA SBN 177155)
JYoon@wsgr.com
CHRISTOPHER P. GREWE (CA SBN 245938)
CGrewe@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: 650.493.9300
Facsimile: 650.565.5100

Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ABBYY USA SOFTWARE HOUSE, INC., a California corporation, ABBYY SOFTWARE, LTD., a Cyprus corporation, ABBYY PRODUCTION, LLC, a Russian corporation, and LEXMARK INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendants. | Case No.   C 08-02912 JSW MEJ<br><br>**STIPULATION AND [PROPOSED] ORDER MODIFYING PROTECTIVE ORDER** |

STIPULATION AND [PROPOSED] ORDER MODIFYING PROTECTIVE ORDER
3:08-cv-02912 JSW (MEJ)
sf-3288068

1  Pursuant to Civil L.R. 6-2, Plaintiff Nuance Communications, Inc. ("Nuance"), and
2  Defendants ABBYY Software House, Inc., ABBYY Software, Ltd., ABBY Production, LLC, and
3  Lexmark International, Inc. (collectively, "Defendants"), file this joint stipulation to modify the
4  parties' Stipulated Protective Order (Dkt. 183). The parties hereby agree to this Addendum to the
5  Stipulated Protective Order. Together with the Stipulated Protective Order, this Addendum shall
6  be binding on the parties.

7  1.  <u>Designated In-House Counsel</u>

8  a.  <u>Designated In-House Counsel</u>. The phrase "Designated In-House Counsel"
9  refers to:

10  i.  for Nuance Communications, Inc., David Greenbaum;
11  ii.  for The ABBYY Defendants, Peter Kirk; and
12  iii.  for Lexmark International, Inc., Brent Lambert.

13  Each Designated In-House Counsel shall sign the "Acknowledgement and Agreement to be
14  Bound" (Exhibit A to the Stipulated Protective Order) before being given access to any
15  "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information or items pursuant to
16  this Addendum. If the job responsibilities for any of the Designated In-House Counsel changes
17  while this matter is pending (including while any appeals are pending) in a manner that would
18  involve that Designated In-House Counsel making competitive decision-making, the party for
19  whom that Designated In-House Counsel works shall immediately notify the opposing party or
20  parties, and the parties will immediately meet and confer to determine whether such Designated
21  In-House Counsel should be de-designated, and whether any other steps should be taken to
22  protect "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information or items.

23  b.  <u>Disclosure of "Confidential" and "Highly Confidential -- Attorneys' Eyes
24  Only" Information or Items</u>. a Receiving Party may disclose the following information or item
25  designated "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" to Designated In-
26  House Counsel upon the conditions specified herein:

27  i.  Any document filed with the Court on or after May 20, 2013, but
28  excluding any accompanying declarations and/or exhibits. This category of documents may be

1 disclosed on or after the date this Addendum is entered by the Court subject to the conditions
2 below.

        ii.     All expert reports, but excluding any accompanying exhibits.

        Prior to any disclosure to Designated In-House Counsel of any pleading or expert report that contains Confidential or Highly Confidential -- Attorneys Eyes Only information, the party seeking to disclose such information to its in-house counsel must identify in writing the materials to be disclosed to the producing party. The producing party whose protected information is contained in such pleading or expert report may redact the following information and items from the copies of the pleadings or expert reports that are shared with Designated In-House Counsel, but only to the extent necessary to protect confidential competitive business information: (1) references to source code; (2) information regarding historical, present, and proposed contracts, agreements, licensing, and pricing; and (3) competitive business details, such as customer contracts, customer lists, potential customer information, marketing plans and forecasts. A redacted version of any such pleading or expert report must be provided to the opposing or requesting party within 5 business days after written request is received.

        iii.   Any exhibit appearing on any party's Trial Exhibit List (to be exchanged on June 11, 2013) and that is not identified on an "Exclusion List." Within five business days after the parties exchange Trial Exhibit Lists, any party may provide to the other parties an "Exclusion List," identifying documents from any of the Trial Exhibit Lists that such party does not want disclosed to the opposing party's or parties' Designated In-House Counsel because such materials reflect confidential competitive business information. All remaining exhibits from the Trial Exhibit Lists may be disclosed to the Designated In-House Counsel, but no sooner than seven calendar days after the parties exchange Trial Exhibit Lists.

    c.    <u>Objections to Redactions or Exhibits On Exclusion Lists</u>. If a party disagrees with a redaction provided for an expert report or an exhibit identified on an Exclusion List, such party shall identify in writing for the other parties the redaction(s) and/or exhibits from the Exclusion List to which such party objects. Once such written notice is provided, the parties shall expeditiously meet and confer (including an in-person or telephonic meet and confer) to attempt

1  to resolve the dispute. If the dispute cannot be resolved within three court days, the objecting
2  party may, within five court days from the expiration of the meet and confer period, file a joint
3  discovery dispute letter as provided for in the Court's Civil Standing Orders, Paragraph 8 (and in
4  compliance with Civil Local Rule 79-5 and General Order 62, if applicable). In any such
5  proceeding, the party opposing disclosure to Designated In-House Counsel shall bear the burden
6  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
7  outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-
8  House Counsel.

9  **IT IS SO STIPULATED.**

10 Dated: June 10, 2013                    MORRISON & FOERSTER LLP

12                                          By:  /s/ *Brooks M. Beard*
                                                 Brooks M. Beard

                                            Attorneys for Plaintiff
14                                          NUANCE COMMUNICATIONS,
                                            INC.

16 Dated: June 10, 2013                    FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, LLP

19                                          By:  /s/ *Erik R. Puknys*
                                                 Erik R. Puknys

20                                          Attorneys for Defendants
                                            ABBYY USA SOFTWARE HOUSE,
21                                          INC., ABBYY SOFTWARE, LTD.,
                                            ABBYY PRODUCTION, LLC, and
22                                          LEXMARK INTERNATIONAL, INC.

23 Dated: June 10, 2013                    FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, LLP

26                                          By:  /s/ *Lily Lim*
                                                 Lily Lim

                                            Attorneys for Defendant
27                                          LEXMARK INTERNATIONAL, INC.

STIPULATION AND [PROPOSED] ORDER MODIFYING PROTECTIVE ORDER
3:08-cv-02912 JSW (MEJ)                                                                          3
sf-3288068

**ORDER**

Based on the foregoing stipulation,

IT IS SO ORDERED.

Dated: June 10, 2013

_____
Honorable Jeffrey S. White
United States District Judge