IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS INC., | No. C 08-02912 JSW |
| Plaintiff, | **COURT'S VOIR DIRE** |
| v. | |
| ABBYY SOFTWARE HOUSE, INC. ET AL., | |
| Defendants. / | |

The Court HEREBY ADVISES the parties that the following constitutes its voir dire.

**IT IS SO ORDERED.**

Dated: July 22, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**STATEMENT OF THE CASE**

The plaintiff in this case is Nuance Communications, Inc. The defendants are ABBYY USA Software House, Inc., ABBYY Production, LLC, ABBYY Software, Ltd. (collectively "ABBYY"), and Lexmark International, Inc. Nuance is suing these Defendants for patent and trade dress infringement. ABBYY and Lexmark deny these claims.

The case involves Optical Character Recognition technology, or "OCR," which converts images of printed text into data that a computer can manipulate. For example, OCR software can scan a document and convert it to text that a word processor like Microsoft Word can recognize.

Nuance provides software for OCR and related imaging technology. Its principal OCR product is called OmniPage. The first version of OmniPage was released in 1988. Enhanced versions of the product are still offered today.

ABBYY also provide OCR software. Their main OCR product is called FineReader, which was first released in Russia in 1993, and in the United States in 1999. The other defendant, Lexmark, provides printing and imaging products, software, solutions, and services. Beginning in 2002, Lexmark sold printers and scanners that included ABBYY's accused FineReader OCR software.

Nuance asserts that ABBYY and Lexmark have intentionally infringed two of Nuance's patents related to its OCR technology and another patent regarding a distributed document processing system that can be used with OCR. ABBYY and Lexmark assert that their products do not infringe Nuance's OCR patents. Nuance also contends that ABBYY's (but not Lexmark's) product packaging infringes Nuance's packaging trade dress. ABBYY denies infringement and asserts that Nuance's trade dress is not protectable.

Nuance seeks monetary damages from ABBYY and Lexmark. ABBYY and Lexmark contend that Nuance is not entitled to monetary damages.

**QUESTIONS**

1. Have any of you heard or read anything about the case?
2. As I said, my name is Jeffrey S. White. Do any of you know me?
3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?
4. Plaintiff is Nuance Communications Incorporated. It is being represented by James Bennet, Michael Jacobs, Brooks Beard, Alison Tucher, Patrick Zhang, Danielle Coleman, Kelly Lowenberg, and Christopher Wiener of the Morrison & Foerster law firm, and by Craig Tyler, James Yoon, Christopher Grewe, Holly Baudler, Henry Pan, and Chris Wilson of the Wilson Sonsini Goodrich & Rosati law firm.
    a. Are any of you familiar with or do any of you know Plaintiff or its counsel?
    b. Have any of you been represented by any of these attorneys or law firms?
5. The Defendants in this case are ABBYY Software House Inc., ABBYY Software, Ltd., ABBYY Production LLC, and Lexmark International, Inc. They are represented by Anna Balishina Naydonov, Gerald Ivey, Lily Lim, Joseph Palys, Erik Puknys, Douglas Rettew, John Williamson, Zhenyu Yang, and Robert Yoches of the Finnegan, Henderson, Farabow, Garrett & Dunner law firm.
    a. Are any of you familiar with or do any of you know Defendants or their counsel?
    b. Have any of you been represented by these attorneys or law firms?
6. During trial, the parties may call the following witnesses:
    • Sergey Andreev
    • Konstantine Anisimovich
    • Tony Bhandari
    • Joe Budelli
    • Dr. Larry Chiagouris
    • Eric Collins
    • Marinos Dimosthenous

3

- Dr. David Doermann
- Dr. Gary Frazier
- Todd Hamblin
- Dennis Hasselbring
- Beryl Israel
- Keith Jones
- Dr. Leon Kaplan
- Kostas Karachristos
- Jeremy Knight
- Ray Larson
- Dr. Dan Lopresti
- Aram Pakhchanian
- Frank Patchel
- Dr. John Putnam
- Vladimir Rybkin
- Todd Shoettelkotte
- David Shohfi
- Dr. Alex Simonson
- Tim Speller
- Chris Strammiello
- Dean Tang
- Alexandra Tchouzo
- Bob Teresi
- Dan Troup
- Robert Weideman
- Carmella Wong
- David Yang
- Tim Yorkey

United States District Court
For the Northern District of California

United States District Court<br>For the Northern District of California

|   |   |   |
|---|---|---|
|   | • | Lloyd Young |
|   | a. | Are any of you familiar with or do any of you know any of the potential witnesses? |

7. I have provided you with a list of the law firms, lawyers, and potential witnesses in this case. Are you familiar with any of them?

8. Do you have any belief or feelings towards any of the parties, lawyers, or witnesses that would make it difficult for you to be fair and impartial?

9. It may appear that one or more of the parties, the lawyers, or witnesses come from a particular national, racial, religious group or may have a lifestyle that is different from yours. Would this in any way affect your judgment or the weight and credibility that you would give to such person's testimony?

10. Have you ever been on a jury? Was it a criminal or civil case? Was a verdict reached? Were you the foreperson? Was there anything about your service on the jury that would affect your ability to be fair and impartial in this case?

11. Have you or your spouse or significant other ever owned a business? [Proposed follow up: If so, what kind of business?]

12. Do you or a family member have any special training, education, or work experience in the areas of (1) law, law firms, or court system; (2) patents, copyrights, or trademarks; (3) optical character recognition, or OCR, technology or sales; (4) accounting; (5) contracts; (6) software development or licensing; (7) packaging or graphics design; (8) marketing or advertising? [If answer "yes" regarding "optical character recognition, or OCR, technology or sales," proposed follow up: what do you know about OCR technology or sales?]

13. The plaintiff in this case is Nuance Communications, Inc., whom I'll refer to as Nuance. Nuance was founded as Visioneer, Inc. It changed its name to Scansoft, Inc., before becoming known as Nuance. As Nuance grew, it acquired certain companies as well. The names of some of these companies are Caere, Palantir, Vlingo, and Calera. Do you, a family member, or close friend have any relationship

5

with any of these companies? Do you have any positive or negative feelings toward any of these companies?

14. Nuance is the maker of the OmniPage, PDF Converter, PaperPort, PageKeeper, FaxMaster, and Typist Plus Graphics products. Are you familiar with any of these products?

15. Nuance also provides speech recognition software, including the Dragon line of products. Do you have any positive or negative feelings toward Nuance products?

16. Three of the defendants in this case are ABBYY USA Software House, Inc., ABBYY Software, LTD., and ABBYY Production, LLC, whom I'll collectively refer to as ABBYY. Do you, a family member, or close friend have any relationship with any of these companies? Do you have any positive or negative feelings toward any of these companies?

17. ABBYY is the maker of the FineReader, FormReader, FlexiCapture, Recognition Server, Mobile OCR Engine, Screenshot Reader, and PDF Transformer products. Are you familiar with any of these products? Do you have any positive or negative feelings toward any of these ABBYY products?

18. The other defendant in this case is Lexmark International, Inc., whom I'll refer to as Lexmark. Do you, a family member, or close friend have any relationship with Lexmark? Do you have any positive or negative feelings toward Lexmark?

19. Lexmark makes printers, including multi-function printers that scan, fax, and print. Are you familiar with any Lexmark products? Do you have any positive or negative feelings toward any of these Lexmark products?

20. Do you have any experiences with or feelings about foreign corporations, including those from Russia, that would influence your ability to be fair and impartial when deciding a dispute between corporations?

21. In this case, Nuance is accusing ABBYY and Lexmark of infringing three of Nuance's patents and, is accusing ABBYY of infringing Nuance's trade dress for its

6

software packaging. Do any of you have such strong feelings about these claims that you could not be fair and impartial as a juror?

22. Is there anyone who, for religious or philosophical reasons, would be unable to resolve a conflict in evidence?

23. Have you ever applied for a patent, copyright, or trademark? [Proposed follow up: What was the general subject matter? To whom were the rights assigned?]

24. Have you ever created or developed something and had the idea taken from you?

25. Have you ever been accused of taking the idea of another?

26. Have you heard or read anything about the legal dispute between Nuance, on the one hand, and ABBYY or Lexmark on the other? [Proposed follow up: What is the source of the information you've heard or read about the dispute? What have you heard or read about the dispute? Have you formed any impression of the dispute?]

27. Do you use optical character recognition or "OCR" software, or software that has optical character recognition or "OCR" capability? [Proposed follow up: Do you know who makes the software?]

28. If you return a verdict in favor of the Plaintiff, would any of you have any difficulty in awarding money damages to compensate the Plaintiff or punish the Defendants?

29. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

30. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

31. At the close of this case, the Court will give instructions on the law. Would you follow the Court's instruction on the law in this regard even if you should personally disagree with such instructions?

7

32. Can you decide this case based solely on the facts that the law as presented here in the courtroom, and not based on your emotions or any preconceived notions about the facts or law in this case?