United States District Court
For the Northern District of California

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9  NUANCE COMMUNICATIONS INC.,              No.  C 09-02912 JSW
10         Plaintiff,                       **COURT'S FINAL PRELIMINARY
                                            JURY INSTRUCTIONS**
11   v.
12  ABBYY USA SOFTWARE HOUSE, INC., ET
    AL.,
13
14         Defendants.
    _____/
15
16      The Court HEREBY ADVISES the parties that the following constitutes its final
   preliminary jury instructions.
17
18      **IT IS SO ORDERED.**
    Dated: July 22, 2013
19                                          _____
                                            JEFFREY J. WHITE
20                                          UNITED STATES DISTRICT JUDGE
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1

## DUTY OF JURY

2    Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you

3  on the law.

4    These instructions are preliminary instructions to help you understand the principles

5  that apply to civil trials and to help you understand the evidence as you listen to it. You will

6  be allowed to keep this set throughout the trial to which to refer.  This set of instructions is

7  not to be taken home and must remain in the jury room when you leave in the evenings. At

8  the end of the trial, I will give you a final set of instructions.  It is the final set of instructions

9  which will govern your deliberations.

10    You must not infer from these instructions or from anything I may say or do as

11  indicating that I have an opinion regarding the evidence or what your verdict should be. It is

12  your duty to find the facts from all the evidence in the case. To those facts you will apply the

13  law as I give it to you.  You must follow the law as I give it to you whether you agree with it

14  or not.  And you must not be influenced by any personal likes or dislikes, opinions,

15  prejudices, or sympathy.  That means that you must decide the case solely on the evidence

16  before you.  You will recall that you took an oath to do so.

17    In following my instructions, you must follow all of them and not single out some

18  and ignore others; they are all important.

19

20

21

22

23

24

25

26

27

28

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

United States District Court

For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give you a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**United States District Court**
For the Northern District of California

4

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**IMPEACHMENT EVIDENCE - WITNESS**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

United States District Court

For the Northern District of California

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

United States District Court
For the Northern District of California

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**United States District Court**
For the Northern District of California

### QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

12

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves disputes relating to United States patents. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what patents are and how they are obtained.

To help explain the U.S. patent system, we will watch a video prepared by the Federal Judicial Center, titled "An Introduction to the Patent System."

**PATENTS AT ISSUE**

Nuance is asserting three patents in this case.

They are U.S. Patent No. 6,038,342 (the "'342 patent"), 5,381,489 (the "'489 patent"), and 6,742,161 (the "'161 patent"). The '342 and the '489 patents relate to optical character recognition, or "OCR" technology, that examines scanned images of handwritten, typewritten, or printed text to determine the symbols that are represented in the text, for example, letters, digits, or punctuation. The '161 patent relates to a method for processing documents, for example by performing optical character recognition on the documents, using a distributed network of computers.

United States District Court
For the Northern District of California

15

**United States District Court**
For the Northern District of California

## SUMMARY OF PATENT CONTENTIONS

To help you follow the evidence, I will now give you a summary of the position of the parties with respect to the patent claims.

Nuance contends that ABBYY and Lexmark infringe three of Nuance's patents. Nuance contends that by selling products that infringe these patents, ABBYY and Lexmark caused Nuance to lose sales. Moreover, Nuance contends that it would have been able to charge higher prices for some of its products had ABBYY and Lexmark not sold infringing products at a lower price. Nuance contends that it lost profits as a result of losing sales to ABBYY and Lexmark. Nuance also contends that it lost money as a result of not being able to charge higher prices for its products. Nuance seeks damages in the form of its lost profits on the infringing sales made by ABBYY and Lexmark, compensation for the lowering of prices on its products, and a reasonable royalty on the sales of infringing ABBYY and Lexmark products for which Nuance is not seeking lost profits.

ABBYY and Lexmark deny that their products infringe Nuance's three patents. In addition, ABBYY and Lexmark contend that even if Nuance were to prove infringement, Nuance is not entitled to lost-profits damages for many reasons. ABBYY and Lexmark further contend that for similar reasons, Nuance is not entitled to compensations for the alleged lowering of prices on its products. Nuance can, at most, recover reasonable royalty on infringing sales.

**SUMMARY OF TRADE DRESS CONTENTIONS**

This case also involves disputes relating to trade dress.

Nuance contends that it owns protectable trade dress rights in the packaging designs for its software products, and that ABBYY unlawfully used Nuance's product packaging trade dress. Nuance seeks as damages ABBYY's profits on its sales of products that infringed Nuance's trade dress.

ABBYY contends that Nuance's trade dress is not protectable. ABBYY also denies that its packaging designs are likely to cause confusion.

United States District Court

For the Northern District of California

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**United States District Court**
For the Northern District of California

# CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Tweet, Web site or other feature. This prohibition applies to communicating with your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. **This prohibition also applies to communicating with your fellow jurors. However, you may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion. You are to keep an open mind throughout the case until you have fully deliberated.**

If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**United States District Court**
For the Northern District of California