```
 1  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, LLP
 2  3300 Hillview Avenue
    Palo Alto, California 94304
 3  Telephone: (650) 849-6600
    Facsimile: (650) 849-6666
 4  Erik R. Puknys (Bar No. 190926)
    erik.puknys@finnegan.com
 5  Lily Lim (Bar No. 214536)
    lily.lim@finnegan.com
 6  Hillary Cain Matheson (Bar No. 276440)
    hillary.matheson@finnegan.com
 7
    FINNEGAN, HENDERSON, FARABOW,
 8    GARRETT & DUNNER, LLP
    901 New York Avenue, NW
 9  Washington, DC 20001
    Telephone: (202) 408-4000
10  Facsimile: (202) 408-4400
    E. Robert Yoches, pro hac vice
11  bob.yoches@finnegan.com
    Zhenyu Yang (Bar No. 249112)
12  zhenyu.yang@finnegan.com
    Douglas A. Rettew, pro hac vice
13  doug.rettew@finnegan.com
    Joseph E. Palys, pro hac vice
14  joe.palys@finnegan.com
    Anna Balishina Naydonov, pro hac vice
15  anna.balishina@finnegan.com

16  Attorneys for Defendants
    ABBYY USA Software House, Inc., ABBYY
17  Software, Ltd. ABBYY Production LLC, and
    Lexmark International, Inc.
18
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS INC., | CASE NO. CV 08-02912-JSW (MEJ) |
| Plaintiff, | **ABBYY POCKET BRIEF ON IMPROPER REBUTTAL FROM NUANCE** |
| v. | |
| ABBYY USA SOFTWARE HOUSE, INC., a California corporation, ABBYY SOFTWARE, LTD., a Cyprus corporation, ABBYY PRODUCTION LLC, a Russia corporation, and LEXMARK INTERNATIONAL, INC., a Delaware corporation, | |
| Defendants. | |

After the jury was selected on Wednesday, August 13, the Court addressed the topic of rebuttal and when the Court would permit it. The Court warned the parties that it would not permit them to use rebuttal to raise any issues they could have raised in the party's case-in-chief or to repeat any issues they did raise:

> If it's something that could have been brought up in the case-in-chief or the defense in chief, if you will, and you try to bring it up, you know, again, or somebody . . . getting out there and saying, "You know, I really mean it. I want to repeat what I said." I won't allow it.

Aug. 8, 2013 Tr. at 169. The Court emphasized that it would be "very strict" in enforcing this rule. *Id.*

At 6:00 pm last night, Nuance notified Defendants that it intended to use more than thirty exhibits in connection with the "rebuttal" testimony of three witnesses who already testified: Robert Weideman, Dr. Jonathan Putnam, and Dr. Daniel Lopresti. Before filing this motion, Defendants asked Nuance about the subject matter of these witnesses' testimony, but Nuance refused to provide that information. Defendants respectfully request that the Court prohibit Nuance from a rebuttal case because the additional exhibits it identified were all to matters the witnesses raised or could have raised, and because allowing a rebuttal case would prejudice Defendants unfairly.

First, each of these witnesses was excused after testifying without being subject to recall. *See* Aug. 13 Trial Tr. at 600:10 (Lopresti excused); Aug. 19 Trial Tr. at 1223:14 (Weideman excused); *Id.* at 1341:24 (Putnam excused); *compare* Aug. 15 Trial Tr. at 2-3 (excusing Chris Strammiello "subject to recall"). Because Nuance's expert witnesses were not subject to recall, Defendants dismissed their rebuttal expert witnesses without being subject to recall either. Moreover, Defendants' experts do not live in Northern California (Mr. Shoettelkotte, Defendants' damages expert, lives in Texas and Dr. Doermann, Defendants' OCR expert, lives in Maryland), so Defendants are now left without experts to present any sur-rebuttal.

Second, charts attached to this brief show that the additional exhibits Nuance identified, which include a new demonstrative, show that any evidence they contain could have been presented earlier or that they will be used to merely restate a position Nuance already advanced. For instance, Attachment A shows that the demonstrative exhibit Nuance identified for Dr. Putnam is duplicative

of the demonstratives used and the exhibits admitted during his direct examination. Moreover, virtually all of the exhibits Nuance identified for Dr. Putnam's "rebuttal" testimony were in his expert report, and many were admitted during his direct testimony. The remainder consists of documents that Dr. Putnam was aware of and are central to the case. Had Dr. Putnam addressed these documents during his direct testimony, Defendants would have addressed them in their rebuttal case with fact witnesses and with their damages expert Dr. Shoettelkotte.

In addition, the documents Nuance disclosed as "rebuttal" are directed to topics that were discussed at length in his direct testimony, including:

- The Market Share Approach (generally, SDK, and retail)
- Price Elasticity and Price/Units Adjustments
- Epson-Related Damages Calculations

Attachment B to this brief shows that all but one of the exhibits Nuance just disclosed for Dr. Lopresti's "rebuttal" were disclosed in Dr. Lopresti's expert reports. The one exception was a document from Dr. Doermann's expert report on infringement in rebuttal of the positions Dr. Lopresti took regarding infringement. Both Nuance and Dr. Lopresti were aware of the importance of this document, yet despite this Court's admonition, chose not to raise in Nuance's case-in-chief. In addition, to underscore that Dr. Lopresti will be restating prior testimony, Nuance disclosed that it intends, without limitation, to use exhibits already "used during Dr. Lopresti's direct and cross examinations" during Dr. Lopresti's testimony today. *See* Nuance's Supplemental August 20, 2013 Trial Witness Disclosure (dated August 21, 2013).

Finally, as shown in Attachment C, virtually all of the documents Nuance identified for Mr. Weideman are Nuance's own exhibits. Nuance identified most of them his direct examination or for the direct examination of other Nuance witnesses. These exhibits and the testimony concerning them "could have been brought up" in Nuance's case-in-chief.

The Court warned the parties not to sandbag each other with rebuttal based on evidence that could have been raised in the party's case-in-chief or to waste the Court's time with evidence cumulative of what the jury has already heard. Yet, this is precisely what Nuance intends to do. Accordingly, the Court should prevent Nuance from presenting these witnesses at trial a second

1  time. *See, e.g., United States v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984) ("A trial court has
2  broad discretion to admit or exclude rebuttal or surrebuttal evidence."); *Page v. Barko Hydraulics*,
3  673 F.2d 134, 139-40 (5th Cir 1982) (finding that the district court, which had "forewarned all
4  counsel that he intended to be strict in his rulings on rebuttal testimony," did not abuse its discretion
5  when it "declined to permit plaintiff's lawyers to remedy what he perceived to be a defect in their
6  case-in-chief through rebuttal testimony"); *Hynix Semiconductor, Inc. v. Rambus, Inc.*, No. C-00-
7  20905, 2008 U.S. Dist. LEXIS 60838 at *44-45 (N.D. Cal. Jul 24, 2008) (denying leave to present a
8  technical expert in rebuttal because "[t]he purported rebuttal was in essence a request to repeat
9  [expert witness] Mr. McAlexander's direct testimony in rebuttal").

## CONCLUSION

Defendants ask the Court to prohibit Nuance from prejudicing Defendants and wasting the Courts and the jury's time with improper rebuttal.

Dated: August 22, 2013

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP


By: */s/ Gerald F. Ivey*
    Gerald F. Ivey
    Attorneys for Defendants
    ABBYY USA Software House, Inc., ABBYY
    Software, Ltd. ABBYY Production LLC